Neal A. Potischman (SBN 254862)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

James P. Rouhandeh
Charles S. Duggan
  (*pro hac vice* applications forthcoming)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: james.rouhandeh@davispolk.com
        charles.duggan@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc., Mark Zuckerberg, David M.
Wehner, and Nick Clegg*

[Additional parties listed on signature pages.]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC. f/k/a FACEBOOK, INC., MARK ZUCKERBERG, DAVID M. WEHNER, and NICK CLEGG, <br><br> Defendants. | Case No. 4:21-cv-08812-JST <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE TO RESPOND TO THE COMPLAINT** |

WHEREAS, on November 12, 2021, Ohio Public Employees Retirement System ("Plaintiff") filed a putative class-action complaint (the "Complaint") asserting claims pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Meta Platforms, Inc. f/k/a Facebook, Inc. ("Facebook"), and Mark Zuckerberg, David M. Wehner, and Nick Clegg (collectively, the "Individual Defendants" and, together with Facebook, "Defendants");

WHEREAS, on November 16, 2021, Defendant Facebook was served with a copy of the summons and Complaint, ECF No. 10;

WHEREAS, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, provides (i) that plaintiffs bringing class action claims under the Exchange Act must publish a notice advising members of the putative class of the pendency of the action and (ii) that any member of the putative class may move the Court to serve as lead plaintiff of the putative class within 60 days after the notice is published, and further provides a procedure for the appointment by the Court of lead plaintiff(s) and lead counsel to represent the putative class; and

WHEREAS, plaintiff Wee Ann Ngian ("Ngian") published a notice advising members of the putative class of the pendency of the first-filed related action, *Ngian v. Facebook, Inc.*, et al., 1:21-cv-05976-MKB-RER (E.D.N.Y.), on October 27, 2021; and

WHEREAS, by December 27, 2021, i.e., not later than sixty days after Ngian provided public notice of the filing of the *Ngian* action, members of the putative class may move this Court to serve as lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(A); and

WHEREAS, Plaintiff published a notice on November 15, 2021, advising members of the putative class of the pendency of the Complaint and that the filing of the Complaint does not change the lead plaintiff deadline triggered by the filing of the *Ngian* action; and

WHEREAS, the PSLRA states that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party," 15 U.S.C. § 78u-4(b)(3)(B); and

STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE TO RESPOND TO COMPLAINT
CASE NO. 4:21-cv-08812-JST

WHEREAS, counsel for Plaintiff and counsel for Defendants believe that an answer or motion responding to the Complaint would be premature prior to the entry of an Order by the Court pursuant to the PSLRA appointing one or more lead plaintiffs and lead counsel (the "Order").

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for Plaintiff and Defendants as follows:

1.     The undersigned counsel for Defendants are authorized to and hereby accept service of the summons and the Complaint in this action on behalf of the Individual Defendants, provided, however, that acceptance of service and entry into this stipulation shall not waive or prejudice any, and Defendants expressly preserve all, rights, claims, and defenses, including, but not limited to, all defenses relating to jurisdiction and venue, except a defense as to the sufficiency of service of the summons and Complaint and the form of the summons.

2.     Defendants shall have no obligation to answer or otherwise respond to, and each hereby is expressly relieved from answering or otherwise responding to, the Complaint, subject to the provisions of paragraph 3 below.

3.     Promptly after entry of the Order in this action (or in any consolidated action encompassing this action), counsel for Defendants and Court-appointed lead counsel shall meet and confer regarding a schedule for the filing of an operative complaint and any answer, motion to dismiss or other response thereto.  Within fourteen (14) days after entry of the Order, the court-appointed lead plaintiff(s) and Defendants shall jointly submit a proposed schedule to the Court.

4.     Subject to the Court's approval, the initial case management conference currently scheduled for February 15, 2022 pursuant to Fed. R. Civ. P. 16(b) and Civil L.R. 16-2(a) shall be adjourned, and the filing of a case management statement currently due on February 8, 2022 pursuant to Fed. R. Civ. P. 16(b) and Civil L.R. 16-2(a), the parties' obligations to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a), and the parties' obligations to confer regarding case management and the development of a discovery plan and to submit a written report to the Court pursuant to Fed. R. Civ. P. 26(f), shall be stayed pending the resolution of any motions to dismiss the amended and/or consolidated complaint (or the designated operative complaint) contemplated by paragraph 3 above.

5.     There have been no requests for an extension of time previously made in this matter.

2

6.    Nothing in this stipulation shall prevent any party from moving to coordinate and/or consolidate this action with any related case, nor shall anything herein prevent any party from seeking additional time from the other parties and/or the Court with respect to any of the deadlines set forth above.

3

Dated:  December 3, 2021              DAVIS POLK & WARDWELL LLP

                                     By:  */s/ Neal A. Potischman*
                                          Neal A. Potischman (SBN 254862)
                                          1600 El Camino Real
                                          Menlo Park, California 94025
                                          Telephone: (650) 752-2000
                                          Facsimile: (650) 752-2111
                                          Email:  neal.potischman@davispolk.com

                                          James P. Rouhandeh
                                          Charles S. Duggan
                                            (*pro hac vice* applications forthcoming)
                                          DAVIS POLK & WARDWELL LLP
                                          450 Lexington Avenue
                                          New York, New York 10017
                                          Telephone: (212) 450-4000
                                          Facsimile: (212) 701-5800
                                          Email:  james.rouhandeh@davispolk.com
                                                       charles.duggan@davispolk.com

                                          *Attorneys for Defendants Meta Platforms, Inc.*
                                          *f/k/a Facebook, Inc., Mark Zuckerberg, David*
                                          *M. Wehner, and Nick Clegg*


Dated:  December 3, 2021              BERNSTEIN LITOWITZ BERGER &
                                     GROSSMANN LLP

                                     By:  */s/ Jonathan D. Uslaner*
                                          JONATHAN D. USLANER (Bar No. 256898)
                                          (jonathanu@blbglaw.com)
                                          2121 Avenue of the Stars, Suite 2575
                                          Los Angeles, CA 90067
                                          Tel: (310) 819-3470

                                          -and-

                                          HANNAH ROSS
                                          (hannah@blbglaw.com)
                                          AVI JOSEFSON
                                          (avi@blbglaw.com)
                                          SCOTT R. FOGLIETTA
                                          (scott.foglietta@blbglaw.com)
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          Tel: (212) 554-1400
                                          Fax: (212) 554-1444

4

*Counsel for Plaintiff Ohio Public Employees Retirement System*

OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO
SHAWN BUSKEN
(Shawn.Busken@OhioAttorneyGeneral.gov)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515

*Additional Counsel for Plaintiff Ohio Public Employees Retirement System*

## FILER'S ATTESTATION

Pursuant to Civil L. R. 5-1(i)(3), regarding signatures, Neal A. Potischman hereby attests that concurrence in the filing of the document has been obtained from all of the signatories above.

Dated:  December 3, 2021          */s/ Neal A. Potischman*

                                  Neal A. Potischman

\*   \*   \*

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  December 7, 2021

                                  HONORABLE JON S. TIGAR
                                  UNITED STATES DISTRICT JUDGE

5