**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:   (310) 819-3470

*Counsel for Proposed Lead Plaintiff
Ohio Public Employees Retirement System and
PFA Pension, Forsikringsaktieselskab and
Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC. f/k/a FACEBOOK, INC., MARK ZUCKERBERG, DAVID M. WEHNER, and NICK CLEGG,<br><br>Defendants. | Case No. 4:21-cv-08812-JST<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM AND PFA PENSION, FORSIKRINGSAKTIESELSKAB FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>Date: March 10, 2022<br>Time: 2:00 p.m.<br>Dept.: Courtroom 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

***Caption continued on next page.***

---

BRIEF IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:21-cv-08812-JST

| | |
|---|---|
| BARRY G. DEPOT, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>     v.<br><br>META PLATFORMS, INC. f/k/a FACEBOOK, INC., MARK ZUCKERBERG, DAVID M. WEHNER, SUSAN J.S. TAYLOR, and NICK CLEGG,<br><br>            Defendants. | Case No. 4:21-cv-08873-JST<br><br>CLASS ACTION |
| JUAN PEREZ, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     vs.<br><br>META PLATFORMS, INC., MARK ZUCKERBERG, and DAVID M. WEHNER,<br><br>            Defendants. | Case No. 4:21-cv-09041-JST<br><br>CLASS ACTION |

BRIEF IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:21-cv-08812-JST

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

I.     PRELIMINARY STATEMENT ............................................................................................1

II.    ARGUMENT ..........................................................................................................................3

         A.     Ohio PERS and PFA Pension Are The Most Adequate Plaintiff ............................3

               1.     Ohio PERS and PFA Pension Have the Largest Financial Interest .............4

               2.     Ohio PERS and PFA Pension Satisfy the Requirements of Rule 23 ...........5

         B.     Ohio PERS's and PFA Pension's Selection of Lead Counsel Should Be Approved ..................................................................................................................9

         C.     The Related Actions Should Be Consolidated ........................................................10

CONCLUSION ...................................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                  **PAGE(S)**

*Borteanu v. Nikola Corp.*,
   2021 WL 5396062 (D. Ariz. Nov. 18, 2021)...........................................................................2

*Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*,
   2017 WL 5759361 (N.D. Ohio Nov. 28, 2017).......................................................................8

*Bruce v. Suntech Power Holdings Co.*,
   2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ....................................................................5, 6

*In re Cardinal Health, Inc. Sec. Litig.*,
   226 F.R.D. 298 (S.D. Ohio 2005)............................................................................................8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ................................................................................................4, 9

*In re Cendant Corp. Litig.*,
   182 F.R.D. 144 (D.N.J. 1998)..................................................................................................8

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
   2013 WL 2368059 (N.D. Cal. May 29, 2013).........................................................................5

*City of Sterling Heights Gen. Emps' Ret. Sys. v. Hospira, Inc.*,
   2012 WL 1339678 (N.D. Ill. Apr. 18, 2012) ...........................................................................8

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ...................................................................................................9

*Doherty v. Pivotal Software, Inc.*,
   2019 WL 5864581 (N.D. Cal. Nov. 8, 2019) ....................................................................4, 10

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018)...............................................................................3, 4

*Huang v. Depomed, Inc.*,
   289 F. Supp. 3d 1050 (N.D. Cal. 2017)..........................................................................2, 4, 8

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021) ...................................................................................................3, 8

*Perlmutter v. Intuitive Surgical, Inc.*,
   2011 WL 566814 (N.D. Cal. Feb. 15, 2011) ...........................................................................4

**STATUTES**

15 U.S.C. § 78u-4 *et seq.* ................................................................................................... passim

1    Presumptive Lead Plaintiff Ohio PERS and PFA Pension respectfully submit this memorandum of points and authorities in further support of their motion for appointment as Lead Plaintiff, approval of their selection of Lead Counsel, and consolidation of the Related Actions (*see* ECF No. 22), and in opposition to the competing motions (*see* ECF Nos. 25, 27, 46, 49).[1]

**I.    PRELIMINARY STATEMENT**

Ohio PERS and PFA Pension—both sophisticated, multi-billion-dollar institutions—are the presumptive Lead Plaintiff in this case by virtue of their financial interest in the claims against Facebook and their unquestioned adequacy to prosecute this important action. In addition to Ohio PERS and PFA Pension, four other Facebook investors sought appointment as Lead Plaintiff: California Public Employees' Retirement System ("CalPERS"); KBC Asset Management NV ("KBC"); Rahul Saraf ("Saraf"); and Wee Ann Ngian ("Ngian").

Ohio PERS and PFA Pension are the "most adequate plaintiff" under the PSLRA because they have the "largest financial interest" in the Facebook securities litigation and satisfy the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As demonstrated by the chart below, Ohio PERS's and PFA Pension's loss is nearly twice that incurred by the other movants combined, as calculated on a LIFO basis.



Moreover, PFA Pension alone has a larger financial interest than any competing movant. In recognition that Ngian lacked the largest financial interest in this matter, she subsequently

---

[1] All capitalized terms are defined in Ohio PERS's and PFA Pension's opening brief, unless otherwise indicated. *See* ECF No. 22.

BRIEF IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:21-cv-08812-JST                                                                                                          1

withdrew her motion. *See* ECF No. 57. In addition, KBC concedes that Ohio PERS and PFA Pension have the largest financial interest in "the appropriate class period" alleged in the Related Actions and "are not subject to any unique defenses that would rebut their entitlement to appointment as lead plaintiffs." ECF No. 58 at 1-2. Saraf also recognizes that he does not possess the largest financial interest. *See* ECF No. 59 at 3.[2]

Ohio PERS and PFA Pension also satisfy the typicality and adequacy requirements of Rule 23 and are perfectly situated to represent all Class members. Ohio PERS and PFA Pension submitted a Joint Declaration with their motion attesting that, based on their significant investments and losses in Facebook stock, each is "strongly motivated to recover the significant losses" incurred by the Class and keenly focused on "maximiz[ing] the recovery for the Class" and "address[ing] the significant corporate governance failures at issue in this case." ECF No. 22-4 ¶ 7. As established by their Joint Declaration, Ohio PERS and PFA Pension are a small, cohesive, and like-minded collaboration of sophisticated institutional investors with significant experience overseeing counsel and acting as fiduciaries, that are willing and able to supervise this litigation. *See id*. ¶¶ 3, 5-6. Prior to filing their motion, representatives of the OAG, acting as counsel to and on behalf of Ohio PERS, and PFA Pension came together to discuss their leadership of this action to ensure that it will be litigated in the best interests of all Class members, including Ohio PERS's and PFA Pension's shared interests in prosecuting the case in a collaborative manner and the procedures and protocols to be followed in jointly prosecuting the case. *See id*. ¶ 14; *see also Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (Tigar, J.) (appointing lead plaintiff group); *Borteanu v. Nikola Corp.*, 2021 WL 5396062, at *7-8 (D. Ariz. Nov. 18, 2021) (on remand from the Ninth Circuit, the district court appointed as lead plaintiff a group of three investors that "adequately set out its prosecution procedures and communication mechanisms in its Joint Declaration").

---

[2] All movants except Ngian—who asserted the smallest loss and has since withdrawn her motion—concede that the complaint filed by Ohio PERS asserts the proper Class Period for assessment of the movants' financial interest: April 29, 2021 to October 21, 2021.

Further, Ohio PERS and PFA Pension are sophisticated institutional investors that fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake the responsibilities entailed in serving as Lead Plaintiff to ensure vigorous prosecution of this action. *See id*. ¶¶ 3, 5, 14-15, 19. Indeed, Ohio PERS—which is advised in this matter by the Ohio Attorney General—has already acted to protect the Class by filing the first complaint in this District and asserting the proper Class Period.

Pursuant to the PSLRA, there is a strong presumption that Ohio PERS and PFA Pension are the "most adequate plaintiff" because they have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "**upon proof**" that Ohio PERS and PFA Pension are atypical or inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).

Here, there are no facts, let alone any "proof," suggesting that Ohio PERS and PFA Pension are unfit to represent the Class. To the contrary, Ohio PERS, with the advice and counsel of the OAG, and PFA Pension are sophisticated institutions that collectively oversee approximately $200 billion in assets, have more than adequate resources available to devote to this litigation, including in-house legal staffs, and have significant experience acting as fiduciaries and overseeing the work of outside counsel in complex litigation. *See* ECF No. 22 at 13. Accordingly, Ohio PERS and PFA Pension should be appointed Lead Plaintiff and their Motion should otherwise be granted.

## II.   ARGUMENT

### A.   Ohio PERS and PFA Pension Are The Most Adequate Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) (Tigar, J.). Once this presumption attaches, it can only be rebutted "upon proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("The statute

requires proof that the presumptive lead plaintiff is not adequate.") (citation omitted); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (explaining that the PSLRA's presumption is triggered even if the district court believes another movant may be "more typical [] more adequate . . . [or] would do a better job").

### 1. Ohio PERS and PFA Pension Have the Largest Financial Interest

Ohio PERS and PFA Pension have, by far, the largest financial interest in the relief sought by the Class during the Class Period asserted in the Related Actions.[3] Consistent with Ninth Circuit precedent, this Court, as well as others in this District and Circuit, equates a movant's financial interest in the litigation with its financial loss. *See, e.g.*, *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status."); *Super Micro Comput.*, 317 F. Supp. 3d at 1059 ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.") (internal quotations omitted); *see also Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814, at *10 (N.D. Cal. Feb. 15, 2011) ("In calculating the approximate losses suffered, courts have used the 'last in, first out' (LIFO) method . . . .") (citation omitted).

As illustrated in the chart above, Ohio PERS's and PFA Pension's loss is nearly twice that of all competing movants combined, as calculated on a LIFO basis. Moreover, PFA Pension alone has the largest financial interest of any movant. PFA Pension incurred a loss of over $16.4 million—which is more than **double** the size of CalPERS's reported loss and more than **one-and-a-half times** larger than the combined losses of all competing movants, on a LIFO basis. *See Depomed*, 289 F. Supp. 3d at 1053 (appointing group of investors as lead plaintiff because one group member "has the largest interest of any movant" and noting that "[o]ther courts have found this sufficient to appoint a group as lead plaintiff") (collecting cases); *Doherty v. Pivotal Software,*

---

[3] Ngian, in the complaint she filed in New York, asserted a much longer class period that is overbroad and should not govern the Lead Plaintiff process in this case. As Ngian has conceded, she is not the most adequate plaintiff and has withdrawn her motion for appointment as Lead Plaintiff, and as no other movant seeks application of that longer class period, it can (and should) be disregarded.

*Inc.*, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019) (appointing group where one member had the largest financial interest of any movant and noting that "[c]ourts in the Ninth Circuit have held that it is not necessary for members of a group to aggregate themselves in order to overcome the largest financial interest requirement if one of the group's members could meet that requirement by itself"); *Bruce v. Suntech Power Holdings Co.*, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing group that had the largest financial interest, both as a whole and as to one member individually).[4] As such, there can be no credible dispute that Ohio PERS and PFA Pension have the "largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2. Ohio PERS and PFA Pension Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Ohio PERS and PFA Pension satisfy the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To overcome the strong presumption entitling Ohio PERS and PFA Pension to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is atypical or inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in their opening brief, Ohio PERS and PFA Pension are typical Class members. *See* ECF No. 22 at 11. Like all other Class members, Ohio PERS and PFA Pension (1) purchased Facebook common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were harmed when the truth was revealed. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013). As such, Ohio PERS and PFA Pension are typical Class representatives.

---

[4] In addition, KBC, as the movant with the largest loss in the *Ngian* Class Period, acknowledges that Ohio PERS and PFA Pension are the presumptive Lead Plaintiff under the Class Period asserted in the Related Actions. *See* ECF No. 58 at 1-2 (KBC finding that Ohio PERS and PFA Pension have the largest financial interest in "the appropriate class period" alleged in the Related Actions and "are not subject to any unique defenses that would rebut their entitlement to appointment as lead plaintiffs").

Ohio PERS and PFA Pension also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Ohio PERS and PFA Pension have submitted evidence of their ability to direct this litigation jointly and in the best interests of the Class. *See* ECF No. 22-4; *see also Suntech Power*, 2012 WL 5927985, at *3 (appointing as lead plaintiff a group of investors that "submitted a joint declaration attesting that each [group member] is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"). As set forth in their Joint Declaration, Ohio PERS, as advised by the OAG, and PFA Pension are sophisticated institutional investors collectively responsible for managing approximately $200 billion in assets and have significant experience acting as fiduciaries and overseeing outside counsel in complex litigation. *See* ECF No. 22-4 ¶¶ 2-6. Moreover, as institutional investors, Ohio PERS and PFA Pension maintain devoted staffs of professionals, including in-house legal personnel, who will ensure close oversight of the litigation and outside counsel. *See id*. ¶ 6. Ohio PERS also benefits from the counsel, experience, and resources of the OAG. *See id*.

Ohio PERS, with the advice and counsel of the OAG, and PFA Pension are dedicated to overseeing their proposed Lead Counsel's prosecution of this action, and ensuring that the action is litigated in the best interests of all Class members. *See id*. ¶¶ 3, 5-7, 12, 14-16, 18-19. For example, Ohio PERS and the OAG have already taken significant steps to protect the interests of the Class. Specifically, to correct the negative impact for Class members caused by the overbroad five-year class period asserted in a complaint filed in New York federal court, Ohio PERS and the OAG filed a complaint in this District, as the proper venue, that asserted the proper Class Period. Thereafter, the Ohio Attorney General issued a press release informing Facebook investors of their right to seek appointment as Lead Plaintiff by the December 27, 2021 deadline and invited other similarly situated investors to join the Ohio Attorney General and Ohio PERS in their efforts to hold Facebook and its executives accountable for their misconduct through this litigation. *See id*. ¶¶ 8-9. After learning of the *Ohio* complaint, and recognizing the OAG's and Ohio PERS's commitment to protecting the interests of the Class, PFA Pension determined that it would be in

its and other Class members' best interests for PFA Pension to seek appointment as Lead Plaintiff jointly with Ohio PERS. Accordingly, PFA Pension—which, like Ohio PERS, was negatively impacted by the overbroad class period asserted in the New York action and believes that the proper Class Period is the one asserted in the *Ohio* action and that the proper venue for these claims is the Northern District of California—through their proposed Lead Counsel, Bernstein Litowitz, expressed interest in working together with the OAG and Ohio PERS. *See id*. ¶ 10.

Further demonstrating that Ohio PERS and PFA Pension are capable and incentivized to prosecute the litigation and supervise counsel, the Joint Declaration makes clear that Ohio PERS, through the OAG, and PFA Pension came together of their own volition, and Ohio PERS, together with the OAG, and PFA Pension each followed their own respective procedures for deciding to participate in this action and seek appointment as Lead Plaintiff. *See id*. ¶ 11. For example, in deciding to file a complaint against Facebook asserting the proper Class Period and seek a leadership role in this action, Ohio PERS, with advice and counsel from the OAG, followed its established protocol for considering securities litigation matters, which included careful review and approval by Ohio PERS's Board of Trustees. *See id*. Likewise, PFA Pension followed its established procedures for considering its involvement in securities litigation matters. *See id*. The due diligence conducted by Ohio PERS, through the OAG, and PFA Pension prior to seeking appointment as Lead Plaintiff demonstrates that they fully appreciate the Lead Plaintiff's role under the PSLRA to supervise the prosecution of the action in the best interests of the Class. *See id*. ¶¶ 9-11, 14-16, 18. The determination by Ohio PERS, through the advice and counsel of the OAG, and PFA Pension to jointly prosecute this case is informed, in the case of Ohio PERS, by its experience litigating securities class actions as part of groups of institutional investors, as well as Ohio PERS's and PFA Pension's common understanding that such groups provide for the sharing of experiences and resources and can benefit the Class. *See id*. ¶ 12. Moreover, the OAG, acting on behalf of Ohio PERS, and PFA Pension have also taken steps to ensure that any application for an award of attorneys' fees is appropriate and have negotiated retainer agreements with Bernstein Litowtiz that contain competitive fee arrangements. *See id*. ¶ 18. As such, Ohio PERS and PFA Pension understand and accept the duties and responsibilities of the Lead Plaintiff

owed to other Class members and are fully committed to monitoring the prosecution of this action in the best interest of the Class. *See id*. ¶¶ 3, 5, 19.

Prior to deciding to partner in this litigation, representatives of the OAG, acting as counsel to and on behalf of Ohio PERS, and PFA Pension participated in a conference call during which they discussed the merits of the action, the benefits of working together as part of a small, cohesive group of institutional investors with significant resources, their shared desire to maximize the recovery for the Class and have Facebook implement meaningful governance reforms, as well as the procedures and mechanisms to be followed in jointly prosecuting this case to ensure their continued effective supervision of the action. *See id*. ¶ 14. Therefore, Ohio PERS and PFA Pension have already demonstrated their ability to vigorously prosecute this case separate and independent of counsel.

Such cooperation between institutional investors is expressly permitted by the PSLRA, and has become typical in important securities class actions like this one. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *id*. § 78u-4(a)(3)(B)(i); *see also In re Mersho*, 6 F.4th at 903 n.4 ("[It] is clear from the statutory language" that "group[s] can serve as lead plaintiff."); *Depomed*, 289 F. Supp. 3d at 1056 (appointing group of investors as lead plaintiff). Indeed, CalPERS has served as lead plaintiff together with other institutions, and its counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), routinely represents lead plaintiff groups. *See, e.g.*, *In re Cendant Corp. Litig.*, 182 F.R.D. 144, 149 (D.N.J. 1998) (appointing CalPERS and two other institutions as lead plaintiff); *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, 2017 WL 5759361, at *12 (N.D. Ohio Nov. 28, 2017) (appointing as lead plaintiff a group comprised of a U.S. pension fund and a German institution and approving Robbins Geller as co-lead counsel); *City of Sterling Heights Gen. Emps' Ret. Sys. v. Hospira, Inc.*, 2012 WL 1339678, at *1 (N.D. Ill. Apr. 18, 2012) (appointing a Belgium-based institutional investor and several U.S. pension funds as lead plaintiff and approving Robbins Geller as co-lead counsel); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 311-12 (S.D. Ohio 2005) (appointing group of four institutional investors as lead plaintiff and approving their selection of Robbins Geller as lead counsel).

Further, there is no conflict of interest between Ohio PERS's and PFA Pension's interests and those of the other Class members. To the contrary, the interests of Ohio PERS, PFA Pension, and other Class members are directly aligned because all suffered damages from their purchases of Facebook common stock that was artificially inflated by Defendants' misconduct. As discussed above, Ohio PERS and PFA Pension clearly have a sufficient interest to ensure the vigorous prosecution of this litigation, and have the experience and resources to prosecute this action efficiently and in the best interests of the Class. Thus, Ohio PERS and PFA Pension have both the incentive and ability to supervise and monitor counsel.

Ohio PERS, as advised by the OAG, and PFA Pension have further demonstrated their adequacy through their selection of Bernstein Litowitz—counsel that is highly capable and experienced in prosecuting securities class actions and managing complex litigation efficiently—to serve as Lead Counsel for the Class. Because Ohio PERS and PFA Pension have met all the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions. *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

B.   **Ohio PERS's and PFA Pension's Selection of Lead Counsel Should Be Approved**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the PSLRA provides that the Lead Plaintiff's choice of counsel should not be disturbed unless it is necessary to protect the interests of the Class. *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

Here, Ohio PERS, as advised by the OAG, and PFA Pension selected Bernstein Litowitz as Lead Counsel for the Class. Bernstein Litowitz is among the preeminent class action law firms in the country and has recovered over $33 billion for investors in securities class actions and obtained groundbreaking corporate governance reforms. *See* ECF No. 22-6. Bernstein Litowitz

has significant experience successfully prosecuting federal securities class actions, and is eminently qualified to represent the Class in this action. For example, Bernstein Litowitz recovered $1.05 billion for investors in *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.), which is the largest securities class action settlement ever achieved in the Ninth Circuit. *See* ECF No. 22 at 16. Bernstein Litowitz also recovered $480 million for investors in *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.) (Tigar, J.). *See id*. Outside this District, Bernstein Litowitz has secured several of the largest recoveries ever achieved under the PSLRA.[5] Accordingly, the Lead Counsel selected by Ohio PERS, as advised by the OAG, and PFA Pension should be approved.

C. **The Related Actions Should Be Consolidated**

All movants agree that consolidation of the Related Actions is appropriate, and each has moved for consolidation. *See* ECF No. 22 at 17-19; ECF No. 25 at 7-8; ECF No. 27 at 1-2; ECF No. 46 at 5-6; ECF No. 49 at 6-7. Accordingly, the Related Actions, which present virtually identical factual and legal issues arising out of the same alleged course of misconduct by substantially similar defendants and involve the purchase of Facebook common stock, during the same Class Period, at artificially inflated prices, should be consolidated pursuant to Rule 42(a). *See Pivotal Software*, 2019 WL 5864581, at *3 (consolidating three securities class actions that "involve common questions of law and fact" and "contain similar allegations regarding [a company's] public dissemination of false and misleading information to investors during the same time periods" and noting "[t]hat the complaints differ slightly does not impede consolidation").

Ohio PERS and PFA Pension also petitioned the *Ngian* court for a pre-motion conference to discuss the transfer of *Ngian* to this Court for consolidation with the Related Actions. *See* Suppl.

---

[5] For example, Bernstein Litowitz recovered over $6 billion for the class in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), and $1.06 billion for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.). *See id*.

1  Uslaner Decl., Ex. A.[6]  All parties in *Ngian* consented to the transfer of that case, as proposed by
2  Ohio PERS and PFA Pension, and the *Ngian* court issued an order effecting such transfer to the
3  Northern District of California.  *See id.*, Ex. B.

## CONCLUSION

For the reasons discussed above, Ohio PERS and PFA Pension respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Bernstein Litowitz as Lead Counsel for the Class, consolidate the Related Actions, and grant any such further relief as the Court may deem just and proper.

Dated:  January 10, 2022                         Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

-and-

HANNAH ROSS
(hannah@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
JEROEN VAN KWAWEGEN
(jeroen@blbglaw.com)
SCOTT R. FOGLIETTA
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444

*Counsel for Proposed Lead Plaintiff
Ohio Public Employees Retirement System and PFA
Pension, Forsikringsaktieselskab and Proposed
Lead Counsel for the Class*

---

[6] The Supplemental Declaration of Jonathan D. Uslaner in Further Support of the Motion of Ohio Public Employees Retirement System and PFA Pension, Forsikringsaktieselskab for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel, and Consolidation of Related Actions, and in Opposition to Competing Motions (the "Suppl. Uslaner Decl.") is submitted herewith.

**OFFICE OF THE ATTORNEY GENERAL
  OF THE STATE OF OHIO**

SHAWN BUSKEN
(Shawn.Busken@OhioAttorneyGeneral.gov)
30 East Broad Street
Columbus, OH 43215
Tel:   (800) 282-0515

*Additional Counsel for Proposed Lead Plaintiff
Ohio Public Employees Retirement System*

# CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

 */s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470