# EXHIBIT A

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

JEROEN VAN KWAWEGEN
jeroen@blbglaw.com
(212) 554-1472

December 28, 2021

**VIA ECF**

Hon. Margo K. Brodie, Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Ngian v. Facebook, Inc.*, No. 1:21-cv-05976-MKB-RER

Dear Judge Brodie:

We represent the Ohio Public Employees Retirement System ("Ohio PERS") and PFA Pension, Forsikringsaktieselskab ("PFA Pension"), the presumptive Lead Plaintiff in the securities class action against Meta Platforms, Inc. f/k/a Facebook, Inc. ("Facebook" or the "Company").[1] Ohio PERS and PFA Pension respectfully seek from the Court (1) a motion schedule be set regarding the change of venue of *Ngian* to the Northern District of California or, alternatively, (2) that a pre-motion conference be scheduled in order to discuss the change of venue.

The grounds for transferring this case to the Northern District of California are compelling. The factual allegations asserted in *Ngian* arise from the same misconduct at issue in the Related Actions, which assert the same claims. *Ngian* is the only action arising from Facebook's alleged violations of the federal securities laws that is not pending in the Northern District of California, and the only connection to this District appears to be plaintiff's counsel who filed it. Transfer of *Ngian* to the Northern District of California will further the interests of efficiency, judicial economy, and justice, all while preventing the risk of inconsistent rulings and judgments.

Transfer in this case is supported by Section 1404(a) and applicable Supreme Court and Second Circuit precedent. As the Supreme Court has held: "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."

---

[1] *See* ECF No. 19. In addition to the above-captioned action ("*Ngian*"), Ohio PERS and PFA Pension are concurrently seeking appointment as Lead Plaintiff in three related cases pending in the United States District Court for the Northern District of California (the "Related Actions"), and seeking consolidation of those actions.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Margo K. Brodie
December 28, 2021
Page 2

*Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (citation omitted). The Northern District of California is a proper venue for this litigation, and the private and public interest factors used to evaluate a Section 1404(a) motion of transfer strongly support transfer to the Northern District of California. The Northern District of California is the "center of gravity" of this case and is a convenient forum for the parties and witnesses. As a result of these connections, the costs and inconveniences associated with this litigation will be substantially less if *Ngian* is transferred to the Northern District of California.

The goal of Section 1404(a) "is to prevent waste of time, energy, and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). The transfer inquiry is two-fold: first, if the action seeking transfer is one that "might have been brought in the district court in which the movant seeks to have the case litigated," and second, whether a transfer is appropriate considering "the convenience of parties and witnesses and the interest of justice." *U.S. Fid. & Guar. Co. v. Republic Drug Co.*, 800 F. Supp. 1076, 1079 (E.D.N.Y. 1992) (citations and internal quotations omitted).

*First*, it is beyond dispute that the *Ngian* action could have been brought in the Northern District of California. Here, the Defendants are subject to jurisdiction in California; Facebook's headquarters are located there; Facebook maintains substantial operations there; and Defendants issued their alleged misstatements from the Northern District of California. *See, e.g.*, *Scherillo v. Dun & Bradstreet, Inc.*, 684 F. Supp. 2d 313, 318 (E.D.N.Y. 2010) (finding the action could be brought in the district where defendant's principal place of business was located); *see also* 15 U.S.C. § 78aa (providing that venue under the Securities Exchange Act of 1934 is proper wherever the defendant "transacts business"). Indeed, Facebook regularly litigates in the Northern District of California.[2] As noted, three parallel actions addressing the same misconduct are pending in the Northern District of California.

*Second*, when determining whether the interests of justice favor transfer of venue, courts consider a number of factors, focusing on the convenience of the parties and witnesses, judicial efficiency, and the locus of operative facts. *See Rep. Drug Co.*, 800 F. Supp at 1080. Here, these factors overwhelmingly weigh in favor of transfer.

The convenience of witnesses and parties weighs heavily in favor of transfer. Courts have noted that the convenience of witnesses is usually the most important factor in deciding a motion to transfer. *See In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 170 (E.D.N.Y.

---

[2] *See, e.g.*, *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 841 (S.D.N.Y. 2012) (transferring action from New York federal court to the Northern District of California, where claims turned on what Facebook employees did and what they knew, as evidence consisted "almost entirely" of Facebook documents); *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 995 (E.D. Va. 2011) (transferring action where three of four individual Facebook-affiliated defendants were headquartered, and where sources of proof, including witnesses and documents, were located); *Mekiki Co. v. Facebook, Inc.*, 2010 WL 2348740, at *1 (D. Del. June 7, 2010) (transferring action despite Facebook's incorporation in Delaware, where "no material events occurred and no witnesses are located," and California was the source of dispute).

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Margo K. Brodie
December 28, 2021
Page 3

2006). Facebook is headquartered in California, and public records indicate that the individual Defendants reside in California. In addition, the vast majority of material fact witnesses are likely located in the Northern District of California, where Facebook is headquartered. By contrast, few, if any, material witnesses are likely to be located in this District. Because "trials in securities class actions focus almost entirely on the defendants' conduct," this factor weighs in favor of transfer. *Id.* at 169 (citation omitted).

   Transfer is also supported by the locus of operative facts factor. Courts in this District have found it appropriate to transfer a securities action to the venue in which misstatements were made. *See, e.g.*, *Blass v. Cap. Int'l Sec. Grp.*, 2001 WL 301137, at *5 (E.D.N.Y. Mar. 23, 2001) (transferring securities action to the district where all defendants transacted business). The main geographic focal point of the events underlying this litigation is California. Among other things, Facebook's allegedly false statements were disseminated from the Northern District of California, where the Company is headquartered, and where its investors relations department is located.

   Lastly, trial efficiency is supported by transfer to the Northern District of California. It is well established that "[t]ransfer is particularly appropriate where there is a prior pending lawsuit in the transferee district involving the same facts, transactions, or occurrences." *Levitt v. State of Maryland Deposit Ins. Fund Corp.*, 643 F. Supp. 1485, 1493 (E.D.N.Y. 1986) (citation omitted). Here, transfer would permit appropriate consolidation of the existing Facebook securities class actions. From the perspective of trial efficiency and judicial economy, there are few, if any, benefits to litigating this action separately in New York.

   For the reasons set forth above, Ohio PERS and PFA Pension respectfully seek from the Court (1) a motion schedule be set regarding the change of venue of *Ngian* to the United States District Court for the Northern District of California or, alternatively, (2) that a pre-motion conference be scheduled in order to discuss the change of venue.

              Respectfully submitted,

              */s/ Jeroen van Kwawegen*

              Jeroen van Kwawegen

cc:  All Counsel of Record (via ECF)