# EXHIBIT 1

## Jason Forge

**From:**    Jason Forge
**Sent:**    Tuesday, January 4, 2022 11:31 AM
**To:**    Jonathan Uslaner
**Subject:**    Ohio PERS v. Meta Platforms, Inc., 21-cv-08812-JST

Jonathan,

Due to the undisclosed additional Meta/Facebook holdings by "other PFA entities" (ECF 22-3), and other undisclosed information relating to the "joint declaration" you filed in support of your clients' motion for appointment as lead plaintiff (ECF 22-4), we would like to subpoena your declarants to provide testimony at the hearing on the motion.  Please let us know by noon (PT) tomorrow if you are authorized to accept on behalf of PFA Pension, Forsikringsaktieselskab and Ohio Public Employees Retirement System service of subpoenas for the hearing, as well as the addresses for the locations where the declarants will "appear."

Thank you,
Jason

Jason A. Forge  |  Robbins Geller Rudman & Dowd
O 619 744 2645  |  M 858 692 1117

1

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

NEW YORK ● CALIFORNIA ● LOUISIANA ● ILLINOIS ● DELAWARE

AVI JOSEFSON
avi@blbglaw.com
(312) 373-3881

January 5, 2022

**VIA EMAIL**

Jason A. Forge
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

      Re:    *Ohio Public Employees Retirement System v. Meta Platforms, Inc. f/k/a Facebook, Inc.*, No. 4:21-cv-08812-JST (N.D. Cal.)

Dear Mr. Forge:

I write in response to your January 4, 2022 email to my colleague Jonathan Uslaner, regarding the Lead Plaintiff motion we filed in the above-referenced action on behalf of presumptive Lead Plaintiff Ohio Public Employees Retirement System, along with the Ohio Attorney General's Office ("Ohio"), and PFA Pension, Forsikringsaktieselskab ("PFA Pension"). That email, which you sent on behalf of the California Public Employees' Retirement System ("CalPERS") yesterday, requested that we inform you by 12:00pm today whether our firm can accept subpoenas calling representatives of Ohio and PFA Pension to testify at the March 10, 2022 hearing in the above-referenced matter.

As a preliminary matter, CalPERS' 24-hour deadline for our response was unnecessary and the suggestion that CalPERS intends to issue subpoenas appears premature.[1] The hearing is over two months away and initial briefs were only filed one week ago. Should Judge Tigar proceed with a hearing on the Lead Plaintiff motions, representatives of Ohio and PFA Pension would participate and thus there is no need for any subpoenas to be issued. Likewise, it is unclear whether such hearing and participation would be in-person or virtual given the evolving nature of the

---

[1] We, Ohio, and PFA Pension are surprised CalPERS would make such an aggressive request without first conferring on these issues, particularly given that Ohio is a fellow member of the U.S. public pension fund community and the investor that stepped forward to assert the proper class period in this case, which protected CalPERS' interests.

875 NORTH MICHIGAN AVENUE ● SUITE 3100 ● CHICAGO ● IL 60611
TELEPHONE: 312-373-3880 ● www.blbglaw.com ● FACSIMILE: 312-794-7801

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jason A. Forge
January 5, 2022
Page 2

pandemic.[2]  We therefore suggest that a subpoena is not necessary.  Moreover, your email provides no basis to seek testimony from our clients, let alone the "reasonable basis" required by the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B)(iv).

Nonetheless, in the interests of transparency and avoiding a litigation sideshow relating to the leadership of this important case, Ohio and PFA Pension are willing to discuss these questions with CalPERS.  To that end, our clients are interested in discussing with you what your email vaguely references as "undisclosed" holdings by "other PFA entities" and "other undisclosed information."  For example, since our submission made clear that the other PFA entities that held Facebook stock are not members of the Class, and are legally distinct entities from PFA Pension, it is unclear to us what additional information about those other entities might be relevant to the Lead Plaintiff motions.  However, once we are able to understand more about the information CalPERS is interested in learning, Ohio and PFA Pension intend to use their best, good faith efforts to address CalPERS' questions.

We therefore ask that you provide us with times at which you are available for a call to discuss these issues.  Since your email did not specify the information you seek to discover, or provide any basis on which CalPERS might oppose the motion filed by Ohio and PFA Pension—two sophisticated institutional investors with an undisputed financial interest in the relief sought by this litigation that is double the loss sustained by CalPERS—we ask that you provide that information before we speak.[3]  Further, since we are not aware of situations in which competing Lead Plaintiff movants issued subpoenas to compel testimony at a Lead Plaintiff hearing while the PSLRA's discovery stay was in effect, we would appreciate it if you would also provide us with the legal basis for serving such subpoenas in this case.

I look forward to your response, and to further discussion that will, I hope, resolve your questions regarding the Lead Plaintiff motion filed by Ohio and PFA Pension.

Sincerely yours,

Avi Josefson

---

[2] For this reason, your request that we specify today "the locations where the declarants will 'appear'" in March is also premature, given that we cannot know whether a March 10 hearing, if it occurs, would be convened in-person or virtually and whether the pandemic would limit participants ability to travel to California.

[3] In fact, PFA Pension, alone, incurred a loss that is nearly double that of CalPERS when calculated on a LIFO basis.

## Jason Forge

| | |
|---|---|
| **From:** | Jason Forge |
| **Sent:** | Thursday, January 6, 2022 11:20 AM |
| **To:** | Avi Josefson |
| **Cc:** | Jonathan Uslaner |
| **Subject:** | RE: Facebook |

Thank you, Avi.  We believe all PFA's Meta/FB holdings and class-period transactions are required to be disclosed and are relevant to the Court's consideration.  Without such information, there is no way for the Court to determine PFA's actual losses, if any.  These emails are our attempts to meet and confer in good faith to resolve these issues, as phone calls can often be counterproductive by spawning new disputes over who said what.  In an effort to explore a possible compromise, please provide the actual purchase records for the "Purchase" entries you represented to the Court in Exhibit B (ECF 22-3).  Unless you agree to provide such records by Monday (1/10) at 9:00 a.m. PT, we will proceed with a joint letter brief to be filed on Monday (1/10) at noon PT, which will seek all records necessary to provide full transparency as to all PFA's class period holdings and transactions in Meta/FB securities, so please plan accordingly.

We also believe that the formation and organization of the proposed group is relevant to the Court's consideration and that questions regarding these subjects can only be reliably answered through cross-examination, as there seems to be no dispute that you represent a lawyer-assembled group of disparate and unfamiliar entities.  We interpret your letter to mean that you intend to have all three declarants available to be questioned under oath at the hearing (either virtually or in-person) should the Court entertain an evidentiary hearing.  If your intentions change, please let us know immediately.

Jason

---

**From:** Avi Josefson <Avi@blbglaw.com>
**Sent:** Wednesday, January 5, 2022 12:29 PM
**To:** Jason Forge <JForge@rgrdlaw.com>
**Cc:** Jonathan Uslaner <Jonathanu@blbglaw.Com>
**Subject:** Facebook

EXTERNAL SENDER

Dear Jason,

Please see the attached letter responding to your email to Jon Uslaner regarding the Facebook litigation.

Avi

Avi Josefson
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
E-Mail: avi@blbglaw.com

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

NEW YORK ● CALIFORNIA ● LOUISIANA ● ILLINOIS ● DELAWARE

AVI JOSEFSON
avi@blbglaw.com
(312) 373-3881

January 10, 2022

**VIA EMAIL**

Jason A. Forge
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Re:  *Ohio Public Employees Retirement System v. Meta Platforms, Inc. f/k/a Facebook, Inc.*, No. 4:21-cv-08812-JST (N.D. Cal.)

Dear Mr. Forge:

I write in response to your January 6, 2022 email.  While I am disappointed that you declined our invitation to discuss these matters by phone, we can of course continue to confer in writing to address whatever questions you and the California Public Employees' Retirement System ("CalPERS") may have about the motion we filed for presumptive Lead Plaintiff Ohio Public Employees Retirement System, along with the Ohio Attorney General's Office ("Ohio"), and PFA Pension, Forsikringsaktieselskab ("PFA Pension").  I disagree, however, that these writings provide greater clarity than a phone conference would offer.

For example, your January 6 email asserted that all of PFA Pension's class-period trading in Facebook stock is relevant to the Court's consideration of the pending Lead Plaintiff motions and, therefore, must be disclosed.  We of course agree and, for that reason, included PFA Pension's purchases and sales of Facebook stock (during the class-period asserted by Ohio in its complaint) in the Certification filed by PFA Pension in support of that motion.  Your January 6 email then asks that we agree to provide "actual purchase records for the 'Purchase' entries you represented to the Court in Exhibit B (ECF 22-3)."  This request is somewhat confusing in that the "purchase entries" on the referenced exhibit are transactions by the PFA entities that are seeking to serve as Lead Plaintiff with Ohio.  In your prior email of January 4, however, you indicated that CalPERS is seeking information regarding "undisclosed additional Meta/Facebook holdings by 'other PFA entities.'"  Accordingly, the two emails you sent last week appear to seek different information about different PFA entities.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jason A. Forge
January 10, 2022
Page 2

To the extent that you are seeking documentary evidence for the purchases and sales by PFA Pension that are listed on its Certification and the loss charts (ECF 22-3) we submitted, you have not articulated any basis for seeking such discovery.  If you have a basis for questioning the accuracy of PFA Pension's Certification, such that documentary evidence would address your questions, please let us know.

To the extent that your January 6 email sought information regarding the "other PFA entities" that are not members of the Class and are not (and could not) seeking to serve as Lead Plaintiff, such intent was not apparent from the wording of the email.  Moreover, despite the fact that my last letter to you explained that the "other PFA entities" are not members of the Class and are not seeking to serve as Lead Plaintiff, you have provided no explanation for why the transactions of distinct legal entities that are not members of the Class could be relevant to the pending motions.  As I have said, we are open to conferring with you about the questions CalPERS may have, but such conference requires that you provide a basis for requesting the information you have asked us to produce.

Regarding the second point raised in your January 6 email, you wrote that "the formation and organization of the proposed group is relevant to the Court's consideration and that questions regarding these subjects can only be reliably answered through cross-examination."  While we agree that the decision of Ohio and PFA Pension to move jointly for appointment as Lead Plaintiff is relevant to the Court's consideration – and for that reason provided the Court with a thorough, sworn declaration by representatives of those institutions – we disagree with your assertion that "questions regarding these subjects can only be reliably answered through cross-examination."  We are not aware of cases in which Lead Plaintiff movants have been subpoenaed by competing movants to testify at a motion hearing.  In my January 5 letter to you, I specifically asked you to provide us with legal support for your assertion that representatives of Ohio and PFA Pension can be subpoenaed to testify at a Lead Plaintiff hearing in this case, if such hearing occurs.  You ignored that request, and provided no explanation for why CalPERS is entitled to any discovery from Ohio and PFA Pension.  And your assertion that cross-examination is necessary for the Court to approve Ohio's and PFA Pension's motion is contrary to the law, and to your own practice in such matters.

As you know, courts routinely appoint Lead Plaintiff groups on the basis of written declarations attesting to the formation and function of the group.  *See, e.g.*, *Borteanu v. Nikola Corp.*, 2021 WL 5396062, at *7-8 (D. Ariz. Nov. 18, 2021) (on remand from the Ninth Circuit, the district court appointed as lead plaintiff a group of three investors that "adequately set out its prosecution procedures and communication mechanisms in its Joint Declaration"); *Bruce v. Suntech Power Holdings Co.*, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012); *In re Versata, Inc. Sec. Litig.*, 2001 WL 34012374, at *6-7 (N.D. Cal. Aug. 20, 2001).  Your firm often submits such declarations, which are very similar to that submitted by Ohio and PFA Pension in this case, when advocating for the appointment of a Lead Plaintiff group.  *See, e.g.*, *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 307 (S.D. Ohio 2005) (appointing group of four institutional investors whose joint declaration "established a cohesive relationship").  Moreover, Judge Tigar has recognized that, when one member of the proposed group alone has a larger financial interest

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Jason A. Forge
January 10, 2022
Page 3

than competing movants (as PFA Pension does here), the formation of the group is of lesser concern. *See Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) (Tigar, J.). Here, the declaration of Ohio and PFA Pension makes clear that representatives of these experienced, sophisticated institutions spoke prior to filing their motion and made the determination to work together as Lead Plaintiff. You have pointed to no facts that indicate this group to be "lawyer-assembled" as your January 6 email incorrectly suggests.

In conclusion, while we remain open to discussing with you reasonable questions that CalPERS may have about the motion of Ohio and PFA Pension, and providing information that may address those questions, it is incumbent upon you to clearly articulate those questions and the information you seek, and provide the factual and legal basis supporting your request. The two short, conclusory and inconsistent emails you sent us fail to do so. Nonetheless, I continue to look forward to further discussion that will, I hope, resolve your questions regarding the Lead Plaintiff motion filed by Ohio and PFA Pension.

Sincerely yours,

Avi Josefson

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

## Jason Forge

**From:**          Jason Forge
**Sent:**          Monday, January 10, 2022 4:40 PM
**To:**            Avi Josefson
**Cc:**            Jonathan Uslaner
**Subject:**       RE: Facebook

Respectfully, Avi, I have been very direct about what we are seeking and in offering to consider a compromise, but you have not been forthcoming.  You have acknowledged that PFA Holdings is an interested party, but refuse to provide all class-period transactions in Facebook stock for all PFA entities that PFA Holding holds.  You also know the class-period "Purchase[s]" your declarants purport to have attached to their certification are suspicious, as nearly all are listed at exact closing or opening prices, yet you likewise refuse to provide actual purchase records for these purported transactions.  Last, your contention that lawyers (or agents of lawyers) did not assemble the OPERS-PFA group defies every reasonable inference from the group's joint declaration and thus confirms the need for cross-examination.  We will inform the Court of the foregoing.

Jason

Jason A. Forge | Robbins Geller Rudman & Dowd
O 619 744 2645 | M 858 692 1117


**From:** Avi Josefson <Avi@blbglaw.com>
**Sent:** Monday, January 10, 2022 9:07 AM
**To:** Jason Forge <JForge@rgrdlaw.com>
**Cc:** Jonathan Uslaner <Jonathanu@blbglaw.Com>
**Subject:** Re: Facebook

EXTERNAL SENDER
Dear Jason,
Please see the attached letter responding to your below email.
Regards,
Avi


**From:** Jason Forge <JForge@rgrdlaw.com>
**Date:** Thursday, January 6, 2022 at 1:20 PM
**To:** Avi Josefson <Avi@blbglaw.com>
**Cc:** "Jonathan D. Uslaner" <JonathanU@blbglaw.com>
**Subject:** RE: Facebook

[External]

Thank you, Avi.  We believe all PFA's Meta/FB holdings and class-period transactions are required to be disclosed and are relevant to the Court's consideration.  Without such information, there is no way for the Court to determine PFA's actual losses, if any.  These emails are our attempts to meet and confer in good faith to resolve these issues, as phone

1

calls can often be counterproductive by spawning new disputes over who said what.  In an effort to explore a possible compromise, please provide the actual purchase records for the "Purchase" entries you represented to the Court in Exhibit B (ECF 22-3).  Unless you agree to provide such records by Monday (1/10) at 9:00 a.m. PT, we will proceed with a joint letter brief to be filed on Monday (1/10) at noon PT, which will seek all records necessary to provide full transparency as to all PFA's class period holdings and transactions in Meta/FB securities, so please plan accordingly.

We also believe that the formation and organization of the proposed group is relevant to the Court's consideration and that questions regarding these subjects can only be reliably answered through cross-examination, as there seems to be no dispute that you represent a lawyer-assembled group of disparate and unfamiliar entities.  We interpret your letter to mean that you intend to have all three declarants available to be questioned under oath at the hearing (either virtually or in-person) should the Court entertain an evidentiary hearing.  If your intentions change, please let us know immediately.

Jason

---

**From:** Avi Josefson <Avi@blbglaw.com>
**Sent:** Wednesday, January 5, 2022 12:29 PM
**To:** Jason Forge <JForge@rgrdlaw.com>
**Cc:** Jonathan Uslaner <Jonathanu@blbglaw.Com>
**Subject:** Facebook

EXTERNAL SENDER
Dear Jason,

Please see the attached letter responding to your email to Jon Uslaner regarding the Facebook litigation.

Avi

Avi Josefson
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
E-Mail: avi@blbglaw.com

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.