# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| SHANICE CHRISTIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDERA, INC., THOMAS J. REILLY, JIM FRANKOLA, and MICHAEL A. OLSON,<br><br>Defendants. | Case No. 5:19-cv-03221-LHK<br><br>CLASS ACTION |

*Captions continued on next page.*

**JOINT DECLARATION OF PADRAIC P. LYDON AND CHARLES F. HAMILTON IN SUPPORT OF THE MOTION OF THE BOSTON RETIREMENT SYSTEM AND THE RETAIL WHOLESALE DEPARTMENT STORE UNION LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF COUNSEL, AND RELATION AND CONSOLIDATION OF RELATED ACTIONS**

|  |  |
|---|---|
| RENATO ZARANTONELLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDERA, INC., THOMAS J. REILLY, JIM FRANKOLA, and MICHAEL A. OLSON,<br><br>Defendants. | Case No. 3:19-cv-04007-MMC<br><br>CLASS ACTION |
| ANDREI DVORNIC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDERA, INC., THOMAS J. REILLY, JIM FRANKOLA, and MICHAEL A. OLSON,<br><br>Defendants. | Case No. 3:19-cv-04310-SI<br><br>CLASS ACTION |

We, Padraic P. Lydon and Charles F. Hamilton, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of the Boston Retirement System ("Boston") and the Retail Wholesale Department Store Union Local 338 Retirement Fund ("Local 338") for appointment as Lead Plaintiff in the above-captioned securities class actions pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We are informed of and understand the requirements and duties imposed by the PSLRA. We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are individually associated.

2.      I, Padraic P. Lydon, am the General Counsel of Boston and am authorized to make this Joint Declaration on its behalf. Headquartered in Boston, Massachusetts, Boston is a defined benefit pension plan that is administered by the Boston Retirement Board. Boston provides retirement benefits to beneficiaries from several different governmental units. As of December 31, 2017, Boston managed nearly $7 billion in assets for over 44,000 active, inactive, and retired participants and beneficiaries. As set forth in Boston's and Local 338's motion for appointment as Lead Plaintiff and supporting papers, Boston suffered substantial losses as a result of its investments in the Cloudera, Inc. ("Cloudera") securities at issue in this case. Boston is an institutional investor that understands that this case is governed by the PSLRA and accepts the fiduciary obligations that it will assume under the PSLRA, if appointed as Lead Plaintiff. Boston is familiar with the PSLRA's requirements given its involvement as co-Lead Plaintiff in the securities class action captioned *Hughes v. Huron Consulting Group, Inc.*, No. 09-cv-4734 (N.D. Ill.), in which Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") served as co-Lead Counsel (resulting in a $38 million recovery for the class), and in *In re Novo Nordisk*

*Securities Litigation* ("*Novo Nordisk*"), No. 3:17-cv-00209-BRM-LHG (D.N.J.), in which Boston is currently serving as Lead Plaintiff together with other institutional investors, with Bernstein Litowitz as co-Lead Counsel. Boston also served as Lead Plaintiff, with other investors, in *In Re PTC Therapeutics, Inc. Securities Litigation*, No. 2:16-cv-01224 (D.N.J.) ("*PTC*") (recovering $14.75 million for investors), where Local 338 was an additional plaintiff.

3.     I, Charles F. Hamilton, am the Funds Administrator of Local 338 and am authorized to make this Joint Declaration on its behalf. Headquartered in Mineola, New York, Local 338 is a multi-employer pension fund that provides retirement benefits to retirees in a variety of industries, including retail supermarkets, pharmacies, healthcare facilities, maintenance facilities, as well as school monitors and bus drivers. Local 338 manages over $500 million in total assets for the benefit of its nearly 12,000 members. As set forth in Boston's and Local 338's motion for appointment as Lead Plaintiff and supporting papers, Local 338 suffered substantial losses as a result of its investments in the Cloudera securities at issue in this case. Local 338 is an institutional investor that understands that this case is governed by the PSLRA and accepts the fiduciary obligations that it will assume under the PSLRA, if appointed as Lead Plaintiff. Local 338 is familiar with the PSLRA's requirements given its involvement in *PTC*, in which it was an additional plaintiff. Local 338 is also familiar with the Lead Plaintiff's obligations by virtue of its leadership in other investor class actions. For example, Local 338 was appointed Lead Plaintiff in *Cement & Concrete Workers District Council Pension Fund v. Hewlett Packard Co.*, No. 12-cv-04115-JST (N.D. Cal.) and was a named plaintiff in *Retail Wholesale Department Store Union Local 338 Retirement Fund v. Synchrony Financial*, No. 3:18-cv-01818 (D. Conn.) ("*Synchrony*").

4.     We believe that the securities class action against Cloudera and certain of its current and former executives (with Cloudera, "Defendants") is a meritorious and important action that

2

should be led by dedicated and experienced institutional investors that are committed to maximizing the recovery on behalf of the Class. After reviewing the allegations in the securities class action complaints filed against Cloudera, and consulting with our counsel, Bernstein Litowitz, we approved the filing of a joint motion for appointment as Lead Plaintiff. Our respective funds analyzed the merits of the claims against Defendants and our respective losses arising from Defendants' misconduct. Each fund independently determined to seek appointment as Lead Plaintiff, recognizing the benefits to the Class that result from having dedicated and experienced institutions cooperate in the prosecution of complex securities actions. Each of the funds individually expressed to Bernstein Litowitz an interest in serving as Lead Plaintiff with other institutional investors in order to maximize the recovery for all Class members and to benefit from collaboration and joint decision-making. Through discussions with Bernstein Litowitz, we learned of the possibility of serving together as Lead Plaintiff in the Cloudera securities class action. This gave rise to internal discussions at Boston and Local 338, regarding the opportunity for the two funds to work together as partners to lead this litigation. Following these discussions, we each determined that it would be in the interests of our respective funds and in the best interests of the Class for our funds to seek joint appointment as Lead Plaintiff.

5.     The decision to jointly move for appointment as Lead Plaintiff is also informed by our funds' preexisting relationship. Boston and Local 338 have prior experience working together to prosecute a class action on behalf of investors, having jointly served as plaintiffs in a class action arising from investments in pharmaceutical company PTC Therapeutics. *See In Re PTC Therapeutics, Inc. Securities Litigation*, No. 2:16-cv-01224 (D.N.J.) ("*PTC*") (recovering $14.75 million for investors).

6.     Through their prosecution of securities class actions, including *PTC*, Boston and Local 338 have developed considerable experience and appreciation for a Lead Plaintiff's responsibilities under the PSLRA.

7.     Boston and Local 338 also decided to jointly seek appointment as Lead Plaintiff because they have shared goals and interests in protecting and maximizing pension fund assets and providing retirement benefits for a variety of government and private sector employees and their beneficiaries. Indeed, Boston and Local 338 share a common commitment to protecting the rights and interests of pension funds and their members, advancing shareholder rights, and promoting strong corporate governance by participating in securities class action litigation.

8.     As part of our efforts to formalize our funds' leadership of this case and coordinate our oversight of this action, prior to filing our motion for appointment as Lead Plaintiff, we participated in a conference call to discuss, among other things: the strength of the claims against Defendants; our strategy for prosecuting this action; the significant losses each fund incurred; the benefits that the Class will receive from the leadership of a coordinated group of institutional investors with prior experience serving as plaintiffs under the PSLRA; our shared desire to achieve the best possible result for the Class; the interests in prosecuting the case in a collaborative, like-minded manner; and the actions each fund has taken and will continue to take to ensure that the Class's claims will be zealously and efficiently litigated.

9.     Boston and Local 338 also discussed the lead plaintiff's obligation under the PSLRA to select lead counsel and to monitor the action to ensure it is prosecuted without unreasonable expense or cost. Our funds decided to seek joint appointment as Lead Plaintiff, in substantial part, because they intend to ensure that this action is prosecuted in such an economical

4

manner.  We discussed the importance of the selection of lead counsel, and that lead counsel shall only act pursuant to lead plaintiffs' instructions.

10.     Both Boston and Local 338 are aware that Bernstein Litowitz is an accomplished law firm with a long history of achieving substantial settlements and corporate governance reforms in securities litigation cases, and both funds have an ongoing relationship with Bernstein Litowitz. For instance, Bernstein Litowitz serves as lead counsel and represents Boston as part of the lead plaintiff group that is prosecuting the *Novo Nordisk* litigation.  In addition, Bernstein Litowitz filed the *Synchrony* action on behalf of Local 338.

11.     Boston and Local 338 are committed to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, Boston and Local 338 will ensure and hereby reaffirm that the securities class action against Cloudera will be vigorously prosecuted consistent with the lead plaintiff's obligations under the PSLRA and in the best interests of the Class.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to the Boston Retirement System are true to the best of my knowledge.  Executed this 6th day of August, 2019.

Padraic P. Lydon
General Counsel

*On behalf of Boston Retirement System*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to the Retail Wholesale Department Store Union Local 338 Retirement Fund are true to the best of my knowledge. Executed this 6th day of August, 2019.

_____

Charles F. Hamilton
Funds Administrator

*On behalf of Retail Wholesale Department
Store Union Local 338 Retirement Fund*