ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
willowr@rgrdlaw.com
hdeshmukh@rgrdlaw.com
      – and –
DARREN J. ROBBINS (168593)
DANIEL S. DROSMAN (200643)
JASON A. FORGE (181542)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
ddrosman@rgrdlaw.com
jforge@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> META PLATFORMS, INC. f/k/a FACEBOOK, INC., et al., <br><br> Defendants. | Case No. 4:21-cv-08812-JST <br><br> CLASS ACTION <br><br> CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF <br><br> DATE: March 10, 2022 <br> TIME: 2:00 p.m. <br> CTRM: Zoom hearing per ECF No. 43 <br> JUDGE: Hon. Jon S. Tigar |

4892-0203-8537

There is no substantive opposition to the California Public Employees' Retirement System's ("CalPERS") motion for appointment as lead plaintiff other than the OPERS-PFA Group's contention that it (the Group) suffered a greater loss. *See* ECF No. 60; *see also* ECF Nos. 58-59. This means there is no dispute that CalPERS has established its *bona fide* financial interest, as well as its typicality and adequacy. *See* ECF Nos. 27, 27-3, 27-4, 27-5.[1] For good reason: CalPERS is the largest public pension fund in the United States, with more than 2 million members and approximately $485 billion in assets under management. *See* ECF No. 27 at 4. If appointed lead plaintiff, CalPERS will actively direct the prosecution of the claims by, among other things, reviewing court filings, attending hearings when appropriate to do so, providing documents and deposition testimony, and making final decisions regarding the case. *Id.* As an institutional investor with significant experience serving as lead plaintiff and class representative in securities class actions, CalPERS will leverage its substantial resources and PSLRA experience to ensure vigorous and competent advocacy for the putative class.

By contrast, the OPERS-PFA Group failed to make the initial showing required to establish either its financial interest or Rule 23 qualifications. *See* ECF No. 61. Betraying a keen awareness of its failure, the OPERS-PFA Group took the unusual step of filing an additional brief "in further support" of its motion – before a single opposition had been filed. *See* ECF No. 60. If anything, the OPERS-PFA Group's second bite at the apple confirms the group's shortcomings.[2]

---

[1] While partially captioned as a memorandum "in opposition to competing motions," the OPERS-PFA Group's second brief lacks any such argument. *See* ECF No. 60 (*i.e.*, OPERS-PFA offers no "proof" that CalPERS "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses" (15 U.S.C. §78u-4(a)(3)(B)(iii)(II))). Any substantive arguments against CalPERS' motion raised for the first time in a reply brief have been waived. *See Azpeitia v. Tesoro Refin. & Mktg. Co. LLC*, 2017 WL 3115168, at *10 (N.D. Cal. July 21, 2017) (Tigar, J.) ("The Court will accordingly take Plaintiffs' silence as a concession, and grant Defendants' motion on this ground.") (quoting *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue")).

[2] CalPERS respectfully urges the Court not to entertain a third bite at the apple from the OPERS-PFA Group, which could come in the form of new untested facts in their reply brief. *See generally Tarango v. Knipp*, 2016 WL 1110230, at *10 (N.D. Cal. Mar. 22, 2016) (Tigar, J.) ("The Court need not consider these arguments because Petitioner waited until his Reply Brief to raise them. *See Delgadillo v. Woodford*, 527 F.3d 919, 930 (9th Cir. 2008) ('Arguments raised for the first time in petitioner's reply brief are deemed waived.')."). If the Court allows such a third bite, CalPERS would respectfully request an opportunity to question witnesses and respond.

For example, the OPERS-PFA Group's additional brief in further support of its motion emphasizes, at length, the supposedly "significant steps" OPERS alone took ostensibly to "protect the interests of the Class." ECF No. 60 at 6-7. While the actual importance of the "steps" taken – essentially filing a complaint – could be fairly debated, the more salient point that the Group ignores is that OPERS took those steps itself without any assistance from or coordination with PFA. Why then, did OPERS feel compelled to issue a press release "invit[ing] other similarly situated investors to join the Ohio Attorney General and Ohio PERS"? *Id.* at 6. It seems clear that OPERS and its counsel knew OPERS would not possess the greatest financial interest alone and thus required a partner to obtain that designation.[3]

Similarly, why did counsel for the OPERS-PFA Group attach and highlight for the Court OPERS' press release? The most logical explanation is that this was done to create the impression that PFA saw OPERS' press release and that these two disparate strangers decided on their own to join forces, as opposed to being mere passive participants in a lawyer-made marriage. But the "joint declaration" submitted in support of the OPERS-PFA Group's motion mentions nothing about OPERS and PFA "finding" each other on their own, and if they did not, the impression counsel tried to create that the members "came together of their own volition" (ECF No. 60 at 7) would be misleading.[4] All other signs point to a lawyer-made marriage, but the Court (and the class) deserve

---

[3] OPERS' admission to Judge Rakoff that it partnered with other United States-based state pension funds in *In re Petrobras Sec. Litig.* No. 1:14-cv-09662-JSR (S.D.N.Y.) because "the Attorney General want[ed] to be involved in this litigation in a management role, as lead plaintiff," and it "became known to Ohio that there were other possible movants with large losses", all but confirms that OPERS' primary motivation for joining a group motion has not changed. *See* ECF No. 61 at 14-15 n.11; ECF No. 61-5; *see In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 621-23 (S.D.N.Y. 2015) ("the representative of the Ohio pension system testified, candidly, that Ohio sought to join with other state pension systems in order to increase its financial interest and therefore its chances of being appointed lead plaintiff"). This fact alone distinguishes the OPERS-PFA Group from any of the groups appointed by this Court or others within this District.

[4] Counsel's characterization that the members "came together of their own volition" (*id.*) seems intentionally ambiguous. What does this statement even mean, that OPERS and PFA initiated their alliance or merely that counsel did not force them to "c[o]me together"? *See, e.g.*, ECF No. 22-4 (19-paragraph, 11-page Joint Declaration mentions nothing about these two unfamiliar entities "finding" one another); *id.* at ¶10 ("PFA Pension discussed with its counsel, Bernstein Litowitz, PFA Pension's interest in working together with Ohio PERS and the OAG."). The fact that each entity subsequently followed their own process for deciding to participate in litigation is irrelevant. What *would be* relevant is if the impression counsel have tried to create is misleading and that, in truth, counsel (or counsel's agent(s)) orchestrated everything, as that is precisely what the PSLRA was enacted to prevent. *See In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 266-67 (3d Cir. 2001) ("If the

to know the truth, which can be ascertained through very brief examinations of the OPERS-PFA joint declarants. *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002) ("The district court may need to hold an evidentiary hearing, and to make a renewed determination of typicality and adequacy."). Of course, regardless of the circumstances leading up to its formation, the OPERS-PFA Group still suffers disqualifying defects. *See* ECF No. 61 at 2-13.[5]

In the end, the Court can be sure of one thing: CalPERS is a quintessential lead plaintiff candidate and there is no substantive opposition to its motion. Accordingly, CalPERS' motion should be granted.

DATED: January 18, 2022                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIEL S. DROSMAN
JASON A. FORGE

                    s/ Darren J. Robbins
                    DARREN J. ROBBINS

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

---

court determines that the way in which a group seeking to become lead plaintiff was formed or the manner in which it is constituted would preclude it from fulfilling the tasks assigned to a lead plaintiff, the court should disqualify that movant on the grounds that it will not fairly and adequately represent the interests of the class. . . . [F]or example, [if] a court were to determine that the movant 'group' with the largest losses had been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel, it could well conclude, based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner.") (citation omitted).

[5]    The OPERS-PFA Group's attempt to argue that CalPERS' and its counsel's (Robbins Geller) prior support for groups serving as lead plaintiff in other cases supports its position here is misplaced. The PSLRA itself plainly allows for groups. What it does not allow for is *this particular* grouping that was designed by lawyers to give one entity the largest collective financial interest and the other entity an ability to hide its serious Rule 23 defects. *In re Mersho*, 6 F.4th 891, 901-02 (9th Cir. 2021) (recognizing that "[m]any district courts have considered the lack of a pre-litigation relationship as part of their adequacy analysis at step two"); *In re Cloudera, Inc. Sec. Litig*., 2019 WL 6842021, at *6-*8 (N.D. Cal. Dec. 16, 2019) (same); *see also Cendant*, 264 F.3d at 267 (same).

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
HADIYA K. DESHMUKH
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 18, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Darren J. Robbins
DARREN J. ROBBINS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  darrenr@rgrdlaw.com

4892-0203-8537

# Mailing Information for a Case 4:21-cv-08812-JST Ohio Public Employees Retirement System v. Meta Platforms, Inc. f/k/a Facebook, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Hadiya Khan Deshmukh**
  hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Daniel S. Drosman**
  DanD@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com,DanD@ecf.courtdrive.com,e_file_sf@rgrdlaw.com

- **Charles S. Duggan**
  charles.duggan@davispolk.com

- **Jason A. Forge**
  jforge@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jennifer Lauren Joost**
  jjoost@ktmc.com,1759490420@filings.docketbird.com

- **Avi Josefson**
  Avi@blbglaw.com,jose.echegaray@blbglaw.com

- **David Reuven Lev Kaplan**
  dkaplan@saxenawhite.com,e-file@saxenawhite.com,lmix@saxenawhite.com

- **Neal Alan Potischman**
  neal.potischman@dpw.com,ecf.ct.papers@dpw.com,lit.paralegals.mp@davispolk.com,felicia.yu@davispolk.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,WillowR@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Sophia Marie Rios**
  srios@bm.net,jgionnette@bm.net

- **Darren Jay Robbins**
  darrenr@rgrdlaw.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Hannah G Ross**
  Hannah@blbglaw.com

- **James P. Rouhandeh**
  rouhandeh@davispolk.com

- **Jonathan Daniel Uslaner**
  jonathanu@blbglaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)