**BERNSTEIN LITOWITZ BERGER**
**  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

*Counsel for Proposed Lead Plaintiff*
*Ohio Public Employees Retirement System and*
*PFA Pension, Forsikringsaktieselskab and*
*Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC. f/k/a FACEBOOK, INC., MARK ZUCKERBERG, DAVID M. WEHNER, and NICK CLEGG, <br><br> Defendants. | Case No. 4:21-cv-08812-JST <br><br> CLASS ACTION <br><br> **SUPPLEMENTAL REPLY BRIEF OF OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM AND PFA PENSION, FORSIKRINGSAKTIESELSK** <br><br> Date:     April 28, 2022 <br> Time:    2:00 p.m. <br> Dept.:   Zoom hearing, per ECF No. 68 <br> Judge:   Hon. Jon S. Tigar |

*Caption continued on next page.*

SUPPLEMENTAL REPLY BRIEF
CASE NO. 4:21-cv-08812-JST

| | |
|---|---|
| BARRY G. DEPOT, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:21-cv-08873-JST |
| Plaintiff, | CLASS ACTION |
| v. | |
| META PLATFORMS, INC. f/k/a FACEBOOK, INC., MARK ZUCKERBERG, DAVID M. WEHNER, SUSAN J.S. TAYLOR, and NICK CLEGG, | |
| Defendants. | |
| JUAN PEREZ, individually and on behalf of all others similarly situated, | Case No. 4:21-cv-09041-JST |
| Plaintiff, | CLASS ACTION |
| vs. | |
| META PLATFORMS, INC., MARK ZUCKERBERG, and DAVID M. WEHNER, | |
| Defendants. | |

Ohio PERS and PFA Pension submit this reply to CalPERS' supplemental brief.

A.      **Ohio PERS and PFA Pension More Than Satisfied Their Burden**

The thrust of CalPERS' argument is the incorrect assertion that Ohio PERS and PFA Pension have failed to make the requisite *prima facie* showing of adequacy and typicality under step two of the PSLRA's three-step process for appointing a Lead Plaintiff and, therefore, are not entitled to the statutory presumption that they are the "most adequate plaintiff." *See* ECF No. 74 at 1.  The reason CalPERS attempts to focus the Court on the PSLRA requirement of a *prima facie* showing of adequacy and typicality is simple: CalPERS cannot provide proof to rebut the presumption that Ohio PERS and PFA Pension should be appointed Lead Plaintiff and thus improperly attempts to shift (and heighten) the burden on Ohio PERS and PFA Pension to prove their adequacy and typicality.[1]  But CalPERS' supplemental brief disregards the facts and the law.

Ohio PERS and PFA Pension submitted two declarations, supported by documentary evidence, that more than satisfy the PSLRA requirement of a *prima facie* showing of adequacy and typicality.  *See In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("*prima facie* showing of adequacy and typicality . . . should be based on only the movant's pleadings and declarations"); *Ravens v. Iftikar*, 174 F.R.D. 651, 664 (N.D. Cal. 1997) (at the lead plaintiff stage, "a wide-ranging analysis under Rule 23 is not appropriate").  CalPERS does not contest the facts established by those declarations, or provide any evidence that calls into question the veracity or accuracy of the declarations.  Accordingly, Ohio PERS and PFA Pension are the presumptive Lead Plaintiff and, to rebut that presumption at step three, CalPERS must proffer "proof" that Ohio PERS and PFA Pension will not adequately represent the Class or are subject to unique defenses.  *See OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) ("The burden is on [CalPERS] to come forward with some proof that the unique [standing] defenses raised are

---

[1] Unable to rebut the presumption, CalPERS now requests an "evidentiary hearing" in a desperate attempt to obtain discovery from Ohio PERS and PFA Pension that it might use to challenge their Motion.  ECF No. 74 at 1.  CalPERS has not provided any basis as to why Ohio PERS and PFA Pension are "incapable of adequately representing the class," which it must do before requesting documents or testimony from them. 15 U.S.C. § 78u-4(a)(3)(B)(iv); *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1055 n.1 (N.D. Cal. 2010) (denying request for discovery and cautioning that "[c]ourts are to take care to prevent the use of discovery to harass presumptive lead plaintiffs").

legitimate issues that will likely be litigated at trial.").  CalPERS has failed to do so.

As PFA Pension unequivocally stated in two declarations, PFA Pension "has legal title to the securities listed in its certification."  ECF Nos. 22-4 ¶ 4; 63-3 ¶¶ 14-15.  As such, PFA Pension itself suffered harm by Facebook's alleged misconduct and has standing to assert these claims.  Ignoring this unrefuted evidence, CalPERS speculates that PFA Pension lacks standing because PFA Pension itself did not purchase Facebook stock.  *See* ECF No. 74 at 2.  That argument, for which CalPERS proffers no proof, is directly refuted by the evidence submitted by PFA Pension.  *See Hufnagle v. Rino Int'l Corp.*, 2011 WL 710704, at \*5 (C.D. Cal. Feb. 14, 2011), *adopted by*, 2011 WL 710676 (C.D. Cal. Feb. 16, 2011) (rejecting standing challenge where European investor submitted a declaration stating that it "was the beneficial owner and held legal title to the [] stock"); *In re Kit Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 447 (S.D.N.Y. 2013) ("sworn declaration of ownership trumps speculation as to a party's property interest in relevant shares").

CalPERS misconstrues or ignores evidence provided by PFA Pension to question whether PFA Pension is entitled under Danish law to claim the losses suffered by the four economic entities within PFA Pension that purchased Facebook stock.  *See* ECF No. 73 at 4.  CalPERS makes much of its lack of understanding of the precise structure of what PFA Pension referred to as "economic entities" that purchased Facebook stock.  But such understanding is irrelevant to the question of PFA Pension's standing.  As PFA Pension detailed in the Supplemental Joint Declaration (ECF No. 63-3), those economic entities are not legally distinct entities from PFA Pension.  Rather, those economic entities form component parts of PFA Pension, akin to separate accounts, and, as such, all shares purchased through those economic entities are owned by PFA Pension.  *See id*. ¶¶ 15-16.  Because PFA Pension has legal title to those shares, PFA Pension "personally suffered an injury," satisfies the "injury-in-fact" requirement, and therefore has standing to assert these claims.  *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 107, 109 (2d Cir. 2008).  These specific facts provided in PFA Pension's unrefuted declaration are sufficient to establish standing.  *See Roofers' Pension Fund v. Papa*, 2017 WL 1536222, at \*4 (D.N.J. Apr. 27, 2017) (appointing foreign institutional investors that submitted a declaration stating that they "are the title holder[s] of the securities set forth in [their] respective Certification[s], and beneficially own[]

said securities"). CalPERS notes that PFA Pension's name does not appear on the J.P. Morgan account statements, which PFA Pension voluntarily submitted, for certain of its transactions through Høj Risiko PFAPlus, and CalPERS then makes the unfounded leap that this "proves" that PFA Pension lacks legal title to the Facebook shares reflected on those statements. ECF No. 74 at 3-4. In making this assertion, CalPERS ignores the fact that those statements – custodial documents prepared for PFA Pension – expressly designate "Høj Risiko" as the "Account" through which those Facebook trades were conducted. *See* ECF No. 63-3 ¶¶ 13, 15; *id*. at Ex. 2.

The PSLRA requires nothing more than PFA Pension's express declaration that it "has legal title to" the Facebook shares listed in its Certification and suffered losses as a result of Facebook's alleged misconduct. ECF Nos. 22-4 ¶ 4; 63-3 ¶¶ 14-15. In fact, the only information CalPERS submitted to establish its own standing and financial interest was its PLSRA Certification. This, despite the fact that CalPERS invests in equities through over two dozen discrete entities or accounts.[2] CalPERS fails to provide the Court with legal authority to support the heightened requirements it seeks to impose on PFA Pension. *See Papa*, 2017 WL 1536222, at *5 (rejecting standing challenge where competing movant did not "provide any substantiated allegation or reason to believe that the [presumptive lead plaintiff group's] sworn declaration attesting to their ownership is incorrect or false"). The authorities CalPERS cites deal with investment managers, which invest on behalf of separate legal entities, and presumptively lack standing unless they can demonstrate third-party standing or otherwise obtain valid assignments. *See, e.g.*, *Theodore v. Purecycle Techs., Inc.*, 2021 WL 5259840, at *3-4 (M.D. Fla. Aug. 5, 2021) (declining to appoint an asset manager that admittedly did not have title to the securities at issue, because the asset manager failed to provide any explanation of its relationship with the fund that owned the shares and there were questions about the validity of the assignments it received); *Smajlaj v. Brocade Commc'n Sys. Inc.*, 2006 WL 7348107, at *2 (N.D. Cal. Jan. 12, 2006) (declining to appoint an investment manager that did not have title to the securities). In contrast, PFA Pension has made clear that the Facebook shares listed in its Certification were owned by

---

[2] *See*, *e.g.*, CalPERS' "Portfolio & Partnership Report," (https://www.calpers.ca.gov/docs/forms-publications/perf-portfolio-partnership-report-june-2021.pdf).

PFA Pension itself. *See Teran v. Subaye, Inc.*, 2011 WL 4357362, at \*6 (S.D.N.Y. Sept. 16, 2011) (finding that "[presumptive lead plaintiff]'s sworn declaration asserting that he owned the shares detailed in his certification trumps [competing movant]'s speculation").

CalPERS' characterization of Ohio PERS' and PFA Pension's partnership as "lawyer-created" similarly fails. ECF No. 74 at 1 n.2. Such conclusory challenges are entirely undermined by the two detailed declarations submitted by Ohio PERS and PFA Pension, which clearly demonstrate that the collaboration of these institutional investors is entirely appropriate. It defies credulity to suggest that two sophisticated, multi-billion-dollar institutions – one of which is advised by the Ohio Attorney General – are mere puppets of the outside law firm they retained. *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) ("[movant] provides no evidence to support his contention that the Akeena Investor Group is a lawyer-made artifice").

CalPERS' attacks on Ohio PERS' and PFA Pension's partnership also lack credibility because CalPERS itself has served as part of lead plaintiff groups comprised of unrelated institutions. *See, e.g.*, *In re Cendant Corp. Litig.*, 182 F.R.D. 144, 146-47 (D.N.J. 1998). CalPERS' counsel, Robbins Geller, routinely represents Lead Plaintiff groups comprised of unrelated institutions located "an ocean apart." ECF No. 74 at 1 n.2. Indeed, Robbins Geller currently serves as co-class counsel before this Court in *In re Twitter Inc. Sec. Litig.*, No. 16-cv-05314 (N.D. Cal.), in which it represents a Belgian institution and a U.S. pension fund. CalPERS' and Robbins Geller's challenges to Ohio PERS' and PFA Pension's declarations as "generic and conclusory" are baseless and hypocritical. ECF No. 74 at 1 n.2. Less than two weeks ago, Robbins Geller filed a lead plaintiff motion attesting to the propriety of a group of unrelated institutions in a two-and-a-half-page declaration that lacks the detail provided by Ohio PERS and PFA Pension. *See Allison v. Oak Street Health, Inc.*, No. 22-cv-00149 (N.D. Ill.), ECF No. 11-4.

**B.    CalPERS' New Challenges Are Insufficient to Rebut the Presumption**

CalPERS improperly raises new arguments, in violation of this Court's Order. ECF No. 68 at 2. In particular, CalPERS points for the first time to information from PFA Pension's website to question PFA Pension's transactions in Facebook stock. *See* ECF No. 74 at 6. CalPERS' latest "questions" not only violate the Court's Order, they are baseless.

CalPERS cites to PFA Pension's website to argue that PFA Pension held a position in Facebook stock that is inconsistent with the information PFA Pension disclosed in its loss chart. *See* ECF No. 74 at 6-7. This argument is purely speculative, as it attempts to extrapolate PFA Pension's stock transactions using the value of Facebook holdings (reported in Danish krone) at points that pre-date and post-date the Class Period, and relies on assumptions about exchange rates and share prices. *See* ECF No. 74 at 6 n.10. Further, the website on which CalPERS relies expressly states that the "share lists" are for entities other than just PFA Pension.[3] Speculative assertions like this, which are directly contradicted by the evidence submitted by PFA Pension, are insufficient to rebut the presumption. *See Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019) ("[S]peculative assertions are insufficient" to "overcome" the presumption.); *City of Hollywood Police Officers' Ret. Sys. v. Citrix Sys., Inc.*, No. 21-cv-62380 (S.D. Fla.), ECF No. 51 at 3 (presumption not rebutted where movant "clearly show[ed] that its reported financial interest only accounts for directly held . . . stock").

PFA Pension disclosed that other PFA entities held Facebook stock during the Class Period. *See* ECF Nos. 22-3 at 5; 22-4 ¶ 4; 63-3 ¶ 16. PFA Pension made clear that those entities are legally distinct from PFA Pension and did not purchase Facebook stock during the Class Period and are therefore not members of the Class. *See* ECF Nos. 22-3 at 5; 63-3 ¶ 16. Accordingly, those other entities were precluded from seeking Lead Plaintiff appointment, and their Facebook holdings could not be included with the transactions listed in PFA Pension's Certification or loss chart. *See Huff*, 549 F.3d at 106-07. PFA Pension does not have title to the Facebook shares held by those other entities whose Facebook holdings are included on the website CalPERS cites, because they are legally separate from PFA Pension, and it therefore lacks the authority to assert claims arising from those investments. *See* ECF No. 63-3 ¶ 16. Contrary to CalPERS' speculation that PFA Pension withheld data, PFA Pension disclosed all Class Period ***purchases and sales*** of Facebook stock to which it had legal title, in compliance with the PSLRA's requirements.

For the reasons discussed above and in their prior briefs, Ohio PERS and PFA Pension respectfully request that the Court grant their Motion.

---

[3] *See* https://pfa.dk/om-pfa/finansiel-information/aarsrapporter/

Dated:  March 25, 2022

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

/s/ Jonathan D. Uslaner
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

-and-

HANNAH ROSS
(hannah@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
JEROEN VAN KWAWEGEN
(jeroen@blbglaw.com)
SCOTT R. FOGLIETTA
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 554-1400
Fax:     (212) 554-1444

*Counsel for Proposed Lead Plaintiff
Ohio Public Employees Retirement System and PFA
Pension, Forsikringsaktieselskab and Proposed
Lead Counsel for the Class*

**OFFICE OF THE ATTORNEY GENERAL
  OF THE STATE OF OHIO**

SHAWN BUSKEN
(Shawn.Busken@OhioAttorneyGeneral.gov)
30 East Broad Street
Columbus, OH 43215
Tel:     (800) 282-0515

*Additional Counsel for Proposed Lead Plaintiff
Ohio Public Employees Retirement System*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470