**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
CAITLIN C. BOZMAN (Bar No. 343721)
(caitlin.bozman@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Counsel for Lead Plaintiffs*
*Ohio Public Employees Retirement System and*
*PFA Pension Forsikringsaktieselskab*

[Additional Counsel Appear on
Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION | Lead Case No. 4:21-cv-08812-JST<br><br>Consolidated Case Nos.:<br>4:21-cv-08873-JST<br>3:21-cv-09041-JST<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br><u>CLASS ACTION</u><br><br>Hearing Date: August 17, 2023<br>Hearing Time: 2:00 PM |

## I.    INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Lead Plaintiffs Ohio Public Employees Retirement System ("OPERS") and PFA Pension Forsikringsaktieselskab ("PFA Pension," and together with OPERS, "Lead Plaintiffs") respectfully request that the Court take judicial notice of the following document, attached to the Declaration of John Rizio-Hamilton filed concurrently with Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint (the "Complaint"):

**Exhibit A**: Policy Advisory Opinion on Meta's Cross-Check Program, published by the Meta Oversight Board on December 6, 2022 (the "December 6 Board Report").

## II.    ARGUMENT

At the motion to dismiss stage, "courts must consider the complaint in its entirety." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). While generally, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), under Federal Rule of Evidence 201, this Court may take judicial notice of the existence and contents of the proffered document in this instance. *See id.* (the "court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment") (citation omitted). Judicial notice may extend to facts received by a plaintiff after the filing of a complaint. *See In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1064 (C.D. Cal. 2012).

As alleged in the Complaint, on October 21, 2021, Meta's Oversight Board found, among other things, that the Company's failure to be transparent about the X-Check program was "not acceptable." ¶ 365. The Oversight Board stated that it would issue guidance concerning how Meta should address violations of its content policies by prominent users on its platforms. *Id.* This guidance issued after Lead Plaintiffs filed the Complaint, on December 6, 2022, when Meta's Oversight Board published its Policy Advisory Opinion on Meta's Cross-Check Program ("December 6 Board Report"). Here, the Court should take judicial notice of the existence and contents of the December 6 Board Report, which includes relevant information communicated by

Meta to the Oversight Board, and the Oversight Board's analysis of the X-Check program and whitelisting practices.

Specifically, the Court may take judicial notice of the December 6 Board Report for the limited purpose of establishing that the Oversight Board made the statements contained in the report. *See*, *e.g.*, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (stating that courts may take judicial notice of "[r]ecords and reports of administrative bodies"). The fact of the "existence and contents" of the December 6 Board Report is relevant to whether Defendants made false or misleading statements concerning the X-Check program with the requisite scienter, even if not considered for its truth.

## III.    CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court take judicial notice of Exhibit A to the Declaration of John Rizio-Hamilton in Support of Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint.

Dated: April 14, 2023                    Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton (*pro hac vice*)
(johnr@blbglaw.com)
Hannah Ross (*pro hac vice*)
(hannah@blbglaw.com)
Jeroen van Kwawegen (*pro hac vice*)
(jeroen@blbglaw.com)
Lauren Ormsbee (*pro hac vice*)
(lauren@blbglaw.com)
Rebecca Boon (*pro hac vice*)
(rebecca.boon@blbglaw.com)
John Esmay (*pro hac vice*)
(john.esmay@blbglaw.com)
Mathews R. de Carvalho (*pro hac vice*)
(mathews.decarvalho@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
Caitlin C. Bozman (Bar No. 343721)
(caitlin.bozman@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Counsel for Lead Plaintiffs*
*Ohio Public Employees Retirement System and*
*PFA Pension Forsikringsaktieselskab*

**OFFICE OF THE ATTORNEY GENERAL**
 **OF THE STATE OF OHIO**

Shawn Busken
(Shawn.Busken@OhioAttorneyGeneral.gov)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515

*Additional Counsel for Lead Plaintiff Ohio Public*
*Employees Retirement System*