Neal A. Potischman (SBN 254862)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
         charles.duggan@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,*
*Mark Zuckerberg, David M. Wehner, Nick*
*Clegg, Adam Mosseri, Guy Rosen, Andy Stone,*
*Antigone Davis, Karina Newton, Yann LeCun,*
*Monika Bickert, and Pavni Diwanji*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION<br><br>This document relates to: All Actions | Lead Case No. 3:21-cv-08812-AMO<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Date:  August 17, 2023<br>Time: 2:00 p.m.<br>Dept.: Courtroom 10 – 19th Floor<br>Judge: Honorable Araceli Martínez-Olguín |

## INTRODUCTION

The Court should grant Defendants' Request for Judicial Notice ("RJN"), which asks the Court to consider four documents in connection with Defendants' motion to dismiss.[1] Defendants' RJN relies on a straightforward and uncontroversial application of black-letter law. In *Khoja v. Orexigen Therapeutics, Inc.*, which Plaintiffs heavily rely on in opposing the RJN, the Ninth Circuit reiterated that district courts can (i) consider documents that form the basis of plaintiffs' claims in order to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims", and (ii) take judicial notice of matters of public record. 899 F.3d 988, 999, 1002 (9th Cir. 2018). This is exactly what Defendants ask the Court to do here. Three of the four documents at issue are referenced at length in the Complaint and therefore may be considered by this Court under the "incorporation by reference" doctrine. The fourth is Meta's annual report filed with the SEC, and it is well-settled that courts may take judicial notice of statements contained in SEC filings to show that information therein was available to the market.

Plaintiffs' Opposition to Defendants' Request for Judicial Notice ("RJN Opp.") fails to show otherwise. Plaintiffs do not contest the authenticity or accuracy of any of these documents, but instead argue that "Defendants offer these documents for an improper purpose—namely, to present their own version of the facts." (RJN Opp. at 1.) That is not so. Nothing about the documents that Defendants ask the Court to consider—whether their contents or the fact of their disclosure—contradicts any well-pled factual (as opposed to conclusory) allegation of the Complaint.

## ARGUMENT

### A. The Court Can Consider Exhibits 1, 3, and 4 Because the Complaint Incorporates Them by Reference

In their RJN, Defendants showed that because each of Exhibits 1, 3 and 4 is quoted in the Complaint *as a source of alleged misstatements*, each document serves as a basis for Plaintiffs'

---

[1] Terms not defined herein have the same meaning as in the Complaint or Defendants' Request for Judicial Notice and Consideration of Documents in Support of Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint (ECF No. 110-1).

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
LEAD CASE NO. 3:21-cv-08812-AMO

claims, and therefore may be considered in its entirety by this Court (without any need to take judicial notice of them). (RJN at 2–3.) Further, Defendants do not ask the Court to consider these documents for their truth, but instead as showing the full context of what Meta disclosed to the market.

Plaintiffs' opposition to this straightforward request is telling: Plaintiffs want the Court to consider *only* the portions of the documents that they have selectively excerpted in their Complaint, and they want to sweep the rest of each document under the rug. Thus, Plaintiffs' opposition serves their broader strategy of trying to manufacture securities fraud claims from out-of-context soundbites. But the law bars Plaintiffs from concealing the defects in their claims from the Court in that manner. *See*, *e.g.*, *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) ("[I]ncorporation by reference … prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or extinguish their claims."); *see also In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("[A]lleged false statements 'must be analyzed in context.'" (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996))); *Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) (taking judicial notice of documents allegedly containing false or misleading statements).

Further, Defendants are not, as Plaintiffs erroneously charge, disregarding *Khoja* by "ask[ing] the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint." (RJN Opp. at 2.) There is no need for the Court to judicially notice these documents because each document is incorporated by reference into the Complaint as a basis for Plaintiffs' claims. Under Ninth Circuit precedent, "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (cleaned up). Further, Defendants' request does not implicate the *Khoja* court's concern about using incorporated documents "*only* to resolve factual disputes against the plaintiff's well-pled allegations." *Khoja*,

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
LEAD CASE NO. 3:21-cv-08812-AMO

899 F.3d at 1014 (emphasis added).[2] "*Khoja* does not prevent a defendant from . . . analyzing an alleged false statement in context" or filling gaps left by a complaint's "*conclusory* allegations." *Eventbrite*, 2020 WL 2042078, at *7; *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (stating that conclusory allegations are "disentitle[d]" to the presumption of truth).

This is all Defendants request here.  Defendants cite Exhibit 1 to show that Meta had publicly disclosed in July 2018—prior to the alleged corrective disclosure and in the very same document that Plaintiffs quote in the Complaint for alleged misstatements (AC ¶¶ 90, 419)—that the X-Check policy "applies to high profile, regularly visited Pages or pieces of content on Facebook so that they are not mistakenly removed or left up" and includes "content posted by celebrities, governments, or Pages where we have made mistakes in the past."  (Mem. at 15 (quoting Ex. 1).)  This statement supplies necessary context for analyzing the alleged falsity (or lack thereof) of a challenged statement from the same document—specifically, that "[o]ur Community Standards apply around the world to all types of content and are designed so they can be applied consistently and fairly" and "[w]e want to make clear that we remove content from Facebook, no matter who posts it, when it violates our Community Standards."  (AC ¶ 406.)

Defendants cite Exhibits 3 and 4—statements from news articles quoted in the Complaint (AC ¶¶ 475–476, 482–483)—to show that "the public was actively discussing the potential impact of social media on teens long before the September 14 *Wall Street Journal* article" that Plaintiffs claim first revealed these issues.  (Mem. at 33–34 (citing Exs. 3 & 4).)

Defendants do not ask the Court to consider these documents to contradict any *well-pled* (as opposed to conclusory) factual allegation in the Complaint.  To the contrary, the statements in the documents are consistent with Plaintiffs' allegations, and Defendants use the documents to demonstrate the timing of their disclosure.  For example, Defendants rely on Exhibits 3 and 4 for the statements that "lawmakers and health advocates have criticized the company for contributing to youth depression and other mental health problems" (Ex. 3 at 2) and that "[Meta] and rival

---

[2] *Khoja* raised the concern in the context of "incorporating documents [by reference] en masse", and thereby confronting the district court with "competing, often inconsistent versions of the facts."  899 F.3d at 1014.  Here, Defendants' request that the Court consider three exhibits does not implicate that concern.

3

social-media platforms face scrutiny over their products' effects on mental health and in particular their impact on children." (Ex. 4 at 2.)   These statements are entirely consistent with the Complaint's allegations, but negate Plaintiffs' arguments about the timing of their disclosure to the market.

Nor are Defendants asking the Court to consider these documents for their truth, but instead to show what information was disclosed to the market.  Courts often consider documents (even those not referenced in the Complaint) for this purpose.  *See In re Splunk, Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)) ("[C]ourts 'may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true[.]'"); *see also Lake*, 2020 WL 3820424 (ruling that document that allegedly served as corrective disclosure could be considered in full under incorporation-by-reference doctrine); *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 2021 WL 6062943, at *4 (S.D. Cal. Nov. 18, 2021) (granting defendants' request for judicial notice and incorporation by reference of an article introduced "to indicate what was in the public realm at the time" (internal quotations omitted)).

Accordingly, the Court may consider the contents of Exhibits 1, 3, and 4.

**B.    Exhibit 2 Is a SEC Filing Subject to Judicial Notice**

Defendants' RJN also established that the Court can take judicial notice of Exhibit 2, which is Meta's 2020 annual report filed with the SEC on Form 10-K.  As explained in the RJN, "SEC forms such as a . . . Form 10-K are matters of public record and may be subject to judicial notice." *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1235 (N.D. Cal. 2014); *see* RJN at 3–4.

Plaintiffs' opposition to the Court considering the issuer's annual report filed with the SEC shortly before the start of the alleged class period is remarkable.  Plaintiffs accuse Defendants of misleading the market, but want to blind the Court to Meta's most comprehensive disclosure to investors prior to the class period, including cautionary language warning investors about the risks and issues that Plaintiffs claim were concealed or misstated.

4

Courts frequently take judicial notice of SEC filings—especially timely annual reports—even in the cases cited by Plaintiffs. *See Splunk*, 592 F. Supp. 3d at 930 (taking judicial notice of Splunk's filings with the SEC because "Plaintiff [did] not dispute their authenticity and accuracy"); *In re Impinj, Inc., Sec. Litig.*, 414 F. Supp. 3d 1327, 1333 (W.D. Wash. 2019) (taking judicial notice of "what was said, when it was said, and who said it without prejudice to plaintiff's ability to contest the accuracy of those statements").

Plaintiffs mischaracterize Defendants' use of Exhibit 2 as "an attempt to create inappropriate factual disputes"—but identify no dispute, much less one involving a well-pled fact. (*See* RJN Opp. at 3.) Defendants rely on Meta's risk disclosures not "for the truth of [their] content, but to 'indicate what was in the public realm at the time.'" *Intel*, 2019 WL 1427660, at *6 (quoting *Von Saher*, 592 F.3d at 960). As Defendants demonstrate in their motion to dismiss, the risk disclosures in Exhibit 2 show that Meta warned its investors about multiple issues at the heart of this dispute. (*See* Mem. at 12, 17, 25.) Again, nothing about the *fact* of those disclosures contradicts any well-pled factual allegation in the Complaint. And the fact that these risk disclosures pre-date the class period by three months (RJN Opp. at 3) is of no moment. Not only were the risk disclosures still in effect during the Class Period, but pre-class period disclosures have been deemed relevant to near-identical securities claims. *See Smith v. NetApp, Inc.*, 2021 WL 1233354, at *4 (N.D. Cal. Feb. 1, 2021) (considering pre-class risk disclosures as context for issuer's defenses to Section 10(b) claim).

## CONCLUSION

For the foregoing reasons, as well as those set forth in the RJN, Defendants respectfully request that the Court consider Exhibits 1 through 4 in connection with their motion to dismiss.

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
LEAD CASE NO. 3:21-cv-08812-AMO

Dated:  May 26, 2023                           DAVIS POLK & WARDWELL LLP


By:   */s/ Charles S. Duggan*
_____

Neal A. Potischman (SBN 254862)
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
          charles.duggan@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,*
*Mark Zuckerberg, David M. Wehner, Nick*
*Clegg, Adam Mosseri, Guy Rosen, Andy Stone,*
*Antigone Davis, Karina Newton, Yann LeCun,*
*Monika Bickert, and Pavni Diwanji*

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
LEAD CASE NO. 3:21-cv-08812-AMO