**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Counsel for Lead Plaintiffs*
*Ohio Public Employees Retirement System and*
*PFA Pension Forsikringsaktieselskab*

[Additional Counsel Appear on
Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION | Lead Case No. 3:21-cv-08812-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties to the above-captioned action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Order reassigning this Action to the Honorable Araceli Martínez-Olguín, dated May 10, 2023 (ECF No. 117), the Standing Order for All Judges of the Northern District of California, dated January 17, 2023, and Civil Local Rule 16-9.

## 1.     JURISDICTION & SERVICE

Lead Plaintiffs Ohio Public Employees Retirement System ("OPERS") and PFA Pension Forsikringsaktieselskab ("PFA Pension," and together with OPERS, "Lead Plaintiffs") assert claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder.  The Court has jurisdiction over the subject matter of the Action under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as 28 U.S.C. § 1331, because the Action is a civil action arising under the laws of the United States.

The Parties do not dispute that the Court has personal jurisdiction over each Defendant, or that venue is proper in this Court. Defendants Meta Platforms, Inc., Mark Zuckerberg, David M. Wehner, Nick Clegg, Adam Mosseri, Guy Rosen, Andy Stone, Antigone Davis, Karina Newton, Yann LeCun, Monika Bickert, and Pavni Diwanji (collectively, the "Defendants") have accepted service of the Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws (the "Complaint").  ECF No. 97.

## 2.     FACTS

Lead Plaintiffs allege claims under the Exchange Act on behalf of themselves and all other persons or entities who purchased or otherwise acquired Meta Platforms, Inc. f/k/a Facebook, Inc. ("Meta" or the "Company") Class A common stock between April 27, 2021, and October 21, 2021, inclusive (the "Class Period").  Defendants are Meta and certain of its executives, identified above.

The Complaint alleges, among other things, that Defendants made false or misleading statements or omissions concerning the following subjects: (i) that Meta exempted millions of high-profile users from its content moderation policies; (ii) that Meta's algorithm and content moderation practices caused toxic content to proliferate on the platform; (iii) the impact of

Meta's platforms on the health of young users, particularly teenage girls; and (iv) the Company's user growth metrics.

Defendants deny the Complaint's allegations and have moved to dismiss the Complaint for failing to state a claim.

**3.     LEGAL ISSUES**

The Complaint asserts claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a). The core issues in this Action include: (i) whether Defendants are liable under Section 10(b) of the Exchange Act; (ii) whether Defendants are liable under the control person provision of Section 20(a) of the Exchange Act; (iii) whether Lead Plaintiffs and the Class are entitled to the relief sought in the Complaint, including damages; and (iv) whether a class can be certified under Federal Rule of Civil Procedure 23.

**4.     MOTIONS**

**A.     Prior Motions**

**(1) Motions for Appointment as Lead Plaintiff and to Consolidate Cases**

On December 27, 2021, OPERS and PFA Pension filed a motion for appointment as lead plaintiffs and to consolidate this case with certain other cases filed against Defendants raising substantially similar allegations.  ECF No. 22.

That day, Wee Ann Ngian, the California Public Employees' Retirement System, Rahul Saraf, and KBC Asset Management NV each also filed separate motions for appointment as lead plaintiff and to consolidate this case with certain other cases filed against Defendants raising substantially similar allegations.  ECF Nos. 25, 27, 46, and 49.

On July 26, 2022, the Court granted the motion filed by OPERS and PFA Pension, appointed them as Lead Plaintiffs, and approved Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.  ECF No. 77.

**(2) Motions to Relate Cases**

On November 17, 2021, Barry G. Depot filed a motion to relate the instant action and *Depot v. Meta Platforms, Inc. f/k/a Facebook, Inc., et al.*, No. 21-cv-08873 (N.D. Cal.).  ECF No. 7.  The Court granted that motion on November 23, 2021.  ECF No. 8.

On March 7, 2022, Defendants filed a motion to relate the instant action and the following actions (ECF No. 69):

- *Sloan v. Zuckerberg*, No. 22-cv-00903 (N.D. Cal.)
- *Gervat v. Zuckerberg*, No. 22-cv-01206 (N.D. Cal.)

The Court granted that motion on March 15, 2022.  ECF No. 72.

All related cases are identified below at Section 10.

### (3) Joint Motion to Extend Page Limits

On January 23, 2023, the Parties filed a joint motion to extend the page limitations for briefing concerning Defendants' motion to dismiss.  ECF No. 98.  The Court granted that motion, as modified in its Order, on January 25, 2023.  ECF No. 107.

### B. Pending Motions

On October 28, 2022, Lead Plaintiffs filed the Complaint.  ECF No. 97.  On January 27, 2023, Defendants filed a motion to dismiss the Complaint.  ECF No. 110.  On April 14, 2023, Lead Plaintiffs filed their opposition to the motion to dismiss.  ECF No. 113.  On May 26, 2023, Defendants filed their reply in support of their motion to dismiss.  ECF No. 119.

### C. Anticipated Motions

Lead Plaintiffs intend to move, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), to certify a class of investors in Meta's Class A common stock.  Defendants intend to oppose that motion.  Defendants also intend to move for summary judgment pursuant to Federal Rule of Civil Procedure 56, which Plaintiffs intend to oppose.

The Parties believe that it is too early to determine whether they will file any additional motions.

## 5. AMENDMENT OF PLEADINGS

The Parties currently do not anticipate the addition of any new parties or claims but reserve their respective rights.

## 6. EVIDENCE PRESERVATION

Discovery in this Action is automatically stayed under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, pending the Court's ruling on

Defendants' motion to dismiss. The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding their efforts to preserve evidence relevant to the issues reasonably evident in this action.

**7.  DISCLOSURES**

As discovery in this Action is stayed under the PSLRA, compliance with the initial disclosure requirements of Federal Rule of Procedure 26(f) is not required until the motion to dismiss is resolved. *See* 15 U.S.C. § 78u-4(b)(3)(B); ECF No. 19.

**8.  DISCOVERY**

**A.  Discovery Taken to Date**

As discovery in this Action is stayed under the PSLRA, the Parties have not yet engaged in discovery.

**B.  Scope of Anticipated Discovery**

The Parties anticipate that discovery will address issues concerning liability, damages, class certification, and defenses.

**C.  Proposed Limitations or Modifications to Discovery Rules**

As discovery in this Action is stayed under the PSLRA, the Parties have not yet discussed proposed limitations or modifications to the discovery rules. If necessary, the Parties will seek the Court's assistance in resolving any dispute about limitations or modifications to the discovery rules.

**D.  E-discovery**

As discovery in this Action is stayed under the PSLRA, the Parties have not yet discussed a protocol governing the production of electronically stored information. If necessary, the Parties will seek the Court's assistance in resolving any e-discovery disputes.

**E.  Discovery Plan**

As discovery in this Action is stayed under the PSLRA, the Parties have not yet discussed a complete discovery plan. If necessary, the Parties will seek the Court's assistance in resolving any disputes about the discovery plan.

  **F.**  **Discovery Disputes**

There are no discovery disputes at this time.

**9.**  **CLASS ACTIONS**

Lead Plaintiffs anticipate that they will move, pursuant to Federal Rules of Procedure 23(a) and 23(b)(3), to certify a class consisting of all persons or entities who purchased or otherwise acquired the Class A common stock of Meta during the period between April 27, 2021 and October 21, 2021, inclusive. As noted above, Defendants anticipate they will oppose that motion. All counsel of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

**10.**  **RELATED CASES**

This Action has been found to be related to the following cases:

- *Depot v. Meta Platforms, Inc. f/k/a Facebook, Inc., et al.*, No. 21-cv-08873 (N.D. Cal.). *See* ECF No. 8.
- *Perez v. Meta Platforms, Inc.*, No. 21-cv-09041 (N.D. Cal.). *See* ECF No. 21.
- *Sloan v. Zuckerberg*, No. 22-cv-00903 (N.D. Cal.). *See* ECF No. 72.
- *Gervat v. Zuckerberg*, No. 22-cv-01206 (N.D. Cal.). *See* ECF No. 72.

The Parties are not aware of any other cases that are "related" within the meaning of Civil Local Rule 3-12(a).

**11.**  **RELIEF**

Through this action, Lead Plaintiffs seek: (i) all damages and other remedies available under the Exchange Act in favor of Lead Plaintiffs and all members of the Class against Defendants in an amount to be proven at trial, including interest thereon; (ii) reasonable costs and expenses incurred in this Action, including attorneys' fees and expert fees; and (iii) such other relief as the Court may deem just and proper. Defendants deny that Plaintiffs or the Class are entitled to the relief sought.

**12.**  **SETTLEMENT AND ADR**

The Parties have not engaged in settlement discussions. The Parties may revisit the question of ADR after the motion to dismiss is resolved.

**13. OTHER REFERENCES**

The Parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

The Parties agree that it is premature to discuss narrowing of issues before a ruling on Defendants' pending motion to dismiss.

**15. EXPEDITED TRIAL PROCEDURE**

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**16. SCHEDULING**

The Parties agree that it is premature to propose dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial before a ruling on Defendants' pending motion to dismiss. The Parties agree to meet and confer regarding such matters following the resolution of the motion to dismiss.

**17. TRIAL**

Whether the case will be tried to a jury or to the Court is to be determined.  The Parties agree that it is premature to discuss the length of trial before a ruling on the Defendants' pending motion to dismiss.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Lead Plaintiff OPERS filed its Certification of Interested Entities or Persons on November 11, 2021, which stated that as of that date, "no such interest is known other than that of the named parties to the action and the class identified in the Complaint."  ECF No. 3.

Lead Plaintiff PFA Pension filed its Certification of Interested Entities or Persons on December 27, 2021, which identified itself and its parent company, PFA Holding A/S, as entities that "(i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding."  ECF No. 24.

Defendants filed their Amended Certification of Interested Entities or Persons on January

27, 2023, which stated that as of that date, "other than the named parties, there is no such interest to report." ECF No. 109.

**19.     PROFESSIONAL CONDUCT**

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: May 31, 2023                                       Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton (*pro hac vice*)
(johnr@blbglaw.com)

Hannah Ross (*pro hac vice*)
(hannah@blbglaw.com)
Jeroen van Kwawegen (*pro hac vice*)
(jeroen@blbglaw.com)
Lauren Ormsbee (*pro hac vice*)
(lauren@blbglaw.com)
Rebecca Boon (*pro hac vice*)
(rebecca.boon@blbglaw.com)
John Esmay (*pro hac vice*)
(john.esmay@blbglaw.com)
Mathews R. de Carvalho (*pro hac vice*)
(mathews.decarvalho@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
Caitlin C. Bozman (Bar No. 343721)
(caitlin.bozman@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Counsel for Lead Plaintiffs*
*Ohio Public Employees Retirement System and*
*PFA Pension Forsikringsaktieselskab*

**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**

Shawn Busken
(Shawn.Busken@OhioAttorneyGeneral.gov)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515

*Additional Counsel for Lead Plaintiff Ohio Public Employees Retirement System*

**DAVIS POLK & WARDWELL LLP**

By: */s/ Charles S. Duggan*
Neal A. Potischman (SBN 254862)
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
charles.duggan@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc., Mark Zuckerberg, David M. Wehner, Nick Clegg, Adam Mosseri, Guy Rosen, Andy Stone, Antigone Davis, Karina Newton, Yann LeCun, Monika Bickert, and Pavni Diwanji*

**ECF ATTESTATION**

I, John Rizio-Hamilton, am the ECF User whose identification and password are being used to file this foregoing Joint Case Management Statement. In compliance with LR 5.1(i)(3), I hereby attest that the above-identified counsel concurred in this filing.

Dated: May 31, 2023                                   By: */s/ John Rizio-Hamilton*
                                                              John Rizio-Hamilton