# EXHIBIT 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-md-03047-YGR |
| | MDL No. 3047 |
| This Document Relates to: ALL CASES | **CASE MANAGEMENT ORDER NO. 6** |
| | Upcoming CMC Dates: December 13, 2023 January 26, 2014 February 23, 2024 March 22, 2024 |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on November 16, 2023 after the Court issued its Order on the first set of motions to dismiss ("MTD Order 1"). This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

First, the Court notes that an additional Further Case Management Conference has been scheduled on **December 13, 2023 at 10:30 a.m**. Parties shall submit a joint statement by no later than **December 6, 2023** ("December 2023 Statement") addressing issues identified herein, outlining any issues which they anticipate raising at the December case management conference, and on which they request guidance or a ruling by the Court.

### I.     Status of Individual Plaintiffs' Personal Injury Claims

The individual plaintiffs shall review MTD Order 1 and decide whether they are withdrawing any claims identified in the Master Amended Complaint ("MAC"). They shall so indicate in the December 2023 Statement and, if so, outline a process for effecting the same.

///

1

## II. Additional Dismissal Briefing

After hearing argument from parties, the Court determined additional dismissal briefing shall be organized into the following four tracks:

(1) the state Attorneys General complaint as well as Claims 7, 8, and 9 of the MAC;[1]

(2) the remaining MAC claims;[2]

(3) the forthcoming school district plaintiffs' master complaint; and

(4) claims asserted against defendant Mark Zuckerberg in his individual capacity.

The first two tracks shall be briefed according to the following deadlines:

- <u>Motion to Dismiss</u>: December 18, 2023
- <u>Opposition Brief</u>: February 5, 2024
- <u>Reply Brief</u>: February 26, 2024

As to the third track, the school district plaintiffs shall file their master complaint by no later than December 18, 2023. Dismissal briefing relative to that complaint shall be subject to the below deadlines:

- <u>Motion to Dismiss</u>: February 5, 2024
- <u>Opposition Brief</u>: March 4, 2024
- <u>Reply Brief</u>: March 25, 2024

Dismissal briefing on the fourth track, plaintiffs' claims against Mr. Zuckerberg in his personal capacity, shall proceed on a normal schedule pursuant to local rules with the accommodation of the holidays:

- <u>Motion to Dismiss</u>: December 18, 2023

---

[1] Claims 7, 8, and 9 of the MAC concern, respectively, alleged unfair trade practices, fraudulent concealment and misrepresentation, and negligent concealment and misrepresentation. The Court determines these claims are generally similar to the claims raised by the state Attorneys General and can therefore be briefed at the same time efficiently.

[2] As explained at the November case management conference, the individual plaintiffs' negligence *per se* claims will be revisited at a later date and are *not* to be addressed in the next round of dismissal briefing.

Separately, the Court clarifies that plaintiffs' administrative motion to address their general negligence cause of action in MTD Order 1 (Dkt. No. 388) is **DENIED** as such cause of action was not one of the priority claims they previously identified to be addressed in the Order.

2

- Opposition Brief: January 16, 2024
- Reply Brief: January 23, 2024

The below page limits shall govern the dismissal briefing address above:

- Track 1: Defendants' motion to dismiss shall not exceed 80 pages. The state Attorneys General plaintiffs and individual plaintiffs shall each have 50 pages to oppose. Defendants shall have 40 pages for their reply.
- Tracks 2 & 3: Defendants' motions to dismiss shall not exceed 60 pages. Plaintiffs will have 60 pages to oppose, and defendants will have 30 pages for their reply.
- Track 4: Parties shall adhere to this District's Local Rules regarding page limits.

The Court will entertain requests for extensions of the above page limits at the previously scheduled December 13, 2023 further case management conference. To the extent parties wish to make such requests, they are put on notice that detailed justifications will be expected (*i.e.*, outline of the legal issues addressed in the briefs, their complexity, and the pages required to adequately address them).

### III. Plaintiffs Counsel

#### A. Clarification and Modification of the All Leadership Appointments

The Court has always considered the appointment of Co-Lead Counsel, Liaison Counsel, and the Steering Committee ("PSC") to be of a personal nature. Appointees cannot be substituted by other attorneys, including members of the appointee's law firm, to perform the PSC's exclusive functions, such as committee meetings and court appearances, except with prior approval of the Court.

While the Court has not yet imposed a requirement to have a special master or accountant manage attorney fee billings, the Court has always been, and continues to be, concerned with the breadth of the leadership structure requested by all attorneys. Thus, to provide oversight for efficiency and quality, as well as compliance with this Court's orders, all appointments shall be in effect for **one year ending on the last day of January.**

3

The Court does not anticipate making any changes to appointments for the calendar year 2024. That said, all appointed counsel must nonetheless submit a request for reappointment by no later than the **last Friday in December.** The requests shall contain references to the nature and scope of their work as Co-Lead Counsel, Liaison Counsel, or on the PSC, including the time and resources expended both personally during the prior term and in a supervisory capacity. To the extent others from the appointee's firm have also expended time and resources, that shall be explained as well. Generally, requests for reappointment should be in letter format (not to exceed four pages) attaching a chart with the specifics on time and resources expended. The requests and accompanying statements should be made *in camera* and submitted to ygrchambers@cand.uscourts.gov with the subject line entitled "MDL Request for Reappointment."

### B. School District Leadership

The Court heard argument from attorneys present at the further case management conference who wished to be considered for plaintiffs' leadership roles. The Court explained that applications from additional counsel for appointment to such roles would be accepted through Friday, November 17, 2023 at 12:00 p.m. Pacific time and interviewed additional applicants who were not present at the conference.

Not surprisingly, more applications exist than leadership slots. The Court has consulted with other judicial colleagues, and strongly considers the need for geographic diversity and the existence of current clients participating in this MDL. Currently, leadership includes attorneys from California (northern and southern), New Jersey, Washington, D.C., Florida, Alabama, New York, Washington, Pennsylvania (eastern), Louisiana, and Texas.

Accordingly, the Court agrees with the change in role of Michael Weinkowitz and appoints him co-chair of the subcommittee along with Melissa Yeates (representing City of Providence, Rhode Island). The following additional attorneys are appointed to the subcommittee all of whom have existing clients in the MDL and bring geographic diversity: Ronald Johnson & Sarah Emery (Kentucky, Indiana), Thomas Cartmell (Missouri, with school district clients in Alaska, Colorado,

4

Florida, Georgia, Nevada, and Virginia), and Joseph Meltzer (same firm as Melissa Yeates).[3] Other than Mr. Weinkowitz, these new appointments are relieved of submitting any additional information.  Appointments are in effect until January 31, 2025.

### C.  State Attorneys General Leadership

The Court agrees that it discerns no purpose in imposing a leadership structure on the state Attorneys General who are already coordinating amongst each other.  (*See* Dkt. No. 434, Status Update Regarding Plaintiffs States' Leadership.)

### IV.  Plaintiffs' Fact Sheets for Personal Injury Actions

Parties represent that efforts to finalize plaintiffs' fact sheets are ongoing in the parallel California Judicial Council Coordination Proceedings ("JCCP") but are likely to conclude in the coming weeks.  In light of this, the Court **ORDERS** parties to meet and confer regarding the development of a fact sheet for use in this litigation and a proposed form of implementation order.  Parties shall address the status of their meet and confer efforts in the joint statement to be submitted no later than December 6, 2023.

### V.  Discovery

The discovery stay is **VACATED** and discovery is now open.  Disputes relating thereto shall be submitted to Magistrate Judge Kang.  The Court shall not engage on topics that are better suited for resolution by another judicial officer.  Thus, parties shall direct concerns regarding additional productions of documents, the issuance of a child sex abuse materials protective order, and the outstanding protective order dispute to Magistrate Judge Kang.  Given his recent appointment to this MDL, the Court has asked the parties to resubmit their disputes and requests for relief from Magistrate Judge Hixson's pretrial order for a fresh look as Magistrate Judge Kang will be overseeing the discovery.  In this regard, the motion currently pending at Docket Number 303 is denied without prejudice to refiling if not resolved by Magistrate Judge Kang.

---

[3] Accordingly, Mr. Cartmell's motion for appointment, pending at Dkt. No. 413, is **GRANTED**. Similarly, the motion filed by Mr. Johnson and Ms. Emery, pending at Dkt. No. 428, is also **GRANTED**. Motions for appointment filed by various other counsel and pending at Dkt. Nos. 413, 422, 423, 424, and 441 are **DENIED**.

## VI.    Outstanding Coordination Order Dispute

As discussed at length at the November case management conference, the exact nature of the parties' coordination order dispute is unclear, especially in light of the myriad developments in this litigation since the dispute was first raised in May 2023.  Further, the state Attorneys General have not yet been included in discussions between the individual plaintiffs and defendants regarding the issuance of a coordination order.  Based thereon, the Court **ORDERS** parties, including the state Attorneys General, to meet and confer regarding the issuance of a mutually agreeable coordination order.  To the extent parties are unable to come to an agreement, they are **ORDERED** to identify with specificity the nature of their disputes in the joint statement due to the Court by no later than December 6, 2023.

## VII.    Further Case Management Conferences

The Court **SETS** Further Case Management Conferences at the following dates and times:

- January 26, 2024 at 2:30 p.m.
- February 23, 2024 at 2:30 p.m.
- March 22, 2024 at 2:30 p.m.

The Court is scheduled to be in trial on each of those days.  If the Court is not in trial, every effort will be made to advance the conferences scheduled for those days to the mornings.  The Court will provide sufficient notice of any schedule changes in the form of an entry on the docket.

This terminates Dkt. Nos. 388, 413, 422-24, 428, and 441.

**IT IS SO ORDERED.**

Dated:  November 21, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

6