Neal A. Potischman (SBN 254862)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
        charles.duggan@davispolk.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION<br><br>This document relates to: All Actions | Lead Case No. 3:21-cv-08812-AMO<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO LEAD PLAINTIFFS' MOTION TO PARTIALLY MODIFY THE PSLRA'S DISCOVERY STAY**<br><br>Date: March 7, 2024<br>Time: 2:00 p.m.<br>Dept.: Courtroom 10 – 19th Floor<br>Judge: Honorable Araceli Martínez-Olguín |

## **TABLE OF CONTENTS**

PAGE

TABLE OF CONTENTS ................................................................................................................. i

STATEMENT OF ISSUES ........................................................................................................... 1

PRELIMINARY STATEMENT .................................................................................................... 1

STATEMENT OF RELEVANT FACTS ....................................................................................... 2

ARGUMENT ................................................................................................................................. 3

I.      Legal Standard .................................................................................................................. 3

II.     The PSLRA's Automatic Stay Should Not Be Lifted ....................................................... 5

    A.      Plaintiffs Request Is Not Sufficiently Particularized ............................................. 5

    B.      Plaintiffs Have Not Demonstrated That the Requested Discovery Is
                Necessary to Prevent Undue Prejudice ................................................................... 7

CONCLUSION ............................................................................................................................ 11

DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' MOTION TO PARTIALLY MODIFY THE PSLRA'S DISCOVERY STAY - LEAD CASE NO. 3:21-cv-08812-AMO

**TABLE OF AUTHORITIES**

PAGE

C<small>ASES</small>

*In re Am. Funds Sec. Litig.*,
   493 F. Supp. 2d 1103 (C.D. Cal. 2007) ........................................................... *passim*

*Avila v. LifeLock Inc.*,
   2016 WL 7799624 (D. Ariz. Apr. 22, 2016) .................................................... 9, 10

*Borteanu v. Nikola Corp.*,
   2022 WL 1188081 (D. Ariz. Apr. 21, 2022) .................................................... 8, 10

*Brown v. Ambow Educ. Holding Ltd.*,
   2014 WL 12487666 (C.D. Cal. Feb. 6, 2014) ...................................................... 10

*In re Countrywide Fin. Corp. Derivative Litig.*,
   542 F. Supp. 2d 1160 (C.D. Cal. 2008), *abrogated on other grounds by,*
   *United States v. State Water Res. Control Bd.*, 988 F.3d 1194 (9th Cir. 2021) ................... 6, 9

*In re Facebook, Inc. S'holder Derivative Priv. Litig.*,
   411 F. Supp. 3d 649 (N.D. Cal. 2019) ................................................................. 8

*In re Finisar Corp. Derivative Litig.*,
   2012 WL 609835 (N.D. Cal. Feb. 24, 2012) .......................................................... 6

*In re FirstEnergy Corp. Sec. Litig.*,
   2021 WL 2414763 (S.D. Ohio June 14, 2021) ........................................................ 6

*M&M Hart Living Trust v. Global Eagle Ent., Inc.*,
   2017 WL 5642326 (C.D. Cal. Aug. 18, 2017) ........................................................ 7

*N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*,
   2015 WL 1565462 (E.D. Mich. Apr. 8, 2015) ........................................................ 6

*New York State Teacher's Retirement Systems v. Fremont Gen. Corp.*,
   2009 WL 10675265 (C.D. Cal. Nov. 5, 2009) ........................................................ 5

*Osher v. JNI Corp.*,
   2003 WL 25797624 (S.D. Cal. May 21, 2003) ...................................................... 10

*Petrie v. Elec. Game Card, Inc.*,
   761 F.3d 959 (9th Cir. 2014) ................................................................. 3, 4, 8, 10

*In re Rambus, Inc. Sec. Litig.*,
   2007 WL 1430047 (N.D. Cal. May 14, 2007 .......................................................... 9

*SG Cowen Sec. Corp. v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
   189 F.3d 909 (9th Cir. 1999) .......................................................................... *passim*

*In re Spectranetics Corp. Sec. Litig.*,
   2009 WL 3346611 (D. Colo. Oct. 14, 2009) .......................................................... 9

*In re Tesla, Inc. Sec. Litig.*,
  2019 WL 6320829 (N.D. Cal. Nov. 26, 2019) ....................................................................... 10

*In re Vantive Corp. Sec. Litig.*,
  283 F.3d 1079 (9th Cir. 2002) ............................................................................................ 7

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
  No. 15-6167, 2016 WL 11796891 (N.D. Cal. June 23, 2016) ........................................ 4, 6, 8

*In re WorldCom, Inc. Securities Litigation,*
  234 F. Supp. 2d 301 (S.D.N.Y. 2002) .................................................................................. 9

STATUTES & RULES

15 U.S.C. § 78u-4(b)(3)(B) ..........................................................................................3, 4, 5, 10

OTHER AUTHORITIES

H.R. Rep. No. 104–369 (1995) (Conf. Rep.), *reprinted in* 1995 U.S.C.C.A.N. Sess. 731 ........ 4, 7

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY MODIFY THE PSLRA'S DISCOVERY STAY - LEAD CASE NO. 3:21-cv-08812-AMO

Defendants Meta Platforms, Inc. ("Meta"), Mark Zuckerberg, David M. Wehner, Nick Clegg, Adam Mosseri, Guy Rosen, Andy Stone, Antigone Davis, Karina Newton, Yann LeCun, Monika Bickert, and Pavni Diwanji (collectively, "Defendants") respectfully submit this memorandum in opposition to Plaintiffs' Motion to Partially Modify the PSLRA's Discovery Stay (the "Motion" or "Mot.").

## STATEMENT OF ISSUES

Whether the Court should modify the automatic discovery stay imposed by the Private Securities Litigation Reform Act ("the PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), to allow Plaintiffs to obtain documents produced in response to pre-suit investigation demands by several state attorneys general (the "state AGs") and to civil plaintiffs in personal injury litigations (the "Personal Injury plaintiffs").

## PRELIMINARY STATEMENT

Plaintiffs' Motion seeks without justification to circumvent the PSLRA's mandated stay of discovery. The motion is improper under the prevailing decisions by courts in the Ninth Circuit, which Plaintiffs' motion does not identify or discuss but which foreclose the relief they seek.

To lift the stay, Plaintiffs must demonstrate "exceptional circumstances"—i.e., that the discovery they seek is both "particularized" and "necessary to preserve evidence or to prevent undue prejudice to a party." *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 189 F.3d 909, 912 (9th Cir. 1999). Plaintiffs request is not "particularized," nor have they demonstrated that it is necessary to preserve evidence or avoid prejudice.

First, the discovery Plaintiffs seek—"all" documents that Defendants produced to various state AGs and the Personal Injury plaintiffs—is not "particularized." Plaintiffs' request contains virtually no information about the documents they seek, including their general subject matter, volume, or relevance to this litigation. They ask simply for documents produced to other parties in other contexts. Much of the discovery sought by Plaintiffs is likely *not* relevant, given, among other things, the significant differences between the claims and allegations asserted by the state AGs and those asserted by Plaintiffs here. Plaintiffs' amorphous, overbroad request fails to satisfy even Federal Rule of Civil Procedure 26(b)(1) and certainly does not meet the heightened standard

1

applicable here.  Courts in this Circuit have repeatedly rejected almost identical requests as insufficiently particularized to justify lifting the PSLRA's discovery stay.

Second, Plaintiffs fail to establish that they will be "unduly prejudiced" without the requested discovery.  Plaintiffs claim they will be at an "informational disadvantage" compared to the state AGs and civil plaintiffs who have received the discovery they seek.  But Plaintiffs fail to identify any prejudice they will suffer as a result of receiving this information on a timely basis in *this action,* should it be permitted to proceed and Defendants' motion to dismiss is denied.  The overwhelming weight of decisions in this Circuit has rejected Plaintiffs' precise argument.

Rather than grapple with the settled standard applied by cases in the Ninth Circuit for relief from the PSLRA stay, Plaintiffs instead describe post-complaint events, in other cases, that have no bearing on this action and are largely irrelevant to their right to relief from the PSLRA stay.  Applying the well-settled law in this Circuit, Plaintiffs' Motion should be denied for what it is: A naked attempt to circumvent the clear federal statutory ban on such discovery prior to resolution of Defendants' motion to dismiss.

### STATEMENT OF RELEVANT FACTS

Plaintiffs filed their consolidated amended complaint on October 28, 2022.  ECF No. 97. The complaint asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5(b) and alleges, among other things, that Defendants intentionally misled investors regarding four disparate aspects of Meta's business operations: (i) the application of Meta's Community Standards; (ii) the operation of Facebook's News Feed algorithm and Meta's efforts to remove certain objectionable content, such as hate speech and misinformation; (iii) the alleged impact of Instagram on teen mental health; and (iv) Meta's user growth metrics.

On January 27, 2023, Defendants moved to dismiss the complaint.  ECF No. 110. Defendants' motion was fully briefed on May 26, 2023, ECF No. 119, and oral argument was held on August 17, 2023.  Pursuant to the clear provisions of the PSLRA, discovery is stayed by operation of law pending resolution of Defendants' motion to dismiss.  ECF No. 19 ¶ 4.

According to Plaintiffs, certain state AGs and private civil plaintiffs have filed complaints against Meta (and other defendants) asserting claims under various federal and state laws,

including the Children's Online Privacy Protection Act of 1998, various consumer protection laws and public nuisance laws.  These complaints primarily allege that Meta's (and other social media companies') platforms harmed minors, including through features that allegedly enabled predatory behavior, encouraged excessive use of these services and collected user data without parental permission.  *See, e.g.*, Mot., Exs. 1-3.

Plaintiffs assert that the complaints filed by the state AGs were "based on years-long investigations and extensive document discovery and testimony obtained by the attorneys generals."  Mot. at 2.  Any such information was, by Plaintiffs' own description, obtained by the AGs through pre-suit investigative action, not post-complaint discovery.  Plaintiffs also state that "certain" documents produced to the state AGs were also subsequently produced to the Personal Injury plaintiffs.  *Id.* at 25.  However, Plaintiffs offer no additional details about those documents produced to the Personal Injury plaintiffs (who are asserting claims very different from Plaintiffs' federal securities law claims), including their general subject matter or their volume, the latter of which Plaintiffs admit they do not know.  *Id.* at 22.

Despite their unfamiliarity with the documents produced to the AGs and other litigants, and despite the PLSRA stay that prohibits plaintiffs in securities class actions from obtaining discovery prior to resolution of a defendant's motion to dismiss, Plaintiffs now ask that the Court lift the PSLRA's stay to allow for the production of these documents.  *Id.* at 1, 23, 25.  That request is invalid and should be denied for the reasons provided below.

**ARGUMENT**

**I.      Legal Standard**

The PSLRA applies to all private securities class actions, including the present action, and automatically stays all discovery pending resolution of Defendants' motion to dismiss.  15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . . .").  In enacting this mandatory discovery stay, "Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed."  *Petrie v. Elec. Game Card, Inc.*, 761

3

F.3d 959, 966 (9th Cir. 2014) (quoting *SG Cowen*, 189 F.3d at 912. As a result, discovery is permitted "only after the court has sustained the legal sufficiency of the complaint." *SG Cowen*, 189 F.3d at 913 (emphasis omitted).

The PSLRA's mandated stay has several purposes. First, it avoids "the 'unnecessary imposition of discovery costs on defendants,' particularly as a means to coerce settlement." *Petrie*, 761 F.3d at 969 (quoting *SG Cowen*, 189 F.3d at 911). Second, it prevents plaintiffs from using discovery as a means of circumventing the PSLRA's heightened pleading requirements. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2016 WL 11796891, at *2 (N.D. Cal. June 23, 2016) ("[T]he stay prevents plaintiffs from uncovering facts to formulate a claim that meets the PSLRA's heightened pleading requirements." (citing *SG Cowen*, 189 F.3d at 912)).

The PSLRA contains a narrow exception if a moving party can show that it seeks discovery that is both "particularized" and "necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B); *SG Cowen*, 189 F.3d at 911–12.

In this context, "particularized discovery" requires a party to identify the documents requested "with specificity"—i.e., a party must identify "specific categories or types of documents" and "how the documents sought will be relevant to the claims Plaintiffs intend to assert in this case." *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007). As explained below, Plaintiffs' requests for documents identified by what was produced to other entities who have investigated or are pursuing other claims, based on other legal theories, is not "particularized."

"Undue prejudice" "requires improper or unfair treatment amounting to something less than 'irreparable harm.'" *Volkswagen*, 2016 WL 11796891, at *2 (internal quotations omitted). Granting plaintiffs "leave to conduct discovery so that they might uncover facts sufficient to satisfy the Act's pleading requirements" does not constitute "undue prejudice." *SG Cowen*, 189 F.3d at 912. Instead, the discovery stay may be lifted only in "exceptional circumstances," for example, where "the terminal illness of an important witness might require the deposition of the witness prior to the ruling on the motion to dismiss." *Id.* at 912 (quoting H.R. Rep. No. 104–369, at 32

(1995) (Conf. Rep.), *reprinted in* 1995 U.S.C.C.A.N. Sess. 731).  As explained below, Plaintiffs have failed to identify any actual prejudice if they do not obtain discovery at this time.  And their requests for document sets already produced to other parties show that the PSLRA's mandated stay presents no risk of loss of the discovery they improperly seek at this premature stage of this case.

## II.    The PSLRA's Automatic Stay Should Not Be Lifted

Plaintiffs' Motion fails for two independent reasons: Plaintiffs have failed to establish either that the discovery they seek is "particularized" or that they will be "unduly prejudiced" if they do not receive it.

### A.    The Requested Discovery Is Not Sufficiently Particularized

The discovery Plaintiffs seek—*all* documents that Meta produced to various state AGs and civil plaintiffs, Mot. at 1, 3—does not constitute "particularized discovery," as required to lift the PSLRA's stay.  15 U.S.C. § 78u-4(b)(3)(B).  Plaintiffs claim that courts "regularly" find that requests for already-produced discovery constitute "particularized" discovery for purposes of lifting the stay, Mot. at 22 (internal quotations omitted), but courts in this Circuit have routinely rejected such requests.

For example, in *American Funds*, the court denied the plaintiffs' request to lift the PSLRA's discovery stay so that defendants could produce "all documents produced by Defendants to the California Attorney General's Office in [its] pending litigation" because, as here, "[p]laintiffs have not identified specific categories or types of documents sought or how the documents sought will be relevant to the claims Plaintiffs intend to assert in this case."  493 F. Supp. 2d at 1107.  Similarly, in *New York State Teacher's Retirement Systems v. Fremont General Corp.*, the court found that a request for all documents produced in a related ERISA proceeding and deposition transcripts and documents produced to a state AG were not sufficiently "particularized" because the document "universe may be extremely large and is entirely undifferentiated" and "plaintiff has failed to indicate what is contained on the documents or how any of the documents are relevant to its claims"; the court reasoned that, as a result, it "must conclude that many, if not most, of the documents in the 'universe' are irrelevant."  2009 WL

10675265, at *2 (C.D. Cal. Nov. 5, 2009).  And in *In re Countrywide Fin. Corp. Derivative Litig.*, the court reasoned that "discovery requests that are limited to items produced in other proceedings" are not "particularized" because "[i]t is possible that documents previously produced in government investigations or other litigation may in fact be irrelevant to the claims asserted in this case."  542 F. Supp. 2d 1160, 1180 n.29 (C.D. Cal. 2008), *abrogated on other grounds by United States v. State Water Res. Control Bd.*, 988 F.3d 1194 (9th Cir. 2021); *see also In re Finisar Corp. Derivative Litig.*, 2012 WL 609835, at *2 (N.D. Cal. Feb. 24, 2012) (finding that request for all "documents collected in connection with [the company's] internal investigation" was not sufficiently particularized).[1]

Plaintiffs' request is not "particularized" for the same reasons as in the above cases. Plaintiffs have not identified the documents they seek "with specificity." *Am. Funds*, 493 F. Supp. 2d at 1107.  On the contrary, the Motion contains virtually no details regarding the requested discovery.  Plaintiffs seek documents that Meta produced to various state AGs in connection with certain pre-suit investigations, a subset of which were subsequently produced to the Personal Injury plaintiffs.  Mot. at 22, 25.  Plaintiffs provide no information whatsoever about the scope of those productions, including their general subject or their volume, which Plaintiffs concede that they do not know, *id.* at 22.  Plaintiffs have failed to show how that requested discovery is relevant to this action.  *See Am. Funds*, 493 F. Supp. 2d at 1107.  Plaintiffs claim, without support, that "[t]he same allegations in the attorney general suits are at the core of Lead Plaintiffs' Complaint," Mot. at 2, but that is not true.  Of the three state AG complaints that Plaintiffs identify and attach as exhibits to their Motion,[2] none asserts claims based on violations of federal or state securities laws.  Instead, they generally assert claims based on state consumer protection laws, state public nuisance laws and federal privacy laws.  Mot., Ex. 1–3.  For example, a considerable portion of the multistate AG complaint claims that Meta violated the Children's Online Privacy Protection

---

[1] Plaintiffs' only two cases in support are from outside this Circuit and therefore bear little weight.  Mot. at 22 (citing *In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763 (S.D. Ohio June 14, 2021); *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 2015 WL 1565462 (E.D. Mich. Apr. 8, 2015)).  Indeed, this Court has previously declined to follow *General Motors* on that ground.  *See Volkswagen*, 2016 WL 11796891, at *3.

[2] In addition to the multi-state complaint, Plaintiffs claim nine other state AGs filed complaints, but only identify complaints filed by the Massachusetts and Oklahoma AGs.  Mot. at 5.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY MODIFY THE PSLRA'S DISCOVERY STAY - LEAD CASE NO. 3:21-cv-08812-AMO

Act of 1998 by allegedly collecting personal information from children without first obtaining parental consent. Mot., Ex. 1 ¶¶ 631–835. Plaintiffs' motion fails to show how that issue is relevant to Plaintiffs' federal securities law claims that Meta somehow deceived investors. Moreover, the alleged misconduct in some of the AG complaints dates back to 2012—nearly a decade prior to the start of the purported class period in this action.[3] This fact alone makes clear that not *all* documents produced to the state AGs during their pre-suit investigations are relevant to this action, particularly given that those investigations may have swept more broadly than the complaints that were subsequently filed.[4]

Without providing basic information about the documents that Meta produced to the AGs or their relevance to this litigation, Plaintiffs' request is tantamount to the "fishing expeditions which the PSLRA was designed to deter." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1087 (9th Cir. 2002) (cleaned up); *see also M&M Hart Living Trust v. Global Eagle Ent., Inc.*, 2017 WL 5642326, at *3 (C.D. Cal. Aug. 18, 2017) (non-particularized discovery request was "a fishing expedition of the sort the PSLRA discovery stay was designed to avoid"). Indeed, Plaintiffs' ill-defined and overbroad request would not even meet the standards of Rule 26(b)(1). Their motion fails to satisfy the narrow exception to the PSLRA's stay, which was "intended to prevent unnecessary imposition of discovery costs on defendants." *SG Cowen*, 189 F.3d at 911 (quoting H.R. Rep. No. 104–369 at 32 (1995) (Conf. Rep.)).

### B.  Plaintiffs Have Not Demonstrated That the Requested Discovery Is Necessary to Prevent Undue Prejudice

The Motion independently fails because Plaintiffs have not shown—and cannot show—that the requested discovery is necessary to prevent undue prejudice.

Plaintiffs assert that, without the requested discovery, they will "not be able to intelligently assess their position and form a litigation strategy." Mot. at 23. As other courts have recognized,

---

[3] Plaintiffs contend that "facts relating to scienter dating from before the proposed class period" may be relevant, Mot. at 8 (internal quotations omitted), but provide no basis for concluding that facts from nearly a decade before the class period would be so.

[4] Plaintiffs also discuss a handful of allegedly internal documents described in the state AG complaints. Mot. at 6–8, 11–12, 15–17. But even assuming, *arguendo*, that those documents are relevant to this action, Plaintiffs offer no details about the other documents produced by Meta to the AGs in their investigations.

7

this argument is specious, because it amounts to a refusal of the congressional policy stated in the PSLRA stay. "Every PSLRA plaintiff is unable to obtain discovery to formulate its litigation strategy until after the court addresses the sufficiency of the pleadings." *Volkswagen*, 2016 WL 11796891, at *3. That is the point of the PSLRA statutory stay: Plaintiffs' complaint must "stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *Petrie*, 761 F.3d at 966 (quoting *SG Cowen*, 189 F.3d at 912); *see also SG Cowen*, 189 F.3d at 912 (granting "leave to conduct discovery so that [plaintiffs] might uncover facts sufficient to satisfy the [Exchange] Act's pleading requirements . . . is not a permissible reason for lifting the discovery stay").

Plaintiffs also argue that, without the requested discovery, they will be "at a significant informational disadvantage" compared to the "many other parties litigating against Meta." Mot. at 23. Plaintiffs nowhere explain, however, how they are in competition with the AGs or Personal Injury plaintiffs or would be prejudiced by lacking information obtained by that those other litigants, pursuing other claims. If anything, there is "risk of prejudice to *Defendants*" because "Plaintiffs might attempt to use the information in addressing a motion to dismiss or amending their claims in direct contravention of one of the purposes of the PSLRA." *Am. Funds*, 493 F. Supp. 2d at 1106–07 (citing *SG Cowen*, 189 F.3d at 912).

Arguments like those made by Plaintiffs here have been roundly rejected by courts in this Circuit. The "consensus view" "among courts in the Ninth Circuit . . . is that a plaintiff is *not* unduly prejudiced just because the discovery sought has already been produced in parallel investigations or litigations." *Borteanu v. Nikola Corp.*, 2022 WL 1188081, at *4 (D. Ariz. Apr. 21, 2022) (collecting cases). And the weight of authority in this Circuit holds that "forming a litigation strategy" or preventing an "informational disadvantage" is not an appropriate reason to modify the PSLRA's mandated discovery stay. *See, e.g.*, *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 411 F. Supp. 3d 649, 653 (N.D. Cal. 2019) (rejecting argument that plaintiffs would "suffer undue prejudice because they are at an increasing information disadvantage in relation to other interested parties to whom Defendants already produced documents and information" (internal quotations omitted)); *Volkswagen*, 2016 WL 11796891, at *2 (rejecting arguments that

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY MODIFY THE PSLRA'S DISCOVERY STAY - LEAD CASE NO. 3:21-cv-08812-AMO

plaintiff "finds itself in the dark, without the discovery needed to advance its securities claims alongside the other significant claims that are part of the MDL" and "cannot formulate its litigation strategy if it cannot gain access to the documents the other MDL parties have already received"); *Avila v. LifeLock Inc.*, 2016 WL 7799624, at *2 (D. Ariz. Apr. 22, 2016) (rejecting argument that plaintiffs "will be put at a strategic disadvantage in relation to the other parties and are unable to make informed decisions about their litigation [and settlement] strategy in this rapidly shifting landscape" and finding that "[m]any district courts in the Ninth Circuit have concluded . . . that the fact a defendant has produced documents to a governmental agency or other private parties in related lawsuits is, by itself, insufficient to constitute undue prejudice" (cleaned up)).[5]

Rather than address these cases, Plaintiffs rely on decisions from outside this Circuit. *See* Mot. at 22–23. But those cases cannot be squared with the "consensus" approach taken by courts within this Circuit. *See, e.g.*, *In re Rambus, Inc. Sec. Litig.*, 2007 WL 1430047, at *2 (N.D. Cal. May 14, 2007 (rejecting argument to lift discovery stay based on "out-of-circuit district court cases . . . . h[olding] that the securities fraud plaintiffs would be unduly prejudiced if they were the only parties on the playing field without access to the documents" because these "cases are not controlling and appear to be contrary to the Ninth Circuit authority").[6]

Plaintiffs' remaining arguments are readily dismissed. Plaintiffs argue that the purported "strength" of their complaint "supports modifying the stay." Mot. at 23. But that is not a valid reason recognized by other cases and, indeed, ignores the whole point of the PSLRA stay, which is to await a determination of the complaint's "strength" upon a decision by this Court on

---

[5] *See also Countrywide*, 542 F. Supp. 2d at 1180 n.29 ("[T]he fact that discovery has commenced in other proceedings is insufficient, standing alone, to constitute 'undue prejudice.' The Court emphasizes that there is no 'categorical exception' to the PSLRA discovery stay for documents that have already been provided to a governmental agency or other private parties."); *Am. Funds*, 493 F. Supp. 2d 1103 at 1106 ("Plaintiffs have not demonstrated how the PSLRA discovery stay prejudices them merely because the documents they seek have already been produced to a governmental agency.").

[6] Many of Plaintiffs' cases asserting the "informational disadvantage" theory are based on *In re WorldCom, Inc. Securities Litigation*, 234 F.Supp.2d 301 (S.D.N.Y.2002). But those cases ignore the unique circumstances in *WorldCom*, specifically, that the defendant was bankrupt and plaintiffs were participating in settlement negotiations with other parties who possessed additional information. *Id.* at 305, 306; *cf. In re Spectranetics Corp. Sec. Litig.*, 2009 WL 3346611, at *6 (D. Colo. Oct. 14, 2009) (critiquing courts' reliance on *WorldCom*). Neither circumstance is present here.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY MODIFY THE PSLRA'S DISCOVERY STAY - LEAD CASE NO. 3:21-cv-08812-AMO

Defendants' pending motion to dismiss. Plaintiffs' complaint must "stand or fall based on the actual knowledge of the Plaintiffs rather than information produced by the defendants after the action has been filed." *Petrie*, 761 F.3d at 966 (quoting *SG Cowen*, 189 F.3d at 912). Indeed, the Ninth Circuit has specifically rejected a lower court's reasoning that lifting the stay was appropriate, in part, because the allegations gave "rise to a strong and credible suspicion that a defendant may be liable for securities fraud." *SG Cowen*, 189 F.3d at 909.

Plaintiffs' assertion that Defendants will not be burdened by producing the requested discovery, Mot. at 25, is irrelevant: The statutory standard asks whether the discovery is necessary to prevent undue prejudice to *the moving* party, not whether *the opposing party* will be burdened. *See* 15 U.S.C. § 78u-4(b)(3)(B) (stay applies "unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice *to that party*" (emphasis added)); *see also Avila*, 2016 WL 7799624, at *2 (burden argument was "not relevant . . . because, based on the express statutory language of the PSLRA, the only relevant inquiry . . . is whether Plaintiffs will be unduly prejudiced by the discovery stay").[7] In any event, Plaintiffs' assertion is incorrect. Because the discovery that Plaintiffs seek is plainly overbroad, *supra* pp. 5–7, Defendants would still be obligated to review the documents to determine whether they are relevant to *this* action, just as during ordinary discovery, which would entirely defeat any purported efficiency gain.[8]

---

[7] *See also Borteanu*, 2022 WL 1188081, at *3 (finding that burden argument was irrelevant under the statutory language); *In re Tesla, Inc. Sec. Litig.*, 2019 WL 6320829, at *1 (N.D. Cal. Nov. 26, 2019) (finding burden argument irrelevant because "the PSLRA carves out exceptions from the discovery stay only in limited circumstances – *i.e.*, where 'particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party'" (quoting 15 U.S.C. § 78u-4(b)(3)(B)); *Brown v. Ambow Educ. Holding Ltd.*, 2014 WL 12487666, at *2 (C.D. Cal. Feb. 6, 2014) ("To the extent Plaintiffs argue that lifting the discovery stay in this case 'will not frustrate the policies of the PSLRA and will not burden Defendants,' this contention is neither here nor there."); *Osher v. JNI Corp.*, 2003 WL 25797624, at *3 (S.D. Cal. May 21, 2003) ("[T]he fact that Defendants will not be subjected to great expense . . . is insufficient by itself to justify lifting the discovery stay. . . . [N]either exception to the automatic discovery stay focus on the burden to the defendants; rather, the statute provides that discovery stay may be lifted if the plaintiffs need to preserve evidence or the plaintiffs will be unduly prejudiced.").

[8] Plaintiffs' unsupported argument regarding Meta's "interest in maintaining the confidentiality of the documents," Mot. at 25, fails for similar reasons: It is irrelevant to whether *Plaintiffs* will bear any undue prejudice if they do not receive discovery prior to the resolution of the pending motion to dismiss. Nor does it follow that Meta's interest in the confidentiality of the documents is "diminished" merely because it has agreed with certain state AGs that they may file unredacted versions of their complaints. Mot. at 25.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY MODIFY THE PSLRA'S DISCOVERY STAY - LEAD CASE NO. 3:21-cv-08812-AMO

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Motion be denied.


Dated:  December 18, 2023                    DAVIS POLK & WARDWELL LLP


                                             By:   /s/ Charles S. Duggan
                                                  Charles S. Duggan

                                                  Neal A. Potischman (SBN 254862)
                                                  1600 El Camino Real
                                                  Menlo Park, California 94025
                                                  Telephone: (650) 752-2000
                                                  Facsimile: (650) 752-2111
                                                  Email: neal.potischman@davispolk.com

                                                  James P. Rouhandeh (admitted *pro hac vice*)
                                                  Charles S. Duggan (admitted *pro hac vice*)
                                                  DAVIS POLK & WARDWELL LLP
                                                  450 Lexington Avenue
                                                  New York, New York 10017
                                                  Telephone: (212) 450-4000
                                                  Facsimile: (212) 701-5800
                                                  Email: rouhandeh@davispolk.com
                                                         charles.duggan@davispolk.com

                                                  *Attorneys for Defendants*

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY MODIFY THE PSLRA'S DISCOVERY STAY
- LEAD CASE NO. 3:21-cv-08812-AMO