UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Meta Platforms, Inc., Securities Litigation* | Case No. 21-cv-08812-AMO<br><br>**ORDER DENYING MOTION TO MODIFY PSLRA DISCOVERY STAY AND ORDERING NEW CHART RE: MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 110, 134 |

Before the Court are Plaintiffs' motion to modify the PSLRA discovery stay and Defendants' motion to dismiss the complaint. This Order assumes familiarity with the facts of the case. Having read the papers filed by the parties and carefully considered their arguments therein, as well as relevant legal authority, the Court hereby **DENIES** the motion to modify the discovery stay and **ORDERS** the parties to prepare a new chart related to the motion to dismiss.

**I.    Motion to Modify PSLRA Discovery Stay**

Plaintiffs move to partially modify the Private Securities Litigation Reform Act's ("PSLRA") automatic stay to allow Plaintiffs to request all documents produced by Defendants to the state attorney general offices that filed suit against Meta in October and November 2023 and the civil plaintiffs in *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4-22-MD-3047 (N.D. Cal.) and *Social Media Cases*, No. 22 STCV No. 5255 (Cal. Sup. Ct.). Motion (ECF 134) at 5.

Under the PSLRA, the district court "must stay all discovery pending a ruling on a motion to dismiss, unless exceptional circumstances exist where particularized discovery is necessary to preserve evidence or to prevent undue prejudice to a party." *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*, 189 F.3d 909, 911-12 (9th Cir. 1999) (citation omitted); *see* 15 U.S.C. §

1   78u-4(b)(3)(b); *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014).  The stay is

2   intended to prevent discovery abuses such as the "unnecessary imposition of discovery costs on

3   defendants."  *Petrie*, 761 F.3d at 969 (quoting *SG Cowen*, 189 F.3d at 911).  Accordingly,

4   discovery is generally only permitted "after the court has sustained the legal sufficiency of the

5   complaint."  *SG Cowen*, 189 F.3d at 912-13 (citation omitted).

6         Plaintiffs move to modify the automatic PSLRA stay, arguing that the documents they seek

7   constitute particularized discovery, and that they will face undue prejudice if the stay is not

8   modified.  The Court is not convinced that Plaintiffs' discovery request is particularized as

9   Plaintiffs' broad request for all materials disclosed in three sets of cases fails to identify the

10  volume of discovery requested or the subject matter of the documents.  *See, e.g.*, *In re Am. Funds

11  Sec. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007) (plaintiffs' request for all documents

12  produced by defendants to the California Attorney General's office in pending litigation was not

13  particularized as it failed to identify "specific categories or types of documents sought or how the

14  documents sought will be relevant to the claims Plaintiffs intend to assert in this case"); *In re

15  Finisar Corp. Derivative Litig.*, No. C-06-07660 RMW, 2012 WL 609835, at *2 (N.D. Cal. Feb.

16  24, 2012) (request for "documents collected in connection with Finisar's internal investigation,"

17  which covered thousands of documents, was not particularized).

18        Even if Plaintiffs' request was sufficiently particularized, they have not shown that they

19  will face undue prejudice.  Plaintiffs argue that they will face undue prejudice if the Court does not

20  lift the stay because they "will not be able to intelligently assess their position and form a litigation

21  strategy" without these documents and they will be at an "informational disadvantage" to the other

22  parties litigating against Meta.  Motion at 27.  These circumstances are insufficient to warrant

23  modifying the PSLRA discovery stay.  Wanting discovery and not having access to it is not the

24  kind of undue prejudice that justifies lifting a discovery stay.  *See In re PMC-Sierra, Inc.

25  Derivative Litig.*, No. C 06-05330 RS, 2008 WL 2024888, at *4 (N.D. Cal. May 8, 2008) (denying

26  relief from stay where "plaintiffs' request for leave to conduct discovery [was] based on no more

27  than their desire to 'uncover facts sufficient to satisfy the Act's pleading requirements.' ").  Nor

28  does being at an " 'informational disadvantage,' without more . . . justify lifting a PSLRA

1   discovery stay." *See In re Facebook, Inc. Shareholder Derivative Privacy Litig.*, 411 F. Supp. 3d
2   649, 653 (N.D. Cal. 2019) (citing cases). Instead, the need to preserve evidence justifies a court
3   lifting the discovery stay. *See SG Cowen*, 189 F.3d at 912 (explaining that "the terminal illness of
4   an important witness might require the deposition of the witness prior to the ruling on the motion
5   to dismiss") (citation omitted). Plaintiffs rely on out-of-circuit cases, but even those cases do not
6   support their position. *See, e.g.*, *In re Massey Energy Co. Sec. Litig.*, No. CIV.A. 5:10-0689, 2011
7   WL 4528509, at *6 (S.D.W. Va. Sept. 28, 2011) (lifting discovery stay where there was an
8   acquisition of defendant's company that could "result in the inadvertent destruction of documents"
9   as the new company had no obligation to retain documents). Plaintiffs have not alleged any such
10  risk of loss of evidence here.[1]

11  Indeed, the very point of the PSLRA stay is that Plaintiffs' complaint must "stand or fall
12  based on the actual knowledge of the plaintiffs rather than information produced by the defendants
13  after the action has been filed." *Petrie*, 761 F.3d at 966 (quoting *SG Cowen*, 189 F.3d at 912); *see,
14  e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 15-6167,
15  2016 WL 11796891, at *3 (N.D. Cal. June 23, 2016) ("Every PSLRA plaintiff is unable to obtain
16  discovery to formulate its litigation strategy until after the court addresses the sufficiency of the
17  pleadings."). Therefore, there is a risk if the Court permits discovery "before the Court has
18  sustained the legal sufficiency of the Consolidated Complaint, [that] Plaintiffs might attempt to
19  use the information in . . . amending their claims in direct contravention of one of the purposes of
20  the PSLRA." *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106-07 (C.D. Cal. 2007).
21  Accordingly, the Court **DENIES** Plaintiffs' motion to modify the automatic discovery stay.

22  **II.    MOTION TO DISMISS**
23  Also pending before the Court is Defendants' motion to dismiss. At the August 17, 2023
24  hearing, the Court requested that the parties submit a table to help the Court assess the allegations

---

[1] Plaintiffs also argue, relying on an out-of-circuit case, that Defendants are involved in "criminal, civil and administrative investigations and actions . . . with the possibility that settlements might occur and/or fines and penalties might be imposed." Motion at 26 (citing *Massey*, 2011 WL 4528509, at *6). Even if the Court found this authority persuasive, Plaintiffs have not suggested that imminent settlements or fines are possible in the other cases against Meta such that Plaintiffs would suffer undue prejudice here.

1  in the Complaint that 59 statements were misleading or false. The 431-page table that the parties
2  provided did not assist the Court's analysis of the sufficiency of the pleadings. Accordingly, to
3  aid the Court's analysis of Plaintiffs' Complaint, Plaintiffs shall prepare the following chart within
4  30 days, and send it as a Word document to Defendants:

| Statement | Falsity | Scienter | Defendants' Argument | Ruling |
|---|---|---|---|---|
| When:<br>Where:<br>Speaker(s):<br>Statement: " . . . " | Compl. ¶¶ A, B, C | Compl. ¶¶ X, Y, Z | [Leave blank] | [Leave blank] |

Plaintiffs shall not include argument in this chart. They shall simply provide the statements and point the Court to which paragraphs in the Complaint show that the statement was misleading or false, and which paragraphs show scienter. Defendants shall have **15 days** to include their arguments in the fourth column, which should be limited to short phrases as to why the statement is not misleading or false, or why there is no scienter, and may at most direct the Court to the pages in their motion that support the argument. The Court cautions Defendants not to provide argument beyond these short phrases and citations, as well as nothing not already presented in their briefing. See the sample for Defendants below:

| Statement | Falsity | Scienter | Defendants' Argument | Ruling |
|---|---|---|---|---|
| [Do not edit] | [Do not edit] | [Do not edit] | E.g., "vague" or "not objectively verifiable" (Motion at X) | [Leave blank] |

The motion to dismiss will not be considered ripe until the Court has received this chart.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to modify the PSLRA discovery stay. The Court **ORDERS** the parties to provide a new chart related to the motion to dismiss. Plaintiffs **SHALL** provide the requested chart to Defendants within **30 days** and

///

///

///

4

Defendants **SHALL** submit the chart to the Court **15 days** thereafter.  Defendants shall also submit the chart as a Word document to the Court's proposed order inbox.

**IT IS SO ORDERED.**

Dated: March 4, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**