**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
John Rizio-Hamilton (*pro hac vice*)
(johnr@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 554-1400
Fax: (212) 554-1444

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel.: (310) 819-3481

*Counsel for Lead Plaintiffs
Ohio Public Employees Retirement System and
PFA Pension Forsikringsaktieselskab*

[Additional Counsel Appear on
Signature Page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION | Lead Case No. 3:21-cv-08812-AMO<br><br>Consolidated Case Nos. 3:21-cv-08873-AMO and 3:21-cv-09041-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>CLASS ACTION</u><br><br>Judge: Hon. Araceli Martínez-Olguín<br>Courtroom: 10 |

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-08812-AMO

The Parties to the above-captioned Action submit this Joint Case Management Statement pursuant to the Honorable Araceli Martínez-Olguín's Standing Order For Civil Cases, the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

Counsel for the Parties conferred by videoconference on November 27, December 6, and December 11, 2024 pursuant to Rule 26(f), during which they discussed the topics set forth below.

1. **JURISDICTION & SERVICE**

Lead Plaintiffs Ohio Public Employees Retirement System ("OPERS") and PFA Pension Forsikringsaktieselskab ("PFA Pension," and together with OPERS, "Lead Plaintiffs") assert claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder. The Court has jurisdiction over the subject matter of the Action under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as 28 U.S.C. § 1331, because the Action is a civil action arising under the laws of the United States.

The Parties do not dispute that the Court has personal jurisdiction over each Defendant, or that venue is proper in this Court. Defendants Meta Platforms, Inc. ("Meta," or the "Company"), Mark Zuckerberg, Nick Clegg, Antigone Davis, and Karina Newton (collectively, the "Defendants") have accepted service of the Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"). ECF No. 97.

2. **FACTS**

This is a federal securities law class action. Lead Plaintiffs allege claims under the Exchange Act on behalf of a putative class of investors in Meta's Class A common stock. Defendants are Meta and certain of its current and former executives and employees, identified above.

The Complaint alleges, among other things, that Defendants made false or misleading statements or omissions concerning the following subjects: (i) certain aspects of Meta's X-Check program; and (ii) the impact of Meta's platforms on the well-being of young users.

Defendants deny the Complaint's allegations.

3. **LEGAL ISSUES**

The Complaint asserts claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a). The legal issues in this Action include, but are not limited to: (i) whether Defendants are liable under Section 10(b) of the Exchange Act; (ii) whether Defendants are liable under the control person provision of Section 20(a) of the Exchange Act; (iii) whether Lead Plaintiffs and the Class are entitled to the relief sought in the Complaint, including damages; and (iv) whether a class can be certified under Fed. R. Civ. P. 23.

4. **MOTIONS**

A. **Pending Motions**

There are no pending motions.

B. **Prior Motions**

(1) **Motions for Appointment as Lead Plaintiff and to Consolidate Cases**

On December 27, 2021, OPERS and PFA Pension filed a motion for appointment as lead plaintiffs and to consolidate this case with certain other cases filed against Defendants raising substantially similar allegations. ECF No. 22.

That day, Wee Ann Ngian, the California Public Employees' Retirement System, Rahul Saraf, and KBC Asset Management NV each also filed separate motions for appointment as lead plaintiff and to consolidate this case with certain other cases filed against Defendants raising substantially similar allegations. ECF Nos. 25, 27, 46, and 49.

On July 26, 2022, the Court granted the motion filed by OPERS and PFA Pension, appointed them as Lead Plaintiffs, and approved Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel. ECF No. 77.

(2) **Motions to Relate Cases**

On November 17, 2021, Barry G. Depot filed a motion to relate the instant Action and *Depot v. Meta Platforms, Inc. f/k/a Facebook, Inc., et al.*, No. 21-cv-08873 (N.D. Cal.). ECF No. 7. The Court granted that motion on November 23, 2021. ECF No. 8.

On March 7, 2022, Defendants filed a motion to relate the instant Action and the

following actions (ECF No. 69):

- *Sloan v. Zuckerberg*, No. 22-cv-00903 (N.D. Cal.); and
- *Gervat v. Zuckerberg*, No. 22-cv-01206 (N.D. Cal.).

The Court granted that motion on March 15, 2022.  ECF No. 72.

All related cases are identified below at Section 10.

### (3) Joint Motion to Extend Page Limits

On January 23, 2023, the Parties filed a joint motion to extend the page limitations for briefing concerning Defendants' motion to dismiss.  ECF No. 98.  The Court granted that motion, as modified in its Order, on January 25, 2023.  ECF No. 107.

### (4) Motion to Partially Modify the PSLRA's Discovery Stay

On December 4, 2023, Lead Plaintiffs filed a motion to partially modify the Private Securities Litigation Reform Act of 1995's ("PSLRA") discovery stay.  ECF No. 134.  Following briefing, the Court issued an order denying that motion on March 4, 2024.  ECF No. 138.

### (5) Motion to Dismiss

On January 27, 2023, Defendants filed a motion to dismiss the Complaint.  ECF No. 110.  Following briefing and argument, the Court issued an order granting in part and denying in part that motion on September 30, 2024.  ECF No. 143.

C.   **Anticipated Motions**

Lead Plaintiffs will move, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), to certify a class of investors in Meta's Class A common stock.  Defendants expect to oppose that motion.  Defendants also anticipate that they will move for summary judgment in whole or in part pursuant to Fed. R. Civ. P. 56, which Lead Plaintiffs intend to oppose.

The Parties believe that it is too early to determine whether they will file any additional motions.

**5.   AMENDMENT OF PLEADINGS**

The Parties currently do not anticipate the addition of any new parties or claims but reserve their respective rights.  Defendants' Answer, which may assert defenses to the

Complaint, has not yet been filed. The required deadline for amending the pleadings has been included in the Parties' proposed schedule below at Section 15. If Lead Plaintiffs choose to seek leave to amend the Complaint, Defendants reserve the right to oppose any such amendment. If leave to amend is granted, Defendants reserve the right to move to dismiss the amended complaint and/or seek entry of a new scheduling order to address any additional discovery or motion practice that may be appropriate in relation to any new allegations, claims, or parties. If Defendants move to dismiss any further amended complaint and/or seek entry of a new scheduling order, Lead Plaintiffs reserve the right to oppose such motion or request.

## 6. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this Action.

## 7. DISCLOSURES

Discovery in this Action was automatically stayed under the PSLRA, 15 U.S.C. § 78u-4, until the Court resolved Defendants' motion to dismiss. Thus, compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 was not required until the motion to dismiss was resolved. *See* 15 U.S.C. § 78u-4(b)(3)(B); ECF No. 19. The Parties have agreed to exchange the initial disclosures required under Fed. R. Civ. P. 26 on or before January 10, 2025.

## 8. DISCOVERY

### A. Discovery Taken to Date

As discovery in this Action was stayed under the PSLRA until the Court resolved Defendants' motion to dismiss, the Parties did not enter discovery until after the Court's ruling and their Rule 26(f) conference.

### B. Scope of Anticipated Discovery

The Parties anticipate that discovery will address issues concerning liability, damages, class certification, and defenses.

### C. Proposed Limitations or Modifications to Discovery Rules

Lead Plaintiffs believe that this case will warrant an increase from the presumptive limits

on the number of depositions set forth in Fed. R. Civ. P. 30. Without conceding that additional witnesses are appropriate in this case and reserving all rights to object to any request for such, Defendants agree to meet and confer with Lead Plaintiffs regarding the appropriate number of depositions. If necessary, the Parties will seek the Court's assistance in resolving any dispute about limitations or modifications to the discovery rules.

### D. E-discovery Order

The Parties intend on reaching agreement on a protocol governing the discovery and production of electronically stored information ("ESI") in this Action as a supplement to the Federal Rules of Civil Procedure and any other applicable order or rules. If necessary, the Parties will seek the Court's assistance in resolving any e-discovery disputes.

### E. Discovery Plan

Guideline 2.02(d) of the Northern District of California's Guidelines for the Discovery of Electronically Stored Information (the "ESI Guidelines") instructs the Parties to adopt procedures "so that discovery occurs first from sources most likely to contain relevant and discoverable information and is postponed or avoided from sources less likely to contain relevant and discoverable information." The Parties agree that documents should be produced on a rolling basis, and that, where practicable, certain custodians and categories of documents should be prioritized for production. Lead Plaintiffs submit that documents previously produced by Defendants in the MDL (defined below) should be prioritized, as discussed in Section 13 below. Defendants submit that it is premature to determine what documents should be prioritized for production until Lead Plaintiffs have served document requests and Defendants have responded to them. The Parties intend to reach agreement on a protocol that will govern privilege logs and other privilege issues in this Action. If necessary, the Parties will seek the Court's assistance in resolving any disputes about the discovery plan and privilege logs.

### F. Discovery Disputes

There are no discovery disputes at this time.

## 9. CLASS ACTIONS

Lead Plaintiffs anticipate that they will move, pursuant to Fed. R. Civ. P. 23(a) and

23(b)(3), to certify a class consisting of all persons or entities who purchased or otherwise acquired Meta's Class A common stock during the period between May 19, 2021 and October 21, 2021, inclusive. All counsel of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements. The Parties have proposed a schedule for Class certification briefing, below at Section 15.

## 10. RELATED CASES

This Action has been found to be related to the following cases:

- *Depot v. Meta Platforms, Inc. f/k/a Facebook, Inc., et al.*, No. 21-cv-08873 (N.D. Cal.). *See* ECF No. 8.
- *Perez v. Meta Platforms, Inc.*, No. 21-cv-09041 (N.D. Cal.). *See* ECF No. 21.
- *Sloan v. Zuckerberg*, No. 22-cv-00903 (N.D. Cal.). *See* ECF No. 72.
- *Gervat v. Zuckerberg*, No. 22-cv-01206 (N.D. Cal.). *See* ECF No. 72.

The Parties are not aware of any other cases that are "related" within the meaning of Civil Local Rule 3-12(a), subject to Section 13 below.

## 11. RELIEF

Through this Action, Lead Plaintiffs seek: (i) all damages and other remedies available under the Exchange Act in favor of Lead Plaintiffs and all members of the Class against Defendants in an amount to be proven at trial, including interest thereon; (ii) reasonable costs and expenses incurred in this Action, including attorneys' fees and expert fees; and (iii) such other relief as the Court may deem just and proper. The amount of damages, and the method for calculating damages, will be the subject of expert discovery and testimony.

Defendants deny that Lead Plaintiffs or the Class are entitled to the relief sought. Lead Plaintiffs have not yet described the damages they seek with sufficient particularity or disclosed sufficient facts regarding Defendants' purported liability to enable Defendants to describe the bases on which they contend damages should be calculated if liability is established.

## 12. SETTLEMENT AND ADR

The Parties have not engaged in settlement discussions. The Parties have met and conferred regarding ADR and agree that such settlement discussions are premature at this time.

The Parties have proposed potential deadlines for a settlement conference before a private mediator in their respective proposed schedules. *See infra*, Section 15.

## 13. OTHER REFERENCES

The Parties agree that the Action is not suitable for reference to binding arbitration, or a special master.

With respect to the Judicial Panel on Multidistrict Litigation, there is an ongoing multidistrict litigation against Meta and other social media companies before Judge Yvonne Gonzalez Rogers and Magistrate Judge Peter H. Kang, captioned *In re: Social Media Adolescent Addition/Personal Injury Products Liability Litigation*, No. 22-md-03047-YGR (N.D. Cal.) (the "MDL"). Lead Plaintiffs believe that this Action and the MDL share certain common issues and parties, and there are efficiencies to be gained from reproducing certain subsets of the discovery already collected, reviewed, and produced by Meta in that action, which are relevant to the claims at issue in this Action.

Defendants believe that discovery in this Action should be tailored to the claims and allegations in this Action rather than the MDL and that it is premature to determine whether there are efficiencies to be gained from reproducing any discovery from the MDL in this Action, especially before Lead Plaintiffs have served document requests and Defendants have responded to them. Defendants agree that there may be efficiencies to be gained by assigning Magistrate Judge Kang to oversee discovery in this Action.

## 14. NARROWING OF ISSUES

The Parties are unable to agree at this stage of the proceedings to narrow the issues before the Court, but agree to remain in contact about ways to potentially narrow issues.

## 15. SCHEDULING

The Parties have conferred, but were unable to reach agreement on a joint proposed case schedule. Thus, the Parties propose the following alternative schedules:

**Lead Plaintiffs' Position.** Lead Plaintiffs' proposed schedule is appropriate for this case, and comparable to other case schedules for securities class actions. For instance, Lead Plaintiffs' proposed schedule provides approximately one full year for fact discovery. In the spirit of

cooperation, Lead Plaintiffs have made extensions to their originally-proposed schedule in the hopes of resolving any dispute between the Parties, but these efforts were unsuccessful.

Lead Plaintiffs' proposed schedule is particularly reasonable in light of the significant efficiencies that can be obtained by utilizing certain discovery that has already been produced in the MDL concerning the harms to children caused by Meta's platforms, which is also relevant to this Action. Defendants, however, do not appear to be willing to seek to capture these efficiencies. For instance, despite Lead Plaintiffs' requests, Defendants have declined to provide Lead Plaintiffs with the search parameters and other basic information regarding the scope of discovery in the MDL, which would allow Lead Plaintiffs to evaluate the already-existing productions and consider ways to use them to expedite discovery in this Action. In analogous situations, Lead Plaintiffs have negotiated to treat such discovery as a searchable source of information that can be produced quickly and with minimal burden on Defendants. This has helped discovery proceed more quickly and efficiently.

Defendants assert that their schedule is appropriate, largely because they do not know at this stage the scope of discovery that Lead Plaintiffs intend to seek. But this dynamic is not unique: a case schedule is set before the scope of discovery has been finalized in nearly every litigation, and it does not justify the lengthy schedule Defendants seek here. Indeed, if the scope of discovery in the MDL is broader than the scope of discovery in this Action, as Defendants assert (*see infra* at 9), discovery in this Action should proceed more quickly, particularly where Meta has already collected, reviewed, and produced certain document discovery that can be reproduced quickly in this Action and supplemented as necessary.

Despite this, Defendants' proposed schedule provides them substantially more time to produce documents (almost 10 months), than it gives Lead Plaintiffs to analyze all the documents them *and* take all depositions (7.5 months). Lead Plaintiffs submit that this disparity is unbalanced, unfair and unnecessary.

**Defendants' Position.** Defendants believe the deadlines they have proposed below, which have also been shortened in the spirit of compromise, are appropriate for a securities action of this size and nature. The main difference between the Parties' proposed schedules is

the deadline for substantially completing document discovery, which has not even begun. Defendants anticipate that Lead Plaintiffs will serve numerous broad requests for documents and will seek discovery from a number of custodians. Defendants anticipate that the process of responding to the document requests; meeting and conferring over Defendants' responses and objections; and resolving any remaining disputes will take several months. Defendants anticipate it will also take several months to collect, review, and produce responsive documents. Accordingly, Defendants do not believe that Lead Plaintiffs' proposed document completion deadline—which is less than six months from the date of the initial case management conference—is appropriate for a case of this nature. Defendants have instead proposed a deadline that is slightly over nine months from the date of the conference, which is consistent with other securities actions of a similar size and complexity, although Defendants will endeavor to make initial productions on a rolling basis before that deadline.

Defendants do not agree that the fact that discovery has been produced in the MDL will lead to "significant efficiencies" for document discovery in this Action. Lead Plaintiffs are not taking the position that *all* discovery produced in the MDL should be re-produced in this Action (i.e., "cloned discovery"), which would not be appropriate given that the claims and issues in the MDL are broader and different than those here. Rather, they are only seeking a "subset" of discovery from the MDL, which they will seek to "supplement[] as necessary" (*see supra* at 8), an acknowledgment that discovery in this Action must be tailored to the claims and allegations in this Action rather than to the MDL. Even assuming that reproducing certain discovery from the MDL in this Action would be appropriate, identifying the responsive material would still require negotiating with Lead Plaintiffs and, depending on the position taken by the Parties, conducting a further document-by-document review, which will require additional time. In any event, Defendants submit that it is premature to assess the extent to which any overlap in discovery between the MDL and this Action may exist given that Lead Plaintiffs have not yet served document requests and Defendants have not yet responded.

Additionally, discovery in this Action will involve claims and allegations unrelated to the MDL or teen mental health, such as alleged misstatements about Meta's X-Check policy and

discovery into loss causation and damages to investors, none of which are at issue in the MDL. Producing discovery into such "supplemental" matters will require negotiating the scope of such discovery and collecting and reviewing documents, which should be accounted for in the schedule.

The other significant difference in the Parties' schedules is the deadline for completing all fact discovery. Defendants' fact discovery deadline is approximately 6.5 months after Defendants' proposed deadline for completing document production. This is an adequate period of time for reviewing produced documents and taking depositions. To the extent Lead Plaintiffs believe more time is required after document discovery for purposes of taking depositions, Defendants are not opposed to a longer period.

| Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Parties to exchange Initial Disclosures pursuant to Rule 26(a) | January 10, 2025 | January 10, 2025 |
| Defendants' deadline to answer the Complaint | February 14, 2025 | February 14, 2025 |
| Substantial Completion of document production | June 6, 2025 | September 23, 2025 |
| Lead Plaintiffs to move for class certification | July 25, 2025 | November 18, 2025 |
| Defendants to file any opposition to class certification | September 12, 2025 | January 12, 2026 |
| Deadline to add parties or amend pleadings | September 26, 2025 | January 26, 2026 |
| Lead Plaintiffs to file reply in further support of class certification | October 31, 2025 | February 23, 2026 |
| Initial Settlement Conference | November 7, 2025 | March 2, 2026 |
| Completion of fact discovery | December 12, 2025 | April 9, 2026 |
| Identification of experts and deadline to serve opening expert reports for issues on which the party bears the burden of proof | January 20, 2025 | April 27, 2026 |
| Identification of rebuttal experts and deadline to serve rebuttal expert reports | February 17, 2026 | June 15, 2026 |
| Deadline to serve reply expert reports in response to rebuttal experts | March 13, 2026 | July 13, 2026 |
| Completion of expert discovery | April 7, 2026 | August 10, 2026 |
| Deadline for initial moving party's motion for summary judgment | April 21, 2026 | September 7, 2026 |

| | | |
|---|---|---|
| Deadline for non-moving party's opposition to motion for summary judgment and Daubert motion(s) | June 9, 2026 | October 26, 2026 |
| Deadline for initial moving party's reply in support of motion for summary judgment, Daubert motion(s), and opposition(s) to non-moving party's Daubert motion(s) | July 10, 2026 | November 23, 2026 |
| Deadline for non-moving party's reply in support of Daubert motion(s), opposition to moving party's Daubert motion(s) | July 20, 2026 | December 11, 2026 |
| Deadline for initial moving party's reply in support of Daubert motion(s) | August 7, 2026 | December 29, 2026 |
| Hearing on dispositive motions | August 27, 2026 | At Court's convenience |
| Pretrial Conference | TBD | TBD |
| Trial | TBD | TBD |

**16.   TRIAL**

Lead Plaintiffs believe that the Action should be tried before a jury and that a trial may last between two and three weeks. Defendants believe that it is premature to take a position on whether the Action should be tried in a jury or bench trial and that it is also premature to estimate the length of trial, which will depend upon, among other things, this Court's orders on Lead Plaintiffs' anticipated motion for class certification and Defendants' anticipated motion for summary judgment.

**17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Lead Plaintiff OPERS filed its Certification of Interested Entities or Persons on November 12, 2021, which stated that as of that date, "no such interest is known other than that of the named parties to the action and the class identified in the Complaint." ECF No. 3.

Lead Plaintiff PFA Pension filed its Certification of Interested Entities or Persons on December 27, 2021, which identified itself and its parent company, PFA Holding A/S, as entities that "(i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding." ECF No. 24.

Defendants filed their Amended Certification of Interested Entities or Persons on January 27, 2023, which stated that as of that date, "other than the named parties, there is no such interest

to report." ECF No. 109.

18. **PROFESSIONAL CONDUCT**

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: December 12, 2024

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ John Rizio-Hamilton*

John Rizio-Hamilton (*pro hac vice*)
(johnr@blbglaw.com)
Rebecca E. Boon (*pro hac vice*)
(rebecca.boon@blbglaw.com)
Aasiya M. Glover (*pro hac vice*)
(assiya.glover@blbglaw.com)
Mathews R. de Carvalho (*pro hac vice*)
(mathews.decarvalho@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3480

*Counsel for Lead Plaintiffs*
*Ohio Public Employees Retirement System and PFA Pension Forsikringsaktieselskab*

**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**

Shawn Busken
(Shawn.Busken@OhioAttorneyGeneral.gov)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515

*Additional Counsel for Lead Plaintiff Ohio Public Employees Retirement System*

**DAVIS POLK & WARDWELL LLP**

*/s/ Charles S. Duggan*
Neal A. Potischman (SBN 254862)
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
charles.duggan@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc., Mark Zuckerberg, Nick Clegg, Antigone Davis, and Karina Newton*

**ECF ATTESTATION**

I, John Rizio-Hamilton, am the ECF User whose identification and password are being used to file this foregoing Joint Case Management Statement.  In compliance with LR 5.1(i)(3), I hereby attest that the above-identified counsel concurred in this filing.

Dated: December 12, 2024                                  By: /s/ *John Rizio-Hamilton*
                                                                                    John Rizio-Hamilton