UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Araceli Martinez-Olguin, District Judge

IN RE: META PLATFORMS, INC., ) No. C 21-08812-AMO
SECURITIES LITIGATION.       )
                             )
_____)

                              San Francisco, California
                              Thursday, December 19, 2024

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
        RECORDING 10:00 - 10:13 = 13 MINUTES

APPEARANCES:

For Plaintiffs:
                         Bernstein Litowitz Berger
                           Grossmann LLP
                         1251 Avenue of the Americas
                         Forty-Fourth Floor
                         New York, New York 10020
                    BY:  REBECCA E. BOON, ESQ.
                    BY:  JOHN RIZIO-HAMILTON, ESQ.

For Defendants:
                         Davis Polk and Wardwell LLP
                         450 Lexington Avenue
                         New York, NY 10017
                    BY:  CHARLES S. DUGGAN, ESQ.

Transcribed by:          Echo Reporting, Inc.
                         Contracted Court Reporter/
                         Transcriber
                         echoreporting@yahoo.com

*Echo Reporting, Inc.*

2

Thursday, December 19, 2024                          10:00 a.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  Calling Civil Matter 21-8812, In Re: Meta Platforms, Incorporated, Securities Litigation.

Counsel, please state your appearances for the record, starting with the Plaintiffs.

(No response.)

THE CLERK:  Counsel, if I can have you speak into the microphones, please, so that the recording captures --

THE COURT:   You're welcome to use the ones at the -- hold on.  I'm sorry.  I've been scolded about that in the past.  You should come to the lectern so the court reporters can see you.  This won't be long, but you should still be seen.

Go ahead.

MS. BOON:  Good morning, your Honor.  Rebecca Boon, Bernstein, Litowitz, Berger and Grossmann, for the lead Plaintiffs.

MR. DUGGAN:  Good morning, your Honor.  Charles Duggan, Davis, Polk and Wardwell, for the Defendants.  I'm joined by my colleague, who is in the gallery as she is not yet admitted to the Bar of the Court, Julia Leff (phonetic).

THE COURT:  We should take care of that, but not necessarily today, if possible.

All right.  So, folks, I have looked through your statements, right?  You're here for your initial case management conference, having gone through motions to dismiss.  I wanted to ask you all about whether or not you anticipate needing a protective order.  I didn't see plans for that in your case -- I saw reference to it, but I think -- well, how is this?

I have a little note to myself that says ask you about a protective order, because I -- while I saw you all talking about ESI protocols, I wanted to make sure to -- I didn't see a reference to a plan for submitting a protective order.  So I'm curious if you think you'll need one.

MR. DUGGAN:  We do, your Honor, and we're in the early stages of negotiating a proposed protective order with Defendants that we would ultimately submit to your Honor for your review and approval.

THE COURT:  All right.  And I did see that you have in there -- that you're starting to -- that you anticipate negotiating an ESI protocol.  I wanted -- to both of those I wanted to attach deadlines, because I find that they help, and if you all end up needing more time, you let me know, but I wanted to attach a February 3rd deadline for both -- for a draft protective order and for an ESI protocol.

MR. DUGGAN:  Thank you, your Honor.

4

THE COURT:  I wanted to -- I also wanted to ask you all -- I also wanted to note for you all, right, you have in your statement a little bit about privilege logs, and anticipating negotiating with each other about a protocol that will govern privilege logs.  I just want to flag for you all if you -- in case you haven't already seen it, that there is language in my standing order about privilege logs, and I see you both nodding.

MR. DUGGAN:  Did, your Honor.

THE COURT:  So, just in case, just for you all to keep that in mind.

Okay.  So let's talk a little bit -- right?  I have competing proposals from you all, and my sense is that that is driven somewhat, if not entirely, by the -- by your difference of opinion about whether or not the discovery from the MDL should be made available to Plaintiffs, or the degree to which -- and the degree to which it will actually be efficient, more efficient, now that you've -- now that those materials have been gathered for the MDL, if there are efficiencies to be had here.

So let me ask, because part of what I get from Defendants' submission is that it's hard to know that, especially since you haven't seen the requests for production, you haven't seen requests for production from Plaintiffs to begin with.

5

MR. DUGGAN:  That is correct, your Honor.  It's certainly hard to know.  That's not the only impediment, but that is a gating impediment.

THE COURT:  That's an impediment I can ask about.  So let me ask you, Mr. Rizio-Hamilton, when do you anticipate serving document requests?

MR. RIZIO-HAMILTON:  In the next few days, your Honor.

THE COURT:  Okay.  So here's what I want to suggest to you all.  You have agreed that you're going to get the first two dates that you've agreed upon, right?  So I'm going to -- I will order that your initial disclosures -- that initial disclosures be due the 10th of January 2025, that an answer be due February 14th, 2025.

I want to chat with you a little bit about what I did with regard to the rest of your -- with the rest of the schedule.  I will share that often, in class cases, I only set you all through class cert.  So my one -- the one piece of that I'm realizing I didn't go far enough in what I've drawn out.  What I haven't -- I haven't drawn out where fact discovery is supposed to end for you all, and you all have differing proposals about that.

So let me sketch out for you where you are, or where I'm going to set you in terms of briefing class cert.  I am going to -- I'm going to give Defendants the benefit of the

substantial production date for which they're asked, which is September 23rd, 2025. I'm however -- right. I noted that Plaintiffs proposed moving more swiftly through class cert than Defendants did, so you're going to get the benefit of that.

So you're going to move for class cert by November 12th, 2025. The opposition will be due 12/30, 2025. I am going to trim the amount of time that you then have for a reply because, at some point, I am -- I appreciate giving -- having seven weeks between -- it looks like you were doing seven -- your schedule, Plaintiffs' schedule, proposed seven weeks between the close of substantial document production, and then seven weeks for the motion for class cert, and then a similar seven weeks or eight -- seven weeks for Defendants' opposition. That makes sense to me, so I've done that.

You've got seven weeks from substantial document production to then your motion for class cert, seven weeks to the opposition. I'm going to put your reply -- I'm sorry. In between, there is a deadline to add or amend parties. You all had put two weeks for that, so you're going to get that. That deadline will be January 13th, 2026, but, instead of leaving -- but I'm going to cut down the amount of time, then, for the reply, and it's going to be four weeks from the opposition, from the date of the

opposition.  The reply on the motion for class cert will be due the 27th of January 2026.

I had not planned to necessarily set a date for the completion of fact discovery, and the rest, I'm curious if, at this point, you all would prefer that I do so.

Let me ask you first.

MR. RIZIO-HAMILTON:  Personally, your Honor, I do think it's helpful to have that at least as a control date, to allow the parties to kind of organize their efforts around document production, document analysis, and then depositions, because having that date in the order for the completion of fact discovery really helps us get depositions scheduled and done.  Without that, they kind of -- they can drift off.

THE COURT:  I respect that.

What say you, Mr. Duggan?

MR. DUGGAN:  Your Honor, we would welcome an open schedule on that that allowed us to come back to you, as the case progresses, with our mutual expectation of how much time would be necessary.

THE COURT:  You all had put that date -- I'm just looking at it, right? -- in both of your proposals.  In Plaintiffs' proposal, motion for class cert was -- would have been completely briefed by Halloween 2025, and in Defendants', it would have been February, end of February

8

2026, and then you have -- you both have the close of fact discovery about four months thereafter -- three months thereafter.  Yes.

MR. DUGGAN:  Yes, I think that's roughly correct.

THE COURT:  So why don't we plan for that at this point, and it if needs to move, you all come on back to me.  So that means that we'll put it -- which means, then, it's Defendants' proposal, April 27th, 2026.

MR. RIZIO-HAMILTON:  April 27, 2026.  Thank you, your Honor.

THE COURT:  Let's see.  The one other thing that I normally do at the initial CMCs is set you all for some form of early ADR.

MR. RIZIO-HAMILTON:  Your Honor, we had discussed that concept, and I don't want to speak for Mr. Duggan, but, in my experience, private mediators who specialize in this kind of litigation can be very effective for that.  And so, from Plaintiffs' perspective, we think it would be, I think, most effective to have an ADR control date before a private mediator that's acceptable to both sides, if that would be okay with you.

THE COURT:  I'm seeing that you've had both, and let me let you speak to it, Mr. Duggan.

MR. DUGGAN:  Yes, your Honor.  A date with a private mediator, I think, would be agreeable to us as well.

9

However, if we are not establishing a schedule that goes beyond the close of discovery, it may be logical to see what state the parties think their development of the case is, in terms of setting a control date for that.

THE COURT:  Well, let's do this.  For my purposes and for the Court's purposes, I will refer you to private mediation, so that our ADR isn't wondering what's happening with this case and if they need to plan any outlay of their resources for you all at this point.  So we'll do that.

MR. RIZIO-HAMILTON:  May I add one thing, your Honor?

THE COURT:  Hold on one second.  So, usually -- go ahead.  Go ahead.

MR. RIZIO-HAMILTON:  I was going to say, you know, we do have a date for the close of fact discovery.  In my experience, once fact discovery has closed, it's actually a pretty good time to have an initial mediation session, because you know the essentially facts at that point.

THE COURT:  So, often, with the referrals to early ADR, I usually ask the parties what they need to go, what is the minimal amount of discovery that they need in order to engage with the mediator so that you really are doing it early, because my -- I agree with you.  My sense is that often folks feel very equipped to engage in ADR after discovery.  The problem with that is that we're already into

April 2026.

MR. RIZIO-HAMILTON:  Right.

THE COURT:  So let me ask you all to do this, because it's often what -- it's what I tend to ask parties to do in other cases, and then I'll hope that it works for you all, which is, start talking about identifying a mediator that you all want to visit.  And when I glanced off at my computer, it was to remind myself to give you all more than 30 days, because I'm guessing that your next couple of weeks might be a little jammed up.

So why don't I give you all 60 days to meet and confer, and please file, then, a notice letting me know that you -- to which private mediator you all have agreed to work with, and efforts you've made to try and get on their calendar, or at least to inquire what their calendar looks like, because I'm finding that often private mediators -- it's a good lead time.  So let's start those efforts now, and give me a status update on that in 60 days, please.

MR. RIZIO-HAMILTON:  Thank you, your Honor.

THE COURT:  All right.  And we'll set a more firm control date as we get -- as we start to move on, if we need to.

MR. RIZIO-HAMILTON:  Okay.

THE COURT:  Counsel, anything else?

MR. RIZIO-HAMILTON:  Not from the lead Plaintiffs,

11

your Honor.  Thank you for your time today.

MR. DUGGAN:  Not from Defendants.  Thank you, your Honor.

THE COURT:  Thank you all.

(Proceedings adjourned at 10:13 a.m.)

12

CERTIFICATE OF TRANSCRIBER


    I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

    I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.



         Echo Reporting, Inc., Transcriber
            Monday, December 23, 2024