Charles S. Duggan (admitted *pro hac vice*)
James P. Rouhandeh (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: charles.duggan@davispolk.com
        rouhandeh@davispolk.com
        nikolaus.williams@davispolk.com
        paulina.perlin@davispolk.com

Neal A. Potischman (SBN 254862)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,
Mark Zuckerberg, Nick Clegg, Antigone Davis,
and Karina Newton*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: META PLATFORMS, INC. SECURITIES LITIGATION | Lead Case No. 3:21-cv-08812-AMO |
| | **DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |
| This document relates to: All Actions | Honorable Araceli Martínez-Olguín |

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Meta Platforms, Inc., Mark Zuckerberg, Nick Clegg, Antigone Davis, and Karina Newton (collectively, "Defendants"), by their undersigned attorneys, respond to the allegations contained in Plaintiffs' Consolidated Amended Class Action Complaint (the "Complaint") in the above-captioned action, as to themselves, based on their present knowledge.[1]

Except as otherwise expressly stated in this Answer, Defendants deny each and every claim, theory, and allegation contained in the Complaint and specifically deny any liability under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder.  Any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes, or speculations.  Pursuant to Fed. R. Civ. P. 8(b)(6), allegations to which no response is required are denied and deemed denied.

The Complaint contains headings, captions, and a table of contents, which are not proper allegations that require a response.  Defendants do not adopt the characterizations set forth in the headings, captions, and the table of contents.  To the extent any headings, captions, or item in the table of contents contains allegations requiring a response, Defendants deny the allegations.

### RESPONSES TO ALLEGATIONS OF THE COMPLAINT

1. Defendants deny the allegations in Paragraph 1.[2]

2. Defendants deny the allegations in Paragraph 2, except admit that *The Wall Street Journal* began publishing a series of articles in September 2021 that it called the "Facebook Files," which were purportedly based in part on information provided by a former Meta employee.  Defendants refer to the articles for a complete and accurate statement of their contents.

3. Defendants deny the allegations in Paragraph 3, except admit that Ms. Haugen is a former Meta employee who was interviewed by *60 Minutes* and *The Wall Street Journal*; that she testified to Congress; and that she discussed her decision to leave Meta in the referenced

---

[1] Capitalized terms in this Answer have the same definitions as in the Complaint unless otherwise stated.

[2] For purposes of this Answer, unless specifically noted, Defendants do not distinguish between Facebook, Inc. and Meta Platforms, Inc., which Facebook, Inc. changed its name to in 2021.

interviews and testimony. Defendants refer to the interviews and testimony for a complete and accurate statement of their contents.

4.     Defendants deny the allegations in Paragraph 4, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen's conduct.

5.     Defendants deny the allegations in Paragraph 5, except admit that Meta owns and operates a family of apps, including Facebook and Instagram; and that Meta's 2021 10-K contains the language quoted in the fourth sentence of Paragraph 5. Defendants refer to the 2021 10-K for a complete and accurate statement of its content, and refer to public sources for information on Meta's revenue.

6.     Paragraph 6 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 Order granting in part and denying in part Defendants' motion to dismiss the amended complaint (Dkt. No. 143) (the "MTD Order"), and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the articles and study.

7.     Paragraph 7 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

8.     Paragraph 8 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8, except admit that Meta made certain changes to its algorithm in 2018; that Meta's Community Standards outline what content is and is not allowed on its apps, including Facebook; and that Meta previously estimated that duplicate accounts may have represented approximately 11% of its worldwide MAUs.

9.     Defendants deny the allegations in Paragraph 9. Defendants refer to public sources for information on Meta's stock prices and revenues.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

10.   Defendants deny the allegations in Paragraph 10, except admit that Mr. Zuckerberg testified before Congress on March 25, 2021; and that a securities analyst made statements containing the language quoted in Paragraph 10.  Defendants refer to the analyst statement for a complete and accurate statement of its content.

11.   Defendants deny the allegations in Paragraph 11.

12.   Defendants deny the allegations in Paragraph 12, and refer to public sources for information on Meta's stock price during the purported Class Period.

13.   Defendants deny the allegations in Paragraph 13, except admit that Meta's website contains the language quoted in the second sentence of Paragraph 13.  Defendants refer to Meta's website for a complete and accurate statement of its content. [3]

14.   Paragraph 14 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 14, except admit that Meta's written responses to Congress contain the language quoted in the first sentence of Paragraph 14; and that Mr. Clegg made statements containing the language quoted in the second sentence of Paragraph 14.  Defendants refer to the statements for a complete and accurate statement of their contents.

15.   Paragraph 15 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 15, except admit that Meta established an Oversight Board; and that Meta's statements to the Oversight Board concerning X-Check contain the language quoted in the third through fifth sentences of Paragraph 15.  Defendants refer to the statements for a complete and accurate statement of their contents.

16.   Paragraph 16 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 16.

---

[3] Sentence counts are not inclusive of in-line bold headings, which Defendants deny.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

17.     Defendants deny the allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18, except admit that a document titled "Comparing the effects of misinfo from politicians vs ordinary user sources" contains the language in the second quote of the second sentence of Paragraph 18.  Defendants refer to the document for a complete and accurate statement of its content.

19.     Defendants deny the allegations in Paragraph 19, except admit that a document contains the language in the first quote of the fourth sentence of Paragraph 19.  Defendants refer to the document for a complete and accurate statement of its content.

20.     Defendants deny the allegations in Paragraph 20, except admit that a document contains the language quoted in the second sentence of Paragraph 20, and the first quote of the third sentence of Paragraph 20.  Defendants refer to the document for a complete and accurate statement of its content.

21.     Defendants deny the allegations in Paragraph 21, except admit that Oversight Board reports contain the language quoted in Paragraph 21.  Defendants refer to the reports for a complete and accurate statement of their contents.

22.     Paragraph 22 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 22, except admit that Meta made certain changes to its algorithm in 2018; that Mr. Zuckerberg testified before Congress in March 2021; and that a transcript of the testimony contains the language quoted in the third sentence of Paragraph 22.  Defendants refer to the transcript for a complete and accurate statement of its content.

23.     Paragraph 23 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 23.

24.     Paragraph 24 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 24, except admit that

a document dated July 2019 contains the language in the second quote of the second sentence of Paragraph 24; and that a document contains the language in the second quote of the third sentence of Paragraph 24. Defendants refer to the documents for a complete and accurate statement of their contents.

25. Paragraph 25 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25, except admit that a document contains the language in the first quote of the seventh sentence of Paragraph 25. Defendants refer to the document for a complete and accurate statement of its content.

26. Defendants deny the allegations in Paragraph 26, except admit that a document contains the language quoted in the third sentence of Paragraph 26. Defendants refer to the document for a complete and accurate statement of its content.

27. Paragraph 27 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28, except admit that a document contains the language in the first quote of the fourth sentence of Paragraph 28; and that a document contains the language quoted in the fifth sentence of Paragraph 28. Defendants refer to the documents for a complete and accurate statement of their contents.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30, except admit that a transcript of Mr. Zuckerberg's Congressional testimony contains the language quoted in the fourth sentence of Paragraph 30; and that *The Wall Street Journal* published an article that contains the language quoted in the fifth sentence of Paragraph 30. Defendants refer to the transcript and article for a complete and accurate statement of their contents.

31. Paragraph 31 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32.    Paragraph 32 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding investors and analysts.  Defendants refer to Meta's public filings for information regarding its reported year-over-year growth in monthly active users in the first and second quarters of 2021.

33.    Paragraph 33 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33, except admit that Meta's public filings at certain times estimated that duplicate accounts may have represented approximately 11% of its worldwide MAUs.  Defendants refer to those public filings for a complete and accurate statement of their contents.

34.    Paragraph 34 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 34.

35.    Defendants deny the allegations in Paragraph 35, except admit that *The Wall Street Journal* began publishing a series of articles on September 13, 2021 that it called the Facebook Files.  Defendants refer to the articles for a complete and accurate statement of their contents.

36.    Defendants deny the allegations in Paragraph 36, except admit that *The Wall Street Journal* published an article dated September 13, 2021 that purports to describe Meta's X-check program; and that an Oversight Board report dated October 21, 2021, contains the language quoted in the fifth sentence of Paragraph 36.  Defendants refer to the article and report for a complete and accurate statement of their contents and refer to public sources for information on Meta's stock price, trading volume, and market capitalization.

37.    Defendants deny the allegations in Paragraph 37, except admit that *The Wall Street Journal* published an article dated September 14, 2021 that purports to describe internal Meta research; and that two U.S. Senators issued a press release dated September 14, 2021

6

containing the language quoted in the third sentence of Paragraph 37. Defendants refer to the article and press release for a complete and accurate statement of their contents.

38. Paragraph 38 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38, except admit that *The Wall Street Journal* published an article dated September 15, 2021 that purports to report on the News Feed algorithm. Defendants refer to the article for a complete and accurate statement of its content and refer to public sources for information on Meta's stock price and market capitalization.

39. Paragraph 39 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39, except admit that *The Wall Street Journal* published articles dated September 16, 2021 and September 17, 2021. Defendants refer to the articles for a complete and accurate statement of their contents and refer to public sources for information on Meta's stock price.

40. Paragraph 40 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 40, except admit that *The Wall Street Journal* published an article dated September 28, 2021; and admit that an Instagram blog post dated September 27, 2021 discusses the pausing of Instagram Kids. Defendants refer to the article and blog post for a complete and accurate statement of their contents and refer to public sources for information on Meta's stock price.

41. Defendants deny the allegations in Paragraph 41, except admit that Ms. Haugen is a former Meta employee; and deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen. Defendants refer to public sources for information on Meta's stock price.

42. Paragraph 42 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 42, except admit that *The Wall Street Journal* published an article dated October 21, 2021, and that the article contains the language quoted in Paragraph 42. Defendants refer to the article for a complete and accurate statement of its content.

43. Defendants deny the allegations in Paragraph 43. Defendants refer to public sources for information on Meta's stock price and market capitalization.

44. Defendants deny the allegations in Paragraph 44, except admit that nine state attorneys general announced an investigation into Meta on November 18, 2021; that a British coroner investigated the cause of death of Molly Russell and the coroner's report dated October 13, 2022 contains the language quoted in the sixth sentence of Paragraph 44; and that a *New York Times* article contains the language quoted in the fifth sentence of Paragraph 44. Defendants refer to the coroner's report and article for a complete and accurate statement of their contents.

45. Defendants deny the allegations in Paragraph 45, except admit that a *CNBC* article contains the language in the second quote of the fifth sentence of Paragraph 45. Defendants refer to the article for a complete and accurate statement of its content and refer to public sources for information on Meta's stock price.

46. Paragraph 46 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46.

47. Paragraph 47 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 47.

48. Paragraph 48 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48, except admit that Meta maintains its principal executive offices in Menlo Park, California.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

49.     Paragraph 49 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 49.

50.     Paragraph 50 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding OPERS.

51.     Paragraph 51 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 51, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding PFA Pension.

52.     Defendants deny the allegations in Paragraph 52, except admit that Meta Platforms, Inc. was formerly known as Facebook, Inc.; that it is incorporated in Delaware, with its principal executive offices in Menlo Park, California; and that Meta Class A common stock currently trades on NASDAQ under the ticker symbol "META."

53.     Defendants deny the allegations in Paragraph 53, except admit that Mr. Zuckerberg is the founder, Chairman, and Chief Executive Officer of Meta; and that Meta's 2021 Form 10-K contains the language quoted in Paragraph 53. Defendants refer to the filing for a complete and accurate statement of its content.

54.     Paragraph 54 contains allegations regarding a non-party who was dismissed as a defendant pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54, except admit that Mr. Wehner served as Meta's Vice President of Corporate Financing and Business Planning from 2012-2014; and that Mr. Wehner signed and certified each of the Company's quarterly SEC filings during the purported Class Period as CFO.

55.     Defendants deny the allegations in Paragraph 55, except admit that Mr. Clegg has served as Meta's President of Global Affairs since March 2022.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

56.     Paragraph 56 contains allegations regarding a non-party who was dismissed as a defendant pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56, except admit that Mr. Mosseri has served as Head of Instagram since October 2018 and has held a variety of other roles since joining the Company in July 2008.

57.     Paragraph 57 contains allegations regarding a non-party who was dismissed as a defendant pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58.     Paragraph 58 contains allegations regarding a non-party who was dismissed as a defendant pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Paragraph 61 contains allegations regarding a non-party who was dismissed as a defendant pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62.     Paragraph 62 contains allegations regarding a non-party who was dismissed as a defendant pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62, except admit that Ms. Bickert joined the company in March 2012 and has served as Meta's Vice President of Content Policy and Lead Security Counsel.

63.     Paragraph 63 contains allegations regarding a non-party who was dismissed as a defendant pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.     Paragraph 64 contains allegations regarding non-parties who were dismissed as defendants pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 64, except admit that the Consolidated Complaint refers to the individuals listed in Paragraph 64 as

the "Executive Defendants" and refers to the Executive Defendants, together with Meta, as the "Defendants."

65.     Paragraph 65 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66.     Paragraph 66 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 66, except admit that Meta's 2021 Form 10-K contains the language quoted in the first sentence of Paragraph 66. Defendants refer to the filing for a complete and accurate statement of its content.

67.     Paragraph 67 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 67, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 67.

68.     Paragraph 68 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 68, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what a former Instagram executive may have told *The Wall Street Journal*.

69.     Paragraph 69 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 69.

70.     Paragraph 70 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 70, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding reporting by news outlets.

71.     Paragraph 71 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71, except admit that a *Forbes* article contains the language quoted in the third sentence of Paragraph 71; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 71. Defendants refer to the article for a complete and accurate statement of its content.

72.     Paragraph 72 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72, except admit that Meta acquired Instagram in 2012.

73.     Paragraph 73 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74.     Paragraph 74 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74, except admit that a document dated 2017 contains the language quoted in the second sentence of Paragraph 74, and the first and third paragraphs of the block quote in Paragraph 74. Defendants refer to the document for a complete and accurate statement of its content.

75.     Paragraph 75 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76.     Paragraph 76 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

77.     Paragraph 77 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Paragraph 79 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 79, except admit that Meta made certain changes to its algorithm in 2018; that a post on Mr. Zuckerberg's Facebook profile contains the language quoted in the second sentence of Paragraph 79; that Ms. Haugen was interviewed by *60 Minutes*; and that a transcript of the *60 Minutes* interview contains the language quoted in the fifth sentence of Paragraph 79. Defendants refer to the post and transcript for a complete and accurate statement of their contents.

80.     Defendants deny the allegations in Paragraph 80.

81.     Paragraph 81 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82, except admit that Ms. Haugen identified herself as a whistleblower.

83.     Paragraph 83 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 83, except admit that a webpage for Meta's Transparency Center contains the language in the first quote of the third sentence of Paragraph 83. Defendants refer to the webpage for a complete and accurate statement of its content.

84.     Paragraph 84 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 84, except admit that Meta made certain changes to its algorithm in 2018; that a Meta Newsroom post contains the

13

language quoted in the second sentence of Paragraph 84; that Mr. Mosseri was formerly Head of News Feed; and that a *This Morning* interview dated September 13, 2018 includes statements made by Ms. Davis that contain the language quoted in the fourth sentence of Paragraph 84. Defendants refer to the Newsroom post and interview for a complete and accurate statement of their contents.

85.     Paragraph 85 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85, except admit that a post on Mr. Zuckerberg's Facebook profile contains the language in the first and second quotes of the second sentence of Paragraph 85. Defendants refer to the post for a complete and accurate statement of its content.

86.     Paragraph 86 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 86, except admit that a Meta Newsroom post dated March 16, 2018 states Meta was suspending data analytics firm Cambridge Analytica from Facebook; and deny knowledge and information sufficient to form a belief as to the truth of the allegations on what news outlets reported. Defendants refer to the Newsroom post for a complete and accurate statement of its content.

87.     Paragraph 87 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 87, except admit that a Meta Newsroom post dated April 4, 2018 stated that Meta believed the Facebook information of up to 87 million people may have been improperly shared with Cambridge Analytica; that Mr. Zuckerberg testified before the U.S. Senate Committee on Commerce, Science, and Transportation and the U.S. Senate Committee on the Judiciary on April 10, 2018; that Mr. Zuckerberg testified before the U.S. House Committee on Energy & Commerce on April 11, 2018; and that a transcript of the April 10, 2018 hearing contains the language in the first quote

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

of the fifth sentence of Paragraph 87. Defendants refer to the Newsroom post and transcripts for a complete and accurate statement of their contents.

88.    Paragraph 88 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 88, except admit that a Meta Newsroom post dated April 24, 2018 contains the language quoted in Paragraph 88. Defendants refer to the Newsroom post for a complete and accurate statement of its content.

89.    Paragraph 89 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89, except admit that a Meta Newsroom post contains the language quoted in the second sentence of Paragraph 89. Defendants refer to the Newsroom post for a complete and accurate statement of its content.

90.    Paragraph 90 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 90, except admit that a *Channel 4 Dispatches* news release dated July 17, 2018 contains the language quoted in the first sentence of Paragraph 90; and that a Meta Newsroom post dated July 17, 2018 titled "Working to Keep Facebook Safe" contains the language quoted in the second through sixth sentences of Paragraph 90. Defendants refer to the news release and Newsroom post for a complete and accurate statement of their contents.

91.    Paragraph 91 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91, except admit that Meta provided responses to Congress dated May 17, 2021, that contain the language quoted in the second and third sentences of Paragraph 91. Defendants refer to the responses for a complete and accurate statement of their contents.

92.    Paragraph 92 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 92, except admit that Meta held a conference call on May 19, 2021; and that a transcript of the call contains the language quoted in Paragraph 92. Defendants refer to the transcript for a complete and accurate statement of its content.

93.    Paragraph 93 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 93, except admit that Meta held an annual shareholders meeting on May 26, 2021.

94.    Paragraph 94 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 94, except admit that Meta suspended former President Trump's Facebook and Instagram accounts on January 7, 2021; that Meta sought review of that decision from the Oversight Board; that the Oversight Board published a post dated May 5, 2021, regarding its decision to uphold former President Trump's suspension; and that the post contains the language quoted in the third through fifth sentences of Paragraph 94. Defendants refer to the post for a complete and accurate statement of its content.

95.    Defendants deny allegations in Paragraph 95, except admit that a Meta Newsroom post dated June 4, 2021, contains the language quoted in Paragraph 95. Defendants refer to the Newsroom post for a complete and accurate statement of its content.

96.    Paragraph 96 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 96, except admit that Meta's Newsroom post dated June 4, 2021, contains a link to Meta's responses to the Oversight Board's recommendations. Defendants refer to the Newsroom post and Meta's full response for a complete and accurate statement of their contents.

97.    Paragraph 97 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 97, except admit that Meta's response to the Oversight Board's recommendations contains a link to a Meta Newsroom post dated July 17, 2018, which contains the language quoted in Paragraph 97. Defendants refer to the Newsroom post and Meta's responses for a complete and accurate statement of their contents.

98.     Paragraph 98 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 98, except admit that Meta's response to the Oversight Board's recommendations contains the language in the second quote of the first sentence of Paragraph 98, and the second through fourth sentences of Paragraph 98. Defendants refer to Meta's response for a complete and accurate statement of its content.

99.     Paragraph 99 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 99, except admit that Mr. Clegg appeared on *CBS News* on June 5, 2021; and that during the appearance, Mr. Clegg made statements containing the language quoted in Paragraph 99. Defendants refer to Mr. Clegg's full appearance on *CBS News* for a complete and accurate statement of its content.

100.     Defendants deny the allegations in Paragraph 100.

101.     Defendants deny the allegations in Paragraph 101, except admit that *The Wall Street Journal* published the first of a series of articles it called the "Facebook Files" on September 13, 2021 that contains the language quoted in Paragraph 101. Defendants refer to the article for a complete and accurate statement of its content.

102.     Defendants deny the allegations in Paragraph 102, except admit that *The Wall Street Journal* published an article dated September 13, 2021, titled "Facebook Says Its Rules Apply to All. Company Documents Reveal a Secret Elite That's Exempt*"*; and that the article contains the language quoted in Paragraph 102. Defendants refer to the article for a complete and accurate statement of its content.

17

103.   Defendants deny the allegations in Paragraph 103, except admit that *The Wall Street Journal* published an article that purports to describe Meta documents; and that the article contains the language quoted in the second and third sentences of Paragraph 103.  Defendants refer to the article for a complete and accurate statement of its content.

104.   Defendants deny the allegations in Paragraph 104.

105.   Defendants deny the allegations in Paragraph 105, except admit that *The Wall Street Journal* published an article that contains the language quoted in the second sentence of Paragraph 105; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the accusations against Mr. Santos Jr. Defendants refer to the article for a complete and accurate statement of its content.

106.   Defendants deny the allegations in Paragraph 106, except admit that *The Wall Street Journal* published an article that contains the language quoted in the fifth sentence of Paragraph 106; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the accusations against Mr. Santos Jr. Defendants refer to the article for a complete and accurate statement of its content.

107.   Defendants deny the allegations in Paragraph 107, except admit that a document contains the language quoted in the first and second quotes of the third sentence of Paragraph 107 and in the fourth sentence of Paragraph 107. Defendants refer to the document for a complete and accurate statement of its content.

108.   Defendants deny the allegations in Paragraph 108, except admit that a document contains the language in the second quote of the second sentence of Paragraph 108. Defendants refer to the document for a complete and accurate statement of its content.

109.   Defendants deny the allegations in Paragraph 109, except admit that a document dated December 11, 2020 is titled "Political Influences on Content Policy." Defendants refer to the document for a complete and accurate statement of its content.

110.   Defendants deny the allegations in Paragraph 110, except admit that a document contains the language quoted in Paragraph 110. Defendants refer to the document for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

111.    Defendants deny the allegations in Paragraph 111, except admit that *The Wall Street Journal* published an article that contains the language quoted in the first sentence of Paragraph 111; and that the article purports to describe Meta documents. Defendants refer to the article for a complete and accurate statement of its content.

112.    Defendants deny the allegations in Paragraph 112, except admit President Trump made a Facebook post containing the language quoted in the first sentence of Paragraph 112. Defendants refer to the post for a complete and accurate statement of its content.

113.    Defendants deny the allegations in Paragraph 113, except admit that an *Associated Press* article dated October 28, 2021, contains the language quoted in the first sentence of Paragraph 113 and the second paragraph of the block quote in Paragraph 113. Defendants refer to the article for a complete and accurate statement of its content.

114.    Defendants deny the allegations in Paragraph 114, except admit that a document contains the language quoted in the first quote of Paragraph 114. Defendants refer to the document for a complete and accurate statement of its content.

115.    Defendants deny the allegations in Paragraph 115, except admit that an article titled "Why Facebook's Mark Zuckerberg May Be In Hot Water With the SEC" and with its author identified as Jena Martin contains the language quoted in the first, second, fifth, and sixth paragraphs of the block quote in Paragraph 115; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Martin's professional history. Defendants refer to the article for a complete and accurate statement of its content.

116.    Defendants deny the allegations in Paragraph 116, except admit that *The Wall Street Journal* published an article dated September 13, 2021; and that an Oversight Board statement dated September 21, 2021, purports to discuss cross-check. Defendants refer to the statement for a complete and accurate statement of its content.

117.    Defendants deny the allegations in Paragraph 117, except admit that an Oversight Board statement contains the language quoted in the last sentence of Paragraph 117. Defendants refer to the statement for a complete and accurate statement of its content.

118.    Defendants admit the allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119, except admit that the Oversight Board published a document containing a set of transparency reports; and that the document contains the language quoted in the second through fourth sentences of Paragraph 119. Defendants refer to the report for a complete and accurate statement of its content.

120.    Defendants deny the allegations in Paragraph 120, except admit that the Oversight Board published a document containing a set of transparency reports; and that the document contains the language quoted in the fourth paragraph of the block quote in Paragraph 120 and contains the language quoted in the second through fourth sentences of the fifth paragraph of the block quote in Paragraph 120. Defendants refer to the report for a complete and accurate statement of its content.

121.    Defendants deny the allegations in Paragraph 121, except deny knowledge and information sufficient to form a belief as to the truth of the allegation of what Ms. Klonick told *The Wall Street Journal.*

122.    Paragraph 122 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 122, except admit that Facebook's Help Center contains the language quoted in the third sentence of Paragraph 122; and deny knowledge and information sufficient to form a belief as to the truth of the allegations in the final two sentences of Paragraph 122. Defendants refer to Facebook's Help Center for a complete and accurate statement of its content.

123.    Paragraph 123 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 123, except admit that the News Feed algorithm determines which posts show up in a user's News Feed; that an Oversight Board's 2021 Annual Report is dated June 22, 2022; and that the Annual Report contains the language quoted in Paragraph 123. Defendants refer to the Annual Report for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

124.    Paragraph 124 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124.

125.    Paragraph 125 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125.

126.    Paragraph 126 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 126, except admit that a post on Mr. Zuckerberg's Facebook, dated January 11, 2018, contains the language quoted in the first and second sentences of Paragraph 126, and the first quote in the third sentence of Paragraph 126. Defendants refer to the post for a complete and accurate statement of its content.

127.    Paragraph 127 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 127, except admit that *The Wall Street Journal* published an article dated September 15, 2021; and that the article contains the language quoted in Paragraph 127. Defendants refer to the article for a complete and accurate statement of its content.

128.    Paragraph 128 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128.

129.    Paragraph 129 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 129, except admit that *The Wall Street Journal* published an article that contains the language quoted in the third sentence of Paragraph 129. Defendants refer to the article for a complete and accurate statement of its content.

130.    Paragraph 130 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 130, except admit that changes were made to the News Feed algorithm in 2018.

131.    Paragraph 131 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 131, and refer to public sources for information on Meta's annual revenues.

132.    Paragraph 132 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133.    Paragraph 133 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 133, except admit that *The Wall Street Journal* published a series of articles that it called the "Facebook Files"; that one of those articles, dated September 15, 2021, is titled "Facebook Tried to Make Its Platform a Healthier Place. It Got Angrier Instead"; and that the article contains the language quoted in Paragraph 133. Defendants refer to the article for a complete and accurate statement of its content.

134.    Paragraph 134 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 134, except admit that a *Wall Street Journal* article dated September 15, 2021, purports to include a screenshot from a Meta document dated December 2017 and titled "The Story of Deriving the Meaningful Social Interactions Metric Weights (UX Research & Data Science);" and that the article contains the language quoted in the first sentence of Paragraph 134, and in the first, second, and fourth quotes of the second sentence of Paragraph 134. Defendants refer to the article for a complete and accurate statement of their contents.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

135.   Paragraph 135 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136.   Paragraph 136 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 136, except admit that a document titled "We are Responsible for Viral Content" contains the language in the second quote of the second sentence of Paragraph 136; and that a document titled "Replacing Downstream MSI for Civic and Health" contains the language in the fourth quote of the second sentence of Paragraph 136. Defendants refer to the documents for a complete and accurate statement of their contents.

137.   Paragraph 137 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 137.

138.   Paragraph 138 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 138, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen.

139.   Paragraph 139 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 139, except admit that a *Washington Post* article contains the language in the second paragraph of the block quote in Paragraph 139. Defendants refer to the article for a complete and accurate statement of its content.

140.   Paragraph 140 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 140, except admit

23

that Mr. LeCun is Meta's Vice President and Chief AI Scientist; that a Twitter user made tweets, dated March 11, 2021, that contain the language in the first quote of the third sentence of Paragraph 140; and that Mr. LeCun's Twitter profile includes tweets that contain the language quoted in the fourth sentence of Paragraph 140. Defendants refer to the tweets for a complete and accurate statement of their contents.

141.    Paragraph 141 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 141, except admit that Mr. LeCun's Twitter profile includes tweets, dated March 13, 2021, that contain the language in the second quote of the first sentence of Paragraph 141, and the second sentence of Paragraph 141. Defendants refer to the tweets for a complete and accurate statement of their contents.

142.    Paragraph 142 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 142, except admit that Mr. Zuckerberg testified in front of Congress at a U.S. House of Representatives hearing titled "Disinformation Nation: Social Media's Role in Promoting Extremism and Misinformation" on March 25, 2021; and that a transcript of the hearing contains the language quoted in the second sentence of Paragraph 142 and in the block quote of Paragraph 142. Defendants refer to the hearing transcript for a complete and accurate statement of its content.

143.    Paragraph 143 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 143, except admit that an Argus Research report, dated April 7, 2021, contains the language in the first quote in the third sentence of Paragraph 143. Defendants refer to the report for a complete and accurate statement of its content.

144.    Paragraph 144 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 144, except admit that Mr. LeCun appeared on an episode of The Robot Brains Podcast dated April 8, 2021; and that Mr. LeCun made statements on the podcast containing the language quoted in the second sentence of Paragraph 144. Defendants refer to the podcast for a complete and accurate statement of its content.

145.    Paragraph 145 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 145, except admit Lead Plaintiffs have defined the purported Class Period to begin on April 27, 2021; and that Ms. Bickert testified before the Senate Judiciary Committee Subcommittee on Privacy, Technology, and the Law on April 27, 2021.

146.    Defendants deny the allegations in Paragraph 146.

147.    Paragraph 147 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 147, except admit that Meta made certain changes to its algorithm in 2018.

148.    Paragraph 148 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 148, except admit that Meta held an earnings call on April 28, 2021; that a transcript of the call contains the language in the first through fourth quotes of the first sentence of Paragraph 148, and the language quoted in the second sentence of Paragraph 148. Defendants refer to the call transcript for a complete and accurate statement of its content.

149.    Paragraph 149 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 149, except admit that a Morningstar Equity Research report, dated April 28, 2021, contains the language in the

25

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

first and third quote of the second sentence of Paragraph 149. Defendants refer to the report for a complete and accurate statement of its content.

150.    Paragraph 150 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 150, except admit that Meta provided responses to Congress dated May 17, 2021, that contain the language quoted in the second sentence of paragraph 150, and the first and second quotes of the third sentence of Paragraph 150. Defendants refer to the responses for a complete and accurate statement of their contents.

151.    Paragraph 151 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 151, except admit that Meta's Community Standards Enforcement Report for Q1 2021, dated May 19, 2021, contains the language quoted in Paragraph 151. Defendants refer to the report for a complete and accurate statement of its content.

152.    Paragraph 152 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153, except admit that Meta's Form 14A contains the language in the first quote of the third sentence of Paragraph 153. Defendants refer to Form 14A for a complete and accurate statement of its content.

154.    Paragraph 154 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 154, except admit that Meta's Q1 2021 Community Standards Enforcement Report contains the language in the second quote in the second sentence of Paragraph 154 and the third sentence of Paragraph 154. Defendants refer to the report for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

155.    Paragraph 155 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 155, except admit that an Argus Research report dated June 30, 2021 contains the language quoted in the second and fourth sentences of Paragraph 155. Defendants refer to the report for a complete and accurate statement of its content.

156.    Paragraph 156 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 156, except admit that Meta held a call with investors on July 28, 2021; and that a transcript of the call includes the language quoted in Paragraph 156. Defendants refer to the transcript for a complete and accurate statement of its content.

157.    Paragraph 157 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158.    Paragraph 158 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159.    Paragraph 159 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 159, except admit that a transcript of a discussion held on July 29, 2021, and titled, in part, "Disinformation & Democracy," includes the language quoted in the second sentence of Paragraph 159. Defendants refer to the transcript for a complete and accurate statement of its content.

160.    Defendants deny the allegations in Paragraph 160.

161.    Paragraph 161 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 161.

27

162.    Paragraph 162 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163.    Paragraph 163 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 163, except admit that a document contains the language in the first quote of the first sentence of Paragraph 163. Defendants refer to the document for a complete and accurate statement of its content.

164.    Paragraph 164 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 164, except admit that *The Wall Street Journal* published an article dated September 15, 2021, that contains the language quoted in Paragraph 164; and deny knowledge and information sufficient to form a belief as to the truth of the allegation regarding Ms. Jankowicz's professional role. Defendants refer to the article for a complete and accurate statement of its content.

165.    Paragraph 165 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 165, except deny knowledge and information sufficient to form a belief as to the truth of the allegation regarding Jonah Peretti.

166.    Paragraph 166 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 166, except admit that *The Wall Street Journal* published an article dated September 15 that contains the language quoted in the first paragraph of the block quote in Paragraph 166. Defendants refer to the article for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

167. Paragraph 167 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 167.

168. Paragraph 168 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 168, except admit that *The Wall Street Journal* published an article dated October 3, 2021, that contains the language quoted in the block quote in Paragraph 168. Defendants refer to the article for a complete and accurate statement of its content.

169. Paragraph 169 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 169, except admit that Ms. Haugen's interview with *60 Minutes* is dated October 3, 2021; and that a transcript of the interview contains the language quoted in the first and third sentences of Paragraph 169. Defendants refer to the transcript for a complete and accurate statement of its content.

170. Paragraph 170 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 170, except admit that a document dated October 4, 2019, and titled "How Communities Are Exploited On Our Platforms: A Final Look At The 'Troll Farm' Pages" contains the language quoted in the fourth sentence of Paragraph 170, and the first and second paragraphs of the block quote in Paragraph 170. Defendants refer to the document for a complete and accurate statement of its content.

171. Paragraph 171 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 171.

172. Paragraph 172 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173. Paragraph 173 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 173, except admit that a document dated October 4, 2019, and titled "How Communities Are Exploited On Our Platforms: A Final Look At The 'Troll Farm' Pages" contains the language quoted in Paragraph 173. Defendants refer to the document for a complete and accurate statement of its content.

174. Paragraph 174 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 174, except admit that Ms. Haugen's interview with *60 Minutes* was aired on October 3, 2021.

175. Paragraph 175 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 175, except admit that a *New York Times* article dated October 22, 2021, contains the language quoted in Paragraph 175. Defendants refer to the article for a complete and accurate statement of its content.

176. Paragraph 176 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 176.

177. Paragraph 177 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 177.

178. Paragraph 178 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 178, except admit that a document contains the language in the bulleted list in Paragraph 178; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen. Defendants refer to the document for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

179.    Paragraph 179 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 179, except admit that *The Wall Street Journal* published an article that contains the language quoted in the first and third paragraphs of the block quote in Paragraph 179. Defendants refer to the article for a complete and accurate statement of its content.

180.    Paragraph 180 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 180, except admit that a document titled "Mark Feedback on Soft Action Proposal + Deck presented to Mark" contains the language in the second quote of the second sentence of Paragraph 180; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen. Defendants refer to the document for a complete and accurate statement of its content.

181.    Paragraph 181 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 181, except admit that Mr. Rosen is Meta's Chief Information Security Officer; and that a document dated August 30, 2019, contains the language quoted in the third sentence of Paragraph 181, and in the second quote of the fourth sentence of Paragraph 181. Defendants refer to the document for a complete and accurate statement of its content.

182.    Paragraph 182 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny allegations in Paragraph 182.

183.    Paragraph 183 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 183, except admit that a document dated September 29, 2020, and titled "Announcing the Civic Targeting Risk

Scores (CTRS)" contains the language quoted in Paragraph 183. Defendants refer to the document for a complete and accurate statement of its content.

184.    Paragraph 184 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 184.

185.    Paragraph 185 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 185, except admit that a transcript of Ms. Haugen's *60 Minutes* interview contains the language quoted in the second through sixth sentences of Paragraph 185. Defendants refer to the transcript for a complete and accurate statement of its content.

186.    Paragraph 186 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 186, except admit that a document dated December 11, 2020, and titled "Political Influences on Content Policy" contains the language quoted in the first, second, and fourth paragraphs of the block quote in Paragraph 186. Defendants refer to the document for a complete and accurate statement of its content.

187.    Paragraph 187 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 187.

188.    Paragraph 188 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 188, except admit that a document dated July 2019 and titled "Demoting On Integrity Signals Is Not Enough" contains the language quoted in the first and second quotes of the third sentence of Paragraph 188, and the fourth sentence of Paragraph 188. Defendants refer to the document for a complete and accurate statement of its content.

189.    Defendants deny the allegations in Paragraph 189, except admit that a document contains the language quoted in Paragraph 189. Defendants refer to the document for a complete and accurate statement of its content.

190.    Paragraph 190 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 190, except admit that a document contains the language quoted in the first and second sentences of Paragraph 190, and the first quote in the third sentence of Paragraph 190. Defendants refer to the document for a complete and accurate statement of its content.

191.    Paragraph 191 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 191, except admit that a *Bloomberg* article dated October 25, 2021, and titled "Facebook Privately Worried About Hate Speech Spawning Violence" contains the language quoted in the block quote in Paragraph 191. Defendants refer to the article for a complete and accurate statement of its content.

192.    Paragraph 192 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 192.

193.    Paragraph 193 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 193.

194.    Paragraph 194 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 194, except admit that a post from Mr. Zuckerberg's Facebook profile contains the language in the first through third quotes of the second sentence of Paragraph 194. Defendants refer to the post for a complete and accurate statement of its content.

195. Paragraph 195 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 195, except admit that on May 19, 2021, Meta held a conference call to discuss its Community Standards Enforcement Report for Q1 2021; that a transcript of the call includes the language quoted in the second sentence of Paragraph 195; and that Meta provided responses to Congress dated May 17, 2021 that contain the language quoted in the third sentence of Paragraph 195. Defendants refer to the transcript and responses for a complete and accurate statement of their contents.

196. Paragraph 196 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197. Paragraph 197 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 197, except admit that *The Wall Street Journal* published an article dated September 17, 2021, that contains the language in the first quote of the first sentence of Paragraph 197, and the second sentence of Paragraph 197. Defendants refer to the article for a complete and accurate statement of its content.

198. Paragraph 198 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 198, except admit that a document titled "Vaccine Hesitancy is Twice as Prevalent in English Vaccine Comments Compared to English Vaccine Posts" contains the language quoted in the first sentence of Paragraph 198; and that a document dated February 9, 2021, and titled "Identifying and Comparing Pro- and Anti-COVID-19 Vaccine Comments" contains the language quoted in the second sentence of Paragraph 198. Defendants refer to the documents for a complete and accurate statement of their contents.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

199.    Paragraph 199 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 199, except admit that *The Wall Street Journal* published an article that references a Meta document titled "Vaccine Hesitancy in Comments: C19D Lockdown Update"; and that the document contains the language quoted in the first and second sentences of Paragraph 199. Defendants refer to the article and document for a complete and accurate statement of their contents.

200.    Paragraph 200 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 200, except admit that *The Wall Street Journal* published an article that contains the language quoted in Paragraph 200. Defendants refer to the article for a complete and accurate statement of its content.

201.    Defendants deny the allegations in Paragraph 201, except admit that *The Wall Street Journal* published an article that contains the language quoted in the second and third sentences of Paragraph 201. Defendants refer to the article for a complete and accurate statement of its content.

202.    Paragraph 202 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 202.

203.    Defendants deny the allegations in Paragraph 203, except admit that documents contain the language quoted in the second and fourth sentences of Paragraph 203. Defendants refer to the documents for a complete and accurate statement of their contents.

204.    Defendants deny the allegations in Paragraph 204.

205.    Defendants deny the allegations in Paragraph 205, except admit that Meta acquired Instagram in 2012.

206.    Defendants deny the allegations in Paragraph 206, except admit that *The Wall Street Journal* published an article that purports to describe statements made by former Instagram executives; and that the article contains the language quoted in the second sentence of

Paragraph 206. Defendants refer to the article for a complete and accurate statement of its content.

207.    Defendants deny the allegations in Paragraph 207, except admit that Messenger Kids was launched in 2017; that *The Wall Street Journal* published an article dated September 28, 2021, that purports to quote a document that contains the language quoted in the second sentence; and that the article quotes a document titled "Exploring playdates as a growth lever for Messenger Kids" that contains the language in the fourth and fifth sentences of Paragraph 207. Defendants refer to the article and document for a complete and accurate statement of their contents.

208.    Defendants deny the allegations in Paragraph 208, except admit that a purported summary of a December 2020 *CNBC* interview with Mr. Mosseri includes the language quoted in the second and third sentences of Paragraph 208; and deny knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 208. Defendants refer to the statements for a complete and accurate statement of their contents.

209.    Defendants deny the allegations in Paragraph 209, except admit that an Evercore ISI report dated April 2021 contains the language in the second quote of the second sentence of Paragraph 209; and that a Morningstar Equity Research report contains the language quoted in the third sentence of Paragraph 209. Defendants refer to the reports for a complete and accurate statement of their contents.

210.    Defendants deny the allegations in Paragraph 210.

211.    Defendants deny the allegations in Paragraph 211, except admit that at least one document is titled "Teen Mental Health Deep Dive"; and that *The Wall Street Journal* published an article dated September 14, 2021, that contains the language quoted in the second sentence of Paragraph 211. Defendants refer to the document and article for a complete and accurate statement of their contents.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

212.    Defendants deny the allegations in Paragraph 212, except admit that a document contains the language quoted in the second sentence of Paragraph 212. Defendants refer to the document for a complete and accurate statement of its content.

213.    Defendants deny the allegations in Paragraph 213.

214.    Defendants deny the allegations in Paragraph 214.

215.    Defendants deny the allegations in Paragraph 215, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen's statements.

216.    Defendants deny the allegations in Paragraph 216, except admit that a transcript of Ms. Haugen's interview on *The Daily Show*, dated February 10, 2022, includes statements made by Ms. Haugen that contain the language quoted in the second sentence of Paragraph 216. Defendants refer to the transcript for a complete and accurate statement of its content.

217.    Defendants deny the allegations in Paragraph 217, except admit that *The Wall Street Journal* published an article, dated September 29, 2021, containing a document titled "Teen Mental Health Deep Dive"; and that the document contains the language quoted in the second through fifth sentences of Paragraph 217. Defendants refer to the article and document for a complete and accurate statement of their contents.

218.    Defendants deny the allegations in Paragraph 218, except admit that a document contains the language quoted in Paragraph 218.  Defendants refer to the document for a complete and accurate statement of its content.

219.    Defendants deny the allegations in Paragraph 219, except admit that a document dated November 2019 and titled "Mental Health Findings" contains the language quoted in the second and third sentence of Paragraph 219 and contains the statistics in the third sentence of Paragraph 219. Defendants refer to the document for a complete and accurate statement of its content.

220.    Defendants deny the allegations in Paragraph 220, except admit that a document dated November 2019 contains the language quoted in Paragraph 220. Defendants refer to the document for a complete and accurate statement of its content.

221.    Defendants deny the allegations in Paragraph 221, except admit that *The Wall Street Journal* published an article dated September 14 that contains the language quoted in the second sentence of Paragraph 221; and that a document contains the language quoted in the fourth, sixth, and seventh sentences of Paragraph 221. Defendants refer to the article and document for a complete and accurate statement of their contents.

222.    Defendants deny the allegations in Paragraph 222, except admit that a document contains the language in the second quote of the third sentence of Paragraph 222; and that another document contains the language quoted in the second sentence of Paragraph 222. Defendants refer to the documents for a complete and accurate statement of their contents.

223.    Defendants deny the allegations in Paragraph 223, except admit that a document dated March 2021 contains the language in the first sentence of Paragraph 223 and the first and second quote of the second sentence in Paragraph 223. Defendants refer to the document for a complete and accurate statement of its content.

224.    Defendants deny the allegations in Paragraph 224, except admit that a document titled "Teen Girls Body Image and Social Comparison on Instagram – An Exploratory Study in the U.S." contains the language quoted in the third and fourth sentences of Paragraph 224. Defendants refer to the document for a complete and accurate statement of its content.

225.    Defendants deny the allegations in Paragraph 225, except admit that a document contains the language quoted in the first through third sentences of Paragraph 225.  Defendants refer to the document for a complete and accurate statement of its content.

226.    Defendants deny the allegations in Paragraph 226, except admit that a document dated February 1, 2021 contains the language quoted in the first and second sentences of Paragraph 226.  Defendants refer to the document for a complete and accurate statement of its content.

227.    Defendants deny the allegations in Paragraph 227, except admit that a document contains the language quoted in Paragraph 227. Defendants refer to the document for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

228.    Defendants deny the allegations in Paragraph 228, except admit that *The Wall Street Journal* published an article dated September 14, 2021 that contains the language quoted in the first sentence of Paragraph 228. Defendants refer to the article for a complete and accurate statement of its content.

229.    Defendants deny the allegations in Paragraph 229.

230.    Defendants deny the allegations in Paragraph 230, except admit that *The Wall Street Journal* published an article dated September 14, 2021, that contains the language quoted in the second and third sentences of Paragraph 230. Defendants refer to the article for a complete and accurate statement of its content.

231.    Defendants deny the allegations in Paragraph 231, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Cybersecurity for Democracy organization at New York University and whether a researcher made statements containing the language quoted in the final sentence of Paragraph 231.

232.    Paragraph 232 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 232, except admit that a document dated March 2021 contains the language quoted in the second sentence of Paragraph 232. Defendants refer to the document for a complete and accurate statement of its content.

233.    Paragraph 233 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 233, except admit that *The Wall Street Journal* published an article that contains the language in the second quote of the last sentence of Paragraph 233. Defendants refer to the article for a complete and accurate statement of its content.

234.    Paragraph 234 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 234, except admit

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

that a document dated February 2020 and titled "Tweens Competitive Audit" contains the language quoted in the third and fourth sentences of Paragraph 234. Defendants refer to the document for a complete and accurate statement of its content.

235.    Paragraph 235 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 235, except admit that a document titled "Youth Privacy: Defining five groups to guide age-appropriate design" contains the language quoted in the third sentence of Paragraph 235; and that a document contains the language quoted in the fourth sentence of Paragraph 236. Defendants refer to the documents for a complete and accurate statement of their contents.

236.    Paragraph 236 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 236, except admit that a document dated March 2021 contains the language quoted in the second sentence of Paragraph 236; and that Chris Cox was Facebook's Chief Product Officer in March 2021. Defendants refer to the document for a complete and accurate statement of its content.

237.    Paragraph 237 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 237, except admit that a document contains the language quoted in Paragraph 237. Defendants refer to the document for a complete and accurate statement of its content.

238.    Paragraph 238 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 238, except admit that a document contains the language quoted in the first and second sentences of Paragraph 238. Defendants refer to the document for a complete and accurate statement of its content.

239.    Defendants deny the allegations in Paragraph 239, except admit that documents are titled "Teen Mental Health Deep Dive" and "Teen Girls Body Image and Social Comparison

on Instagram – Exploratory Study in the US"; and that the document titled "Teen Girls Body Image and Social Comparison on Instagram – Exploratory Study in the US" contains the language quoted in the second sentence of Paragraph 239. Defendants refer to the documents for a complete and accurate statement of their contents.

240.    Paragraph 240 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 240, except admit that a *Buzzfeed News* article dated March 18, 2021, purports to describe a Meta document regarding a version of Instagram for children under the age of 13.  Defendants refer to the article for a complete and accurate statement of its content.

241.    Defendants deny the allegations in Paragraph 241, except admit that Mr. Zuckerberg testified before the U.S. House of Representatives' Subcommittee on Communications and Technology on March 25, 2021; and that a transcript of the hearing includes the language quoted in the third, fourth, fifth, and sixth sentences of Paragraph 241. Defendants refer to the transcript for a complete and accurate statement of its content.

242.    Defendants deny the allegations in Paragraph 242, except admit that Mr. Zuckerberg testified before the U.S. House of Representatives' Subcommittee on Communications and Technology on March 25, 2021; and that a transcript of the hearing includes the language quoted in the first, second, and third sentences of Paragraph 242, and in the first quote of the fourth sentence of Paragraph 242. Defendants refer to the transcript for a complete and accurate statement of its content.

243.    Defendants deny the allegations in Paragraph 243, except admit that Mr. Zuckerberg testified before the U.S. House of Representatives' Subcommittee on Communications and Technology on March 25, 2021; and that a transcript of the March 25, 2021 hearing includes statements that contain the language quoted in the first and second sentences of Paragraph 243. Defendants refer to the transcript for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

244. Paragraph 244 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 244, except admit that Mr. Mosseri's Twitter feed included tweets dated May 11, 2021, that contain the language quoted in the second sentence of Paragraph 244 and in the third and fourth sentences of Paragraph 244. Defendants refer to the tweets for a complete and accurate statement of their contents.

245. Defendants deny the allegations in Paragraph 245, except admit that Meta's Community Standards Enforcement Report dated May 19, 2021, contains the language quoted in the second sentence of Paragraph 245; and that a document contains the language in the third sentence of Paragraph 245. Defendants refer to the report and document for a complete and accurate statement of their contents.

246. Paragraph 246 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 246, except admit that a purported summary of an interview of Mr. Mosseri was published by *The Information*; and that the summary was dated May 24, 2021. Defendants refer to the summary for a complete and accurate statement of its content.

247. Defendants deny the allegations in Paragraph 247.

248. Defendants deny the allegations in Paragraph 248, except admit that an Instagram blog post contains the language quoted in the first sentence of Paragraph 248; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Mr. Osofsky told *The New York Times*. Defendants refer to the blog post for a complete and accurate statement of its content.

249. Defendants deny the allegations in Paragraph 249, except admit that *The Wall Street Journal* published an article that contains the language quoted in Paragraph 249. Defendants refer to the article for a complete and accurate statement of its content.

250.    Defendants deny the allegations in Paragraph 250, except admit that Mr. Mosseri appeared on *Good Morning America* on May 26, 2021.

251.    Defendants deny the allegations in Paragraph 251.

252.    Paragraph 252 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 252, except admit that a *Wall Street Journal* article dated May 26, 2021 contains the language quoted in Paragraph 252. Defendants refer to the article for a complete and accurate statement of its content.

253.    Defendants deny the allegations in Paragraph 253.

254.    Paragraph 254 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 254, except admit that Ms. Siwa and Mr. Mosseri spoke during an event in June 2021.

255.    Defendants deny the allegations in Paragraph 255, except admit that Senators Blumenthal and Blackburn sent a letter dated August 4, 2021 that contains the language quoted in Paragraph 255; and deny knowledge or information sufficient to form a belief as to the truth of the Senators' committee positions. Defendants refer to the letter from Senators Blumenthal and Blackburn for a complete and accurate statement of its content.

256.    Defendants deny the allegations in Paragraph 256, except admit that Senators Blumenthal and Blackburn sent a letter that contains the language quoted in Paragraph 256. Defendants refer to the letter from Senators Blumenthal and Blackburn for a complete and accurate statement of its content.

257.    Defendants deny the allegations in Paragraph 257, except admit that Meta sent Senators Blackburn and Blumenthal a six-page letter that contains the language quoted in the second sentence of Paragraph 257; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Senator Blumenthal's email to *The Wall Street Journal*. Defendants refer to the letter for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

258.    Paragraph 258 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 258.

259.    Paragraph 259 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 259, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 259.

260.    Paragraph 260 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 260, except admit that Tigress Financial Partners published a report containing the language quoted in the second sentence of Paragraph 260; that Argus Research published a report containing the language quoted in the third sentence of Paragraph 260; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Meta investors, Deutsche Bank, and Jefferies. Defendants refer to the statements for a complete and accurate statement of their contents.

261.    Paragraph 261 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 261, except admit that Meta's Terms of Service permit users to create only one account and that Meta's Community Standards prohibit the use of fake accounts.

262.    Paragraph 262 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 262.

263.    Paragraph 263 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 263, except admit

that certain advertisers brought a purported class action against Meta in 2018 and that certain documents that Meta produced in the litigation were made public in April 2021.

264. Paragraph 264 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 264, except admit that Meta evaluates Facebook metrics to estimate the number of duplicate accounts and that Meta has historically reported the estimated numbers of DAUs and MAUs of Facebook.

265. Paragraph 265 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 265.

266. Paragraph 266 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 266, except admit that Meta announced its financial results for the first and second quarters of 2021 in April and July 2021, respectively; and that a transcript of a Meta earnings call held on April 28, 2021 contains the language quoted in the third sentence of Paragraph 266. Defendants refer to the transcript for a complete and accurate statement of its content.

267. Paragraph 267 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 267, except admit that Morningstar Equity Research, BofA Securities, and Tigress Financial Partners reported on Meta's Q1 2021 results and refer to those reports for a complete and accurate statement of their contents.

268. Paragraph 268 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 268, except admit that Meta released its Q2 2021 financial results on July 28, 2021; and that a transcript of an earnings call held on July 28, 2021 contains the language quoted in the fourth sentence of

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

Paragraph 268. Defendants refer to the financial results and earnings call transcript for a complete and accurate statement of their contents.

269. Paragraph 269 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 269, except admit that a Truist Securities report contains the language quoted in the second sentence of Paragraph 269. Defendants refer to the report for a complete and accurate statement of its content.

270. Paragraph 270 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 270, except admit that *The Wall Street Journal* published an article dated September 21, 2021 and titled "How Many Users Does Facebook Have? The Company Struggles to Figure It Out"; and that a document contains the language quoted in the second sentence of Paragraph 270. Defendants refer to the article and document for a complete and accurate statement of their contents.

271. Paragraph 271 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 271.

272. Paragraph 272 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 272, except admit that *The Wall Street Journal* published an article dated October 21, 2021 that purports to summarize Meta documents; and that a document contains the language quoted in the fifth sentence of Paragraph 272. Defendants refer to the article and document for a complete and accurate statement of their contents.

273. Paragraph 273 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 273, except admit

that Ms. Haugen filed whistleblower complaints with the SEC. Defendants refer to the complaints for a complete and accurate statement of their contents.

274.     Paragraph 274 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 274.

275.     Paragraph 275 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 275, except admit that analyst Société Générale Cross Asset Research published a report titled "Facebook: Growing evidence of a slowing user base and increasing investment" and dated October 29, 2021; and that the report contains the language quoted in the second through seventh sentences of Paragraph 275. Defendants refer to the document for a complete and accurate statement of its content.

276.     Defendants deny the allegations in Paragraph 276, except admit that *The Wall Street Journal* began publishing a series of articles in September 2021 that it called the "Facebook Files"; and that the first article in the series is dated September 13, 2021. Defendants refer to the articles for a complete and accurate statement of their contents.

277.     Defendants deny the allegations in Paragraph 277.

278.     Defendants deny the allegations in Paragraph 278, except admit that *The Washington Post* published an article, dated October 4, 2021, that contains the language quoted in the fourth sentence of Paragraph 278. Defendants refer to the article for a complete and accurate statement of its content.

279.     Defendants deny the allegations in Paragraph 279, except admit that *The Wall Street Journal* began publishing a series of articles in September 2021 that it called the "Facebook Files"; that the first article in the series is dated September 13, 2021 and titled "Facebook Says Its Rules Apply to All. Company Documents Reveal a Secret Elite That's Exempt"; and that the article purports to be the first of a series of articles that would be based, in part, on documents that have been turned over to the SEC. Defendants refer to the article for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

280. Paragraph 280 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 280, except admit that *The Wall Street Journal* published an article, dated September 13, 2021; and that the article contains the language in the first quote of the third sentence of Paragraph 280. Defendants refer to the article for a complete and accurate statement of its content.

281. Defendants deny the allegations in Paragraph 281, except admit that a *Wall Street Journal* article dated September 13, 2021 contains the language quoted in Paragraph 281. Defendants refer to the article for a complete and accurate statement of its content.

282. Defendants deny the allegations in Paragraph 282, except admit that *The Wall Street Journal* published an article dated September 13, 2021 that contains the language quoted in the first sentence in Paragraph 282.

283. Defendants deny the allegations in Paragraph 283, except admit that a *Wall Street Journal* article dated September 13, 2021 purports to describe a Meta document from 2019; and that a document contains the language quoted in the first, second, and fourth sentences of Paragraph 283, and in the first and second quotes of the third sentence of Paragraph 283. Defendants refer to the article and document for a complete and accurate statement of their contents.

284. Defendants deny the allegations in Paragraph 284, except admit that Mr. Horwitz authored an article published by *The Wall Street Journal* dated September 13, 2021; that *The Wall Street Journal* published a podcast on its website dated September 13, 2021; and that the podcast transcript contains the language quoted in the block quote in Paragraph 284. Defendants refer to the article and podcast transcript for a complete and accurate statement of their contents.

285. Defendants deny the allegations in Paragraph 285, except admit that *The Wall Street Journal* published an article, dated September 13, 2021. Defendants refer to the article for a complete and accurate statement of its content.

286. Defendants deny the allegations in Paragraph 286, except admit that Mr. Horwitz authored an article published by *The Wall Street Journal* dated September 13, 2021; and that the

transcript of a podcast published by *The Wall Street Journal*, dated September 13, 2021, contains the language quoted in the final sentence of Paragraph 286. Defendants refer to the article and podcast transcript for a complete and accurate statement of their contents.

287.    Defendants deny the allegations in Paragraph 287, except admit that *The Wall Street Journal* published an article dated September 13, 2021; admit that the article contains the language quoted in Paragraph 287; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Oversight Board. Defendants refer to the article for a complete and accurate statement of its content.

288.    Defendants deny the allegations in Paragraph 288, except admit that *The Wall Street Journal* published an article dated September 13, 2021; and that the article contains the language quoted in Paragraph 288. Defendants refer to the article for a complete and accurate statement of its content.

289.    Defendants deny the allegations in Paragraph 289, except admit that a thread was posted on Mr. Stone's Twitter profile on September 13, 2021; and that the thread contains the language quoted in the fifth sentence of Paragraph 289. Defendants refer to the Twitter thread for a complete and accurate statement of its content.

290.    Defendants deny the allegations in Paragraph 290 and refer to public sources for information on Meta's stock price and market capitalization.

291.    Defendants deny the allegations in Paragraph 291, except admit that *The Wall Street Journal* published an article dated September 14, 2021, titled "Facebook Knows Instagram Is Toxic for Many Teen Girls, Company Documents Show"; and that the article is the second in the series referred to by *The Wall Street Journal* as the "Facebook Files." Defendants refer to the article for a complete and accurate statement of its content.

292.    Defendants deny the allegations in Paragraph 292, except admit that *The Wall Street Journal* published an article, dated September 14, 2021, that purports to describe a Meta document dated March 2020; and that a document contains the language quoted in the first sentence of Paragraph 292. Defendants refer to the article and document for a complete and accurate statement of their contents.

49

293.	Defendants deny the allegations in Paragraph 293, except admit that *The Wall Street Journal* published an article that purports to describe a Meta document. Defendants refer to the article for a complete and accurate statement of its content.

294.	Defendants deny the allegations in Paragraph 294, except admit that *The Wall Street Journal* published an article dated September 14, 2021 that contains the language quoted in the second and third sentences of Paragraph 294. Defendants refer to the article and documents for a complete and accurate statement of their contents.

295.	Defendants deny the allegations in Paragraph 295, except admit that *The Wall Street Journal* published an article that purports to report on certain Meta documents. Defendants refer to the article for a complete and accurate statement of its content.

296.	Paragraph 296 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 296, except admit that *The Wall Street Journal* published an article that purports to describe Meta documents; and that Meta acquired Instagram in 2012. Defendants refer to the article for a complete and accurate statement of its content.

297.	Defendants deny the allegations in Paragraph 297, except admit that Ms. Wells is listed as an author of an article published by *The Wall Street Journal* dated September 14, 2021; that *The Wall Street Journal* posted a podcast dated September 14, 2021, titled "The Facebook Files, Part 2: 'We Make Body Image Issues Worse'"; that a transcript of the podcast purports to quote statements made by Mr. Mosseri; and the transcript contains the language quoted in the third sentence of Paragraph 297. Defendants refer to the podcast transcript for a complete and accurate statement of its content.

298.	Defendants deny the allegations in Paragraph 298, except admit that an Instagram blog post, dated September 14, 2021, is titled "Using research to improve your existence"; that the blog post contains the language quoted in the fourth and fifth sentences of Paragraph 298, and the second, fourth, and fifth paragraphs of the block quote in Paragraph 298; and that

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

Mr. Mosseri's Twitter feed contains a link to the blog post. Defendants refer to the blog post and tweet for a complete and accurate statement of their contents.

299. Defendants deny the allegations in Paragraph 299, except admit that an Instagram blog post, dated September 14, 2021, is titled "Using research to improve your existence"; that the Instagram blog post does not reference any funding to the Reuters Institute for the Study of Journalism at the University of Oxford for a new "Trust in News Project"; that the Instagram blog post contains a link to an article titled "Why scientists don't actually know if social media is bad for you" and authored by a psychologist at the Oxford Internet Institute that contains the language quoted in the block quote in Paragraph 299; and that the University of Oxford posted an article dated September 7, 2021 and titled "Partnering with the Facebook Journalism Project to Help News Organisations." Defendants refer to the blog post and articles for a complete and accurate statement of their contents.

300. Defendants deny the allegations in Paragraph 300, except admit that the Instagram blog post titled "Using research to improve your existence" linked to a survey conducted by the Pew Research Center; and that the Pew Research Center survey contains the language quoted in Paragraph 300. Defendants refer to the blog post and survey for a complete and accurate statement of their contents.

301. Defendants deny the allegations in Paragraph 301, except admit that *Forbes* published an article dated September 14, 2021; and that *The Guardian* published an article dated September 14, 2021 that contains the language quoted in the third and fourth sentences of Paragraph 301. Defendants refer to the articles for a complete and accurate statement of their contents.

302. Defendants deny the allegations in Paragraph 302, except admit that U.S. Senators Blumenthal and Blackburn released a statement dated September 14, 2021 stating their subcommittee would purportedly take additional steps to look into certain allegations made by *The Wall Street Journal*; and that the statement contains the language quoted in Paragraph 302. Defendants refer to the statement for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

303. Defendants deny the allegations in Paragraph 303, except admit that Senators Blumenthal and Blackburn released a statement that contains the language quoted in Paragraph 303. Defendants refer to the statement for a complete and accurate statement of its content.

304. Defendants deny the allegations in Paragraph 304, except admit that Senator Markey and Representatives Castor and Trahan wrote a letter dated September 15, 2021 to Mr. Zuckerberg; and that the letter contains the language quoted in the second sentence of Paragraph 304. Defendants refer to the letter for a complete and accurate statement of its content.

305. Defendants deny the allegations in Paragraph 305, except admit that Senator Markey and Representatives Castor and Trahan wrote a letter that contains the language in the second quote in the final sentence of Paragraph 305. Defendants refer to the letter for a complete and accurate statement of its content.

306. Defendants deny the allegations in Paragraph 306, except admit that *Mashable* published an article, dated September 15, 2021, titled "Facebook has made it easier than ever to profit off teen girls' insecurity"; that *NPR* published an article, dated September 15, 2021, that mentions an article *The Wall Street Journal* published on September 14, 2021; and that the *NPR* article contains the language quoted in the first, second, and fifth paragraphs of the block quote in Paragraph 306. Defendants refer to the articles for a complete and accurate statement of their contents.

307. Defendants deny the allegations in Paragraph 307, except admit that *Business Insider* published an article, dated September 16, 2021, that contains the language quoted in the first and second paragraphs of the block quote in Paragraph 307. Defendants refer to the article for a complete and accurate statement of its content.

308. Defendants deny the allegations in Paragraph 308, except admit that *Vox* published an article dated September 16, 2021 that contains the language quoted in the first paragraph of the block quote in Paragraph 308. Defendants refer to the article for a complete and accurate statement of its content.

309. Defendants deny the allegations in Paragraph 309, except admit that Morningstar Equity Research published a report, dated October 5, 2021, that contains the language quoted in

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

Paragraph 309.  Defendants refer to the report for a complete and accurate statement of its content.

310.    Paragraph 310 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 310, except admit that *The Wall Street Journal* began publishing a series of articles in September 2021 that it called the "Facebook Files"; and that the third article in the series is dated September 15, 2021 and titled "Facebook Tried to Make Its Platform a Healthier Place. It Got Angrier Instead." Defendants refer to the article for a complete and accurate statement of its content.

311.    Paragraph 311 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 311, except admit that *The Wall Street Journal* published an article that contains the language quoted in the first, third, and fourth sentences of Paragraph 311. Defendants refer to the article for a complete and accurate statement of its content.

312.    Paragraph 312 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 312.

313.    Paragraph 313 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 313, except admit that *The Wall Street Journal* published an article that contains the language quoted in the second sentence of Paragraph 313. Defendants refer to the article for a complete and accurate statement of its content.

314.    Paragraph 314 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 314, except admit that *The Wall Street Journal* published an article that contains the language quoted in the first

and second paragraphs of the block quote in Paragraph 314. Defendants refer to the article for a complete and accurate statement of its content.

315.    Paragraph 315 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 315, except admit that *The Wall Street Journal* published an article dated September 15, 2021 that purports to quote statements made by Mr. Stone; and that the article contains the language quoted in the block quote in Paragraph 315. Defendants refer to the article for a complete and accurate statement of its content.

316.    Paragraph 316 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 316 and refer to public sources for information on Meta's stock price and market capitalization.

317.    Paragraph 317 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 317, except admit that *The Wall Street Journal* published two articles dated September 16, 2021 and September 17, 2021, respectively. Defendants refer to the articles for a complete and accurate statement of their contents.

318.    Paragraph 318 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 318, except admit that *The Wall Street Journal* published an article dated September 16, 2021 that purports to report on activity by drug cartels and human traffickers on Meta's apps, and Meta's response to such content; that the article purports to quote statements made by Mr. Stone; and that the article contains the language quoted in Paragraph 318. Defendants refer to the article for a complete and accurate statement of its content.

319.    Paragraph 319 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 319 and refer to public sources for information on Meta's stock price and market capitalization.

320.    Paragraph 320 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 320, except admit that *The Wall Street Journal* published an article dated September 17, 2021 that purports to report on certain public statements purportedly made by Meta executives, including Mr. Zuckerberg; and that the article contains the language in the second quote of the third sentence of Paragraph 320. Defendants refer to the article for a complete and accurate statement of its content and to public sources for information on Meta's stock price and market capitalization.

321.    Paragraph 321 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 321, except admit that Wolfe Research published a report, dated September 19, 2021, that contains the language quoted in the first sentence of Paragraph 321. Defendants refer to the report for a complete and accurate statement of its content.

322.    Defendants deny the allegations in Paragraph 322, except admit that a post on the Oversight Board's website, dated September 21, 2021, contains the language quoted in Paragraph 322. Defendants refer to the post for a complete and accurate statement of its content.

323.    Defendants deny the allegations in Paragraph 323, except admit that a post on the Oversight Board's website contains the language quoted in Paragraph 323. Defendants refer to the post for a complete and accurate statement of its content.

324.    Defendants deny the allegations in Paragraph 324, except admit that *The Washington Post* published an article, dated September 21, 2021, that contains the language quoted in Paragraph 324. Defendants refer to the article for a complete and accurate statement of its content.

325. Defendants deny the allegations in Paragraph 325, except admit that on September 21, 2021 a congressional hearing took place before the Senate Judiciary Committee Subcommittee on Competition Policy, Antitrust, and Consumer Rights; that a transcript of the hearing shows that Senators Blumenthal (D-Conn.), Lee (R-Utah), Blackburn (R-Tenn.), Cruz (R-Tex.), and Hawley (R-Mo.) questioned Meta's then-Vice President of Privacy and Public Policy, Steve Satterfield; that a transcript of the hearing contains the language quoted in the third and fourth sentences of Paragraph 325; and deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding Senator Lee's position. Defendants refer to the transcript of the congressional hearing for a complete and accurate statement of its content.

326. Defendants deny the allegations in Paragraph 326, except admit that *The Washington Post* published an article, dated September 22, 2021, that contains the language quoted in Paragraph 326. Defendants refer to the article for a complete and accurate statement of its content.

327. Defendants deny the allegations in Paragraph 327 and refer to public sources for information on Meta's stock price and market capitalization.

328. Defendants deny the allegations in Paragraph 328, except admit that a Meta press release, dated September 26, 2021, is titled "What Our Research Really Says About Teen Well-Being and Instagram." Defendants refer to the press release for a complete and accurate statement of its content.

329. Paragraph 329 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 329, except admit that an Instagram blog post dated September 27, 2021 discusses a pause of Instagram Kids; that Mr. Mosseri made statements on the *Today* show that contain the language quoted in the second sentence of Paragraph 329; that *The Washington Post* published an article, dated September 28, 2021, that contains the language quoted in the fourth sentence of Paragraph 329; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

what multiple newspapers covered. Defendants refer to the blog post, *Today* show, and article for a complete and accurate statement of their contents.

330.    Paragraph 330 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 330, except admit that Democrats in the House and Senate issued a statement, dated September 27, 2021, regarding Instagram Kids; that the statement contains the language quoted in the second and third sentences of Paragraph 330; and that four lawmakers signed onto the statement, including Senator Markey (D-Ma.) and Representative Trahan (D-Ma.). Defendants refer to the statement for a complete and accurate statement of its content.

331.    Defendants deny the allegations in Paragraph 331, except admit that *The Wall Street Journal* published an article, dated September 28, 2021, titled "Facebook's Effort to Attract Preteens Goes Beyond Instagram Kids, Documents Show"; that the article purports to describe Meta documents; and that a document contains the language quoted in the third sentence of Paragraph 331. Defendants refer to the article and document for a complete and accurate statement of their contents.

332.    Defendants deny the allegations in Paragraph 332, except admit that Mr. Horwitz has authored articles published by *The Wall Street Journal*, including an article dated September 28, 2021; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Mr. Horwitz posted on his Twitter feed.

333.    Defendants deny the allegations in Paragraph 333, except admit that a Meta Newsroom post includes a statement that contains the language quoted in Paragraph 333. Defendants refer to the Newsroom post for a complete and accurate statement of its content.

334.    Defendants deny the allegations in Paragraph 334 and refer to public sources for information on Meta's stock price and market capitalization.

335.    Defendants deny the allegations in Paragraph 335, except admit that Meta released two documents discussed in the Facebook Files with annotations; and that the annotations contain the language quoted in the third sentence of Paragraph 335, the second and

third quotes in the fourth sentence of Paragraph 335, and the first quote in the sixth sentence of Paragraph 335. Defendants refer to the annotated documents for a complete and accurate statement of their contents.

336. Defendants deny the allegations in Paragraph 336, except admit that Argus Research published an analyst report that contains the language quoted in the first sentence of Paragraph 336, the first and second quotes in the second sentence of Paragraph 336, and the second and third quotes in the third sentence of Paragraph 336. Defendants refer to the report for a complete and accurate statement of its content.

337. Defendants deny the allegations in Paragraph 337, except admit that a *CNET* article dated September 30, 2021 contains the language in the first quote of the second sentence of Paragraph 337; and that a *TechCrunch* article, dated September 30, 2021, contains the language quoted in the third through fifth sentences of Paragraph 337. Defendants refer to the articles for a complete and accurate statement of their contents.

338. Defendants deny the allegations in Paragraph 338, except admit that Ms. Davis testified before the United States Senate Committee on Commerce, Science, and Transportation during a hearing named "Protecting Kids Online: Facebook, Instagram, and Mental Health Harms"; and that a transcript of the congressional hearing contains the language quoted in the second, third, fifth, and sixth sentences of Paragraph 338. Defendants refer to the transcript for a complete and accurate statement of its content.

339. Defendants deny the allegations in Paragraph 339, except admit that *The New York Times* published an article, dated October 1, 2021; and that the article contains the language quoted in the fifth through seventh sentences of Paragraph 339. Defendants refer to the article for a complete and accurate statement of its content.

340. Defendants deny the allegations in Paragraph 340, except admit that on October 3, 2021, the television program *60 Minutes* aired an interview with Ms. Haugen; that a transcript of the interview states Ms. Haugen was a data scientist with a degree in computer engineering and a Harvard master's degree in business who had previously done work for Google before being recruited by Meta in 2019; and that a transcript of the interview contains the language quoted in

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

the third sentence of Paragraph 340. Defendants refer to the transcript for a complete and accurate statement of its content.

341.    Defendants deny the allegations in Paragraph 341, except admit that a transcript of the interview includes statements containing the language quoted in Paragraph 341. Defendants refer to the transcript for a complete and accurate statement of its content.

342.    Paragraph 342 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 342, except admit that on October 3, 2021, the television program *60 Minutes* aired an interview with Ms. Haugen; and that a transcript of the interview includes statements containing the language in Paragraph 342. Defendants refer to the transcript for a complete and accurate statement of its content.

343.    Paragraph 343 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 343.

344.    Paragraph 344 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 344, except admit that on October 3, 2021, the television program *60 Minutes* aired an interview with Ms. Haugen; and that a transcript of the interview includes statements containing the language in Paragraph 344. Defendants refer to the transcript for a complete and accurate statement of its content.

345.    Defendants deny the allegations in Paragraph 345. Defendants refer to the transcript for a complete and accurate statement of its content.

346.    Defendants deny the allegations in Paragraph 346, except admit that on October 3, 2021, the television program *60 Minutes* aired an interview with Ms. Haugen; and that a transcript of the interview includes the language quoted in the second sentence of Paragraph 346. Defendants refer to the transcript for a complete and accurate statement of its content.

347.    Paragraph 347 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the

extent a response is required, Defendants deny the allegations in Paragraph 347, except admit that *The Wall Street Journal* published an article titled "The Facebook Whistleblower, Frances Haugen, Says She Wants to Fix the Company, Not Harm It"; that *The Wall Street Journal* released a podcast interview with Ms. Haugen titled "The Facebook Whistleblower Speaks Out"; and that a transcript of the podcast includes statements containing the language quoted in the second through fourth sentences and the block quote of Paragraph 347. Defendants refer to the podcast, article, and statements for a complete and accurate statement of their contents.

348.    Paragraph 348 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 348, except admit that *The Wall Street Journal* released a podcast interview with Ms. Haugen titled "The Facebook Whistleblower Speaks Out"; and that a transcript of the podcast includes statements containing the language quoted in the first sentence of Paragraph 348. Defendants refer to the transcript for a complete and accurate statement of its content.

349.    Defendants deny the allegations in Paragraph 349 and refer to public sources for information on Meta's stock price and market capitalization.

350.    Defendants deny the allegations in Paragraph 350, except admit that a written statement to the U.S. Senate Committee on Commerce, Science and Transportation, dated October 4, 2021, was purportedly authored by Ms. Haugen; and that the written statement contains the language quoted in the second sentence of Paragraph 350. Defendants refer to the written statement for a complete and accurate statement of its content.

351.    Defendants deny the allegations in Paragraph 351, except admit that Ms. Haugen filed complaints with the SEC that contain the language quoted in Paragraph 351.  Defendants refer to the complaints for a complete and accurate statement of their contents.

352.    Paragraph 352 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 352, except admit that *The Wall Street Journal* published an article, dated October 21, 2021, that purports to

discuss Meta documents regarding certain user metrics; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other publications referenced in Paragraph 352. Defendants refer to the article for a complete and accurate statement of its content.

353.    Defendants deny the allegations in Paragraph 353, except admit that Ms. Haugen testified before Congress on October 5, 2021; and that *ABC News* published an article, dated October 5, 2021, containing the language quoted in Paragraph 353. Defendants refer to the article and statement for a complete and accurate statement of their contents.

354.    Paragraph 354 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 354, except admit that a post on Mr. Zuckerberg's Facebook profile contains the language quoted in Paragraph 354. Defendants refer to the post for a complete and accurate statement of its content.

355.    Defendants deny the allegations in Paragraph 355, except admit that a post on Mr. Zuckerberg's Facebook profile contains the language quoted in Paragraph 355. Defendants refer to the post for a complete and accurate statement of its content.

356.    Defendants deny the allegations in Paragraph 356, except admit that J.P. Morgan published a research report, dated October 7, 2021, that contains the language quoted in Paragraph 356. Defendants refer to the report for a complete and accurate statement of its content.

357.    Defendants deny the allegations in Paragraph 357, except admit that Truist Securities published a report dated October 8, 2021. Defendants refer to the report for a complete and accurate statement of its content.

358.    Defendants deny the allegations in Paragraph 358, except admit that *The Wall Street Journal* published an article, dated October 6, 2021, titled "Facebook Slows New Products for 'Reputational Reviews'"; and that the article contains the language quoted in the second paragraph of the block quote in Paragraph 358. Defendants refer to the article for a complete and accurate statement of its content.

359.    Defendants deny the allegations in Paragraph 359, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding media coverage, and admit that *The Wall Street Journal* published an article that contains the language in the first quote in the second sentence of Paragraph 359. Defendants refer to the article for a complete and accurate statement of its content.

360.    Defendants deny the allegations in Paragraph 360, except admit that *The New York Times* published an article, dated October 6, 2021, titled "Facebook Hearing Strengthens Calls for Regulation in Europe"; that the article contains the language in the first quote in the third sentence of Paragraph 360, and the fourth and fifth sentences of Paragraph 360; and deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the European legislators. Defendants refer to the article for a complete and accurate statement of its content.

361.    Defendants deny the allegations in Paragraph 361 and refer to public sources for information on Meta's stock price and market capitalization.

362.    Defendants deny the allegations in Paragraph 362, except admit that Truist Securities published a report dated October 8, 2021; that the report contains the language in the third quote of the first sentence of Paragraph 362; and that the report contains the language quoted in the second sentence of Paragraph 362. Defendants refer to the report for a complete and accurate statement of its content.

363.    Defendants deny the allegations in Paragraph 363, except admit that *The New York Times* published an article, dated October 13, 2021, purporting to report on certain changes to Meta's internal systems. Defendants refer to the article for a complete and accurate statement of its content.

364.    Defendants deny the allegations in Paragraph 364, except admit that Tigress Financial Partners published a report, dated October 13, 2021, that contains the language quoted in Paragraph 364. Defendants refer to the report for a complete and accurate statement of its content.

365.    Defendants deny the allegations in Paragraph 365, except admit that the Oversight Board released Quarterly Transparency Reports, dated October 21, 2021.

366.    Defendants deny the allegations in Paragraph 366.

367.    Defendants deny the allegations in Paragraph 367, except admit that the Oversight Board's first quarterly transparency report contains the language quoted in Paragraph 367. Defendants refer to the statements for a complete and accurate statement of their contents.

368.    Defendants deny the allegations in Paragraph 368, except admit that the Oversight Board's first quarterly transparency report contains the language quoted in the first sentence of Paragraph 368; that Mr. Hughes is the director of the Oversight Board; and that an *NPR* article purports to quote an interview with Mr. Hughes that contains the language quoted in the second sentence of Paragraph 368. Defendants refer to the statements and article for a complete and accurate statement of their contents.

369.    Defendants deny the allegations in Paragraph 369, except admit that the Oversight Board's report contains the language quoted in Paragraph 368. Defendants refer to the statements for a complete and accurate statement of their contents.

370.    Paragraph 370 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 370, except admit that *The Wall Street Journal* published an article, dated October 21, 2021, titled "How Many Users Does Facebook Have? The Company Struggles to Figure it Out"; that the article contains the language quoted in the second through fourth sentences of Paragraph 370; and that a document contains the language in the second quote of the second sentence of Paragraph 370. Defendants refer to the article and document for a complete and accurate statement of their contents.

371.    Paragraph 371 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 371, except admit that *The Wall Street Journal* published an article that contains the language quoted in Paragraph

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

371; and that a document contains the language quoted in the second sentence of Paragraph 371. Defendants refer to the article and document for a complete and accurate statement of their contents.

372. Paragraph 372 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 372, except admit that *The Wall Street Journal* published an article that purports to quote statements made by Mr. Osborne; that the article contains the language quoted in the second and third sentences of Paragraph 372 and in the block quote of Paragraph 372. Defendants refer to the article for a complete and accurate statement of its content.

373. Paragraph 373 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 373, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what analysts understood; and admit that a Société Générale Cross Asset Research report contains the language quoted in Paragraph 373. Defendants refer to the report for a complete and accurate statement of its content.

374. Defendants deny the allegations in Paragraph 374, except deny knowledge and information sufficient to form a belief as to the truth of Meta's stock price. Defendants refer to public sources for information on Meta's stock price and market capitalization.

375. Paragraph 375 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 375, except admit that *The Washington Post* published an article dated October 22, 2021 that purports to describe an alleged complaint filed by an alleged Meta employee; and deny knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of Paragraph 375. Defendants refer to the article for a complete and accurate statement of its content.

376. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376.

377. Paragraph 377 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 377, except admit that *Bloomberg* published an article, dated October 25, 2021, titled "Facebook, Alarmed by Teen Usage Drop, Left Investors in the Dark"; that the article purports to describe a Meta report; and that the article contains the language quoted in the second sentence of Paragraph 377 and the bulleted language of Paragraph 377. Defendants refer to the article for a complete and accurate statement of its content.

378. Paragraph 378 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 378, except admit that a *Bloomberg* article contains the language quoted in Paragraph 378. Defendants refer to the article for a complete and accurate statement of its content.

379. Defendants deny the allegations in Paragraph 379, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding beliefs expressed by analysts; and admit that Guggenheim Securities, LLC published a report dated October 25, 2021 that contains the language quoted in the second sentence of Paragraph 379 and the second and third quotes in the third sentence of Paragraph 379. Defendants refer to the report for a complete and accurate statement of its content.

380. Defendants deny the allegations in Paragraph 380, except admit that William O'Neil + Company published a report dated October 26, 2021 that contains the language quoted in the first quote in the first sentence of Paragraph 380; that HSBC Global Research published a report dated November 15, 2021 that contains the language quoted in the fourth sentence; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Invest Heroes analysts. Defendants refer to the reports for a complete and accurate statement of their contents.

381.    Defendants deny the allegations in Paragraph 381, except admit that on November 18, 2021, certain state attorneys general announced they were beginning an investigation into Meta; and that a press release includes statements made by Attorney General Maura Healey containing the language quoted in the second and third sentences of Paragraph 381.  Defendants refer to the press release for a complete and accurate statement of its content.

382.    Defendants deny the allegations in Paragraph 382, except admit that on November 18, 2021, Senator Blumenthal, Chair of the Senate Commerce, Science, and Transportation Subcommittee on Consumer Protection, Product Safety, and Data Security at the time, issued a press release including a statement that contains the language quoted in Paragraph 382.  Defendants refer to the press release for a complete and accurate statement of its content.

383.    Defendants deny the allegations in Paragraph 383, except deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the potential effects of the proposed Nudging Users to Drive Good Experiences on Social Media Act; and admit that a press release includes statements made by Senator Klobuchar containing the language quoted in the fourth and fifth sentences of Paragraph 383.  Defendants refer to the press release for a complete and accurate statement of its content.

384.    Defendants deny the allegations in Paragraph 384, except admit that a *New York Times* article purports to report on an investigation concerning Molly Russell; and that the article contains the language quoted in the third sentence of Paragraph 384.  Defendants refer to the article for a complete and accurate statement of its content.

385.    Defendants deny the allegations in Paragraph 385.

386.    Paragraph 386 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 386, except admit that Meta's Community Standards are posted on its website; and that Meta's Community Standards webpage includes statements containing the language quoted in the second and third sentences of Paragraph 386.  Defendants refer to Meta's website for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

387.    Paragraph 387 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 387.

388.    Paragraph 388 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 388.

389.    Paragraph 389 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 389, except admit that a post on Mr. Zuckerberg's Facebook profile, dated January 7, 2021, contains the language quoted in the first sentence of Paragraph 389; that on January 21, 2021, Meta referred its decision to indefinitely suspend U.S. President Donald Trump's access to his Facebook and Instagram accounts to the Oversight Board; that the Oversight Board upheld Meta's decision to suspend Trump; and that the Oversight Board's decision is dated May 5, 2021.  Defendants refer to the post and decision for a complete and accurate statement of their contents.

390.    Paragraph 390 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 390, except admit that Mr. Zuckerberg testified before Congress in March 2021; and that Meta submitted written responses dated May 17, 2021 to questions directed to Mr. Zuckerberg.  Defendants refer to the written statements for a complete and accurate statement of their contents.

391.    Paragraph 391 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 391.

392.    Paragraph 392 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 392.

393.    Paragraph 393 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 393, except admit that Meta provided responses to Congress dated May 2021 that contain the language quoted in the fourth through sixth sentences of Paragraph 393. Defendants refer to the responses for a complete and accurate statement of their contents.

394.    Paragraph 394 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 394.

395.    Paragraph 395 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 395.

396.    Paragraph 396 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 396, except admit that on May 19, 2021, Meta held a conference call to discuss its Community Standards Enforcement Report for the first quarter of 2021; and that a transcript of the conference call includes statements that contain the language quoted in Paragraph 396. Defendants refer to the transcript for a complete and accurate statement of its content.

397.    Paragraph 397 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 397, except admit that Meta held its annual shareholders meeting on May 26, 2021; that a transcript of the meeting shows that a proposal regarding hate speech and violent content was discussed during the meeting; that a transcript of the meeting includes statements that contain the language quoted in the third sentence of Paragraph 397; and that Meta's 2021 Proxy Statement contains the language quoted in the block quote of Paragraph 397. Defendants refer to the meeting transcript and proxy statement for a complete and accurate statement of their contents.

68

398.    Paragraph 398 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 398.

399.    Paragraph 399 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 399.

400.    Paragraph 400 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 400.

401.    Defendants deny the allegations in Paragraph 401, except admit that in May 2021, the Oversight Board published a case summary that includes statements containing the language quoted, and refer to the case summary for a complete and accurate statement of its content.

402.    Defendants deny the allegations in Paragraph 402, except admit that a Meta Newsroom post dated June 4, 2021 contains the language quoted, and refer to the Newsroom post for a complete and accurate statement of its content.

403.    Defendants deny the allegations in Paragraph 403.

404.    Paragraph 404 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 404, except admit that a Meta Newsroom post dated June 4, 2021 included a link to the response to the Oversight Board's recommendations.  Defendants refer to the Newsroom post for a complete and accurate statement of its content.

405.    Paragraph 405 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 405.

406.    Paragraph 406 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 406, except admit

that the response to the Oversight Board contains the language quoted in the third sentence of Paragraph 406; and that the response includes a link to a Meta Newsroom post dated July 2018. Defendants refer to the response and Newsroom post for a complete and accurate statement of their contents.

407. Paragraph 407 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 407.

408. Defendants deny the allegations in Paragraph 408, except admit that the response to the Oversight Board addressed specific recommendations made by the Oversight Board; that the Oversight Board's recommendation to Meta contains the language quoted in the second sentence of Paragraph 408; and that the response to the Oversight Board's recommendation contains the language quoted in the third sentence of Paragraph 408. Defendants refer to the documents for a complete and accurate statement of their contents.

409. Defendants deny the allegations in Paragraph 409.

410. Defendants deny the allegations in Paragraph 410.

411. Paragraph 411 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 411, except admit that a *CBS News* article, dated June 5, 2021, contains the language quoted in Paragraph 411. Defendants refer to the statements for a complete and accurate statement of their contents.

412. Paragraph 412 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 412.

413. Paragraph 413 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 413, except admit that *CBS News* published an article dated June 10, 2021.

414.     Paragraph 414 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 414.

415.     Paragraph 415 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 415.

416.     Paragraph 416 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 416, except admit that on August 18, 2021, Mr. Zuckerberg appeared on *Good Morning America*; and that misinformation and COVID-19 vaccines were discussed during the appearance.  Defendants refer to Mr. Zuckerberg's appearance for a complete and accurate statement of its content.

417.     Paragraph 417 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 417.

418.     Paragraph 418 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 418, except admit that *The Wall Street Journal* published an article dated September 13, 2021 that contains the language quoted in Paragraph 418.  Defendants refer to the article for a complete and accurate statement of its content.

419.     Paragraph 419 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 419, except admit that a thread was posted on Mr. Stone's Twitter profile on September 13, 2021.  Defendants refer to the Twitter thread for a complete and accurate statement of its content.

420.    Paragraph 420 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 420.

421.    Paragraph 421 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 421.

422.    Paragraph 422 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 422, except admit that Ms. Bickert testified at a hearing before the Senate Judiciary Committee Subcommittee on Privacy, Technology, and the Law on April 27, 2021. Defendants refer to the transcript of the hearing for a complete and accurate statement of its content.

423.    Paragraph 423 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 423.

424.    Paragraph 424 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 424, except admit that Meta held its Q1 2021 earnings call on April 28, 2021; and that a transcript of the call contains the language quoted in the second sentence of Paragraph 424. Defendants refer to the transcript for a complete and accurate statement of its content.

425.    Paragraph 425 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 425.

426.    Paragraph 426 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 426.

427.    Paragraph 427 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 427, except admit that Meta provided responses to Congress dated May 2021 that contain answers to the questions asked during the March 25, 2021 hearing.  Defendants refer to the responses for a complete and accurate statement of their contents.

428.    Paragraph 428 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 428, except admit that Meta provided responses to Congress dated May 2021 that contain the language in the first quote in the first sentence of Paragraph 428.  Defendants refer to the responses for a complete and accurate statement of their contents.

429.    Paragraph 429 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 429.

430.    Paragraph 430 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 430, except admit that Meta provided responses to Congress dated May 2021 that contain the language quoted in the first sentence of Paragraph 430.  Defendants refer to the responses for a complete and accurate statement of their contents.

431.    Paragraph 431 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 431.

432.    Paragraph 432 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 432.

433.    Paragraph 433 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 433.

434.    Paragraph 434 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 434.

435.    Paragraph 435 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 435, except admit that Meta held its earnings call for the second quarter of 2021 on July 28, 2021.  Defendants refer to the earnings call transcript for a complete and accurate statement of its content.

436.    Paragraph 436 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 436.

437.    Paragraph 437 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 437, except admit that certain tweets were posted on Mr. LeCun's Twitter profile on July 28, 2021 and refer to the tweets for a complete and accurate statement of their contents.

438.    Paragraph 438 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 438.

439.    Paragraph 439 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 439, except admit that Mr. Clegg participated in a video interview with Freedom House dated July 29, 2021; and that a transcript for the video included the language quoted in the first through third sentences of

Paragraph 439.  Defendants refer to the video transcript for a complete and accurate statement of its content.

440.   Paragraph 440 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 440.

441.   Paragraph 441 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 441.

442.   Paragraph 442 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 442.

443.   Paragraph 443 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 443.

444.   Defendants deny the allegations in Paragraph 444.

445.   Paragraph 445 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 445.

446.   Paragraph 446 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 446.

447.   Paragraph 447 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 447, except admit that Congress posed questions regarding Meta's 2020 Annual Report and Meta's disclosures to Mr. Zuckerberg and Meta; and Meta provided responses to Congress dated May 2021. Defendants refer to the responses for a complete and accurate statement of their contents.

448.    Paragraph 448 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 448.

449.    Paragraph 449 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 449.

450.    Paragraph 450 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 450, except admit that Meta published a Community Standards Enforcement Report for the First Quarter of 2021 dated May 19, 2021; and that the report contains the language quoted in the first paragraph of the block quote in Paragraph 450.  Defendants refer to the enforcement report for a complete and accurate statement of its content.

451.    Paragraph 451 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 451, except admit that Meta held a conference call to discuss its Community Standards Enforcement Report for the first quarter of 2021 on May 19, 2021.

452.    Paragraph 452 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 452.

453.    Paragraph 453 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 453.

454.    Paragraph 454 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 454, except admit that Meta held its annual shareholders meeting on May 26, 2021; that a transcript of the meeting

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

shows that a proposal regarding hate speech and violent content was discussed during the meeting; that a transcript of the meeting includes statements that contain the language quoted in the third sentence of Paragraph 454; and that Meta's 2021 Proxy Statement contains the language in the first quote of the fourth sentence of Paragraph 454, and the block quote in Paragraph 454. Defendants refer to the meeting transcript and proxy statement for a complete and accurate statement of their contents.

455.    Paragraph 455 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 455.

456.    Paragraph 456 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 456.

457.    Paragraph 457 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 457, except admit that Meta held its annual shareholders meeting on May 26, 2021; and that a transcript of the meeting contains the language quoted in the first sentence of Paragraph 457. Defendants refer to the meeting transcript for a complete and accurate statement of its content.

458.    Paragraph 458 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 458.

459.    Paragraph 459 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 459, except admit that a Meta Newsroom post, dated May 26, 2021, is titled "Taking Action Against People Who Repeatedly Share Misinformation"; and that the post contains the language quoted in the second through fifth sentences of Paragraph 459.  Defendants refer to the Newsroom post for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

460.    Paragraph 460 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 460.

461.    Paragraph 461 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 461, except admit that Meta's Community Standards Enforcement Report for the second quarter of 2021 is dated August 18, 2021; and that the report contains the language quoted in the second through fourth sentences of Paragraph 461.  Defendants refer to the report for a complete and accurate statement of its content.

462.    Paragraph 462 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 462.

463.    Paragraph 463 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 463, except admit that on August 18, 2021, Mr. Zuckerberg appeared on *Good Morning America*.  Defendants refer to the transcript of Mr. Zuckerberg's video appearance for a complete and accurate statement of its content.

464.    Paragraph 464 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 464.

465.    Paragraph 465 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 465, except admit that a Meta Newsroom post, dated September 18, 2021, is titled "What the Wall Street Journal Got Wrong"; and that the Newsroom post contains the language quoted in the block quote in

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

Paragraph 465.   Defendants refer to the Newsroom post for a complete and accurate statement of its content.

466.     Paragraph 466 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 466, except admit that *The New York Times* published an article, dated October 2, 2021, titled "Whistle-Blower to Accuse Facebook of Contributing to Jan. 6 Riot, Memo Says"; and that the article purports to include statements dated October 1, 2021 that contain the language quoted in the second through fifth sentences of Paragraph 466.  Defendants refer to the article for a complete and accurate statement of their contents.

467.     Paragraph 467 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 467, except admit that a post on Mr. Zuckerberg's Facebook profile, dated October 5, 2021, contains the language quoted in Paragraph 467.  Defendants refer to the post for a complete and accurate statement of its content.

468.     Paragraph 468 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 468.

469.     Paragraph 469 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 469.

470.     Defendants deny the allegations in Paragraph 470.

471.     Paragraph 471 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 471, except admit that a tweet posted on Mr. Mosseri's Twitter profile, dated May 11, 2021, contains the language

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

quoted in the second and third sentences of Paragraph 471.  Defendants refer to the tweet for a complete and accurate statement of its content.

472.    Paragraph 472 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 472.

473.    Defendants deny the allegations in Paragraph 473, except admit that Meta's Community Standards Enforcement Report for the first quarter of 2021 is dated May 19, 2021.

474.    Defendants deny the allegations in Paragraph 474.

475.    Paragraph 475 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 475, except admit that a purported summary of an interview of Mr. Mosseri was published by *The Information*; and that summary was dated May 24, 2021. Defendants refer to the summary for a complete and accurate statement of its content.

476.    Paragraph 476 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 476.

477.    Defendants deny the allegations in Paragraph 477, except admit that a Meta Newsroom post, dated May 26, 2021, is titled "Giving People More Control on Instagram and Facebook."  Defendants refer to the Newsroom post for a complete and accurate statement of its content.

478.    Defendants deny the allegations in Paragraph 478.

479.    Paragraph 479 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 479, except admit that *The Wall Street Journal* published an article, dated May 26, 2021, titled "Facebook, Instagram to Allow Users to Hide 'Likes'"; and that the article purports to publish statements

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

made by Mr. Mosseri that contain the language quoted in the third sentence of Paragraph 479. Defendants refer to the article for a complete and accurate statement of its content.

480.    Paragraph 480 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 480.

481.    Paragraph 481 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 481.

482.    Defendants deny the allegations in Paragraph 482, except admit that the September 14, 2021 Facebook File purports to report that Mr. Mosseri was interviewed in May 2021.

483.    Defendants deny the allegations in Paragraph 483.

484.    Defendants deny the allegations in Paragraph 484, except admit that Meta held its annual shareholders meeting on May 26, 2021; that a transcript of the meeting shows that a proposal regarding child exploitation was discussed during the meeting; that a transcript of the meeting includes statements that contain the language quoted in the third sentence of Paragraph 484; and that Meta's 2021 Proxy Statement contains the language quoted in the fourth sentence of Paragraph 484. Defendants refer to the documents for a complete and accurate statement of their contents.

485.    Defendants deny the allegations in Paragraph 485.

486.    Defendants deny the allegations in Paragraph 486, except admit that a Meta Newsroom post, dated July 27, 2021, is titled "Giving Young People a Safer, More Private Experience on Instagram"; and that the Newsroom post contains the language quoted in the second and third sentences of Paragraph 486.  Defendants refer to the Newsroom post for a complete and accurate statement of its content.

487.    Defendants deny the allegations in Paragraph 487.

488.    Defendants deny the allegations in Paragraph 488, except admit that a Meta Newsroom post, dated July 27, 2021, is titled "How Do We Know Someone Is Old Enough to

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

Use Our Apps?"; and that the Newsroom post contains the language quoted in the second through fourth sentences of Paragraph 488.  Defendants refer to the Newsroom post for a complete and accurate statement of its content.

489.    Defendants deny the allegations in Paragraph 489.

490.    Defendants deny the allegations in Paragraph 490, except admit that Senators Blumenthal and Blackburn wrote a letter addressed to Mr. Zuckerberg dated August 4, 2021; and that the letter contains the language quoted in the second sentence of Paragraph 490. Defendants refer to the letter for a complete and accurate statement of its content.

491.    Defendants deny the allegations in Paragraph 491.

492.    Paragraph 492 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 492, except admit that *The Wall Street Journal* published an article dated September 14, 2021; that Ms. Newton was then Instagram Head of Public Policy; that an Instagram blog post dated September 14, 2021 purports to respond to *The Wall Street Journal* article; and that the Instagram blog post contains the language quoted in the fourth sentence of Paragraph 492.  Defendants refer to the article and Instagram blog post for a complete and accurate statement of their contents.

493.    Defendants deny the allegations in Paragraph 493, except admit that a Meta Newsroom post, dated September 26, 2021, contains the language quoted in the second sentence. Defendants refer to the Newsroom post for a complete and accurate statement of its content.

494.    Defendants deny the allegations in Paragraph 494.

495.    Defendants deny the allegations in Paragraph 495, except admit that on September 30, 2021, Ms. Davis testified before the United States Senate Committee on Science, Commerce, and Transportation during a hearing named "Protecting Kids Online: Facebook, Instagram, and Mental Health Harms."  Defendants refer to the hearing's transcript for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

496.    Defendants deny the allegations in Paragraph 496, except admit that a transcript of a September 30, 2021 congressional hearing contains the language quoted in Paragraph 496. Defendants refer to the transcript for a complete and accurate statement of its content.

497.    Defendants deny the allegations in Paragraph 497, except admit that a transcript of a September 30, 2021 congressional hearing contains the language quoted in Paragraph 497. Defendants refer to the transcript for a complete and accurate statement of its content.

498.    Defendants deny the allegations in Paragraph 498, except admit that a transcript of a September 30, 2021 congressional hearing references a March 2021 congressional hearing. Defendants refer to the transcript for a complete and accurate statement of its content.

499.    Defendants deny the allegations in Paragraph 499.

500.    Defendants deny the allegations in Paragraph 500.

501.    Defendants deny the allegations in Paragraph 501.

502.    Defendants deny the allegations in Paragraph 502, except admit that a transcript of an October 5, 2021 congressional hearing contains the language quoted in Paragraph 502. Defendants refer to the transcript for a complete and accurate statement of its content.

503.    Paragraph 503 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 503.

504.    Paragraph 504 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 504, except admit that Meta's Q1 2021 Form 10-Q was signed by Mr. Zuckerberg and Mr. Wehner and contains the language quoted in Paragraph 504.  Defendants refer to the Form 10-Q for a complete and accurate statement of its content.

505.    Paragraph 505 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 505.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

506. Paragraph 506 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 506, except admit that Meta's Q1 2021 Form 10-Q contains the language quoted in Paragraph 506. Defendants refer to the Form 10-Q for a complete and accurate statement of its content.

507. Paragraph 507 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 507.

508. Paragraph 508 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 508, except admit that Meta's Q2 2021 Form 10-Q contains the language quoted in Paragraph 508. Defendants refer to the Form 10-Q for a complete and accurate statement of its content.

509. Paragraph 509 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 509.

510. Paragraph 510 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 510, except admit that Meta's Q2 2021 Form 10-Q contains the language quoted in Paragraph 510. Defendants refer to the Form 10-Q for a complete and accurate statement of its content.

511. Paragraph 511 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 511.

512. Paragraph 512 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 512.

513. Paragraph 513 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 513.

514. Paragraph 514 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 514, and refer to public sources for information on Meta's stock price and market capitalization throughout the purported Class Period.

515. Paragraph 515 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 515.

516. Paragraph 516 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 516.

517. Defendants deny the allegations in Paragraph 517.

518. Defendants deny the allegations in Paragraph 518.

519. Defendants deny the allegations in Paragraph 519, except admit that *The Wall Street Journal* began publishing a series of articles in September 2021 that it called the "Facebook Files"; and that the first article in the series is dated September 13, 2021. Defendants refer to the article for a complete and accurate statement of its content.

520. Defendants deny the allegations in Paragraph 520, except admit that a document contains the language in the first quote of Paragraph 520. Defendants refer to the document for a complete and accurate statement of its content.

521. Defendants deny the allegations in Paragraph 521, except admit that a document titled "Comparing the effects of misinfo from politicians vs ordinary user sources" contains the language in the second quote of the second sentence of Paragraph 521. Defendants refer to the document for a complete and accurate statement of its content.

522. Defendants deny the allegations in Paragraph 522, except admit that a document contains the language quoted in the first, second, and fourth sentences of Paragraph 522, and the

85

first, second, third, and fifth quotes of the third sentence of Paragraph 522. Defendants refer to the document for a complete and accurate statement of its content.

523. Paragraph 523 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 523, except admit that Meta made certain changes to its algorithm in 2018 and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding surveys of users on their newsfeeds.

524. Paragraph 524 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 524.

525. Paragraph 525 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 525, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen.

526. Paragraph 526 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 526, except admit that a document titled "Demoting On Integrity Signals Is Not Enough" contains the language in the first quote of the second sentence, and the first quote of the third sentence of Paragraph 526. Defendants refer to the document for a complete and accurate statement of its content.

527. Paragraph 527 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 527, except admit that a document contains the language quoted in Paragraph 527. Defendants refer to the document for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

528.    Paragraph 528 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 528.

529.    Paragraph 529 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 529.

530.    Paragraph 530 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 530, except admit that a document contains the language quoted in the first sentence of Paragraph 530; and that Ms. Haugen was interviewed by *60 Minutes* on October 3, 2021. Defendants refer to the document for a complete and accurate statement of its content.

531.    Paragraph 531 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 531, except admit that a *New York Times* article was published on October 22, 2021; and that a document titled "Carol's Journey to QAnon" contains the language quoted in the fifth sentence of Paragraph 531. Defendants refer to the article and document for a complete and accurate statement of their contents.

532.    Paragraph 532 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 532, except admit a document contains the language quoted in the second and third sentences of Paragraph 532. Defendants refer to the document for a complete and accurate statement of its content.

533.    Paragraph 533 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 533, except admit that *The Wall Street Journal* published an article that contains the language quoted in the fourth

sentence of Paragraph 533; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen.  Defendants refer to the article for a complete and accurate statement of its content.

534.     Defendants deny the allegations in Paragraph 534.

535.     Defendants deny the allegations in Paragraph 535, except admit that a document dated March 2021 contains the language in the first quote of the third sentence of Paragraph 535. Defendants refer to the document for a complete and accurate statement of its content.

536.     Defendants deny the allegations in Paragraph 536, except admit that a *Wall Street Journal* article contains the language quoted in the second and fourth sentences of Paragraph 536.  Defendants refer to the article for a complete and accurate statement of its content.

537.     Paragraph 537 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 537.

538.     Paragraph 538 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 538, except admit that a document contains the language quoted in the second sentence of Paragraph 538. Defendants refer to the document for a complete and accurate statement of its content.

539.     Paragraph 539 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 539.

540.     Defendants deny the allegations in Paragraph 540, except admit that a *Washington Post* article contains the language quoted in Paragraph 540.  Defendants refer to the article for a complete and accurate statement of its content.

541.     Defendants deny the allegations in Paragraph 541, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen's testimony.  Defendants refer to the transcript for a complete and accurate statement of its content.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

542.    Defendants deny the allegations in Paragraph 542, except admit that a document dated December 11, 2020 and titled "Political Influences on Content Policy" contains the language quoted in the block quote of Paragraph 542.  Defendants refer to the document for a complete and accurate statement of its content.

543.    Defendants deny the allegations in Paragraph 543, except admit that a *Wall Street Journal* article contains the language quoted in Paragraph 543.  Defendants refer to the article for a complete and accurate statement of its content.

544.    Defendants deny the allegations in Paragraph 544.

545.    Defendants deny the allegations in Paragraph 545.

546.    Defendants deny the allegations in Paragraph 546, except admit that Mr. Clegg is currently Meta's President of Global Affairs.

547.    Paragraph 547 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 547.

548.    Paragraph 548 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 548, except admit that a *Washington Post* article contains the language quoted in the second, fifth, and sixth sentences of Paragraph 548; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what a former Facebook executive and Mr. Boland told *The Washington Post*. Defendants refer to the article for a complete and accurate statement of its content.

549.    Paragraph 549 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 549, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen's testimony.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

550. Defendants deny the allegations in Paragraph 550, except admit that a *Washington Post* article contains the language quoted in the third and fourth sentences of Paragraph 550; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Backstrom and Meta's former head of civic integrity. Defendants refer to the article for a complete and accurate statement of its content.

551. Paragraph 551 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 551, except admit that a document contains the language quoted in the first sentence of Paragraph 551. Defendants refer to the document for a complete and accurate statement of its content.

552. Paragraph 552 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 552.

553. Defendants deny the allegations in Paragraph 553, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen.

554. Defendants deny the allegations in Paragraph 554, except admit that Defendant Zuckerberg testified before the United States House of Representatives' Subcommittee on Communications and Technology on March 25, 2021; and that a transcript of the March 25, 2021 congressional hearing contains the language in the first and second quotes of the third sentence of Paragraph 554. Defendants refer to the transcript for a complete and accurate statement of its content.

555. Defendants deny the allegations in Paragraph 555, except admit that a transcript of a March 25, 2021 congressional hearing contains the language in the first two quotes of the first sentence of Paragraph 555, and the second and third sentences of Paragraph 555. Defendants refer to the transcript for a complete and accurate statement of its content.

556. Defendants deny the allegations in Paragraph 556, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

557.    Defendants deny the allegations in Paragraph 557, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the two Meta employees.

558.    Defendants deny the allegations in Paragraph 558.

559.    Defendants deny the allegations in Paragraph 559, except admit that a *Wall Street Journal* article contains the language quoted in Paragraph 559.  Defendants refer to the article for a complete and accurate statement of its content.

560.    Defendants deny the allegations in Paragraph 560, except admit that documents contain the language quoted in Paragraph 560.  Defendants refer to the documents for a complete and accurate statement of their contents.

561.    Defendants deny the allegations in Paragraph 561, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Oversight Board's statements.

562.    Defendants deny the allegations in Paragraph 562, except admit that the Oversight Board published a report that contains the language quoted in Paragraph 562.  Defendants refer to the report for a complete and accurate statement of its content.

563.    Defendants deny the allegations in Paragraph 563, except admit that the Oversight Board published a report that contains the language quoted in the second and third sentences of Paragraph 563.  Defendants refer to the report for a complete and accurate statement of its content.

564.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 564, except admit that a *New York Post* article contains the language quoted in the third sentence of Paragraph 564.  Defendants refer to the article for a complete and accurate statement of its content.

565.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 565.

566.    Paragraph 566 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the

extent a response is required, Defendants deny the allegations in Paragraph 566, except admit that Facebook's and Instagram's home pages include a user's News Feed; and that *The Wall Street Journal* published an article that purports to report on News Feed.  Defendants refer to the article for a complete and accurate statement of its content.

567.    Paragraph 567 and Footnote 1 contain allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 567 and Footnote 1, except admit that Mr. Zuckerberg testified before Congress on March 25, 2021 at a hearing titled "Disinformation Nation: Social Media's Role in Promoting Extremism and Misinformation."

568.    Paragraph 568 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 568, except admit that a *Wall Street Journal* article contains the language in the first and third quotes of the third sentence of Paragraph 568; and that documents contain the language quoted in the fourth and fifth sentences of Paragraph 568.  Defendants refer to the article and the documents for a complete and accurate statement of their contents.

569.    Paragraph 569 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 569, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding *BuzzFeed* content producers and political parties; and admit that a document contains the language quoted in the third sentence of Paragraph 569.  Defendants refer to the document for a complete and accurate statement of its content.

570.    Paragraph 570 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 570, except admit

that a document contains the language in the first and third quotes of Paragraph 570.  Defendants refer to the document for a complete and accurate statement of its content.

571.    Defendants deny the allegations in Paragraph 571, except admit that documents contain the language quoted in Paragraph 571.  Defendants refer to the documents for a complete and accurate statement of their contents.

572.    Defendants deny the allegations in Paragraph 572, except admit that a document dated February 1, 2021 contains the language quoted in Paragraph 572.  Defendants refer to the document for a complete and accurate statement of its content.

573.    Paragraph 573 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 573, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen.

574.    Paragraph 574 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 574, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding members of Congress.

575.    Paragraph 575 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 575, except admit that an Argus Research report contains the language quoted in the second sentence of Paragraph 575, and the second and third quotes of the third sentence of Paragraph 575.  Defendants refer to the report for a complete and accurate statement of its content.

576.    Paragraph 576 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 576, except admit that Meta made certain changes to its algorithm in 2018.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

577.    Paragraph 577 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 577, and refer to public sources for information on Meta's revenues for the purported Class Period.

578.    Paragraph 578 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 578, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Haugen.

579.    Paragraph 579 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 579.

580.    Paragraph 580 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 580, except admit that a document dated February 2020 and titled "Tweens Competitive Audit" contains the language in the second quote of the second sentence of Paragraph 580.  Defendants refer to the document for a complete and accurate statement of its content.

581.    Paragraph 581 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 581, except admit that documents contain the language in the first quote of the second sentence of Paragraph 581, and the first quote of the third sentence of Paragraph 581; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Meta researchers may have told *The Wall Street Journal*.  Defendants refer to the documents for a complete and accurate statement of their contents.

582.    Paragraph 582 contains allegations regarding claims that were dismissed pursuant to the Court's September 30, 2024 MTD Order, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 582.

583.    Paragraph 583 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 583.

584.    Paragraph 584 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 584.

585.    Paragraph 585 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 585.

586.    Paragraph 586 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 586.

587.    Paragraph 587 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 587.

588.    Paragraph 588 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 588, except admit that Meta Class A common stock was traded on the NASDAQ; that Meta filed documents with the SEC; and that Meta communicated with investors; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding securities analysts and members of the purported Class.

589.    Paragraph 589 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 589.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

590.    Paragraph 590 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 590.

591.    Paragraph 591 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 591, except admit that they describe Lead Plaintiffs' purported class.

592.    Paragraph 592 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 592, except admit that Meta Class A common stock was traded on NASDAQ; and that as of October 2021, there were over 2.3 billion shares of Meta common stock outstanding; and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what Lead Plaintiffs believe.

593.    Paragraph 593 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 593.

594.    Paragraph 594 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 594.

595.    Paragraph 595 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 595.

596.    Paragraph 596 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 596.

597.    Defendants repeat and reincorporate each and every response to the allegations above, as if set forth fully herein.

598.    Paragraph 598 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in

Paragraph 598, except admit that the allegations purport to describe Plaintiffs' claim under Count I.

599.    Paragraph 599 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 599.

600.    Paragraph 600 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 600.

601.    Paragraph 601 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 601.

602.    Paragraph 602 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 602.

603.    Paragraph 603 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 603.

604.    Paragraph 604 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 604.

605.    Paragraph 605 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 605.

606.    Paragraph 606 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 606.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

607. Paragraph 607 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegation in Paragraph 607.

608. Paragraph 608 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 608.

609. Defendants repeat and reincorporate each and every response to the allegations above, as if set forth fully herein.

610. Paragraph 610 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 610, except admit that the allegations purport to describe Plaintiffs' claim under Count II.

611. Paragraph 611 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 611.

612. Paragraph 612 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 612.

613. Paragraph 613 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 613.

614. Paragraph 614 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 614.

615. Paragraph 615 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 615.

616.   Paragraph 616 contains legal arguments and conclusions of law, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 616.

617.   Defendants deny that Plaintiff or putative class members are entitled to any judgment, damages, recovery, or relief whatsoever.

## DEFENSES

Without admitting any wrongful conduct, and without assuming any burden that they would otherwise bear, Defendants assert the following defenses to the Complaint.  In asserting these defenses, Defendants have not knowingly and intentionally waived any applicable additional defenses and reserve the right to assert any other defenses, crossclaims, or third-party claims not asserted herein of which Defendants become aware through discovery or other investigation as may be appropriate at a later time.

## FIRST DEFENSE

Plaintiffs' claims are barred by the applicable statutes of repose and/or statutes of limitation.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by equitable estoppel, waiver, unclean hands, and/or other equitable doctrines.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of *in pari delicto*.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to a lack of jurisdiction.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they cannot establish specific misstatements or omissions or why any misstatement or omission is misleading, or particular facts sufficient to support the allegations asserted on information and belief.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants did not make any untrue statement of material fact.

**NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements contain expressions of opinion that Plaintiffs have not alleged, and cannot prove, were not truly held.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they are based on forward-looking statements that were either accompanied by meaningful cautionary language or made without actual knowledge that those statements were false or misleading. 15 U.S.C. § 78u-5(c).

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the "bespeaks caution" doctrine.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants did not violate any duty owed to Plaintiff.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants had no duty to disclose, or to cause the disclosure of, the allegedly omitted material information.

## FIFTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Defendants lacked the required fraudulent intent or scienter necessary to establish violations of the securities laws.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not employ any device, scheme, or artifice to defraud.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not engage in any act, practice, or course of business that operated or would operate as a fraud or deceit.

## EIGHTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Defendants made full and accurate disclosures of all information required to be disclosed by law and did not omit to disclose any statement of fact necessary in order to make the statements made by the Defendants not misleading.

## NINTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the terms, disclaimers, and disclosures in Defendants' SEC filings.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because some or all of the matters now claimed by Plaintiffs to have been omitted from Defendants' public disclosures (which the Defendants deny) were fully disclosed by the Defendants or were otherwise known to and entered the securities market through credible sources.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims under Section 20(a) of the Exchange Act are barred because Defendants at all times acted in good faith, and did not directly or indirectly induce the alleged acts underlying Plaintiffs' claims.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants at all times acted in reasonable reliance upon the representations, reports, expert opinions, and advice of professional

advisors, and had no grounds to believe that such representations, reports, opinions, and advice were in any way inadequate, unfounded, or incorrect.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants are not liable to Plaintiffs for any claims based on alleged misrepresentations or omissions for which Plaintiffs and/or their agents, financial representatives, and/or broker-dealers had, in whole or part, actual or constructive knowledge.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purchased Defendants' common stock with actual or constructive knowledge of the risks involved in an investment in Defendants' common stock, and thus assumed the risk that the value of the common stock would decline if such risks materialized.

## TWENTY-FIFTH DEFENSE

Plaintiffs are not entitled to a presumption of reliance and did not reasonably rely on any allegedly misleading statement of material fact when purchasing securities.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any cognizable damages.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements or omissions did not affect the market price of Defendants' common stock.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged injury or damage was caused and brought about by other factors, including, but not limited to, market-wide phenomena, economic factors, and/or the acts, conduct, or omissions of individuals and/or entities other than the Defendants that intervened between the Defendants' alleged actions and the alleged harm. Accordingly, any recovery should be precluded or diminished in proportion to the amount of fault attributable to other factors.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because no act or omission by any of the Defendants was the cause in fact or proximate cause of any damage alleged by Plaintiffs.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to make reasonable efforts to mitigate their alleged injury or damage that would have prevented all or part of any such alleged injury or damage.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged damages suffered by Plaintiffs, which the Defendants deny, are speculative.

## THIRTY-SECOND DEFENSE

Plaintiffs cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.

## THIRTY-THIRD DEFENSE

The purported class period is overbroad and, therefore, many of the purported class members are not entitled to any recovery.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the alleged class, including those who did not purchase Defendants' common stock, lack standing to assert federal securities fraud claims against the Defendants.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs allege false or misleading statements that were not made in connection with the purchase or sale of a security.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are based on alleged conduct that concluded before, or began after, Plaintiffs' purchases of Meta's stock.

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO

**THIRTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the Court's September 30, 2024 MTD Order.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court:

1.    Render judgment that Plaintiffs take nothing by this suit;

2.    Dismiss the Complaint with prejudice; and

3.    Grant any other just and proper relief to which Defendants may be entitled.

Dated:  February 14, 2025                DAVIS POLK & WARDWELL LLP


By:  */s/ Charles S. Duggan*

Charles S. Duggan (admitted *pro hac vice*)
James P. Rouhandeh (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    charles.duggan@davispolk.com
              rouhandeh@davispolk.com
              nikolaus.williams@davispolk.com
              paulina.perlin@davispolk.com

Neal A. Potischman (SBN 254862)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,*
*Mark Zuckerberg, Nick Clegg, Antigone Davis,*
*and Karina Newton*

DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-CV-08812-AMO