Charles S. Duggan (admitted *pro hac vice*)
James P. Rouhandeh (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:  charles.duggan@davispolk.com
        rouhandeh@davispolk.com
        nikolaus.williams@davispolk.com
        paulina.perlin@davispolk.com

Neal A. Potischman (SBN 254862)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,
Mark Zuckerberg, Nick Clegg, Karina Newton and
Antigone Davis*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION | Lead Case No. 3:21-cv-08812-AMO<br><br>Consolidated Case Nos. 3:21-cv-08873-AMO and 3:21-cv-09041-AMO<br><br>STIPULATED [AND PROPOSED] PROTECTIVE ORDER |

**STIPULATED PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties (as defined below) hereby stipulate to and petition the Court to enter this stipulated

protective order ("Stipulated Protective Order"). The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation or non-designation of information or items under this Stipulated Protective Order.

2.2    Competitor: the term "competitor" shall have its ordinary meaning, which solely for purposes of this action, based on the allegations in this action, includes, for example, Google, Apple, YouTube, Tencent, Snap, Twitter, Bytedance, Microsoft, and Amazon.  Meta Platforms, Inc. ("Meta") has the right to update and amend this list by notifying the Parties in writing of additional competitors for purposes of this action.  Any updates or amendments made by Meta to this list after a Party has identified an expert witness or consultant in connection with this action shall only be made within ten (10) days of each expert witness's or consultant's disclosure and only upon a good faith reasonable basis that the identified expert witness or consultant does not meet the definition of Expert as defined herein.

2.3    "CONFIDENTIAL" Protected Material: information (regardless of how it is generated, stored or maintained) or tangible things that (i) qualify for protection under Federal Rule of Civil Procedure 26(c); (ii) may cause harm to a Party or Non-Party through their disclosure; or (iii) are protected from disclosure under domestic or international data privacy laws, directives, acts, or other legislation and regulations.  "CONFIDENTIAL" Protected Material includes but is not limited to competitively sensitive business information, personal health information, personally identifiable information (e.g., information that would be subject to redaction under Federal Rules of Civil Procedure 5.2 as well as any information that would be harmful to an individual should the

2

information be made public), and any information from or about an individual consumer.

2.4    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their respective support staff).

2.5    Designating Party: a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including any productions made prior to the entry of this Stipulated Protective Order.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor, as well as the expert witness's or consultant's assistants, support staff, and agents. If Lead Plaintiffs determine that they have a need to show information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a person who (1) is a current employee of Meta or a Meta competitor, or (2) at the time of retention, is anticipated to become an employee of Meta or a Meta competitor, but who otherwise meets the definition of "Expert," Lead Plaintiff reserve the right to seek relief from the Court to treat such person as an "Expert" subject to the provisions of this Stipulated Protected Order, including Section 7.5.  Defendants reserve the right to oppose any such request for relief. Unless and until the Court grants such relief, a person who is a current or anticipated employee of Meta or a Meta competitor shall not be deemed an "Expert" and shall have no rights with respect to accessing Protected Material under this Stipulated Protective Order.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material: information (regardless of how it is generated, stored or maintained) or tangible things (i) that meet the definition of "CONFIDENTIAL" Protected Material and (ii) the disclosure of which to another

3

Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to: proprietary design and development materials for products and/or services, sensitive products and/or services, and strategic decision-making information.

2.9    In-House Counsel: attorneys who are employees or contractors of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party, or who are employed or contracted with a law firm or governmental agency which has appeared on behalf of that Party, including the Office of the Attorney General of the State of Ohio.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, contractors, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, scanning, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, searching, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17    Source Code: computer code, associated comments, and/or revision histories for computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structures of software or hardware designs.

4

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above and including any Protected Material produced in this matter prior to the entry of this Stipulated Protective Order), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain, including through trial or otherwise, after its disclosure to a Receiving Party; or (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Notwithstanding the foregoing, any information that is in the public domain solely as a result of publication involving a violation of this Stipulated Protective Order, another court's order, unlawful conduct, or a breach of a confidentiality obligation to the Designating Party shall not lose any protections conferred by this Stipulated Protective Order solely on account of such disclosure. This provision does not impose any obligation on either Party to investigate the reason that any information has entered the public domain to avoid violating this Stipulated Protective Order.

Any use of Protected Material at trial shall be governed by a separate agreement or order. This Stipulated Protective Order is not intended to, and does not, govern the inspection of Defendant's Source Code.  Should the Parties agree to the inspection of Source Code, the Parties agree to meet and confer on a separate protective order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

5

reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States, if applicable.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent that it is practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Improper mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (see, e.g., section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to every page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

6

portion(s) (e.g., by making appropriate markings in the margins), to the extent it is practicable to do so.  For information that is produced in native electronic format, the designation legend must be included in the file name and indicated on its corresponding TIFF placeholder.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), to the extent it is practicable to do so.

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party either identifies (1) on the record or (2) in writing, within 21 calendar days of receipt of the final transcript, that the transcript, in whole or in part, must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Any transcript that is prepared before the expiration of the 21-day period shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, only those portions of the testimony that are designated for protection, either on the record, or within the 21-day period, shall be covered by the provisions of this Stipulated Protective Order.

To the extent a deponent gives testimony regarding exhibits that are designated Protected Material that reveals confidential information in those exhibits, unless the Parties agree otherwise, that testimony (and related questioning revealing confidential information) must be treated in accordance with the level the Protected Material was designated regardless of whether the

7

testimony itself receives express designation at or after the deposition.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  If Protected Material is used as an exhibit at a deposition, only individuals to whom disclosure of such Protected Material is authorized under Sections 7.3 or 7.4 of this Stipulated Protective Order may be present for the portion of the deposition in which the Protected Material is the subject of questioning or testimony.  The use of Protected Material as an exhibit at a deposition will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have a legend on the title page noting that the transcript contains Protected Material, and the title page must be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     Failures to Designate. If timely corrected, a failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.

If a Producing Party discovers that it has failed to designate Protected Material, the Producing Party shall give written notice of such failure to designate, identifying by Bates number (or in the absence of Bates numbers, other information sufficient to identify) the Protected Material that was not designated (the "Re-Designation Production Notice").  Within 10 calendar days after providing a Re-Designation Production Notice, the Producing Party shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation.

Upon receipt of a Re-Designation Production Notice, the Receiving Party shall make

8

reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

This provision is not intended to apply to any production of any document, material, or testimony protected by attorney-client or work product privileges, which will be separately addressed in a separate Federal Rule of Evidence 502(d) Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality or non-designation at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the Challenging Party's written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.  The Challenging Party shall only initiate the dispute resolution process outlined in this Section in good faith, and the Parties shall take reasonable efforts to avoid piecemeal challenges and to promote efficient resolution to potential disputes.

The Designating Party shall have an opportunity to respond in writing, and must do so within 10 calendar days of a challenge being made, unless otherwise agreed.  If a dispute remains, the Parties shall attempt to resolve each challenge in good faith and shall meet and confer in person or by phone or videoconference (other forms of communication are not sufficient) within 10 calendar days of the date of service of the Designating Party's written response, unless otherwise agreed. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may seek judicial intervention

9

only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Parties shall comply with the Court's discovery dispute procedures (and in compliance with Civil Local Rule 79-5, if applicable).  In addition, the Challenging Party may seek relief with respect to challenging a confidentiality designation, including a challenge to the designation of a deposition transcript or any portions thereof, at any time if there is good cause for not following the procedure set forth in Section 6.2. In any submission filed pursuant to this provision, the Parties shall attest as to whether they have complied with the meet and confer requirements imposed by the preceding paragraph and any applicable Court rules.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to seek Court intervention as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, or for related appeals. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2     Data Security of Protected Material. Any Receiving Party or any person in

10

possession of or transmitting another Party's Protected Material must maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect and secure the Protected Material from loss, misuse, unauthorized access and disclosure, and protect against any reasonably anticipated threats or hazards to the security of the Protected Material.  Reasonable administrative, technical, and physical safeguards may include, but are not limited to: utilization of Secure File Transfer Protocol (SFTP), Secure Sockets Layer (SSL), or Virtual Private Network (VPN) technologies when transferring files; encryption of the data when data is being transferred to the Receiving Party; encryption of the data when data is at rest when being stored by the Receiving Party; controlled access to the files themselves (e.g., background checks for personnel handling the data stored in servers, rooms, etc.); an audit trail that maintains a record of all activity by both system and application processes and by user activity with any operating system(s), application(s), file system(s), or file(s) that stores or interacts with the Protected Material; agreement between Parties as to specified vendor and data security technologies; agreements containing liquidated damages provision for breach, secured by a bond or other security; access rights management; physical space and device access and usage controls; or where applicable, incorporation of statutory or sectoral standards and specifications.

To the extent the Receiving Party or any person in possession of or transmitting another Party's Protected Material does not have an information security program, the Receiving Party may comply with this Data Security provision by having Protected Material maintained by and/or stored with a secure eDiscovery/litigation support site(s) or claims administrator that maintains an information security program that complies with the requirements above or otherwise aligns with standard industry practices regarding data security.

Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Stipulated Protective Order. The Receiving Party will take reasonable steps to limit the number of copies that are made of another Party's Protected Material that is produced in paper format.

If a Receiving Party or any person in possession of or transmitting another Party's

11

Protected Material discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or any person in possession of or transmitting another Party's Protected Material shall: (1) promptly provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or any person in possession of or transmitting any Protected Material agrees to cooperate with the Designating Party in investigating any such security incident. In any event, the Receiving Party or any person in possession of or transmitting any Protected Material shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

The Receiving Party shall not use Protected Material produced by the Producing Party to an open Large Language Model ("LLM") or other open Generative Artificial Intelligence ("GenAI") platform, nor may the Receiving Party utilize any closed LLM or GenAI platform where the Producing Party's Protected Material may be used to train LLM or any other model powering a GenAI platform or otherwise make the Protected Material accessible to other users of the LLM or GenAI model not authorized to receive Protected Material under this Stipulated Protective Order. Before the Receiving Party transfers any of the Producing Party's Protected Material to be analyzed by an LLM or GenAI model, the Receiving Party shall make reasonably sure that it can delete all such Protected Material from the platform at the final disposition of this action, as defined in paragraph 4.  The Receiving Party will be responsible for destroying such produced information from such tools following the final disposition of the Matter.

7.3     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" (that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

12

information for this litigation;

(b) the officers, directors, employees, and contractors (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, videographers and their staff, mediators and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors, in each case, to whom disclosure is reasonably necessary for this litigation;

(f) any person and their counsel whom a Party's counsel believes in good faith may be a witness or deponent in this Action, to the extent necessary to either make that determination, or to conduct or prepare for depositions or testimony in this Action, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that counsel has a good-faith and reasonable basis to believe that the witness or potential witness will give relevant testimony concerning the Protected Material;

(g) during their depositions, witnesses in the action, and their counsel, to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Witnesses who are current employees of a Party and the witnesses' counsel do not have to sign Exhibit A;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) any other person upon order of the Court or agreement of the Parties who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material

13

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who is not a past employee of a Party or of a Party's competitor, (2) who is not anticipated to become an employee of a Party or of a Party's competitor, and (3) to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party and their support staff (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(d) the Court and its personnel;

(e) court reporters and their staff, videographers and their staff, mediators and their staff, professional jury of trial consultants, mock jurors, and Professional Vendors, in each case, to whom disclosure is reasonably necessary for this litigation;

(f) any person and their counsel whom a Party's counsel believes in good faith may be a witness or deponent in this Action, to the extent necessary to either make that determination, or to conduct or prepare for depositions or testimony in this Action, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that counsel has a good-faith and reasonable basis to believe that the witness or potential witness will give relevant testimony concerning the Protected Material;

(g) during their depositions, witnesses in the action, and their counsel, to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Witnesses who are current employees of a Party and the witnesses' counsel do not have to sign Exhibit A;

(h) the author or recipient of a document containing the Protected Material or a

14

custodian or other person who otherwise possessed or knew the Protected Material; and

(i) any other person upon order of the Court or agreement of the Parties who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5    Procedures for Approving and/or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Stipulated Protective Order), including an Expert who has been an employee of Meta or a Meta competitor within the past three (3) years, any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material must first make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material that the Receiving Party seeks permission to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence; (3) attaches a copy of the Expert's current resume; (4) identifies the Expert's current employer(s); (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the Party to the litigation for whom such work was done; and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  If the Expert reasonably believes that the information to be disclosed in this Paragraph is subject to a confidentiality obligation to a Non-Party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Parties shall meet and confer regarding disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material to such expert.

(b)  A Party that makes a request and provides the information specified in Section 7.5(a) may disclose the subject Protected Material to the identified Expert after 14 calendar days of providing the request and specified information unless, within that 14-day period, the Party

15

receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 calendar days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may seek the Court's intervention, as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable), or otherwise in accordance with the Court's procedures, seeking permission from the Court to do so. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in this paragraph and the Court's Standing Orders.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, court order, or request for information;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order shall not produce any information designated in this

action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material.  Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protective Order provides against disclosure in any other litigation.

8.2     The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties, must be accompanied by a copy of the Stipulated Protective Order, unless the discovery requests were propounded before this Stipulated Protective Order became effective, in which case the propounding party must provide a copy of the Stipulated Protective Order promptly after it becomes effective.

(b) If Party has a good faith basis to believe that Disclosure or Discovery Material produced by a Non-Party in this Action may contain "CONFIDENTIAL" or  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material, the Party may notify the other Party of that belief.  If the Party notifies the other Party that a Non-Party production may contain "CONFIDENTIAL" Protected Material, the production shall be treated as if so designated for a period of 14 calendar days after receipt by all Parties in this Action.  If the Party notifies the other Party that a Non-Party production may contain "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the production shall be treated as if so designated for a period of seven calendar days after receipt by all Parties in this Action.  If the reviewing Party believes additional time is needed to complete its review of the Non-Party Production, the Parties will meet and confer over a reasonable extension of the review period.  Thereafter, any Disclosure or Discovery Material produced by a Non-Party in this Action shall be treated only as specifically designated by any Party or Non-Party.

17

For the avoidance of doubt, any Party shall have the right to designate a Non-Party's Disclosure or Discovery Material as Protected Material if the Party has a good faith basis for doing so.

(c) The terms of this Stipulated Protective Order are applicable to Protected Material produced by a Non-Party in this action, and such Protected Material is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in this Stipulated Protected Order shall be construed as prohibiting a Non-Party from seeking additional protections.

(d) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, custody or control and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(e) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

18

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties intend to enter into a separate forthcoming Stipulation and Proposed Order under Federal Rule of Evidence 502(d) governing the production of documents protected from discovery.

12.     MISCELLANEOUS

12.1     Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

12.4     Export Control. The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted.  If a

19

STIPULATED PROTECTIVE ORDER – CASE NO. 3:21-CV-08812-AMO

Producing Party believes that it will be producing Protected Material subject to export control, it shall notify the Receiving Party and the Parties shall meet and confer regarding measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material may leave the territorial boundaries of the United States of America, except that to the extent that disclosure of Protected Material to a Party is authorized under Sections 7.3(b) or Section 7.4(b) of this Stipulated Protective Order.  Without limitation, this prohibition extends to Protected Material which in physical and electronic form and to the viewing of Protected Material through electronic means outside the territorial limits of the United States of America.  The restrictions contained within this Section may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.  Nothing in this Section is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

12.5     Privilege Log Protocol.  The Parties intend to enter into a separate Privilege Log Protocol.

13.     FINAL DISPOSITION

Within 60 calendar days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material except where such material exists on backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) confirms that the Protected Material has been returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

20

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4.

14.    OTHER PROCEEDINGS

By entering this Stipulated Protective Order and limiting the disclosure of Disclosure or Discovery Material in this case, the Court does not intend to preclude another court from finding that Disclosure or Discovery Material may be relevant and subject to disclosure in another case. Any person or Party subject to this Stipulated Protective Order who becomes subject to a motion to disclose another Party's Protected Material shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Protected Material should be disclosed.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 25, 2025                          Respectfully submitted,

                                               **BERNSTEIN LITOWITZ BERGER
                                                 & GROSSMANN LLP**

                                               */s/ John Rizio-Hamilton*
                                               John Rizio-Hamilton (*pro hac vice*)
                                               (johnr@blbglaw.com)
                                               Rebecca E. Boon (*pro hac vice*)
                                               (rebecca.boon@blbglaw.com)
                                               Aasiya M. Glover (*pro hac vice*)
                                               (aasiya.glover@blbglaw.com)
                                               Mathews de Carvalho (*pro hac vice*)
                                               (mathews.decarvalho@blbglaw.com)
                                               Sarah Schmidt (*pro hac vice forthcoming*)
                                               (sarah.schmidt@blbglaw.com)
                                               1251 Avenue of the Americas
                                               New York, NY 10020
                                               Tel: (212) 554-1400
                                               Fax: (212) 554-1444

                                               -and-

21

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*Counsel for Lead Plaintiffs*
*Ohio Public Employees Retirement System and*
*PFA Pension Forsikringsaktieselskab*

**OFFICE OF THE ATTORNEY GENERAL**
  **OF THE STATE OF OHIO**

SHAWN BUSKEN
(Shawn.Busken@OhioAttorneyGeneral.gov)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515

*Additional Counsel for Lead Plaintiff Ohio*
*Public Employees Retirement System*

**DAVIS POLK & WARDWELL LLP**

By: */s/ Charles S. Duggan*
Charles S. Duggan (admitted *pro hac vice*)
James P. Rouhandeh (admitted *pro hac vice*)
Nikolaus Williams (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: charles.duggan@davispolk.com
         rouhandeh@davispolk.com
         nikolaus.williams@davispolk.com
         paulina.perlin@davispolk.com

Neal A. Potischman (SBN 254862)
DAVIS POLK & WARDWELL
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,*
*Mark Zuckerberg, Nick Clegg, Antigone Davis,*
*and Karina Newton*

22

**ECF ATTESTATION**

I, Charles S. Duggan, am the ECF User whose identification and password are being used to file this Stipulated [and Proposed] Protective Order.  In compliance with Civil Local Rule 5.1(i)(3), I hereby attest that counsel for all parties have concurred in this filing.

Dated: March 25, 2025                                        By:  _/s/ Charles S. Duggan_____
                                                                          Charles S. Duggan

*        *        *

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____          _____
                                                            United States District/Magistrate Judge

23

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *In re Meta Platforms, Inc. Securities Litigation*, No. 3:21-cv-08812-AMO. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

24

STIPULATED PROTECTIVE ORDER – CASE NO. 3:21-CV-08812-AMO