# Exhibit A

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
John Rizio-Hamilton (*pro hac vice*)
(johnr@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 554-1400
Fax: (212) 554-1444

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel.: (310) 819-3481

*Counsel for Lead Plaintiffs*
*Ohio Public Employees Retirement System and*
*PFA Pension Forsikringsaktieselskab*

[Additional Counsel Appear on
Signature Page]

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION | Lead Case No. 3:21-cv-08812-AMO |
| | Consolidated Case Nos. 3:21-cv-08873-AMO and 3:21-cv-09041-AMO |
| | **LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Civil Local Rule 33, Lead Plaintiffs Ohio Public Employees Retirement System and PFA Pension Forsikringsaktieselskab ("Lead Plaintiffs"), by and through their undersigned counsel, hereby propound the following written interrogatories to Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. ("Meta"), and Mark Zuckerberg, Nick Clegg, Antigone Davis, and Karina Newton (collectively, the "Individual Defendants" and together with Meta, "Defendants"). You are advised that your response to these interrogatories ("Interrogatories") must be written, signed, and sworn to, and must be answered within 30 days after the service of these Interrogatories upon your attorney.

## DEFINITIONS

The following definitions apply to each of the Interrogatories set forth below and are deemed to be incorporated into each interrogatory:

1. "Communication(s)" is used in a comprehensive sense, and means and includes any conceivable manner or means of disclosure, transfer, transmittal, or exchange of oral, written, electronic, or other information, in the form of facts, ideas, inquiries, or otherwise, between or among one or more Person(s) (defined below), and includes all Documents (defined below), writings, correspondence, memoranda, messages, meetings, conversations, discussions, conferences, agreements, e-mails, notes, or other transmittal of information, whether face-to-face, by telephone, by mail, by facsimile, by computer, or otherwise, and further includes all forms of electronic communications, including text messages and any form of instant messages.

2. "Community Standards" means the set of rules and guidelines published by Meta that purported to "outline what is and isn't allowed on Facebook" and other content moderation rules put in place by Meta.

3. "Complaint" means the Consolidated Amended Class Action Complaint For Violations of the Federal Securities Laws filed in the above-referenced Action on October 28, 2022. ECF No. 97.

4. "Concerning" means relating to, referring to, regarding, in connection with, pertaining to, describing, reflecting, discussing, analyzing, summarizing, evidencing, embodying, or constituting.

5.    "Defendant(s)" refers to Meta, Mark Zuckerberg, Nick Clegg, Antigone Davis, and Karina Newton.

6.    "Document(s)" shall have the same meaning and be equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). For the avoidance of any doubt, Documents includes Communications. A draft or non-identical copy is a separate Document within the meaning of this term. The term "Document" includes any and all forms of recorded information, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, including all originals, revisions, and markups of drafts, and all files, documents, databases, e-mails, ESI, and other data maintained in computer-readable form. The term "Document" specifically includes electronic mail and messages of any kind, including from an internal messaging forums such as Workplace; working papers; minutes and records of meetings; letters; facsimile transmissions; telegrams; telephone bills and records; cables; records; books; summaries or records of personal conversations or interviews; legal pleadings; affidavits; deposition transcripts; trial transcripts; forecasts; statistical statements; accountants' work papers; brochures; pamphlets; circulars; press releases; agreements; contracts; telephone messages, slips, and logs; diary entries; journal entries; calendars; reports; evaluations; assessments; analyses; test results; correspondence; memoranda; notes; video recordings of any kind; audio recordings of any kind; electronic recordings of any kind; drawings; graphics; graphs; maps; diagrams; charts; photographs; tables; indices; recordings; tapes; microfilms; reports of investigations; opinions or reports of consultants; data processing and computer printouts, tapes, disks, and data and information stored in computers or data processing equipment, together with programs and program documentation necessary to utilize or retrieve such data or information; all other mechanical or electronic means of storing or recording data or information; and any other data compilation from which information can be obtained and translated through detection devices into a reasonably usable form.

7. "Facebook Files" means the series of articles, podcasts, and other public statements published by *The Wall Street Journal* Concerning Meta, beginning on September 13, 2021 and ending on October 21, 2021, discussed at paragraphs 276-374 of the Complaint.

8. "Governmental Entity" refers to any local, state, or federal governmental or administrative entity, whether domestic or foreign.

9. "Including" means including, but not limited to.

10. "Meta" means Meta Platforms, Inc. f/k/a Facebook, Inc., and all its predecessors, successors, subsidiaries, parent companies, departments, divisions, operating segments, partnerships, joint ventures, and/or affiliates, jointly and independently. This term shall include all present and former directors, officers, trustees, employees, attorneys, agents, managers, representatives, or any Person(s) (defined below) acting or purporting to act on behalf of it or any organization or entity it manages or controls, is under common control with, or is controlled by.

11. "Oversight Board" means Meta's Oversight Board, including as discussed at paragraphs 94-99 of the Complaint.

12. "Problematic Use" refers to addiction-like use and related symptoms resulting from social media use, including as discussed in paragraphs 29 and 215-216 of the Complaint.

13. "Whitelisting" refers to the practice of exempting users from Meta's content enforcement policies, also referred to by Meta as "technical corrections," including as discussed in paragraphs 100-117 of the Complaint.

14. "X-Check" means the program identified and discussed by *The Wall Street Journal*'s September 13, 2021 Facebook Files article and reviewed by the Oversight Board, including in its December 6, 2022 advisory opinion, and including as discussed in paragraphs 100-117 of the Complaint.

15. "You" and "Your" mean Defendants and Defendants', respectively.

16. "Young Users" means any actual or potential user of Meta's platforms, including Facebook and Instagram, under the age of 18.

# INSTRUCTIONS

1.      You must serve upon the Lead Plaintiffs a written answer and/or objection addressed to each Interrogatory.  In answering these Interrogatories, You must furnish all available information, including information in possession of Persons acting on Your behalf, and not merely such information within Your personal knowledge.

2.      If You cannot answer these Interrogatories in full after exercising due diligence to secure the information, so state in the answer to the extent possible, specifying Your inability to answer the remainder, and state whatever information or knowledge You have Concerning the answered portions and the efforts You have undertaken to secure the information sought.

3.      If You object to any of the following Interrogatories in whole or in part, state with particularity each objection, the basis for it, and the categories of information to which the objection applies.  Your response shall also state whether any information is being withheld on the basis of such objection.  You must respond to any portion of the Interrogatory to which You do not object.  If You claim any ambiguity in an Interrogatory, Definition, or Instruction, such claim shall not be utilized as a basis for refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the Interrogatory.

4.      If You contend that information sought by an Interrogatory is privileged or protected by the work-product doctrine, Your response must Identify the Interrogatory, describe the nature of the privilege or work product information, Identify the Person in possession of the information, and Identify the grounds for Your assertion of privilege or work-product protection. If You contend that only a portion of the information sought by an Interrogatory is privileged, You must provide a full response to any part of the Interrogatory that is not objectionable.

5.      These Interrogatories are continuing in nature. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, You are required to serve supplemental responses if You obtain further or different information.  Lead Plaintiffs reserve the right to seek supplemental responses before trial.

6.    In interpreting or responding to these Interrogatories, including the Instructions and Definitions section, the following rules of construction apply:

(a)    the use of a verb in any tense shall be construed as the use of the verb in all other tenses;

(b)    the use of a word in its singular form shall include the plural form, and vice versa;

(c)    the use of the words "each" or "all" includes "any," "some," "each" or "all";

(d)    the connectives "and" and "or" shall be construed either conjunctively or disjunctively; and

(e)    the terms "including" or "include(s)" mean including without limitation.

## RELEVANT TIME PERIOD

Unless otherwise stated, these Interrogatories are for the period from May 19, 2020 through October 21, 2022 (the "Relevant Time Period"), and shall include all information Concerning, in whole or in part, such period even if derived or obtained from a source that is dated, prepared, or received before or after that period.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Identify all third parties, Including law firms, public relations or communications firms, auditors, consultants, or lobbying firms, who were retained or consulted with by Defendants and investigated, reviewed, analyzed, advised, or opined Concerning the following topics during the period of January 1, 2018 to the present:

(a)    the impact of Meta's platforms on Young Users;

(b)    the use of Meta's platforms by children under the age of 13;

(c)    engagement by Young Users on Meta's platforms;

(d)    any form of Problematic Use by Young Users on Meta's platforms, Including but not limited to social comparison, suicide and self-harm, body image issues, depression, and loneliness;

(e)    child sexual abuse or exploitation conducted or facilitated through Meta's platforms;

(f)    the use of social media generally, Including TikTok and/or Snapchat, by Young Users;

(g)    X-Check;

(h)    Meta's Whitelisting practices;

(i)    Meta's Community Standards or other content moderation policies, or the application thereof; and

(j)    the Facebook Files.

## INTERROGATORY NO. 2:

Identify all third parties, Including but not limited to academic institutions, nonprofit organizations, consultants, and individuals, who received funding from Defendants or entities owned or controlled by Defendants, including the Chan Zuckerberg Initiative, to conduct (or that was used to conduct) research Concerning the following topics during the period of January 1, 2018 to the present:

(a)    the impact of Meta's platforms on Young Users;

(b)    the use of Meta's platforms by children under the age of 13;

(c)    engagement by Young Users on Meta's platforms;

(d)    any form of Problematic Use by Young Users on Meta's platforms, Including but not limited to social comparison, suicide and self-harm, body image issues, depression, and loneliness;

(e)    child sexual abuse or exploitation conducted or facilitated through Meta's platforms;

(f)    the use of social media generally, Including TikTok and/or Snapchat, by Young Users;

(g)    X-Check;

(h)    Meta's Whitelisting practices; and

        (i)      Meta's Community Standards or other content moderation policies, or the application thereof.

**INTERROGATORY NO. 3:**

Identify any investigation or potential investigation or proceeding by any Governmental Entity, from the beginning of the Relevant Time Period through the present, Concerning (i) the use of Meta's platforms by Young Users, and/or the impact of Meta's platforms on Young Users; or (ii) X-Check and/or Whitelisting. For each instance, provide:

    (a)    the identity of the Governmental Entity that investigated You or alerted You to a potential investigation;

    (b)    the date that such investigation or proceeding was initiated and, if not ongoing, the date that the investigation concluded and the date that You were advised that the investigation concluded;

    (c)    the nature and number of any Documents or information You produced in response to any Request and the date(s) of any such production; and

    (d)    the identities of all Meta current or former employees who communicated with any Governmental Entity in connection with any investigation, findings of any investigation, or potential investigation.

**INTERROGATORY NO. 4:**

Identify all Meta current or former employees responsible for (i) tracking any cause or reason for the movement in Meta's stock price; and/or (ii) communicating the cause or reason for any movement in Meta's stock price to Defendants, the C-suite of Meta (including that of Facebook or Instagram, Including Adam Mosseri), Meta's Vice President of Corporate Finance and Business Planning; Meta's Vice President of Finance, Meta's Board of Directors, the Oversight Board, or the Investor Relations departments of Meta (including Facebook or Instagram).

**INTERROGATORY NO. 5:**

Identify all databases, Including data storage programs, storage providers, software, and proprietary databases, whether internal or external, used to track and analyze (i) user

engagement, Including engagement by Young Users, on Meta's platforms; and (ii) content moderation decisions made by Meta.

Dated: January 23, 2025

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

_____

John Rizio-Hamilton (*pro hac vice*)
(johnr@blbglaw.com)
Rebecca E. Boon (*pro hac vice*)
(rebecca.boon@blbglaw.com)
Aasiya Glover (*pro hac vice*)
(aasiya.glover@blbglaw.com)
Mathews de Carvalho (*pro hac vice*)
(mathews.decarvalho@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*Counsel for Lead Plaintiffs*
*Ohio Public Employees Retirement System and*
*PFA Pension Forsikringsaktieselskab*

**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**

SHAWN BUSKEN
(Shawn.Busken@OhioAttorneyGeneral.gov)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515

*Additional Counsel for Lead Plaintiff Ohio*
*Public Employees Retirement System*

## PROOF OF SERVICE

I, John Rizio-Hamilton, declare:

I am employed in New York, New York.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1251 Avenue of the Americas, New York, New York 10020.  On January 23, 2025, I caused to be served a copy of the following document(s):

### LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES

**X**   by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date and the transmission was reported as complete and without error.

___   by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

### DAVIS POLK & WARDWELL LLP

Julia Leff
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
julia.leff@davispolk.com

Charles S. Duggan
Nikolaus Williams
Paulina Perlin
Erin Daley
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
charles.duggan@davispolk.com
nikolaus.williams@davispolk.com
paulina.perlin@davispolk.com
erin.daley@davispolk.com

*Attorneys for Defendants*

I declare under penalty of perjury that the above is true and correct.

Executed on January 23, 2025, at New York, New York.

_____
John Rizio-Hamilton

---

PROOF OF SERVICE                          1                          CASE NO. 3:21-CV-08812-AMO