**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
John Rizio-Hamilton (*pro hac vice*)
(johnr@blbglaw.com)
Rebecca E. Boon (*pro hac vice*)
(rebecca.boon@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 554-1400
Fax: (212) 554-1444

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel.: (310) 819-3481

*Counsel for Lead Plaintiffs*
*Ohio Public Employees Retirement System and*
*PFA Pension Forsikringsaktieselskab*

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION | Lead Case No. 3:21-cv-08812-AMO<br><br>Consolidated Case Nos. 3:21-cv-08873-AMO and 3:21-cv-09041-AMO<br><br>**JOINT ADMINISTRATIVE MOTION TO AMEND PRETRIAL SCHEDULING ORDER**<br><br><u>CLASS ACTION</u><br><br>Judge: Hon. Araceli Martínez-Olguín<br>Courtroom: 10 |

Lead Plaintiffs and Defendants in the above-captioned action (together, the "Parties"), respectfully move the Court, pursuant to Civil Local Rules 6-3 and 7-11, to (i) amend the current scheduling order to extend Lead Plaintiffs' deadline to amend their complaint; and in light of Lead Plaintiffs' forthcoming amendment, (ii) suspend all other case deadlines.

Good cause exists to amend the current scheduling order pursuant to Federal Rule of Civil Procedure 16. ***First***, Lead Plaintiffs intend to include in their second amended complaint information obtained in discovery, as well as additional information that the Parties anticipate will be made public after the current deadline to amend. Courts routinely find that good cause exists to modify a scheduling order and permit an amended pleading based on information learned in discovery. *See, e.g.*, *Impossible Foods Inc. v. Impossible LLC*, 2025 WL 712817, at *3 (N.D. Cal. Mar. 4, 2025) (Freeman, J.) ("Newly discovered facts may constitute good cause to modify a pretrial scheduling order to allow amendment to the pleadings."). Here, the operative schedule provides for an amendment, which Defendants have consented to in writing. A modest extension of one month to the current amendment deadline would avoid a situation where Lead Plaintiffs file an amendment on January 13, and then need to seek leave to amend shortly after new relevant evidence becomes public in related actions on January 26.

***Second***, good cause exists to suspend the remaining deadlines in this case because, under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), all discovery and proceedings, including Lead Plaintiffs' motion for class certification and ongoing fact discovery, are automatically stayed pending the Court's decision on Defendants' anticipated motion to dismiss. *See, e.g.*, *In re Facebook, Inc. Sec. Litig.*, 2025 WL 1741022, at *1 (N.D. Cal. June 17, 2025) ("the Court's order granting leave to amend, coupled with Defendants' express intention to file a motion to dismiss, triggers [a] stay in this case").

***Finally***, requiring the Parties to complete class certification briefing and the remaining fact discovery (including numerous depositions), under the current schedule, when the scope of the litigation may change substantially following Lead Plaintiffs' amendment, would impose significant unnecessary inefficiencies, costs and burdens on the Parties and the Court, including the need to re-depose witnesses.

## I. BACKGROUND

On December 20, 2024, the Court entered a Pretrial Scheduling Order setting various case deadlines in the above-captioned Action (ECF No. 153). As amended by joint stipulation, entered on October 9, 2025 (ECF No. 196), the following case deadlines are now in effect:

- December 12, 2025: Deadline for Plaintiffs to file motion for class certification, which Plaintiffs timely filed;
- January 13, 2026: Deadline to add or amend parties;
- January 30, 2026: Deadline for Defendants to file opposition to class certification;
- March 6, 2026: Deadline for Plaintiffs to file reply in support of class certification; and
- April 27, 2026: Deadline to complete fact discovery.

There have been three time modifications in this case: ECF No. 19 (extending time for Defendants to respond to complaint); ECF No. 90 (extending time for Lead Plaintiffs to file consolidated amended complaint and briefing for motion to dismiss); and ECF No. 189 (extending deadline to file Status Report on mediation).

On December 8, 2025, the Parties submitted a joint stipulation to extend Lead Plaintiffs' deadline to amend the complaint and suspend all remaining case deadlines (ECF No. 201), which the Court denied on December 10, 2025 (ECF No. 202). On December 12, 2025, Lead Plaintiffs timely filed their motion for class certification (ECF No. 203). The Parties now respectfully submit this joint motion to establish good cause for the modifications of the case schedule sought herein.

## II. ARGUMENT

When considering whether to modify a schedule to permit an amended pleading after the deadline would have passed, the "good cause" requirement "primarily considers the diligence of the party seeking the amendment." *In re Silver Wheaton Corp. Sec. Litig.*, 2018 WL 1517130, at *2 (C.D. Cal. Mar. 26, 2018). Good cause exists for Lead Plaintiffs to obtain an extension of the time to amend their complaint and to suspend all other case deadlines.

***Deadline to Amend Complaint.*** The Court's Order on the Stipulation (ECF No. 202) stated, "The parties are welcome to agree amongst themselves to an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). The Court, however, will not amend any deadlines

previously set absent a showing of good cause." Pursuant to Federal Rule of Procedure 15(a)(2), Defendants have consented in writing to Lead Plaintiffs filing an amended complaint on February 13, 2026. *See* Joint Declaration, ¶13. *See also* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave").

Good cause exists to extend the deadline to amend the complaint from January 13, 2026, to February 13, 2026. Lead Plaintiffs assert that they intend to include in their amended complaint information learned in discovery and that will be made public in connection with the hearing on motions for summary judgment in *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047-YGR, MDL No. 3047 ("Social Media MDL"), which is scheduled for January 26, 2026, after the current amendment deadline. Lead Plaintiffs in securities fraud class actions routinely amend complaints based on facts learned in discovery, which is contemplated by the amendment deadline in the operative schedule. *See In re Pfizer Inc. Sec. Litig.*, 2012 WL 983548, at *2-3 (S.D.N.Y. Mar. 22, 2012) (noting that courts "routinely grant" leave to amend based on "evidence obtained during discovery"); *In re The Boeing Company Aircraft Sec. Litig.*, No. 1:19-cv-02394 (N.D. Ill.) (ECF No. 277) ("In light of the amendment and the anticipated motion, the Court concurs that continuing the current schedule, which includes dates for this week, is appropriate.")

Here, Lead Plaintiffs contend that they have acted diligently because the information they seek to incorporate into their amendment was either only recently uncovered or is yet to be disclosed. For instance: (i) document discovery in this case was substantially completed only in late September 2025 (with the Parties currently continuing to negotiate and complete additional discovery); (ii) Defendants have, to date, produced more than 122,000 documents, totaling nearly one million pages, which Lead Plaintiffs have been diligently reviewing; (iii) the Parties subsequently participated in a good faith mediation on November 3, 2025, in an effort to resolve the Action; (iv) Lead Plaintiffs raised the possibility of amending the complaint with Defendants just weeks later, on December 3, 2025; and (v) the Parties submitted their previous joint stipulation to the Court within days, on December 8, 2025, shortly after Defendants agreed to stipulate to Lead Plaintiffs' amendment. Finally, the full scope of information forthcoming from the Social

Media MDL, which Lead Plaintiffs assert that they intend to incorporate into their amendment, has not yet been made public. Lead Plaintiffs respectfully submit that they have thus diligently pursued the possibility of amendment. *See, e.g.*, *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 655 (N.D. Cal. 2025) (party diligently pursued amendment where underlying facts were discovered in July and August and party sought leave to amend in late September).

A one-month extension to the amendment deadline would not substantially delay this case or prejudice Defendants. In contrast, if the extension is not granted, Lead Plaintiffs would amend the complaint on January 13, 2026, and then likely need to seek to amend again shortly after January 26, 2026 based on new information made public in the Social Media MDL. This would be inefficient and inconsistent with the principles of judicial economy.

***Remaining Case Deadlines.*** In light of Lead Plaintiffs' forthcoming amendment, good cause exists to suspend the remaining case deadlines, including the deadlines for Defendants' opposition to, and Lead Plaintiffs' reply in support of class certification, and the deadline for fact discovery. ***First***, under the PSLRA, "all discovery and other proceedings *shall* be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u–4(b)(3)(B). Courts impose the stay and/or suspend case deadlines where, as here, amendment is unopposed and a motion to dismiss is anticipated. *Facebook, Inc. Sec. Litig.*, 2025 WL 1741022, at *1 ("[T]he Court's order granting leave to amend, coupled with Defendants' express intention to file a motion to dismiss, triggers [a] stay in this case."); *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) ("The common sense reading of the PSLRA's plain language 'all discovery and other proceedings shall be stayed' is that no litigant shall take any steps in pursuit of discovery during the pendency of any motion to dismiss.").

Because Defendants have consented to Lead Plaintiffs amending the complaint and Defendants have informed the Lead Plaintiffs of their intent to file a motion to dismiss the amended complaint, fact discovery and all other proceedings, including class certification, should be stayed pursuant to the PSLRA. The discovery stay also extends to discovery necessary to fully brief Lead Plaintiffs' class certification motion, including discovery of the parties' respective class certification experts and depositions of Lead Plaintiffs taken for the purpose of opposing class

certification. *See Vignola v. FAT Brands, Inc.*, 2019 WL 13038337, at *2 (C.D. Cal. Dec. 3, 2019) ("class certification proceedings are not one of the exceptions to PSLRA's stay provision").

***Second***, good cause exists because suspending the remaining case deadlines would promote judicial efficiency and economy. Lead Plaintiffs' amendment is likely to affect the class period, the alleged misleading statements, and the alleged corrective disclosures, which in turn would affect the scope of the class that Lead Plaintiffs seek to certify and the scope of fact discovery. It would be wasteful for the Parties to complete briefing of the current motion for class certification, including any required expert discovery and related depositions, and for the Court's consideration of the same, when the scope of the claims and putative class will change. *See, e.g.*, *Burchfield v. Corel Corp.*, 2013 WL 12120088, at *1 (N.D. Cal. Sept. 12, 2013) (class certification motion based on original complaint rendered moot after plaintiff amended complaint); *Tan v. Quick Box, LLC*, 2022 WL 17184568, at *2 (S.D. Cal. Nov. 23, 2022) (vacating class certification schedule because amendment "may change the scope and underlying factual allegations of the claims and accordingly, the Motion for Class Certification"). It would likewise be wasteful for the Parties to proceed with fact depositions now, given that they may need to seek to recall and question witnesses after Lead Plaintiffs amend and Defendants' anticipated motion to dismiss is decided because the scope of the case may well change. Neither Lead Plaintiffs nor Defendants would be prejudiced by suspending the current case deadlines.

For the foregoing reasons, the Parties respectfully request that the Court enter the Parties' Proposed Order.

Dated:  December 19, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ John Rizio-Hamilton* | */s/ Rory A. Leraris* |
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | DAVIS POLK & WARDWELL LLP |
| John Rizio-Hamilton (*pro hac vice*) | James P. Rouhandeh (admitted *pro hac vice*) |
| (johnr@blbglaw.com) | Charles S. Duggan (admitted *pro hac vice*) |
| Rebecca E. Boon (*pro hac vice*) | Rory A. Leraris (admitted *pro hac vice*) |
| (rebecca.boon@blbglaw.com) | Nikolaus J. Williams (admitted *pro hac vice*) |
| Jorge G. Tenreiro (*pro hac vice*) | Esther C. Townes (admitted *pro hac vice*) |
| (jorge.tenreiro@blbglaw.com) | Paulina Perlin (admitted *pro hac vice*) |
| Aasiya M. Glover (*pro hac vice*) | 450 Lexington Avenue |
| (aasiya.glover@blbglaw.com) | New York, New York 10017 |
| Mathews R. de Carvalho (*pro hac vice)* | Tel: (212) 450-4000 |
| (mathews.decarvalho@blbglaw.com) | Fax: (212) 701-5800 |
| Sarah Schmidt (*pro hac vice*) | rouhandeh@davispolk.com |
| (sarah.schmidt@blbglaw.com) | charles.duggan@davispolk.com |
| 1251 Avenue of the Americas | rory.leraris@davispolk.com |
| New York, NY 10020 | nikolaus.williams@davispolk.com |
| Tel: (212) 554-1400 | esther.townes@davispolk.com |
| Fax: (212) 554-1444 | paulina.perlin@davispolk.com |
| | |
| | Neal A. Potischman (SBN 254862) |
| Jonathan D. Uslaner (Bar No. 256898) | 900 Middlefield Road |
| (jonathanu@blbglaw.com) | Redwood City, California 94063 |
| 2121 Avenue of the Stars, Suite 2575 | Tel: (650) 752-2000 |
| Los Angeles, CA 90067 | Fax: (650) 752-2111 |
| Tel: (310) 819-3481 | neal.potischman@davispolk.com |
| | |
| *Counsel for Lead Plaintiffs* | *Attorneys for Defendants Meta Platforms,* |
| *Ohio Public Employees Retirement System* | *Inc., Mark Zuckerberg, Nick Clegg, Antigone* |
| *and PFA Pension Forsikringsaktieselskab* | *Davis, and Karina Newton* |

OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF OHIO
Shawn Busken
(Shawn.Busken@OhioAttorneyGeneral.gov)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515
*Additional Counsel for Lead Plaintiff Ohio Public Employees Retirement System*

## **CIVIL L.R. 5-1(i)(3) ATTESTATION**

I, John Rizio-Hamilton, am the ECF user whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories of this document have concurred in its filing.

Dated: December 19, 2025            */s/ John Rizio-Hamilton*
                                                         John Rizio-Hamilton