**DAVIS POLK & WARDWELL LLP**
James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
Rory A. Leraris (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Esther C. Townes (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
       charles.duggan@davispolk.com
       rory.leraris@davispolk.com
       nikolaus.williams@davispolk.com
       esther.townes@davispolk.com
       paulina.perlin@davispolk.com

Neal A. Potischman (SBN 254862)
Julia Leff (SBN 356813)
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
       julia.leff@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,
Mark Zuckerberg, Nick Clegg, Antigone Davis,
and Karina Newton*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION | Lead Case No. 3:21-cv-08812-AMO <br><br> Consolidated Case Nos. 3:21-cv-08873-AMO and 3:21-cv-09041-AMO <br><br> **DEFENDANT META PLATFORMS, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 207)** <br><br> CLASS ACTION <br><br> Judge: Hon. Araceli Martínez-Olguín |

Pursuant to Local Rules 79-5(c)(1) and 79-5(f)(3), Defendant Meta Platforms, Inc. ("Meta") submits this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Administrative Motion") (ECF No. 207).

Compelling reasons exist to justify sealing all of the confidential material identified herein, because it contains (i) sensitive competitive information, including internal research; (ii) information that can be exploited by bad actors; and/or (iii) sensitive non-party and non-executive employee information.

## I.  LEGAL STANDARD

Under Rule 26(c), "district courts [have] broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "[A]ccess to judicial records is not absolute," and a designating party may justify sealing by "articulat[ing] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal citations and quotation marks omitted). "It is in the 'sound discretion of the trial court' to determine what constitutes a 'compelling reason' for sealing a court document." *Decker Outdoors Corp. v. Last Brand, Inc.*, No. 23-cv-04850-AMO at 1 (Oct. 2, 2025) (ECF No. 205) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)).

And courts have found "compelling reasons" for sealing in a number of situations, including "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," *id.* at 1179 (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978)), or "where confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," *Adtrader, Inc. v. Google LLC*, 2020 WL 6395441, at *1 (N.D. Cal. Feb. 25, 2020). "Privacy interests of non-parties" are also recognized as "compelling reasons" to seal documents. *Opperman v. Path,*

1  *Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017).

2      This District Court similarly requires a designating party to explain the reasons for keeping a
3  document under seal, addressing (i) the legitimate private or public interests that warrant sealing; (ii)
4  the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not
5  sufficient. L.R. 79-5(c)(1), 79-5(f)(3).

6  **II.    META'S CONFIDENTIAL INFORMATION SHOULD BE SEALED**

7      Meta seeks to seal the following types of information: (i) sensitive competitive information,
8  including confidential internal research, business strategy and decisions, trade secrets, and details on
9  product development; (ii) information that can be exploited by bad actors; and/or (iii) sensitive non-
10 party and non-executive employee information. Courts in the Ninth Circuit have recognized
11 compelling reasons for sealing these categories of information due to the significant risk of harms to
12 both companies and individuals if they are made public, including through damage to a company's
13 competitive standing, enabling bad actors to engage in harmful conduct, and jeopardizing the safety
14 and privacy rights of non-party individuals. Meta seeks to seal the following information:

| Doc. title | Portions Meta seeks to seal | Brief statement of reason for sealing |
|---|---|---|
| Pls.' Mot. to Certify Class | 4:24-26 | Quotation from material in META_OPERS_00337246 and META_OPERS_00337249 of Exhibit 6 discussing competitively sensitive information related to child safety themes, priorities, and risks. Eulenstein Decl. ¶¶ 2, 4. |
| Pls.' Mot. to Certify Class | 4:26-28 | Quotation from material in META_OPERS_00013096 of Exhibit 7 discussing competitively sensitive information related to child safety themes, priorities, and risks. Eulenstein Decl. ¶¶ 2, 4. |
| Pls.' Mot. to Certify Class | 5:1-3 | Quotation from material in META_OPERS_00015211 of Exhibit 8 discussing competitively sensitive information relating to advertising strategies and how to deal with competition for certain demographics. Eulenstein Decl. ¶¶ 2-3. |
| Pls.' Mot. to Certify Class | 5:4-6 | Quotation from material in META_OPERS_00015211 of Exhibit 8 discussing competitively sensitive information |

| | | |
|---|---|---|
| | | relating to advertising strategies and how to deal with competition for certain demographics. Eulenstein Decl. ¶¶ 2-3. |
| Pls.' Mot. to Certify Class | 5:6-9 | Quotation from material in META_OPERS_00013785 of Exhibit 9 discussing competitively sensitive information relating to roll-out for messaging and calling features, including safety risks and strategy, Eulenstein Decl. ¶¶ 2, 6, and information that may enable bad actors by exposing how Meta detects, measures, and addresses inappropriate interactions with children. Davis Decl. ¶¶ 2, 5-8. |
| Pls.' Mot. to Certify Class | 5:27-28 | Quotation from material in META_OPERS_00090976 of Exhibit 10 discussing competitively sensitive information relating to press strategy, Eulenstein Decl. ¶¶ 2, 6, and internal research information that contains highly sensitive internal discussions about platform vulnerabilities and strategic priorities. Cobb Decl. ¶¶ 2-3, 5-6. |
| Pls.' Mot. to Certify Class | 5:29-6:1 | Quotation from material in META_OPERS_00013787 of Exhibit 9 discussing competitively sensitive information relating to the roll-out for messaging and calling features, including safety risks and strategy, Eulenstein Decl. ¶¶ 2, 6, and information that may enable bad actors by exposing how Meta detects, measures, and addresses inappropriate interactions with children. Davis Decl. ¶¶ 2, 5-8. |
| Pls.' Mot. to Certify Class | 6:1-6:4 | Discussion of material in META_OPERS_00345182 of Exhibit 11 regarding competitively sensitive information relating to managing potentially commercially and reputationally vulnerable issues on certain App platforms (Eulenstein Decl. ¶¶ 2, 5), internal strategies for addressing viral challenges, their rates on platform, and the effectiveness of interventions, Cobb Decl. ¶¶ 2-3, 5-6, and information that may enable bad actors by disclosing Meta's efforts to address viral suicide and self-injury trends. Davis Decl. ¶¶ 2, 4, 6-8. |
| Pls.' Mot. to Certify Class | 6:9-11 | Quotation from material in META_OPERS_00164433 of Exhibit 12 discussing competitively sensitive information |

| | | |
|---|---|---|
| | | relating to internal discussions and deck about cosmetic surgery filters, Eulenstein Decl. ¶¶ 2, 6, and internal research information on how different courses of action are evaluated and impacts on engagement.  Cobb Decl. ¶¶ 2, 4-6. |
| Pls.' Mot. to Certify Class | 6:16-17 | Quotation from material in META_OPERS_0175563 and META_OPERS_0175564 of Exhibit 15 discussing competitively sensitive information relating to certain Meta product ramifications from possible regulatory responses, Eulenstein Decl. ¶¶ 2, 4, and internal research information relating to youth safety on Company platform. Cobb Decl. ¶¶ 2-3, 5-6. |
| Pls.' Mot. to Certify Class | 6:18-20 | Quotation from material in META_OPERS_0175564, META_OPERS_0175569, and META_OPERS_0175571 of Exhibit 15 discussing competitively sensitive information relating to certain Meta product ramifications from possible regulatory responses, Eulenstein Decl. ¶¶ 2, 4, and internal research information relating to youth safety on Company platform. Cobb Decl. ¶¶ 2-3, 5-6. |
| Pls.' Mot. to Certify Class | 6:21-23 | Quotation from material in META_OPERS_00013785 of Exhibit 9 discussing competitively sensitive information relating to the roll-out for messaging and calling features, including safety risks and strategy, Eulenstein Decl. ¶¶ 2, 6, and information that may enable bad actors by exposing how Meta detects, measures, and addresses inappropriate interactions with children.  Davis Decl. ¶¶ 2, 5-8. |
| Pls.' Mot. to Certify Class | 6:28-7:1 | Quotation from material in META_OPERS_00060779 of Exhibit 17 discussing competitively sensitive information relating to internal audit report regarding product-related measurement and monitoring.  Eulenstein Decl. ¶¶ 2, 5. |
| Pls.' Mot. to Certify Class | 7:2 | Discussion of material in META_OPERS_00333119 and META_OPERS_00333125 of Exhibit 18 regarding competitively sensitive information |

| | | |
|---|---|---|
| | | relating to the methodology and results of an audit of Instagram's product features in connection with youth wellbeing, Eulenstein Decl. ¶¶ 2, 5, and internal research information relating to the wellness of users in a specific age group on the platform.  Cobb Decl. ¶¶ 2-3, 5-6. |
| Pls.' Mot. to Certify Class | 7:7-8 | Discussion of material in META_OPERS_00024891, META_OPERS_00024898, and META_OPERS_00024903 of Exhibit 19 regarding competitively sensitive information relating to internal communications regarding decisions as to product development, Eulenstein Decl. ¶¶ 2, 6, and internal research information relating to user engagement and user perception of certain platform features.  Cobb Decl. ¶¶ 2, 4-6. |
| Pls.' Mot. to Certify Class | 9:3-4 | Discussion of material in META_OPERS_00046149 of Exhibit 23 regarding competitively sensitive information relating to potential policy changes regarding content moderation decisions.  Eulenstein Decl. ¶¶ 2, 5. |
| Pls.' Mot. to Certify Class | 9:4-7 | Quotation of material in META_OPERS_00046149 of Exhibit 23 discussing competitively sensitive information relating to potential policy changes regarding content moderation decisions.  Eulenstein Decl. ¶¶ 2, 5. |
| Exhibit 2 | Employee email in META_OPERS_00347227 | Personally identifying information consisting of employee email.  Perlin Decl. ¶¶ 3-6. |
| Exhibit 2 | META_OPERS_00347228 to META_OPERS_00347234 | Competitively sensitive information related to salary and performance of non-defendant executive.  Eulenstein Decl. ¶¶ 2, 7. |
| Exhibit 3 | META_OPERS_00345923 to META_OPERS_00345969 | Competitively sensitive information related to user metrics.  Eulenstein Decl. at ¶¶ 2-3, 7. |
| Exhibit 4 | Names and photos of non-defendant, non-executive employees and name of minor in BLBG-Haugen_0009134 to BLBG-Haugen_009135; BLBG-Haugen_0009145; BLBG- | Personally identifying information consisting of names and photos of non-defendant, non-executive employees and name of minor.  Perlin Decl. ¶¶ 3-6. |

| | | |
|---|---|---|
| | Haugen_0009149 to BLBG-Haugen_009152 | |
| Exhibit 5 | Names of non-defendant, non-executive employees in META_OPERS_00505270; META_OPERS_00505292; META_OPERS_00505294; META_OPERS_00505295; META_OPERS_00505302 to META_OPERS_00505304; META_OPERS_00505306 to META_OPERS_00505308; META_OPERS_00505312; META_OPERS_00505313; META_OPERS_00505321; META_OPERS_00505322; META_OPERS_00505326; META_OPERS_00505327; META_OPERS_00505342 to META_OPERS_00505345 | Personally identifying information consisting of names of non-defendant, non-executive employees. Perlin Decl. ¶¶ 3-6. |
| Exhibit 6 | META_OPERS_00337246; META_OPERS_00337249; META_OPERS_00337251 to META_OPERS_00337257; META_OPERS_00337259 to META_OPERS_00337261 | Competitively sensitive information related to child safety themes, priorities, and risks. Eulenstein Decl. ¶¶ 2, 4. |
| Exhibit 6 | META_OPERS_00337253 to META_OPERS_00337257 | Information that may enable bad actors to circumvent child safety controls by disclosing safety protocols and vulnerabilities in connection with prevention of inappropriate interactions with children. Davis Decl. ¶¶ 2, 5-8. |
| Exhibit 6 | Names of non-defendant, non-executive employees in META_OPERS_00337244 | Personally identifying information consisting of names of non-defendant, non-executive employees. Perlin Decl. ¶¶ 3-6. |
| Exhibit 7 | Names of non-defendant, non-executive employees and employee emails in META_OPERS_00013088; META_OPERS_00013099; META_OPERS_00013100; META_OPERS_00013103 | Personally identifying information consisting of names of non-defendant, non-executive employees and employee emails. Perlin Decl. ¶¶ 3-6. |
| Exhibit 7 | META_OPERS_00013091 to META_OPERS_00013098; META_OPERS_00013104 to META_OPERS_00013108 | Competitively sensitive information relating to child safety policy risks, staffing, and youth product strategy. Eulenstein Decl. ¶¶ 2, 4. |
| Exhibit 7 | META_OPERS_00013092 to META_OPERS_00013095 | Information that may enable bad actors to circumvent child safety controls by disclosing |

| | | vulnerabilities and details about efforts to address child sexual exploitation, suicide and self-injury, and well-being issues. Davis Decl. ¶¶ 2, 5-8. |
|---|---|---|
| Exhibit 8 | Names of non-defendant, non-executive employees, employee emails, and images of non-parties in META_OPERS_00015208; META_OPERS_00015229 | Personally identifying information consisting of names of non-defendant, non-executive employees, employee emails, and images of non-parties. Perlin Decl. ¶¶ 3-6. |
| Exhibit 8 | META_OPERS_00015208 to META_OPERS_00015233 | Competitively sensitive information relating to advertising strategies and how to deal with competition for certain demographics. Eulenstein Decl. ¶¶ 2-3. |
| Exhibit 8 | META_OPERS_00015213 | Information that may enable bad actors by disclosing information relating to device-level signals. Davis Decl. ¶¶ 2, 5-8. |
| Exhibit 9 | Names of non-defendant, non-executive employees and employee emails in META_OPERS_00013773; META_OPERS_00013798 | Personally identifying information consisting of names of non-defendant, non-executive employees and employee emails. Perlin Decl. ¶¶ 3-6. |
| Exhibit 9 | META_OPERS_00013779 to META_OPERS_00013781; META_OPERS_00013783 to META_OPERS_00013789; META_OPERS_00013791 to META_OPERS_00013800 | Competitively sensitive information relating to the roll-out for messaging and calling features, including safety risks and strategy. Eulenstein Decl. ¶¶ 2, 6. |
| Exhibit 9 | META_OPERS_00013783; META_OPERS_00013785; META_OPERS_00013787; META_OPERS_00013791; META_OPERS_00013794; META_OPERS_00013800 | Information that may enable bad actors by exposing how Meta detects, measures, and addresses inappropriate interactions with children. Davis Decl. ¶¶ 5-8. |
| Exhibit 10 | Names of non-defendant, non-executive employees and employee emails in META_OPERS_00090974 to META_OPERS_00090977 | Personally identifying information consisting of names of non-defendant, non-executive employees and employee emails. Perlin Decl. ¶¶ 3-6. |
| Exhibit 10 | META_OPERS_00090974 to META_OPERS_00090977 | Competitively sensitive information relating to press strategy. Eulenstein Decl. ¶¶ 2, 6. |
| Exhibit 10 | META_OPERS_00090974 to META_OPERS_0090976 | Internal research information that contains highly sensitive internal discussions about platform vulnerabilities and strategic priorities. Cobb Decl. ¶¶ 2-3, 5-6. |
| Exhibit 11 | META_OPERS_00345181 to META_OPERS_00204023 | Internal strategies for addressing viral challenges, their rates on platform, and the effectiveness of interventions. Cobb Decl. ¶¶ 2-3, 5-6. |

| | | |
|---|---|---|
| Exhibit 11 | Name of non-defendant, non-executive employee and employee email in META_OPERS_00345185 | Personally identifying information consisting of names of non-defendant, non-executive employees and employee emails.  Perlin Decl. ¶¶ 3-6. |
| Exhibit 11 | META_OPERS_00345181 to META_OPERS_00345184 | Competitively sensitive information relating to managing potentially commercially and reputationally vulnerable issues on certain App platforms.  Eulenstein Decl. ¶¶ 2, 5. |
| Exhibit 11 | META_OPERS_00345181 to META_OPERS_00345184 | Information that may enable bad actors by disclosing Meta's efforts to address viral suicide and self-injury trends.  Davis Decl. ¶¶ 4, 6-8. |
| Exhibit 12 | META_OPERS_00164433 to META_OPERA_00164446 | Internal research information on how different courses of action are evaluated and impacts on engagement.  Cobb Decl. ¶¶ 2, 4-6. |
| Exhibit 12 | Names of non-defendant, non-executive employees, employee emails, and images of non-parties in META_OPERS_00164431; META_OPERS_00164432; META_OPERS_00164435 to META_OPERS_00164437; META_OPERS_00164442 | Personally identifying information consisting of names of non-defendant, non-executive employees, employee emails, and images of non-parties.  Perlin Decl. ¶¶ 3-6. |
| Exhibit 12 | META_OPERS_00164432 to META_OPERS_00164446 | Competitively sensitive information relating to internal discussions and deck about cosmetic surgery filters.  Eulenstein Decl. ¶¶ 2, 6. |
| Exhibit 13 | Names of non-defendant, non-executive employees and employee emails in META_OPERS_00165548 to META_OPERS_00165551 | Personally identifying information consisting of names of non-defendant, non-executive employees and employee emails. Perlin Decl. ¶¶ 3-6. |
| Exhibit 14 | Name of non-defendant, non-executive employee and employee emails in META_OPERS_00332493 | Personally identifying information consisting of names of non-defendant, non-executive employees and employee emails.  Perlin Decl. ¶¶ 3-6. |
| Exhibit 15 | META_OPERS_001755663 to META_OPERS_00175585 | Internal research information relating to youth safety on Company platform.  Cobb Decl. ¶¶ 2-3, 5-6. |
| Exhibit 15 | META_OPERS_00175562 to META_OPERS_00175585 | Competitively sensitive information relating to certain Meta product ramifications from possible regulatory responses.  Eulenstein Decl. ¶¶ 2, 4. |
| Exhibit 15 | Names of non-defendant, non-executive employees and employee emails in META_OPERS_00175561; META_OPERS_00175562 | Personally identifying information consisting of names of non-defendant, non-executive employees and employee emails.  Perlin Decl. ¶¶ 3-6. |

| Exhibit 16 | Names of non-defendant, non-executive employees in META_OPERS_00344341; META_OPERS_00344386 to META_OPERS_00344391; META_OPERS_00344393; META_OPERS_00344396 | Personally identifying information consisting of names of non-defendant, non-executive employees.  Perlin Decl. ¶¶ 3-6. |
|---|---|---|
| Exhibit 17 | META_OPERS_00060779 to META_OPERS_00060780 | Competitively sensitive information relating to internal audit report regarding product-related measurement and monitoring.  Eulenstein Decl. ¶¶ 2, 5. |
| Exhibit 17 | Names of non-defendant, non-executive employees and employee emails in META_OPERS_00060779 | Personally identifying information consisting of names of non-defendant, non-executive employees and employee emails.  Perlin Decl. ¶¶ 3-6. |
| Exhibit 18 | META_OPERS_00333118 to META_OPERS_00333144 | Internal research information relating to the wellness of users in a specific age group on the platform.  Cobb Decl. ¶¶ 2-3, 5-6. |
| Exhibit 18 | META_OPERS_00333117 to META_OPERS_00333144 | Competitively sensitive information relating to the methodology and results of an audit of Instagram's product features in connection with youth wellbeing.  Eulenstein Decl. ¶¶ 2, 5. |
| Exhibit 18 | Names of non-defendant, non-executive employees in META_OPERS_00333117; META_OPERS_00333120 to META_OPERS_00333128; META_OPERS_00333130 to META_OPERS_00333132; META_OPERS_00333135 to META_OPERS_00333144 | Personally identifying information consisting of names of non-defendant, non-executive employees.  Perlin Decl. ¶¶ 3-6. |
| Exhibit 19 | META_OPERS_00024887 to META_OPERS_00024888; META_OPERS_00024891 to META_OPERS_0002494; META_OPERS_00024896 to META_OPERS_00024900; META_OPERS_00024902 to META_OPERS_00024907; META_OPERS_00024909 to META_OPERS_00024912 | Internal research information relating to user engagement and user perception of certain platform features.  Cobb Decl. ¶¶ 2, 4-6. |
| Exhibit 19 | META_OPERS_00024887 to META_OPERS_00024888; META_OPERS_00024891 to META_OPERS_00024894; META_OPERS_00024896 to META_OPERS_00024900; | Competitively sensitive information relating to internal communications regarding decisions as to product development.  Eulenstein Decl. ¶¶ 2, 6. |

DEF. META PLATFORMS, INC.'S STATEMENT ISO PLS.' ADMIN. MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 207)                    CASE NO. 3:21-CV-08812-AMO

9

| | | |
|---|---|---|
| | META_OPERS_00024902 to META_OPERS_00024907; META_OPERS_00024909 to META_OPERS_0002912 | |
| Exhibit 19 | Names of non-defendant, non-executive employees and employee emails in META_OPERS_00024885 to META_OPERS_00024888; | Personally identifying information consisting of names of non-defendant, non-executive employees and employee emails. Perlin Decl. ¶¶ 3-6. |
| Exhibit 20 | META_OPERS_00002567, META_OPERS_00002576, META_OPERS_00002578 | Internal research information on user experience. Cobb Decl. ¶ 4. |
| Exhibit 20 | META_OPERS_00002566; META_OPERS_00002578 | Competitively sensitive information relating to internal metrics regarding product development. Eulenstein Decl. ¶¶ 2, 5. |
| Exhibit 20 | Names of non-defendant, non-executive employees and images of non-parties in META_OPERS_00002566; META_OPERS_00002568; META_OPERS_00002569; META_OPERS_00002572; META_OPERS_00002573; META_OPERS_00002575; META_OPERS_00002576; META_OPERS_00002580; META_OPERS_00002581; META_OPERS_00002584; META_OPERS_00002585 | Personally identifying information consisting of names of non-defendant, non-executive employees and images of non-parties. Perlin Decl. ¶¶ 3-6. |
| Exhibit 21 | Names of non-defendant, non-executive employees and employee emails in META_OPERS_00086549; META_OPERS_00086557 | Personally identifying information consisting of names of non-defendant, non-executive employees and employee emails. Perlin Decl. ¶¶ 3-6. |
| Exhibit 22 | Names of non-defendant, non-executive employees, employee emails, and non-party contact information in META_OPERS_00101072 to META_OPERS_00101083 | Personally identifying information consisting of names of non-defendant, non-executive employees, employee emails, and non-party contact information. Perlin Decl. ¶¶ 3-6. |
| Exhibit 23 | META_OPERS_00046149 to META_OPERS_00046155 | Competitively sensitive information relating to potential policy changes regarding content moderation decisions. Eulenstein Decl. ¶¶ 2, 5. |
| Exhibit 23 | Names of non-defendant, non-executive employees in META_OPERS_00046149; META_OPERS_00046153 | Personally identifying information consisting of names of non-defendant, non-executive employees. Perlin Decl. ¶¶ 3-6. |

| Exhibit 24 | Names and photos of non-defendant, non-executive employees in BLBG-Haugen_0021443 to BLBG-Haugen_0021456 | Personally identifying information consisting of names and photos of non-defendant, non-executive employees. Perlin Decl. ¶¶ 3-6. |

### A. Meta's Sensitive Competitive Information Should Be Sealed

It is well established that trade secrets and other competitively sensitive information may be sealed. Federal Rule of Civil Procedure 26(c) provides that district courts may seal documents in order to protect a variety of sensitive information that impacts a party's competitive standing, such as "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Similarly, the Ninth Circuit recognizes "confidential and commercially sensitive information" warrants "protect[ion] from public disclosure." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). The Ninth Circuit treats "trade secrets" as including "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Apple Inc. v. Samsung Elecs. Co.*, 2018 WL 11703093, at *1 (N.D. Cal. May 29, 2018) (quoting *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).

Exhibits 2, 3, 6–13, 15, 17–20, and 23 contain trade secrets or other confidential product and business information that is not intended for public disclosure. *See* Eulenstein Decl. ¶¶ 2-7 and Cobb Decl. ¶¶ 2–6. The information falls into the following categories:

- Internal research and studies that Meta treats as highly confidential due to concerns, among other reasons, that competitors would misuse or misconstrue them. *See, e.g.*, Exhibit 10 (containing discussions on research findings regarding child safety that could be misused by competitors). "[U]nder Ninth Circuit law, detailed product-specific financial information, customer information, and internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage." *Opperman*, 2017 WL 1036652, at *1.

- Figures on how Meta users engage with the platform. *See, e.g.*, Exhibit 19 (discussing user engagement with Instagram connected to likes and comments). Courts have found that data regarding a variety of user metrics warrant sealing as legitimate "confidential business information that companies guard closely." *Daybreak Game Co. LLC v. Takahashi*, 2025 WL 2689920, at *2 (S.D. Cal. Sept. 19, 2025) (sealing both "confidential user engagement metrics—such as monthly active user (MAU) and daily active user (DAU) statistics" and "internal financial analyses that constitute sensitive business information not publicly available").

- Information pertaining to Meta's product development and business strategies. *See., e.g.*, Ex. 12 (including business discussions, research, and decisions connected to cosmetic filters on its platforms). Such information is consistently sealed by courts. *See, e.g.*, *Jones v. PGA Tour, Inc.*, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (sealing "competitively sensitive business communications, and documents concerning corporate governance and decision making"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "nonpublic information discussing [designating party's] pricing strategy, business decisionmaking, and financial records, which would expose Safeway to competitive harm if disclosed").

### B. Information That Makes Meta and Its Users Vulnerable to Bad Actors Should Be Sealed

Courts also routinely permit sealing of information that could make a company and its users vulnerable to bad actors. *See, e.g.*, *Connor v. Quora, Inc.*, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (sealing information "that could be used by a bad actor to exploit and breach [designating party's] systems"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (sealing information that "bad actors who would seek to manipulate Google's systems information about how Google detects and reacts to invalid traffic"); *In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *4 (N.D. Cal. Aug. 6, 2014) (sealing information "the disclosure of which could lead to a breach in the security of the Gmail system" (internal quotation marks omitted)).

Exhibits 6–9 and 11 contain information that could make Meta and its users vulnerable to bad actors. For example, Exhibit 7 includes confidential information regarding child safety features on Meta's platforms, which could be misused by bad actors. Disclosing such information would create real and serious concerns that bad actors could use this information to evade Meta's security measures and target children and teenagers. *See* Davis Decl. ¶¶ 2-8.

### C. Personal and Identifying Information of Non-Parties and Non-Executives Should Be Sealed

"The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest[.]" *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)); *see also O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015) ("The Court recognizes the non-party's privacy interests, and finds that such an interest can be appropriately balanced with the public's right to access by redacting personal

identifying information[.]"); *Daybreak Game Co. LLC*, 2025 WL 2689920, at *3. Accordingly, courts recognize that specifically "redact[ing] employee-identifying information is appropriate." *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *2 (N.D. Cal. Apr. 27, 2012); *see also Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing "personally identifiable information of third-party individuals"). The justification for sealing is heightened when, as here, "the information sought to be sealed by Defendants implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case." *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015); *see also Murphy*, 2012 WL 1497489, at *1-2 (ordering redaction of employee information that would not "provide the Court, and the public, with meaningful information").

Exhibits 2 and 4–24 contain sensitive, personal information, including the full names and contact information for non-executive employees. For example, Exhibits 2 and 4–24 contain non-executive employee names, profile photos, and/or emails. Exhibits 8, 12, 20, and 22 contain non-party information and images, such as their names and photos. *See* Eulenstein Decl. ¶ 7; Perlin Decl. ¶¶ 3–6.

Meta also seeks to seal information regarding a non-party employee's salary, performance, and job feedback. *See* Exs. 2, 3. Courts recognize that "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information," including "sales performance rankings" and data related to job performance. *Id.* at *1 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)). This is especially true where, as here, the "amount of information that [the designating parties] seek to redact is small, and that the information . . . has little or no relevance to any material issue in this case." *Nursing Home Pension Fund*, 2007 WL 3232267, at *2. *See* Eulenstein Decl. ¶ 7.

The publicization of the personal and identifying information that Meta seeks to seal poses real, unnecessary risks of harm to non-parties—namely, the threat of online and real-life harassment and targeting. *See* Perlin Decl. ¶¶ 5–6. That risk, combined with the irrelevance of the personal information at issue, justifies its sealing.

### D. The Proposed Sealing Redactions Are Narrowly Tailored

The scope of information that Meta proposed to seal is "minimal and narrowly tailored to address the concerns it identifies." *Valeo Schalter und Sensoren GMBH v. NVIDIA Corp.*, 2025 WL 438682, at *1 (N.D. Cal. Jan. 9, 2025). Meta seeks only narrowly tailored redactions that achieve the necessary sealing in the least restrictive way possible. Meta's suggested redactions seek to protect only the legitimate business, proprietary, personal, and safety concerns identified above. For example, with respect to Exhibit 21, which is a 20-page document, Meta proposes two small redactions—a single sentence and a single word. There is no less restrictive alternative that would protect the confidentiality concerns that justify the sealing.

## III. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court seal the material identified in the proposed order.

| | | |
|---|---|---|
| 1 | DATED:  December 19, 2025 | Respectfully submitted, |
| 2 | | **DAVIS POLK & WARDWELL LLP** |
| 3 | | */s/ Paulina Perlin*                              |

James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
Rory A. Leraris (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Esther C. Townes (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
            charles.duggan@davispolk.com
            rory.leraris@davispolk.com
            nikolaus.williams@davispolk.com
            esther.townes@davispolk.com
            paulina.perlin@davispolk.com

Neal A. Potischman (SBN 254862)
Julia Leff (SBN 356813)
900 Middlefield Road
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
            julia.leff@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc., Mark Zuckerberg, Nick Clegg, Antigone Davis, and Karina Newton*

DEF. META PLATFORMS, INC.'S STATEMENT ISO PLS.' ADMIN. MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 207)          CASE NO. 3:21-CV-08812-AMO

15