**DAVIS POLK & WARDWELL LLP**
James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
Rory A. Leraris (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Esther C. Townes (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
        charles.duggan@davispolk.com
        rory.leraris@davispolk.com
        nikolaus.williams@davispolk.com
        esther.townes@davispolk.com
        paulina.perlin@davispolk.com

Neal A. Potischman (SBN 254862)
Julia Leff (SBN 356813)
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
        julia.leff@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,*
*Mark Zuckerberg, Nick Clegg, Antigone Davis,*
*and Karina Newton*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION | Lead Case No. 3:21-cv-08812-AMO |
| | Consolidated Case Nos. 3:21-cv-08873-AMO and 3:21-cv-09041-AMO |
| | **DECLARATION OF CURTISS COBB IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 207)** |
| | CLASS ACTION |
| | Judge: Hon. Araceli Martínez-Olguín |

## DECLARATION OF CURTISS COBB

I, CURTISS COBB, declare pursuant to 28 U.S.C. § 1746, as follows:

1.      I am the Vice President of Central Science, Strategy and Research at Meta Platforms, Inc. ("Meta"). I submit this Declaration in support of Defendant Meta Platforms, Inc.'s Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  The declaration is based on my personal knowledge and experience at Meta and in my career. If called upon to do so, I could and would competently testify as follows.

2.      I have reviewed Exhibits 10, 11, 12, 15, 18, 19, and 20.  As explained further below, they include confidential and proprietary information, including information related to Meta's internal research, and could cause Meta competitive harm if disclosed publicly.

3.      For example, Exhibit 18 at META_OPERS_00333117 to 00333144 includes Meta's research into wellness of users in a specific age group on the platform.  Exhibits 10 (email exchange containing research results on child safety issues), 11 (document including research into suicide and self-harm risks on Company platform), and 15 (document containing research into youth safety on Company platforms) likewise contain internal research into wellness issues.  Meta treats this information as strictly confidential.  Beyond competitive concerns discussed below, exposing this research publicly could put Meta users at risk from the dangerous behavior of bad actors.  Bad actors could use this research to circumvent Meta's protocols, develop new methods for harming Meta users, and evade detection on Meta's platforms.  This could in turn inhibit Meta's efforts to make its platforms safe for its users.

4.      As another example, Exhibit 19 at META_OPERS_00024891 to 00024894, 00024896 to 00024900, 00024902 to 00024907 contains research into user engagement and user perception of certain platform features.  Similarly, at META_OPERS_00024909 to 00024912, Exhibit 19 contains research into platform performance outcomes.  Exhibits 12 (document containing research into user perception of cosmetic filters) and 20 (document containing survey results on user perception of certain platform features) contain research on similar topics.  These materials contain detailed discussions of information obtained by Meta through proprietary consumer research, along with Meta's recommendations based on these findings.  If a competitor of Meta's knew the results of Meta's

DECL. OF CURTISS COBB ISO DEF. META PLATFORMS, INC.'S STATEMENT ISO PLS.' ADMIN. MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 207)          CASE NO. 3:21-CV-08812-AMO

1

nonpublic research into these topics, the competitor could adjust their strategies in response. As a result, the competitor would be able to decide whether to emulate or cut similar features at Meta's expense. This would harm Meta's business because competitors could take advantage of this information to adjust their platforms without having invested in the research themselves.

5. Another way in which this could be competitively harmful is that competitors may use the data in making offers, presentations, and pitches to investors. They could use the data to argue that investors should invest in them, rather than in Meta, by comparing this nonpublic data to their own proprietary data. A lack of investment that Meta would otherwise have, based on competitors' use of Meta's internal data, would limit Meta's ability to invest in its business and retain talent.

6. As explained above, Meta does not disclose this information publicly in the ordinary course of business. For the reasons explained, it is confidential, proprietary, and valuable, and Meta takes steps to maintain its confidentiality, including not sharing it publicly and limiting who can receive it. Disclosure of this information could cause Meta competitive harm if publicly disclosed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 19, 2025 in Menlo Park, California.



Signed by:
Curtiss L Cobb III
DA1EB48B7B68452...

Curtiss Cobb

DECL. OF CURTISS COBB ISO DEF. META PLATFORMS, INC.'S STATEMENT ISO PLS.' ADMIN. MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 207)          CASE NO. 3:21-CV-08812-AMO

2

## CIVIL L.R. 5-1(i)(3) ATTESTATION

I, Paulina Perlin, am the ECF user whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories of this document have concurred in its filing.


Dated:    December 19, 2025                    */s/ Paulina Perlin*
                                               Paulina Perlin

DECL. OF CURTISS COBB ISO DEF. META PLATFORMS, INC.'S STATEMENT ISO PLS.' ADMIN. MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 207)              CASE NO. 3:21-CV-08812-AMO

3