**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
John Rizio-Hamilton (*pro hac vice*)
(johnr@blbglaw.com)
Rebecca E. Boon (*pro hac vice*)
(rebecca.boon@blbglaw.com)
Jorge G. Tenreiro (*pro hac vice*)
(jorge.tenreiro@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 554-1400
Fax: (212) 554-1444

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel.: (310) 819-3481

*Counsel for Lead Plaintiffs*
*Ohio Public Employees Retirement System and*
*PFA Pension Forsikringsaktieselskab*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION | Lead Case No. 3:21-cv-08812-AMO <br><br> Consolidated Case Nos. 3:21-cv-08873-AMO and 3:21-cv-09041-AMO <br><br> **LEAD PLAINTIFFS' REPLY TO DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> <u>CLASS ACTION</u> <br><br> Judge: Hon. Araceli Martínez-Olguín <br> Courtroom: 10 |

Lead Plaintiffs Ohio Public Employees Retirement System and PFA Pension Forsikringsaktieselskab respectfully submit this Reply to Defendants' Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed ("Statement") (ECF No. 212). With the exception of personal identifying information, which Lead Plaintiffs do not oppose sealing, sealing is unwarranted for the reasons below.

### I. The Public Has a Right to Know the Underlying Facts of this Action

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Thus, when considering a sealing request, the First Amendment creates "a strong presumption in favor of access [as] the starting point." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). This is particularly the case "[i]n a class action, [where] the public right of access to court documents is especially heightened." *Marsh v. First Bank of Delaware*, 2014 WL 117086, at *1 (N.D. Cal. Jan. 13, 2014); *see also Roe v. State Bar of California*, 2023 WL 6193023, at *2 (C.D. Cal. Mar. 17, 2023) ("there is a compelling public interest in open court proceedings, particularly in the context of a class action"). Indeed, "because of the peculiar posture of class actions whereby some members of the public are also parties to the class action … the test for overriding the right of access should be applied in this case with particular strictness." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

As courts in this District have explained in the context of other class actions against Meta, the right to public access applies to motions for class certification. *See In re Meta Pixel Tax Filing Cases*, 2025 WL 1872974, at *3 (N.D. Cal. May 9, 2025) ("The public—and Meta users in particular, many of whom likely fall within the putative class in this case—have a strong interest in accessing records that purport to show how Meta collects, analyzes, and manages user data, including tax data, and learning that Meta employees have raised concerns about Meta's data management practices internally."); *Dangaard v. Instagram, LLC*, 2024 WL 5090469, at *1 (N.D. Cal. Dec. 12, 2024) (declining to seal documents when "[t]he manner in which Meta moderates content" was a relevant issue in the case and "all of the proposed redactions speak to the merits of the action for which the public should have access").

In addition, the harm to young users on Meta's platforms and Defendants' efforts (or lack thereof) to address such harms merit transparency because the public has an interest in these issues, as evidenced by Congressional, regulatory, and public scrutiny. *See Facebook, Inc. v. BrandTotal Ltd.*, 499 F. Supp. 3d 720, 746 (N.D. Cal. 2020) ("Facebook's ability to decisively police the integrity of its platforms is without question a pressing public interest…. Congress's ample attention to such abuse is more than enough to demonstrate the importance of those interests to the public."); *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *6 (N.D. Cal. Jan. 14, 2019) (declining to seal information that "would be of great public interest, particularly since it relates specifically to Facebook's transactions with minors"). Indeed, members of Congress have themselves held public hearings concerning the harms Meta's platforms cause its young users, noting that "this is truly an important conversation for us to be having to continue and to be bringing our findings forward so that the public is aware." *See, e.g., Protecting Kids Online: Facebook, Instagram, and Mental Health Harm*, Hearing Before the Subcomm. on Consumer Protection, Product Safety, and Data Security, 117th Cong. 4 (2021).

## II. Defendants Have Not Met Their Burden to Show Sealing is Warranted

To overcome the presumption of public access, Defendants must show a compelling reason to warrant sealing. "[T]he compelling reasons standard applies to motions to seal documents relating to class certification." *Adtrader, Inc. v. Google LLC*, 2020 WL 6392572, at *2 (N.D. Cal. Feb. 10, 2020). "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096-97. Defendants cannot meet this "stringent standard."

*First*, Defendants' conclusory assertions of business harm are insufficient. Defendants state that documents containing research concerning user engagement could harm Meta's business based on speculation that competitors could use general information, such as discussions concerning Project Daisy and cosmetic filers, "to develop their own copycat products and features." Eulenstein Decl. ¶6. However, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not satisfy the "compelling reasons" standard. *In re Twitter*

*Inc. Securities Litigation*, 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020). As one court held in denying sealing, stating that information that was "technical in nature" without "articulat[ing] *how* a competitor would use this information to obtain an unfair advantage" is not sufficient. *Dunbar v. Google, Inc.*, 2012 WL 6202719, at *5 (N.D. Cal. Dec. 12, 2012). Here, Meta does not explain *how* a competitor could use Meta's information, rather it notes only that competitors "could … adjust" their platforms. *See also In re Twitter Inc. Securities Litigation*, 2020 WL 2519888, at *2 ("generic assertions that the Court's Order contains 'highly sensitive, confidential, and proprietary information, including non-public information about Twitter's operating metrics, the public disclosure of which would place Twitter at a competitive disadvantage'" insufficient); *FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, 2023 WL 6237986, at *2 (N.D. Cal. Sept. 22, 2023) (claims that "details of compounds in FibroGen's proprietary library and their dates of discovery would give competitors insight into FibroGen's research strategy, progress, and internal operations, allowing competitors to gain an advantage over FibroGen in the development of a competing product" conclusory and insufficient to warrant sealing); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1164 (N.D. Cal. 2021) (no compelling reason to seal codename that did not reveal detailed information because possibility of others uncovering additional information was "largely speculative").

Defendants' argument that the at-issue information is potentially harmful is especially unpersuasive because nearly every document was generated, at minimum, four years ago. Defendants fail to explain how such outdated information could possibly be harmful to any present-day business. *See Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, 2018 WL 6601671, at *2 (S.D. Cal. Dec. 14, 2018) (motion to seal denied because "[d]efendants have not shown why this outdated [financial] information would have any effect on [its] competitive standing at the present"); *Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994, 1021 (N.D. Cal. 2018) (finding "marketing plans that are several years old and broad descriptions of technology that has surely changed" were not protectable trade secrets).

**Second**, Defendants' argument that certain exhibits make Meta and its users vulnerable to bad actors is unavailing. While we take seriously potential harms by bad actors, Defendants do not

articulate *how* unsealing the relevant exhibits and portions of the motion would lead to any of the supposed harms, which is insufficient to satisfy the high bar for sealing. Two courts in this District have accordingly rejected Meta's same argument as a justification for sealing Meta's documents. *See Dangaard*, 2024 WL 5090469, at *1-2 (rejecting Meta's argument that "citing to its internal policies of how it moderates content and statistics reflecting how Meta blocks certain content would allow 'malicious actors to take advantage of this specialized internal information to circumvent or otherwise render ineffective'" when Meta did not "demonstrate[] that any of the proposed redactions…would teach someone how to override its moderation process"); *In re Meta Pixel*, 2025 WL 1872974, at *3 ("While Meta undoubtedly has an interest in keeping its 'data storage systems' confidential in order to prevent 'third parties [from] circumvent[ing] Meta's security measures,' the materials Meta seeks to seal do not divulge any actual details about Meta's system infrastructure or security policies."); *see also Dunbar*, 2012 WL 6202719, at *5 (declining to seal documents when Google did not articulate "how this information could be used by a hacker or spammer to take advantage of a vulnerability in Google's system").

**Third,** "[t]here is no compelling reason to justify sealing the documents if the information is already available to the public." *Apple Inc. v. Psystar Corp., 2012 WL 10852,* at *2 (*N.D. Cal. Jan. 3, 2012). In and after the Facebook Files at issue in this case were published, many internal documents that contain similar information to the information at issue here have been made public, including through news outlets, litigation, and document repositories. For example, Defendants seek to seal significant portions of Exhibit 19, which includes a "Project Daisy Launch Discussion," because those portions contain "trade secrets or other confidential product and business information," including "[f]igures on how Meta users engage with the platform." Statement at 11. But a similar version of the same slide deck has already been public through the FBArchive. *See* FBArchive, The Public Interest Technology Lab (last accessed Dec. 23, 2025), https://fbarchive.org/doc/odoc003714w35. For the same reasons, Defendants seek to seal portions of Exhibit 20, which contains a slide deck titled "Social comparison on Instagram," a similar version of which was published by *The Wall Street Journal* on September 29, 2021 (and is also contained in the FBArchive). *See Social Comparison: Topics, celebrities, Like counts, selfies*,

WALL ST. J. (Sept. 29, 2021), https://s.wsj.net/public/resources/documents/social-comparison-topics-celebrities-like-counts-selfies.pdf); FBArchive, https://fbarchive.org/doc/odoc003625w35.

Moreover, Meta itself released its own versions of internal documents that contain similar information in September 2021, in response to the Facebook Files at issue here. *See, e.g.*, P. Raychoudhury, *What Our Research Really Says About Teen Well-Being and Instagram* (Sept. 26, 2021), https://about.fb.com/news/2021/09/research-teen-well-being-and-instagram/. Thus, to the extent Defendants seek to seal information that is in the public sphere, their request should be denied. *See Todd v. Tempur-Sealy Int'l, Inc.*, 2015 WL 1006534, at *6 (N.D. Cal. Mar. 6, 2015) (finding that defendant had "not established good cause to uphold the confidential designation of the documents" where "the same or similar information [] ha[d] been made available for public viewing").

***Fourth***, that "Meta does not disclose [certain information] publicly in the ordinary course of business" and that Defendants have designated material "confidential, proprietary, and valuable," *see, e.g.*, Eulenstein Decl. ¶ 8, does not mean that sealing is appropriate or required. *Dunbar v. Google, Inc.*, 2012 WL 6202719, at *3 (N.D. Cal. Dec. 12, 2012) (Google's designation of information as "confidential and proprietary ... information through a number of means" did not warrant sealing).

***Finally***, that Defendants want to avoid negative publicity does not mean the information at issue should be sealed. *Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417 (N.D. Cal. Jan. 8, 2025) ("It is clear that Meta's request is not designed to protect against the disclosure of sensitive business information that competitors could use to their advantage. Rather, it is designed to avoid negative publicity.").

### III.  Conclusion

For all the reasons stated above, Lead Plaintiffs respectfully request that the Court deny Defendants' request to seal portions of Lead Plaintiffs' motion for class certification and the accompanying exhibits.

Dated: December 23, 2025

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ *John Rizio-Hamilton*

John Rizio-Hamilton (*pro hac vice*)
(johnr@blbglaw.com)
Rebecca E. Boon (*pro hac vice*)
(rebecca.boon@blbglaw.com)
Jorge Tenreiro (*pro hac vice*)
(jorge.tenreiro@blbglaw.com)
Aasiya M. Glover (*pro hac vice*)
(aasiya.glover@blbglaw.com)
Mathews R. de Carvalho (*pro hac vice*)
(mathews.decarvalho@blbglaw.com)
Sarah K. Schmidt (*pro hac vice*)
(sarah.schmidt@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*Counsel for Lead Plaintiffs*
*Ohio Public Employees Retirement System and PFA Pension Forsikringsaktieselskab*

**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**
Shawn Busken
(Shawn.Busken@OhioAttorneyGeneral.gov)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515

*Additional Counsel for Lead Plaintiff Ohio Public Employees Retirement System*