James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
Rory A. Leraris (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Esther C. Townes (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
       charles.duggan@davispolk.com
       rory.leraris@davispolk.com
       nikolaus.williams@davispolk.com
       esther.townes@davispolk.com
       paulina.perlin@davispolk.com

Neal Potischman (SBN 254862)
Julia Leff (SBN 356813)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
       julia.leff@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc., Mark Zuckerberg, Nick Clegg, Antigone Davis, and Karina Newton*

*Additional Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION<br><br>This document relates to: All Actions | Lead Case No. 3:21-cv-08812-AMO<br><br>Consolidated Case Nos. 3:21-cv-08873-AMO and 3:21-cv-09041-AMO<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER MODIFYING SEALING PROCEDURES FOR SECOND AMENDED COMPLAINT AND MOTION TO DISMISS**<br><br>CLASS ACTION<br>Judge: Hon. Araceli Martínez-Olguín |

1  Lead Plaintiffs Ohio Public Employees Retirement System and PFA Pension,
2  Forsikringsaktieselskab (collectively, "Lead Plaintiffs") and Defendants Meta Platforms, Inc. f/k/a
3  Facebook, Inc., Mark Zuckerberg, Nick Clegg, Antigone Davis, and Karina Newton ("Defendants,"
4  and together with Lead Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby
5  stipulate and agree as follows:

6  **WHEREAS,** Lead Plaintiffs anticipate amending their operative complaint on February 13,
7  2026 (the "Second Amended Complaint");

8  **WHEREAS,** Defendants intend to file a renewed motion to dismiss the forthcoming Second
9  Amended Complaint (the "Motion to Dismiss");

10  **WHEREAS,** the Parties anticipate that the forthcoming Second Amended Complaint and
11  Motion to Dismiss briefing will involve information designated as confidential under the Protective
12  Order in this case (ECF No. 182);

13  **WHEREAS,** the Parties seek to modify the sealing procedures set forth in this Court's Local
14  Rules to streamline the sealing process and reduce burdens on the Court, the Parties, and third parties
15  by submitting a single motion to consider sealing of the Second Amended Complaint and subsequent
16  Motion to Dismiss briefing;

17  **WHEREAS,** the process and timeframes set forth in this joint stipulation and proposed order
18  are consistent with those so-ordered by this Court, *see e.g.*, *FTC v. Intercontinental Exch., Inc.*, No.
19  23-cv-01710-AMO, Dkt. No. 147 (June 20, 2023) (motion to consider sealing to be filed within 14
20  days after the conclusion of all preliminary injunction briefing); *In re Da Vinci Surgical Robot*
21  *Antitrust Litig.*, No. 21-cv-03825-AMO, Dkt. No. 269 (June 7, 2024) (omnibus sealing motion to be
22  filed within 14 days after the conclusion of all briefing of the underlying motion or filing; opposition
23  to be filed no later than 5 days after the omnibus motion filing; public-facing version of the documents
24  with any redactions pursuant to the court's sealing order to be filed within 21 days following the
25  court's order); *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litig.*, 22-
26  md-03047-YGR (Aug. 1, 2023) (omnibus motion to be filed within 14 days after the conclusion of
27  briefing for which the sealing requests were made; opposition to be filed within 5 days after the
28  omnibus motion filing; reply to be filed within 5 days after the opposition filing; public-facing

version of the documents with any redactions pursuant to the court's sealing order to be filed within 14 days following the court's order);

**WHEREAS,** there have been six previous time modifications in this litigation: ECF No. 19 (Dec. 7, 2021) (extending time for Defendants to respond to the complaint); ECF No. 93 (Aug. 11, 2022) (extending time for Lead Plaintiffs to file the first amended complaint and the briefing schedule for Defendants' motion to dismiss); ECF No. 145 (Oct. 29, 2024) (extending time for Defendants to answer the first amended complaint and, if Lead Plaintiffs instead chose to amend the operative complaint, the briefing schedule for Defendants' motion to dismiss); ECF No. 189 (Sept. 9, 2025) (extending time for the Parties to file a Joint Status Report regarding the outcome of the Parties' mediation); ECF No. 196 (Oct. 9, 2025) (extending time for the Parties' class certification briefing); and ECF No. 214 (Dec. 29, 2025) (extending time for Lead Plaintiffs to file the consolidated Second Amended Complaint and suspending all other deadlines pending the resolution of Defendants' anticipated Motion to Dismiss); and

**WHEREAS,** the deadlines set forth herein will not impact any other currently scheduled case deadlines, as discovery is stayed pursuant to the Private Securities Litigation Reform Act and there are no other events or deadlines currently scheduled.

**NOW THEREFORE,** the Parties request that the Court modify the sealing procedures under Local Rule 79-5 for the purposes of the Second Amended Complaint and Motion to Dismiss briefing as follows:

1. If a Party intends to request sealing for, or intends to file material that is, "Protected Material" under the Stipulated Protective Order (ECF No. 182) in any portion of the Second Amended Complaint or any of the materials submitted in connection with the Motion to Dismiss the Second Amended Complaint, the Party shall file, on the deadline as set forth by the Court's scheduling and other orders, the Second Amended Complaint and any materials submitted in connection with the Motion to Dismiss briefing fully under seal. The Party will contemporaneously file a one-page Interim Sealing Motion, which will indicate that the reasons for sealing will be discussed in a forthcoming omnibus motion on sealing requests. The Interim Sealing Motion will attach an unredacted copy

1  of the documents on the ECF docket, provisionally under seal.

2. At the time of the initial filings, the filing Party (the "Filing Party") shall not be required to file redacted versions of any documents and shall instead file the documents in slip-sheet form.

3. Within 7 business days of any such initial filing, the Party that designated the Protected Material (the "Designating Party") shall provide to the other Party a version of the Second Amended Complaint or memoranda of law submitted in connection with the Motion to Dismiss clearly designating, in yellow highlighting, the portions of such document that the Designating Party provisionally intends to move to seal pursuant to the procedures set forth herein.  For the avoidance of doubt, this paragraph shall not apply to any documents other than the Second Amended Complaint or memoranda of law submitted in connection with the Motion to Dismiss.

4. Within 2 business days, the Filing Party shall file the public-facing version of the document, with any redactions pursuant to the sealing designations made by or received from any other relevant Party.

5. Within 14 calendar days after Defendants' deadline to submit a reply in support of their Motion to Dismiss, the Designating Party may file one omnibus motion addressing all documents and information from the Second Amended Complaint and Motion to Dismiss briefing that it seeks to seal.  The motion shall be no longer than 5 pages unless leave from the Court is granted.  Motions shall be accompanied by appropriate declarations in support of requests to seal.  Motions shall also be accompanied by a chart listing all documents requested to be sealed, identifying: (i) each document by the docket entries at which it has been filed under seal; (ii) the basis for sealing; and (iii) whether a Party has previously sought to seal the document or any information in the document, whether it was sealed, and the docket location of the order addressing the request.  The chart shall not count towards the 5-page limit.

6. The Designating Party shall file, along with the omnibus motion on sealing, a proposed order addressing all sealing requests.  The order shall include a chart identifying all

3

documents and portions of documents by docket location and a column for the Court's order on each document and portions of documents.

7. Any oppositions to the omnibus motion may be filed within 8 calendar days of the omnibus motion being filed and shall be no longer than 5 pages unless leave from the Court is granted.

8. Within 5 calendar days of the opposition being filed, the Designating Party may file a reply that shall be no longer than 5 pages unless leave from the Court is granted.

9. The Designating Party shall file the public-facing version of the document, with any redactions pursuant to the Court's sealing order, within 14 days following the Court's order on the omnibus sealing stipulation or motion.

**IT IS SO STIPULATED.**



IT IS SO ORDERED

Judge Araceli Martínez-Olguín

February 12, 2026