# EXHIBIT A

James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
Rory A. Leraris (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Esther C. Townes (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
       charles.duggan@davispolk.com
       rory.leraris@davispolk.com
       nikolaus.williams@davispolk.com
       esther.townes@davispolk.com
       paulina.perlin@davispolk.com

Neal Potischman (SBN 254862)
Julia Leff (SBN 356813)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
       julia.leff@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,
Mark Zuckerberg, Nick Clegg, Adam Mosseri,
Guy Rosen, Antigone Davis, Karina Newton,
and Pavni Diwanji*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION<br><br>This document relates to: All Actions | Lead Case No. 4:21-cv-08812-AMO<br><br>**DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' OBJECTION TO REPLY EVIDENCE**<br><br>Date:   August 6, 2026<br>Time:   2:00 p.m.<br>Courtroom 5<br>Judge: Honorable Araceli Martínez-Olguín |

Lead Plaintiffs' Objection[1] (Dkt. 245-1)—objecting to two exhibits submitted in Defendants' Request for Judicial Notice in Support of Reply Memorandum of Points & Authorities in Support of Motion to Dismiss the Consolidated Second Amended Class Action Complaint (Dkt. 242-1) ("Supplemental RJN")—is without merit.  Exhibits 21 and 22 are properly considered in deciding the Motion to Dismiss because they are not "new evidence," but rather appropriate rebuttals in response to arguments made in Lead Plaintiffs' MTD Opposition. The Objection should be rejected.

*First*, Lead Plaintiffs' Objection should be overruled because the exhibits are not new evidence, given that they were submitted in response to arguments raised in the MTD Opposition. Although new evidence is generally not permitted in a reply brief, the Ninth Circuit instructs that information cited in a reply brief is not "new" when it "addresses the same set of facts supplied in [the] opposition to the motion but provides the full context to [the opposition's] selected recitation of the facts."  *Terrell v. Contra Costa Cnty.*, 232 F. App'x 626, 629 & n.2 (9th Cir. 2007).  In other words, reply evidence is permissible when it "simply provide[s] additional context in response to [a party's] account of the [facts]" in their opposition.  *Chloe SAS v. Sawabeh Info. Servs. Co.*, 2015 WL 12734005, at *2 (C.D. Cal. June 3, 2015) (reply declaration providing evidence that defendant "reneged on [a settlement] agreement" and "demanded substantial damages" permissible to "address defendants' characterization of settlement discussions in their opposition"); *see also Cabrales v. BAE Sys. San Diego Ship Repair, Inc.*, 2024 WL 115799, at *1 (S.D. Cal. Jan. 10, 2024) ("[E]vidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief."); *Defs. of Wildlife v. U.S. Fish*, 2016 WL 4382604, at *10 (N.D. Cal. Aug. 17, 2016) (same); *Moua v. Int'l Bus. Machines Corp.*, 2013 WL 685220, at *3–4 (N.D. Cal. Feb. 25, 2013) (overruling objection to collection of pleadings attached to plaintiffs' reply declaration where "the offending declaration does not contain anything that can be considered 'new' since [it] is . . . submitted in response to something raised in Defendants' opposition"); *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, 877 F. Supp. 2d 838, 857 (N.D. Cal. 2012) ("[T]he evidence

---

[1] Capitalized terms used but not defined herein shall have the same meaning as defined in the concurrently filed Administrative Motion for Leave to File Defendants' Response to Lead Plaintiffs' Objection to Reply Evidence.

presented by [the expert's] Reply Declaration is not 'new,' but rather appropriately responsive to arguments and evidence raised by Samsung in its opposition papers[.]").

*Lewis v. Am. Express Co.*, 2025 WL 1796277 (D. Ariz. June 30, 2025), is instructive. There, the defendant sought judicial notice of two publicly filed briefs offered as reply exhibits to show that parties in a different case raised a certain statute of limitations argument. *Id.* at *1, *5. The plaintiff argued that the two exhibits constituted impermissible "new evidence." *Id.* at *3–4. The court disagreed, reasoning that because the plaintiff had argued in their opposition that the parties in the other matter had "stipulated away" the statute of limitations issue, the defendant's use of the exhibits was "a permissible attempt to rebut the argument [plaintiff] raised in her response." *Id.* at *4–5.

Here, as in *Lewis*, Exhibits 21 and 22 are directly responsive to an argument in the MTD Opposition. Defendants argued in the Motion to Dismiss that Lead Plaintiffs' claims based on statements related to the encryption and age verification are time barred because Lead Plaintiffs were on notice of them at least by December 1, 2021. Mot. 11, 14. In the MTD Opposition, Lead Plaintiffs argued that they could not have discovered facts supporting the elements of their claims of fraud (including as to scienter) as to those statements until after document production began in this litigation in April 2025. *Compare* MTD Reply 7; Opp. 27. Exhibits 21 and 22 respond to that argument and "provide additional context" for Lead Plaintiffs' "selected recitation" of when they could have first discovered the alleged fraud based on pleadings in actions they allege are "related." *Chloe SAS*, 2015 WL 12734005, at *2 (quoting *Terrell*, 232 F. App'x at 629 n.2). Both exhibits also are not new insofar as they are complaints filed in cases that Lead Plaintiffs have characterized as "related" to this case, including in their own SAC. SAC 1 n.2, 222–23, 223 n.658 (listing "[t]he Related Actions"); *cf. Apple, Inc.*, 877 F. Supp. 2d at 857 (reply evidence submitted in response to opposition arguments not "new" where majority of documents belonged to the objecting party and were produced during discovery).

None of the cases Lead Plaintiffs cite prohibit the introduction of exhibits through a request for judicial notice under these circumstances. *See, e.g.*, *DiGiacinto v. RB Health (US) LLC*, 2023 WL 7141263, at *3 (N.D. Cal. Oct. 30, 2023) (defendant filed multiple deficient requests for

judicial notice without explaining how any exhibits responded to arguments made in plaintiffs' opposition); *Gearing v. City of Half Moon Bay*, 2021 WL 4148663, at *10 (N.D. Cal. Sept. 13, 2021) (*denying* objection to reply evidence and request for sur-reply without addressing *plaintiffs'* arguments about whether the evidence was new), *aff'd*, 54 F.4th 1144 (9th Cir. 2022).  Plaintiffs' reliance on *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 6502170, at *1 n.1 (N.D. Cal. Dec. 11, 2013) and *In re Hansen Nat. Corp. Sec. Litig.,* 527 F. Supp. 2d 1142, 1150 n.2 (C.D. Cal. 2007), *judgment entered*, 2007 WL 3274427 (C.D. Cal. Oct. 16, 2007), is misplaced.  The *Cathode* opinion does not address whether the two new declarations responded to arguments made in the plaintiffs' opposition.  And, in *Hansen*, the court did not provide any reasoning why the exhibits were not properly considered beyond their being submitted in connection with a reply, which is not prohibited for the reasons discussed above.  Defendants do not use Exhibits 21 and 22 to make new arguments but rather respond directly to an argument raised in the MTD Opposition using pleadings from cases that *Lead Plaintiffs* allege in the SAC are related to this Action.

Nor is the fact that Defendants requested that the Court take judicial notice of the exhibits on reply grounds for disregarding them.  The Court may take judicial notice of documents "*at any stage* of the proceedings," including at the request of a party or *sua sponte* in connection with deciding a motion to dismiss.  Fed. R. Evid. 201(c)(1), (d); *see, e.g.*, *Noble v. JP Morgan Chase Bank, Nat'l Ass'n*, 2022 WL 4229311, at *1 n.6 (N.D. Cal. Sept. 13, 2022) (taking judicial notice of court filings in unrelated proceedings *sua sponte* in ruling on a motion to dismiss); *Lewis*, 2025 WL 1796277, at *4 (noting that the "court may take judicial notice *sua sponte*" in rejecting argument that plaintiff should be granted leave to file a sur-reply in response to request for judicial notice of two exhibits filed with reply).

*Second*, because neither exhibit is new evidence, Lead Plaintiffs' request in the alternative to be permitted to file a sur-reply, Obj. 2, should be rejected.  *See Lin v. Solta Med., Inc*., 2021 WL 5771140, at *8 (N.D. Cal. Dec. 6, 2021) ("[A] court need not provide a movant an opportunity to respond where the evidence relates to an issue brought up in a party's opposition."); *Afifeh v. Ahmadabadi*, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022) ("A surreply is improper—and a court should not grant leave to file one—when a reply neither presents new arguments nor new

3

evidence."). None of the cases that Lead Plaintiffs cite suggest that they should be permitted to file a sur-reply when no new evidence has been submitted in the reply. *See*, *e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (considering supplemental response only when novel evidence was presented at summary judgment). Indeed, most of the cases Lead Plaintiffs cite *denied* the party's request to submit a sur-reply. *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018) (sur-reply denied as waived without addressing the merits); *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) (sur-reply denied because no new arguments or evidence was raised in the reply brief).

However, if the Court were to determine that Exhibits 21 and 22 are new evidence, Defendants submit that the appropriate course would be to permit Lead Plaintiffs to file a short sur-reply addressing only the argument related to Defendants' use of those two exhibits on page 7 of the MTD Reply, rather than deny the Supplemental RJN or otherwise "disregard[]" the exhibits altogether, as Lead Plaintiffs suggest, Obj. 1–2. *See Dutta*, 895 F.3d at 1172 ("the fact that a ground to object to [a] new matter is available does not command that the objection be sustained" when a sur-reply is available relief).

DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' OBJECTION TO REPLY EVIDENCE - CASE NO. 4:21-CV-08821-AMO

Dated:  June 22, 2026                    Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By:  */s/ Rory A. Leraris*

James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
Rory A. Leraris (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Esther C. Townes (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
        rouhandeh@davispolk.com
        charles.duggan@davispolk.com
        rory.leraris@davispolk.com
        nikolaus.williams@davispolk.com
        esther.townes@davispolk.com
        paulina.perlin@davispolk.com

Neal A. Potischman (SBN 254862)
Julia Leff (SBN 356813)
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
        julia.leff@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,
Mark Zuckerberg, Nick Clegg, Adam Mosseri,
Guy Rosen, Antigone Davis, Karina Newton,
and Pavni Diwanji*