James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
Rory A. Leraris (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Esther C. Townes (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    rouhandeh@davispolk.com
          charles.duggan@davispolk.com
          rory.leraris@davispolk.com
          nikolaus.williams@davispolk.com
          esther.townes@davispolk.com
          paulina.perlin@davispolk.com

Neal Potischman (SBN 254862)
Julia Leff (SBN 356813)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:    neal.potischman@davispolk.com
          julia.leff@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,
Mark Zuckerberg, Nick Clegg, Adam Mosseri, Guy
Rosen, Antigone Davis, Karina Newton, and Pavni
Diwanji*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION<br><br>This document relates to: All Actions | Lead Case No. 4:21-cv-08812-AMO<br><br>**DEFENDANT META'S OMNIBUS MOTION TO SEAL SECOND AMENDED COMPLAINT AND MOTION TO DISMISS BRIEFING**<br><br>Courtroom: 5<br>Judge: Hon. Araceli Martínez-Olguín |

## I.    INTRODUCTION

Pursuant to ECF 182, ECF 216, and Civil L.R. 79-5, Defendant Meta Platforms, Inc. ("Meta") moves to redact from Plaintiffs' Second Amended Complaint ("Second Amended Complaint") (ECF 228) and materials submitted in connection with Defendants' Motion to Dismiss the Second Amended Complaint ("Motion to Dismiss") (ECF 231, 238, 244) (1) the names of Meta's current and former non-executive employees who are not parties to this litigation; and (2) other personal identifying information ("PII"), specifically email addresses, of all current and former Meta employees.  These individuals' identities and PII bear no relevance to the issues here, and sealing this information would protect their privacy and safety, meeting the "compelling reasons" standard for sealing.

## II.    LEGAL STANDARD

On a motion to dismiss, material should be sealed if there are "compelling reasons" to seal it.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). Compelling reasons exist where sealing would protect non-party individuals' privacy. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021).

## III.    ARGUMENT

Meta narrowly seeks to redact names and other PII that appear in a small subset of the hundreds of pages in Plaintiffs' Second Amended Complaint and materials filed in connection with the Motion to Dismiss.  Because the public will have access to the substance of all the documents, the narrow sealing Meta seeks will not compromise the public's understanding of the issues.

To protect the privacy and safety of its employees, Meta seeks to seal (1) the names of Meta's current and former non-executive employees who are not parties to this litigation; and (2) other PII, specifically email addresses, of all current and former Meta employees.

Courts in this Circuit have recognized that where disclosure of employees' PII has resulted in employees receiving unwanted attention, the balance of harms favors protecting the names and PII of employees who have not played a significant role in connection with facts at issue in the litigation.  As this Court has explained, "[e]mployees and former employees who are not parties

1

to [a] litigation have privacy interests in their personnel information, and in other sensitive identifying information." *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1–2 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information"); *see also Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging the privacy interests implicated by personal information when discussing sealing). Courts, including in this District, have sealed nearly identical PII from Meta employees. For example, in JCCP 5255, Judge Kuhl sealed the "names and other identifying information of Defendants' non-executive employees . . . [b]ecause Defendants have provided testimony that their employees have been the subject of unwanted attention when their names have appeared in connection with litigation, [and therefore] the balance of harms favors protecting the names of, and personal identifying information about, employees who have not played a significant role in connection with the facts at issue in this litigation." Rory Leraris Decl. (June 22, 2026) Ex. 1 (Order on Defs.' Omnibus Mots. to Seal (General Causation & Expert *Sargon* Mots.) (Oct. 30, 2025), at 3–4); *see also* Rory Leraris Decl. (June 22, 2026) Ex. 2 (Case Management Order No. 32 (Trial Plan, Prefiling Conference, et al) (Feb. 17, 2026) at 3) (granting request to seal similar PII). The narrow information in these exhibits should be sealed for these same reasons.

This is particularly true when, as here, the employees are not alleged to be decision-makers central to the allegations. *See, e.g.*, *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing names because disclosure "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure of these judicial records"). Courts frequently grant motions to seal in such circumstances. *See, e.g.*, *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing "personally identifiable information of third-party individuals, including names" to protect privacy and other interests); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (granting motion to seal the names of non-parties under the compelling-reasons standard); *see also, e.g.*, *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 699 (N.D. Cal. 2021) (same).

Plaintiffs' allegations in this litigation involve hot-button social issues, and employees have faced security risks in the past because of being publicly linked to such issues. As Andre Suite, Meta's Director of Global Security Threat Management and Privacy Response, explained in his declaration submitted in support of this motion, "it is common for Meta employees whose names are disclosed publicly in connection with hot-button social issues to face harassment, online threats, and/or suspicious phone calls, text messages, or emails." June 22, 2026, Declaration of Andre Suite ("Suite Decl.") ¶ 3. This risk is "materially greater if the employee is publicly connected to such issues, than if the individual is merely connected publicly to Meta (*e.g.*, on LinkedIn) or even to a particular Meta team." *Id.* In addition, "[o]nce an individual's name is made public, it can often be easy for individuals wishing them harm to locate their home address and contact information on the internet." *Id.* ¶ 4. Accordingly, in the past, Comprehensive Security Support Plans have sometimes had to be put in place for the safety of the employee." *Id.* Protecting these non-parties' privacy and safety is, consequently, all the more important. *Cf., e.g.*, *Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (finding compelling reasons existed to seal witness name because information "could put at risk the safety of one or more individuals if made public"). Moreover, the proposed PII redactions are irrelevant to the Court's adjudication of the Motion to Dismiss.

Finally, Meta's request is narrowly tailored, *see* Civil L.R. 79-5(a), as the proposed redactions are limited to the identified names and email addresses, which are irrelevant to the Court's adjudication of the Motion to Dismiss. Because the public will have access to the substance of the documents at issue, narrow sealing of names and PII will not hinder the public's ability to understand the issues in the Second Amended Complaint, the Motion to Dismiss, or in the litigation more broadly. The limited redactions are the least restrictive means to achieve the overriding interest of protecting the privacy and safety of current and former Meta employees, as sealing is the only way to safeguard the PII while maintaining public access to relevant information. Accordingly, Meta's requested sealing should be granted.

## IV.  CONCLUSION

Because the compelling interests identified above outweigh the public's interest in access

3

to the limited information proposed to be sealed, Meta respectfully requests that the Court grant Meta's motion to seal and enter the accompanying Proposed Order.

Dated:  June 22, 2026

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ Rory A. Leraris*

James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
Rory A. Leraris (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Esther C. Townes (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
         charles.duggan@davispolk.com
         rory.leraris@davispolk.com
         nikolaus.williams@davispolk.com
         esther.townes@davispolk.com
         paulina.perlin@davispolk.com

Neal Potischman (SBN 254862)
Julia Leff (SBN 356813)
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
         julia.leff@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc., Mark Zuckerberg, Nick Clegg, Adam Mosseri, Guy Rosen, Antigone Davis, Karina Newton, and Pavni Diwanji*