James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
Rory A. Leraris (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Esther C. Townes (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   rouhandeh@davispolk.com
         charles.duggan@davispolk.com
         rory.leraris@davispolk.com
         nikolaus.williams@davispolk.com
         esther.townes@davispolk.com
         paulina.perlin@davispolk.com

Neal Potischman (SBN 254862)
Julia Leff (SBN 356813)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com
       julia.leff@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,
Mark Zuckerberg, Nick Clegg, Adam Mosseri,
Guy Rosen, Antigone Davis, Karina Newton, and
Pavni Diwanji*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION<br><br>This document relates to: All Actions | Lead Case No. 4:21-cv-08812-AMO<br><br>**DECLARATION OF ANDRE SUITE IN SUPPORT OF META'S OMNIBUS MOTION TO SEAL SECOND AMENDED COMPLAINT AND MOTION TO DISMISS BRIEFING**<br><br>Courtroom: 5<br>Judge: Hon. Araceli Martínez-Olguín |

I, Andre Suite, declare and state as follows:

1. I am Director of Global Security Threat Management and Privacy Response at Meta Platforms, Inc. ("Meta"). I have been employed at Meta for approximately 11 years, and I lead the team that is responsible for the investigation and possible mitigation of all external threats directed towards Meta's employees.

2. I submit this Declaration in support of the Omnibus Motion to Seal the Second Amended Complaint and Motion to Dismiss Briefing. The Declaration is based on my personal knowledge and experience at Meta. If called upon to do so, I could and would competently testify as follows.

3. In my experience, it is common for Meta employees whose names are disclosed publicly in connection with hot-button social issues to face harassment, online threats, and/or suspicious phone calls, text messages, or emails. The risk of harassment, threats, and such contacts is materially greater if the employee is publicly connected to such issues, than if the individual is merely connected publicly to Meta (e.g., on LinkedIn) or even to a particular Meta team.

4. Once an employee's name is made public, it can often be easy for individuals wishing them harm to locate their home address and contact information on the internet. Accordingly, in the past, Comprehensive Security Support Plans have sometimes had to be put in place for the safety of the employee and their family.

5. Based on my experience, the allegations in the complaint in this case, including allegations that Meta has harmed the mental health of minors, are of the sort that could cause Meta employees to face harassment and/or threats if their names were publicly linked to those allegations.

DECLARATION OF ANDRE SUITE IN SUPPORT OF DEFENDANT META'S OMNIBUS MOTION TO SEAL SECOND AMENDED COMPLAINT AND MOTION TO DISMISS BRIEFING
Case No. 4:21-cv-08812-AMO

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 22, 2026

By: _Andre Suite_
      0B01C86887F04BC...
      Andre Suite

DECLARATION OF ANDRE SUITE IN SUPPORT OF DEFENDANT META'S OMNIBUS MOTION TO SEAL SECOND AMENDED COMPLAINT AND MOTION TO DISMISS BRIEFING
Case No. 4:21-cv-08812-AMO