James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
Rory A. Leraris (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Esther C. Townes (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
         charles.duggan@davispolk.com
         rory.leraris@davispolk.com
         nikolaus.williams@davispolk.com
         esther.townes@davispolk.com
         paulina.perlin@davispolk.com

Jonathan K. Chang (SBN 355907)
Julia Leff (SBN 356813)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: jonathan.chang@davispolk.com
         julia.leff@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,*
*Mark Zuckerberg, Nick Clegg, Adam Mosseri,*
*Guy Rosen, Antigone Davis, Karina Newton,*
*and Pavni Diwanji*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE META PLATFORMS, INC. SECURITIES LITIGATION<br><br>This document relates to: All Actions | Lead Case No. 4:21-cv-08812-AMO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE SUR-REPLY**<br><br>Courtroom: 5<br>Judge: Honorable Araceli Martínez-Olguín |

Plaintiffs' administrative motion for leave to file a sur-reply should be denied because Defendants' MTD Reply does not raise any new evidence or arguments and instead is properly limited to responding to arguments made in Plaintiffs' MTD Opposition.  Plaintiffs' motion is nothing more than "an attempt to have the last word" and should be rejected. *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018).[1]

"Parties do not have the right to file sur-replies," which are viewed "with disfavor."  *Chang v. Citibank*, 2025 WL 3162341, at *1 (N.D. Cal. Nov. 12, 2025).  Otherwise, allowing "sur-replies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Great Am. Ins. Co. v. Berl*, 2017 WL 8180627, at *1 (C.D. Cal. Oct. 23, 2017) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).  Accordingly, courts have not permitted sur-replies where the movant's reply "[did] not raise new arguments," *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005), or "merely respond[ed] to the arguments raised by [the non-movant] in their opposition, which is in keeping with the nature and purpose of a response," *Whitewater W. Indus., Ltd.*, 2018 WL 3198800, at *1.

Plaintiffs' motion should be denied because the two "issues" Plaintiffs identify are not "new" and are instead directly responsive to arguments made in Plaintiffs' MTD Opposition.

***Age-Verification SOL Argument (Exhibits 21 & 22)***.  Defendants argued in their MTD Brief that Plaintiffs' claims based on statements related to age verification are time-barred because Plaintiffs could have brought them by at least December 1, 2021, when the alleged corrective disclosures were published.  MTD Brief at 14.  In response, Plaintiffs argued that they could not have pleaded facts sufficient to allege those claims without document discovery from this action, which began in April 2025.  MTD Opp. at 27.  In their MTD Reply, Defendants responded by explaining why the alleged corrective disclosures contained sufficient information for Plaintiffs to plead their

---

[1] As used herein, "Admin. Motion" refers to Plaintiffs' Administrative Motion to File Sur-Reply (Dkt. 257); "Proposed Sur-Reply" refers to the proposed sur-reply appended thereto (Dkt. 257-3); "MTD Brief" refers to Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. 230-1); "MTD Opposition" refers to Plaintiffs' Opposition to Defendants' Motion to Dismiss (Dkt. 237-1); "MTD Reply" refers to Defendants' Reply in Further Support of their Motion to Dismiss (Dkt. No. 242).

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE SUR-REPLY
CASE NO. 4:21-CV-08812-AMO

claims in 2021.  MTD Reply at 7.  Defendants also argued that, even if the corrective disclosures were not sufficient, Plaintiffs should have subsequently discovered the facts on which they base their claims by at least February 5, 2024—well before discovery began in this action—when public complaints were filed in supposedly "related" actions alleging virtually identical allegations as Plaintiffs assert here.  MTD Reply at 7.  Defendants attached those complaints to their MTD Reply as Exhibits 21 and 22.

Plaintiffs should not be permitted to file a sur-reply to address this argument and the two exhibits because the argument and exhibits "merely respond to the arguments raised by [Plaintiffs] in their opposition, which is in keeping with the nature and purpose of a response." *Whitewater W. Indus., Ltd.*, 2018 WL 3198800, at *1; *see also Cabrales v. BAE Sys. San Diego Ship Repair, Inc.*, 2024 WL 115799, at *1 (S.D. Cal. Jan. 10, 2024) (evidence submitted in reply brief is not "new" when "it is submitted to rebut arguments raised in the opposition brief").  Plaintiffs do not dispute that Defendants' MTD Reply is merely responding to their Opposition,[2] and instead argue that Defendants "have had access to both of these documents for years."  Admin. Mot. at 1.  But that is irrelevant to whether the arguments and exhibits are properly submitted on reply in response to Plaintiffs' arguments.  *See Whitewater W. Indus., Ltd.*, 2018 WL 3198800, at *1 (denying sur-reply even when evidence newly attached to a reply brief was available to the movant "at the time the motion was filed").  Plaintiffs cite no authority otherwise.

***Scheme Liability Claim***.  Plaintiffs are also not entitled to a sur-reply in connection with their scheme liability claim.  Defendants' Motion to Dismiss moved to dismiss all Section 10(b) claims, MTD Brief at 6, 32, including Plaintiffs' scheme liability claims, which arise under Section 10(b), MTD Reply at 20.  Plaintiffs' MTD Opposition argued that Defendants had not moved to dismiss the scheme liability claim (and therefore waived the argument) because the MTD Brief did not specifically use the word "scheme."  MTD Opp. at 2, 32.  Defendants responded (i) by explaining that Defendants had moved to dismiss *all* claims under Section 10(b) and that the MTD Brief

---

[2] Plaintiffs filed an objection to Exhibits 21 & 22 as impermissible new evidence, Dkt. 245-1, to which Defendants sought leave to file a response, Dkt. 248.  Defendants' proposed response advances the same arguments made here.  Dkt. 248-2.

addressed the factual allegations underlying the scheme liability claim, even if did not use the word "scheme," and (ii) by citing authority dismissing scheme liability claims where, as here, they are duplicative of misstatement claims.  MTD Reply at 20.

Because these arguments merely responded to arguments that Plaintiffs raised in their Opposition, Plaintiffs should not be permitted a sur-reply to respond to them.  While the MTD Reply addressed why Plaintiffs' scheme liability claim failed "in more detail" than the opening brief by citing additional case law, that does not provide a "valid reason to allow for a sur-reply."  *Afifeh v. Ahmadabadi*, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022).

Nor are Plaintiffs correct when they argue that Defendants only challenged Plaintiffs' scheme liability claim "for the first time on Reply."  Admin. Mot. at 1.  As explained above, Defendants' opening brief moved to dismiss *all* Section 10(b) claims and specifically addressed the factual allegations underlying the scheme liability claim  *See, e.g., Kolominsky v. Root, Inc*., 667 F. Supp. 3d 685, 711 n.4 (S.D. Ohio 2023) (rejecting argument that defendants had not moved to dismiss a scheme liability claim "by not explicitly seeking its dismissal" because the motion to dismiss "unambiguously" sought to dismiss all Section 10(b) claims, which "necessarily encompassed [p]laintiff's scheme liability claim under Rule 10b-5(a) and (c)"), *aff'd*, 100 F.4th 675 (6th Cir. 2024); *Linenweber v. Sw. Airlines Co.*, 693 F. Supp. 3d 661, 687 (N.D. Tex. 2023) (sche21-88me liability claim addressed where "[t]he first line of Defendants' Motion to Dismiss" sought dismissal of the entire complaint).  *In re Alphabet, Inc. Securities Litigation*, 1 F.4th 687 (9th Cir. 2021),[3] does not hold otherwise.  In *Alphabet*, the Ninth Circuit held it was error for a district court to *sua sponte* dismiss a scheme liability claim where *neither* party had addressed the claim in the motion to dismiss briefing.  1 F.4th at 709.  That is not the case here.  Instead, the parties have briefed whether Plaintiffs plead a scheme liability claim, and the issue is therefore "sufficiently briefed and ripe for review."  *Kolominsky*, 667 F. Supp. 3d at 711 n.4.

---

[3] Plaintiffs' Motion asserts that unidentified "Ninth Circuit precedent requires" that a motion to dismiss must "specifically target[] the scheme liability claim in [the] Motion."  Admin Mot. at 2.  The unidentified case appears to refer to *Alphabet*, which Plaintiffs cite in their Proposed Sur-Reply.

Plaintiffs' Proposed Sur-Reply further underscores why it should not be permitted because the arguments it raises are not proper. The Proposed Sur-Reply argues that "Defendants did not move to dismiss the scheme liability claim in their opening brief," Proposed Sur-Reply at 4, but that merely rehashes what Plaintiffs already argued in their Opposition (in addition to being wrong). A sur-reply that "merely repeats arguments made in the moving papers" is improper. *Baker v. Cottrell, Inc.*, 2017 WL 4574186, at *2 (E.D. Cal. Oct. 13, 2017). The rest of the Proposed Sur-Reply responds to case law cited in Defendants' MTD Reply, Proposed Sur-Reply at 4–5—specifically, that where a "scheme consists entirely of failed section 10(b) statements, a plaintiff likewise fails to adequately plead a scheme." *See* MTD Reply at 20 (quoting *In re Stem, Inc. Sec. Litig.*, 2025 WL 3675114, at *11 (N.D. Cal. Dec. 17, 2025)). But "raising authority in a reply that [was] not raised in the motion is not barred" and does not justify a sur-reply. *Chaudry v. Cnty. of San Diego*, 2022 WL 17652794, at *3 (S.D. Cal. Dec. 13, 2022), *aff'd,* 2025 WL 688929 (9th Cir. Mar. 4, 2025). Accordingly, the MTD Reply does not advance new argument that justifies a sur-reply.

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Sur-Reply should be denied.

Dated: July 6, 2026

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ Rory A. Leraris

James P. Rouhandeh (admitted *pro hac vice*)
Charles S. Duggan (admitted *pro hac vice*)
Rory A. Leraris (admitted *pro hac vice*)
Nikolaus J. Williams (admitted *pro hac vice*)
Esther C. Townes (admitted *pro hac vice*)
Paulina Perlin (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
charles.duggan@davispolk.com
rory.leraris@davispolk.com
nikolaus.williams@davispolk.com
esther.townes@davispolk.com
paulina.perlin@davispolk.com

Jonathan K. Chang (SBN 355907)
Julia Leff (SBN 356813)
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: jonathan.chang@davispolk.com
julia.leff@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.,*
*Mark Zuckerberg, Nick Clegg, Adam Mosseri,*
*Guy Rosen, Antigone Davis, Karina Newton,*
*and Pavni Diwanji*

5